JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
SUSAN F. HANNAN (Cal. Bar No. 97604)
Email:  hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Acting Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, ~~LCC~~**LLC**,<br><br>          Defendants. | Case No. **5:12-CV-03237-EJD**<br><br>**~~[PROPOSED]~~** *AMENDED* **TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) REQUIRING ACCOUNTINGS; AND (5) APPOINTING A TEMPORARY RECEIVER; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |

This matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Prohibiting the Destruction of Documents, (3) Granting Expedited Discovery, (4) Requiring Accountings, and (5) Appointing a Temporary Receiver; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, and other evidence and argument presented regarding the Application, **including the recently submitted supplemental declaration and supporting exhibits,** finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. ~~Good cause exists to believe~~ **The SEC has made a prima facie case** that defendants Mark Feathers, Small Business Capital Corp. ("SB Capital"), Investors Prime Fund, LLC ("IPF"), and SBC Portfolio Fund, LLC ("SPF"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 15(a) of the Exchange Act, 15 U.S.C § 78o(a).

C. The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D. Good cause exists to believe that defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E. It is appropriate and the interests of justice require that the Commission's Application be granted without notice to the defendants as the Commission has set forth in its Application the reasons supporting its claim that notice should not be required, and it appears

[PROPOSED] TEMPORARY
RESTRAINING ORDER AND ORDERS         1         CASE NO. **12-CV-03237**

from specific facts shown by the declarations filed by the Commission that immediate and irreparable injury, loss, or damage will result if notice to the defendants is given.

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings; and Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this

Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that SB Capital and Feathers, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C § 78o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants Feathers, SB Capital, IPF, and SPF, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them;

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendants Feathers, SB Capital, IPF, and SPF, or any of their subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by defendants Feathers, SB Capital, IPF, and SPF, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| Defendant | Account Number Ending In | Bank Name |
|---|---|---|
| IPF | 3596 | Heritage Bank of Commerce |
| IPF | 3513 | Heritage Bank of Commerce |
| IPF | 5437 | Lighthouse Bank |
| IPF | 1619 | Bridge Bank |
| IPF | 4468 | Bridge Bank |
| IPF | 4351 | Bridge Bank |
| IPF | 6093 | Wells Fargo Bank |
| IPF | 0023 | Community Bank of the Bay |
| IPF | 7590 | Torrey Pines Bank |
| IPF | 6440 | Alta Alliance Bank |

| | | |
|---|---|---|
| IPF | 1610 | High Desert Bank |
| IPF | 0819 | High Desert Bank |
| SPF | 3695 | Heritage Bank of Commerce |
| SPF | 3554 | Heritage Bank of Commerce |
| SPF | 8602 | Wells Fargo Bank |
| SPF | 2470 | Torrey Pines Bank |
| SPF | 7113 | The Private Bank of the Peninsula |
| SPF | 4991 | The Private Bank of the Peninsula |
| SB Capital, LLC | 4172 | Heritage Bank of Commerce |
| SB Capital, LLC | 3984 | Heritage Bank of Commerce |
| SB Capital, LLC | 5452 | Lighthouse Bank |
| SB Capital, LLC | 0149 | California Business Bank |
| SB Capital, LLC | 1238 | Pan Pacific Bank |
| SB Capital Corp. | 4172 | Heritage Bank of Commerce |
| SB Capital Corp. | 3984 | Heritage Bank of Commerce |
| SB Capital Corp. | 5452 | Lighthouse Bank |
| SB Capital Corp. | 0149 | California Business Bank |
| SB Capital Corp. | 1238 | Pan Pacific Bank |
| SBC Sr. Com'l Mtg. Fund | 4354 | Heritage Bank of Commerce |
| Feathers | *unknown* | Heritage Bank of Commerce |
| Feathers | *unknown* | Lighthouse Bank |
| Feathers | *unknown* | California Business Bank |
| Feathers | *unknown* | Pan Pacific Bank |
| Feathers | *unknown* | Bridge Bank |
| Feathers | *unknown* | Wells Fargo Bank |
| Feathers | *unknown* | Community Bank of the Bay |
| Feathers | *unknown* | Torrey Pines Bank |
| Feathers | *unknown* | Alta Alliance Bank |
| Feathers | *unknown* | High Desert Bank |
| Feathers | *unknown* | Private Bank of the Peninsula |

