Mark P. Fickes, Esq. (SBN: 178570)
fickes@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
hagey@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR DEFENDANT
MARK FEATHERS

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SECURITIES AND EXCHANGE )
COMMISSION, )
) Case No. 5:12-cv-03237-EJD
Plaintiff, )
)
vs. )
) **STIPULATION AND [PROPOSED]**
SMALL BUSINESS CAPITAL CORP.; MARK ) **ORDER PARTIALLY MODIFYING**
FEATHERS; INVESTORS PRIME FUND, LLC; ) **PRELIMINARY INJUNCTION**
and SBC PORTFOLIO FUND, LLC, )
)
)
Defendants. )
)
)
)
)

Case No. 5:12-cv-03237-EJD
STIPULATION & [PROPOSED] ORDER PARTIALLY MODIFYING PRELIMINARY INJUNCTION

1  Whereas, plaintiff Securities and Exchange Commission ("Commission") commenced this
2  action against defendant Mark Feathers ("Feathers"), and three entities he controlled – defendant
3  Small Business Capital Corp. ("SB Capital") and two mortgage investment funds SB Capital and
4  Feathers managed, defendant Investors Prime Fund, LLC ("IPF") and SBC Portfolio Fund, LLC
5  ("SPF"); and

6  Whereas, on June 26, 2012, the Court entered a Temporary Restraining Order and Orders:
7  (1) Freezing Assets, (2) Prohibiting the Destruction of Documents, (3) Granting Expedited
8  Discovery, (4) Requiring Accountings, and (5) Appointing a Temporary Receiver; and Order to
9  Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("TRO Order")
10 (Docket No. 16); and

11 Whereas, Feathers did not contest the entry of a preliminary injunction and appointment of
12 a permanent receiver over SB Capital, IPF, and SPF, and consented to the entry of a Preliminary
13 Injunction and Orders: (1) Freezing Assets; (2) Prohibiting Destruction of Documents; (3)
14 Requiring Accountings; and (4) Appointing a Permanent Receiver; and

15 Whereas, on July 10, 2012, the Court entered a Preliminary Injunction and Orders: (1)
16 Freezing Assets; (2) Prohibiting Destruction of Documents; (3) Requiring Accountings; and (4)
17 Appointing a Permanent Receiver ("PI Order") (Docket No. 34); and

18 Whereas, Paragraph VI of the PI Order continued the freeze, first imposed by the TRO
19 Order, on all monies and assets of Feathers, but provided that funds could be released for Feathers'
20 necessary and reasonable living expenses only upon good cause shown by application to the Court
21 with notice to and an opportunity for Commission to be heard; and

22 Whereas, counsel for Feathers and counsel for the Commission have met and conferred
23 about Feathers' request to release monies and assets of Feathers to allow him to pay for necessary
24 and reasonable living expenses;

25 Now, therefore, the Commission and Feathers stipulate and agree, and ask the Court to
26 order, that that PI Order be partially modified to release from the asset freeze the following assets
27 of Feathers for him to pay for necessary and reasonable living expenses: (1) the 2009 KTM 200FX
28 motorcycle so that Feathers can sell the motorcycle and use the proceeds to pay for necessary and

reasonable living expenses; and (2) the 2011 Cadillac Escalade EXT so that Feathers may surrender the vehicle to the lender and no longer be obligated to make monthly payments toward the purchase of the vehicle.

IT IS SO STIPULATED.

Dated: October 16, 2012   BRAUNHAGEY & BORDEN LLP

By: /s/
Mark P. Fickes

Attorneys for Defendant Mark Feathers

Dated: October 16, 2012   SECURITIES AND EXCHANGE COMMISSION

By: /s/
John B. Bulgozdy

Attorneys for Plaintiff Securities and Exchange Commission

Filer's attestation: Pursuant to General Oder No. 45.X.B, counsel for Mark Feathers attests that concurrence in the filing of this document has been obtained from John B. Bulgozdy, counsel for SEC.

///

///

1 **[PROPOSED] ORDER**

2 The Court has considered the stipulation of the SEC and Mr. Feathers and finds good cause
3 to order that the PI Order be partially modified to release from the asset freeze the following assets
4 of Feathers for him to pay for necessary and reasonable living expenses: : (1) the 2009 KTM
5 200FX motorcycle so that Feathers can sell the motorcycle and use the proceeds to pay for
6 necessary and reasonable living expenses; and (2) the 2011 Cadillac Escalade EXT so that Feathers
7 may surrender the vehicle to the lender and no longer be obligated to make monthly payments
8 toward the purchase of the vehicle.

10 IT IS SO ORDERED.

12 Dated: October 17, 2012      _____
13                              Edward J. Davila
                                 UNITED STATES DISTRICT JUDGE