IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff(s),<br>      v.<br><br>SMALL BUSINESS CAPITAL CORP., et. al.,<br><br>                    Defendant(s). | CASE NO. 5:12-cv-03237 EJD<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, SANCTIONS AND SPECIAL DAMAGES**<br><br>[Docket Item No(s). 113] |

Presently before the court is Defendant Mark Feathers' ("Defendant") *ex parte* Motion for Temporary Restraining Order ("TRO"), Preliminary Injunction, Sanctions, and Special Damages (see Docket Item No. 113). Defendant cites Federal Rule of Civil Procedure 65 and Civil Local Rule 7-10 as authorities that allow for *ex parte* treatment of this application.

The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion will be denied.

**I.   LEGAL STANDARD**

The standards for issuing a TRO and preliminary injunction are the same. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The

proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

## II.   DISCUSSION

The court has reviewed Defendant's motion for a temporary restraining order and preliminary injunction with the applicable standard in mind. However, the court is unable to afford Defendant any relief for both procedural and substantive reasons.

Procedurally speaking, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Here, Defendant has not done so. It appears Defendant's application is based upon the allegation that Plaintiff utilized "fighting words" in certain publications related to this case. He argues that the use of "fighting words" has violated his First Amendment rights. The problem with Plaintiff's request in the context of this action, however, is that claims under the First Amendment are not at issue in this case. Indeed, the classic issue presented by "fighting words" is whether such speech is constitutionally protected; in other words, whether the challenged speech is "likely to produce a clear and present

1  danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest."
2  City of Houston v. Hill, 482 U.S. 451, 462 (1987). Any party's right to free speech is not implicated
3  by the claims brought by Plaintiff, which involves only violations of securities law. Absent such a
4  free speech issue, the court is unable to analyze whether Defendant could prevail on the merits of a
5  First Amendment claim.

6  In any event, the court finds that Defendant has not met his burden to demonstrate an
7  entitlement to injunctive relief even if this request was proper. Defendant takes issue with the terms
8  "Ponzi-like" and "swindler." But according to the United States Supreme Court, "fighting words"
9  lose First Amendment protection only if they constitute "words that by their very utterance inflict
10 injury or tend to incite an immediate breach of the peace." Hill, 482 U.S. at 461-62 (internal
11 quotations omitted). This is not an easy standard to meet, and Defendant has not done so here.

12 Moreover, Defendant has not shown that he will suffer irreparable harm without a TRO and
13 preliminary injunction. While Defendant argues that the investment entities "have suffered the loss
14 of millions of dollars in enterprise value," he has not produced any evidence in support of that
15 statement nor has he shown that any loss directly resulted from the challenged speech. Conjecture
16 or speculation is not enough. Summer v. Earth Island Inst., 555 U.S. 448, 493 (2009) ("To seek
17 injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is
18 concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical .
19 . . .").

20 Accordingly, Defendant's request for a TRO and preliminary injunction must be declined.
21 With that said, however, the court expects all parties to this case to act in a dignified and appropriate
22 manner. The language utilized in press releases, pleadings or other documents should be carefully
23 chosen so as not to denigrate others or unnecessarily jeopardize the viability of the investment
24 assets, especially when this case remains at the initial stages of litigation.
25 //
26 //
27 //
28

3
CASE NO. 5:12-cv-03237 EJD
DENYING DEFENDANT'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, SANCTIONS AND SPECIAL DAMAGES

### III. ORDER

Defendant's Motion for a TRO and Preliminary Injunction (Docket Item No. 113) is DENIED. Since the request for sanctions and special damages stems from the injunctive application, it is also DENIED.

**IT IS SO ORDERED.**

Dated:  December 17, 2012


EDWARD J. DAVILA
United States District Judge