## VII.

IT IS FURTHER ORDERED that Thomas A. Seaman is appointed as temporary receiver of defendants SB Capital, IPF, and SPF, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), chooses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of SB Capital, IPF, and SPF, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by SB Capital, IPF, and SPF, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such SB Capital, IPF, and SPF property, and that of their subsidiaries and affiliates;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of SB Capital, IPF, and SPF, and their subsidiaries and affiliates, or which maintains accounts over which SB Capital, IPF, and SPF, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by SB Capital, IPF, and SPF, and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by SB Capital, IPF, and SPF, and their subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of SB Capital, IPF, and SPF, and to file the accounting with the Court and deliver copies thereof to all parties;

  F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as temporary receiver;

  G. to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of SB Capital, IPF, and SPF, and their subsidiaries and affiliates; and

  H. to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

## VIII.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

## IX.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Feathers, SB Capital, IPF, and SPF shall take any action or purport to take any action, in the name of or on behalf of SB Capital, IPF, and SPF, without the written consent of the temporary receiver or order of this Court.

**X.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Feathers, SB Capital, IPF, and SPF, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of SB Capital, IPF, and SPF; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of SB Capital, IPF, and SPF, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

**XI.**

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate

with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

## XIV.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the

corporate books and records and other documents of Feathers, SB Capital, IPF, and SPF, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including any other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants Feathers, SB Capital, IPF, and SPF, and their subsidiaries and affiliates.

### XVI.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted **in part** and that the Commission may take depositions of defendants and non-parties upon oral examination subject to two calendar days' notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the defendants may be taken on any day, including Saturdays, Sundays and holidays subject to two calendar days' notice, including notice given personally, by facsimile or by electronic mail. ~~and the Commission may take more than ten depositions.~~ **Other requests to modify the discovery limits may be made by administrative motion.**

## XVII.

IT IS FURTHER ORDERED that defendant Feathers shall, within five days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of his personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Los Angeles Regional Office. After completion of the accounting, defendant Feathers shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

## XVIII.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendant Feathers, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The temporary receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XIX.

IT IS FURTHER ORDERED that defendants Feathers, SB Capital, IPF, and SPF, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the temporary receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which SB Capital, IPF, and SPF have access.

## XX.

IT IS FURTHER ORDERED, that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000 for the account or benefit of any of the defendants, shall within **3** days of receiving actual notice of this Order provide to counsel for the Commission a written statement identifying all such assets, the value of the assets, or best approximation thereof, and any account number(s) or account name(s) in which the assets are held.

## XXI.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at **1:00** o'clock **p.**m. on **July 10**, 2012, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

## XXII.

IT IS FURTHER ORDERED that at **10:00** o'clock **a.**m. on **July 10**, 2012, or as soon thereafter as the parties can be heard, the defendants, and each of them, shall appear before the Honorable **Edward J. Davila**, Judge of the United States District Court for the Northern District of California, to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver not appointed in accordance with the prayer for relief contained in this Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Los Angeles office and the offices of the

defendants and/or their attorneys no later than **5:00** o'clock **p.**m. on **July 3**, 2012. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than **10:00** o'clock **a.**m. on **July 9**, 2012. Service of all such papers shall be by electronic mail, facsimile, or personal service.

### XXIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:    June **26**, 2012

TIME: **3:20 p.**m.

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John B. Bulgozdy_____
John B. Bulgozdy
Susan F. Hannan
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION