JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
SUSAN F. HANNAN (Cal. Bar No. 97604)
Email: hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>Defendants. | Case No. 5:12-CV-03237-EJD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK FEATHERS [PROPOSED] AMENDMENT TO AMENDED TEMPORARY RESTRAINING ORDER AND ORDERS [Dkt. No. 109]**<br><br>Date: February 22, 2013<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>(Hon. Edward J. Davila) |

## I.      INTRODUCTION

Defendant Mark Feathers filed four motions to amend the Court's temporary restraining order (Dkt. Nos. 109, 110, 111, 112).  The Securities and Exchange Commission (the "Commission") addresses and opposes the first of these motions (Dkt. No. 109), which appears to seek two forms of relief, based on the proposed order submitted with the pleading:  (1) payment of unspecified amounts of attorney fees to unidentified counsel from the legal fee reserve account the Court ordered the Receiver to create in its Order Denying Request for Legal Expenses (Dkt. No. 70); and (2) a stay preventing the Receiver from disposing of any assets or entering into any "material binding obligations" without further Court order.  (*See* Motion (Dkt. No. 109) at pp. 23-24.)

To the extent Feathers is seeking modification of the Amended Temporary Restraining Order, his motion is moot since he consented to entry of a Preliminary Injunction (*see* Dkt. Nos. 29, 34), which among other things appointed Thomas A. Seaman as permanent receiver over defendants Small Business Capital Corp. ("SB Capital"), and two funds its manages, Investors Prime Fund, LLC ("IPF") and SBC Portfolio Fund, LLC ("SPF") (collectively, the "Funds").

Feathers' request for payment of attorney fees was also fully addressed by the Court in its Order Denying Request for Legal Expenses and it is unclear what additional relief Feathers is seeking at this time.  Feathers provides no basis for the Court to alter or amend its prior Order.

Finally, Feathers' request to stay the Receiver from disposing of any assets or income of the Funds, or enter into any material binding obligations, is moot because the Receiver operates at the direction of the Court and, to the Commission's knowledge, seeks approval from the Court for any such actions.  Feathers also asks the Court to stay the receiver's forensic audit work (Motion at 8:1-2, 9:27-10:1), to which Feathers previously consented in connection with the Preliminary Injunction.  (*See* Dkt. Nos. 29, 29-1 at § VII.E (proposed preliminary injunction includes requirement for the permanent receiver "to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of SB Capital, IPF, and SPF, and to file the accounting with the Court and deliver copies thereof to all parties.")  The

1   forensic accounting will be critical to assisting the Court in its management of the receivership
2   and this case, and Feathers provides no good cause for it to be stayed.

3   **II.    PROCEDURAL BACKGROUND**

4          The Commission filed this action on June 21, 2012, and alleged that Feathers and the
5   firm he controlled, SB Capital were violating the federal securities laws in connection with two
6   mortgage funds they managed –IPF and SPF.  The Commission alleged that SBC Capital and
7   Feathers were unregistered broker-dealers who ran the Funds as a Ponzi-like scheme and
8   misused Fund assets, among other allegations.  (*See*, *e.g.*, Dkt. Nos. 1 (Complaint), 7 (Plaintiff's
9   Memorandum in Support of Temporary Restraining Order and Other Relief).)  On June 26,
10  2012, the Court found that the Commission had established a prima facie case that defendants
11  had violated the federal securities laws, and issued a temporary restraining order against all
12  Defendants, an asset freeze, and the appointment of a temporary receiver.  (*See* Dkt. No. 16
13  (TRO).)  With Feathers' consent, the Court subsequently entered a preliminary injunction
14  against and appointed a permanent receiver.  (*See* Dkt. Nos. 29 (Consent) and 34 (Preliminary
15  Injunction and Orders) at 1.)

16         On August 24, 2012, Feathers answered the Complaint and asserted six affirmative
17  defenses.  (Dkt. No. 59.)  On October 9, 2012, the Court issued a Case Management Order
18  which set a fact discovery cutoff of March 1, 2013, other discovery deadlines after that date, and
19  a Preliminary Pretrial Conference for April 12, 2013.  (Dkt. No. 76.)

20         On or about November 9, 2012, Feathers filed several motions seeking modifications to
21  the temporary restraining order and the order establishing a temporary receivership.  *See* Dkt.
22  Nos. 102-105.)  All four motions were filed on an *ex parte* basis.  In an Order Re:  Defendant
23  Mark Feathers' Pending Motions, filed November 13, 2012, the Court denied all ex parte relief
24  sought by these, and other, motions.  With regard to four other motions, the Court ordered the
25  clerk to set them for hearing, and with regard to Docket Nos. 102 to 105, the Court permitted
26  Feathers to re-file them as regularly noticed motions.

27

28

1       On the following day, November 14, 2012, Feathers re-filed Docket Nos. 102 to 105, and

2 the motions were assigned Docket Nos. 109 to 112.  Feathers did not obtain a hearing date prior

3 to filing the motions.

4       At a status conference held on December 14, 2012, the Court set Docket Nos. 109 to 112

5 for hearing on February 22, 2013.  The Court also set a briefing schedule, and required the

6 Commission to file any responses to Docket Nos. 109 to 112 on January 14, 2013, and Feathers

7 to file any replies on January 28, 2013.

8 **III.    ARGUMENT**

9     **A.     Feathers Is Not "Attorney-in-Fact" for Investors in IPF and SPF**

10      In the motion, Feathers claims to be acting as "the true and lawful attorney-in-fact" for

11 the investors in the two Funds, which are managed by defendant SB Capital.  In support of that

12 claim, Feathers quotes from an unidentified document(s) which designate the "manager" as the

13 "true and lawful attorney-in-fact" for the investors, and apparently claims to himself personally

14 the rights and duties of the manager.

15      In fact, Feathers individually is not, and never was, the "Manager" of any of the Funds.

16 The IPF offering documents identified the corporate entity defendant SB Capital as the

17 "Manager, Loan Originator and Loan Servicer."  (*See*, *e.g.*, Susan Hannan Declaration (Dkt. No.

18 9), Exhibits 1, 2, 3, and 4.)  Similarly, the IPF Operating Agreements identify the "Manager" as

19 "Small Business Capital Corp., a California corporation…."  (*Id*. at Exhibits 8, 9, 10, and 11.)

20 Similarly, the SPF offering documents identified SB Capital as the "Manager," as did the SPF

21 Operating Agreements.  (*Id*. at Exhibits 5, 6, 7, 12, 13, 14.)

22      SB Capital, and not Feathers, was given the powers referred to in Feathers' motion.  The

23 Receiver now possesses all the rights and powers of SB Capital.  *(See* Preliminary Injunction and

24 Appointment of Permanent Receiver (Dkt. No. 34).  Feathers personally was never the

25 beneficiary of the "attorney-in-fact" designation to which he refers, and should refrain from

26 putting himself forward as somehow acting in that capacity.  Indeed, such conduct may well be

27 in contravention of other provisions of the Preliminary Injunction, such as paragraphs IX and X.

28

1    Feathers has no rightful claim that he has any powers as "attorney-in-fact" for the

2    investors in IPF and SPF, and the Court should reject such claims.

3    **B.     Feathers Has Not Provided Any Basis For Modification of the Court's Order**

4    **Denying Request For Legal Expenses**

5    Feathers seeks an unspecified award of legal fees in his capacity as true and lawful

6    attorney-in-fact for the investors, to pursue violations of the constitutional rights of the three

7    hundred, or more, investors in IPF, SPF, as well as on behalf of SB Capital and Feathers himself.

8    (Motion at 4:13-18.)  Feathers also asks the Court for permission to engage legal counsel that is

9    qualified and experienced in the areas of constitutional and securities law to assist Feathers in

10   protecting the income and assets of the receivership estate from the "unwarranted and harmful

11   actions of the plaintiff and the receiver."  (*Id*. at 5:15-23.)

12   Based upon the provisions of the Preliminary Injunction and the fact that Feathers is not,

13   as he claims, "attorney-in-fact" for the members of IPF and SPF, the Commission would oppose

14   any actions by Feathers to purport to represent IPF, SPF, or SB Capital, which are all entities in

15   the receivership.  The receiver operates under the supervision of the Court, and as an arm of the

16   Court.  The receiver, under the direction of the Court, is well situated to protect the interests of

17   the investors that were defrauded by defendants.

18   The Commission does not object to Feathers obtaining counsel to represent him

19   personally in this action, or in any other actions that he wishes to pursue, pursuant to the Order

20   Denying Request for Legal Expenses issued by the Court on September 26, 2012.  Indeed, the

21   Commission would be willing to consider whether, depending on the circumstances, it might not

22   oppose some modification to that Order.  However, Feathers has not identified any qualified

23   attorney in his papers, or asked for any specific award of legal fees.  As such, Feathers' motion

24   is not ripe for decision.  In addition, Feathers has not presented good cause for modification of

25   the Court's prior Order, and for that reason, his request should be denied.

26

27

28

1
2

### C.  Feathers Has Not Provided Good Cause For The Court To Stay The Receiver's Activities

3   Feathers does not provide good cause for his request to stay the receiver's authority to

4   sell or dispose of assets, or to enter into any binding contractual agreements.  In fact, the receiver

5   would take such action only after notice and opportunity to be heard, and with Court approval.

6   There is no need for the Court to issue the requested relief.

7   In that regard, the Commission notes that Feathers has filed a different motion in which

8   he seeks to compel the receivership estate to fund a project (*see* Dkt. No. 111), and in a different

9   motion seeks to compel the receivership estate to join a lawsuit (*see* Dkt. No. 156).   As with any

10   significant actions to be taken by the receiver, whether or not the receiver should take those

11   actions is also subject to review and approval by the Court.

12   Feathers also requests that the Court stay the receiver's forensic accounting, although

13   Feathers fails to provide good cause for his request.  In the receiver's First Status Report and

14   Inventory, filed July 9, 2012, the receiver outlined the assets and liabilities of the receivership

15   entities and preliminarily determined that while investors were owed principal of approximately

16   $46.083 million, the receivership entities had assets of only about $34.123 million, leaving a

17   likely shortfall of $11.960 million.  (See Receiver's First Status Report and Inventory (Dkt. No.

18   30) at 9:1-15.)  This first report, and subsequent reports, provided the Court with valuable

19   information about the assets of the receivership entities and the operations of the businesses

20   before the receiver was appointed.  The receiver is set to file his forensic accounting report on

21   January 15, 2013, which may in any event moot Feathers' request.  However, to the extent the

22   receiver may need additional time to complete the forensic accounting, such accounting will

23   provide valuable information for the Court and the parties.

24   Indeed, Feathers' request to stay the forensic accounting is somewhat at odds with his

25   various contentions of wrongful conduct by the Commission and his claims of innocence.  If

26   Feathers, in fact, was not operating a Ponzi-like scheme and was not misusing investor funds to

27   pay the operating expenses of SB Capital in violation of the representations made to investors,

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
PROPOSED AMENDMENT TO AMENDED TRO
[DKT. NO. 109]

- 5 -

Case No. 5:12-CV-03237-EJD

then the forensic accounting by the receiver should substantiate Feathers' defenses and refute the Commission's charges. Moreover, because the receiver is an arm of the Court, was appointed by the Court, and functions under the Court's supervision, if the facts uncovered by the receiver support Feathers' innocence, then such a report would serve Feathers' interests and provide strong exculpatory evidence for him. It is therefore unclear why Feathers seeks to stop the forensic accounting.

Feathers has not provided good cause for the Court to stay any of the receiver's activities, and this request should be denied.

### D.       Feathers Makes Other Arguments That Do Not Support The Relief Sought

In support of the motion, Feathers makes a wide assortment of arguments and unsubstantiated allegations against the Commission, or the Commission and the Receiver, Thomas A. Seaman, many of which assert serious violations of the law without any factual or evidentiary support. However, whether considered separately or in combination, these various arguments do not support either an award of legal fees or imposition of a stay upon some or all of the receiver's activities. Moreover, Feathers fails to provide any factual basis for many of his claims of wrongdoing by the Commission, or the receiver, made in this motion.

Defendant repeats many arguments in this motion that he makes in other motions he has filed with the Court, and which the Commission addressed in oppositions to those other motions. *See, e.g.*, Feathers'(i) Motion to Dismiss under F.R.C.P Rule 12(b) (2), (3), (4), (5), and (6), F.R.C.P 8(d) and F.R.C.P 9(a)1(b) (Dkt. No 92), (ii) F.R.C.P Rule 12(b) Motion to Dismiss for Cause (Dkt. No. 93), and (iii) Motion to Dismiss the Receiver (Dkt. No.94); and Plaintiff's Omnibus Opposition to those motions (Dkt. No. 118).

Feathers asserts that the Commission and the Receiver "with *scienter*, have submitted false and misleading statements to the court" (Motion at 4:13-14); and "with *scienter*, have failed to submit required evidentiary information to demonstrate cause" (id. at 4:19-21). Feathers provides absolutely no factual or evidentiary basis for such serious allegations, particularly allegations that the Commission acted "with *scienter*." Feathers also claims that un-

named senior employees of the Commission "are likely in violation of the Agency's own Office of Inspector General's (OIG) Guidelines" (*id*. at 15:16-16:21). Again, defendant provides no factual basis or evidentiary support for such a potentially serious charge.  Given that Feathers provides no evidence to support his claims, the Commission is not in a position to respond to these charges.

Feathers asserts various constitutional violations by the Commission and the Receiver (id. at 5:25-9:19, and 15:4-14), and the Commission addressed similar arguments in its Omnibus Opposition filed November 19, 2012, and incorporates them herein by reference.

Feathers complains about inquiries into his conduct by the Federal Bureau of Investigation (id. at 12:5-14:11).  The Supreme Court recognized in *United States v. Kordel*, 397 U.S. 1, 11 (1970) that parallel civil and criminal proceedings are appropriate and constitutional. As the Court of Appeals for the D.C. Circuit stated in *SEC v. Dresser*, 628 F.2d 1368, 1377 (D.C. Cir. 1980), "effective enforcement of the securities laws require that the SEC and [the Department of] Justice be able to investigate possible violations simultaneously."  *See also SEC v. First Financial Group of Texas*, 659 F.2d 660, 666-67 (5th Cir. 1981) ("The simultaneous prosecution of civil and criminal actions is generally unobjectionable."); *United States v. Stringer,* 521 F.3d 1189, 1191 (9th Cir. 2008) (*"*There is nothing improper about the government undertaking simultaneous criminal and civil investigations. . ."*).* Moreover, Congress expressly provided that the Commission can share information gathered in a civil investigation with other government agencies and provide information to the Department of Justice for a determination whether to institute criminal proceedings. *See* Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b); Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d).  *See also* 17 C.F.R. § 240.24c-1 (the Commission's regulation concerning access to nonpublic information, which specifically allows it to provide nonpublic information to, among others, a "federal, state, local or foreign government or any political subdivision, authority, agency or instrumentality of such government." *See* 240.24c-1(b)(1)).

1   Feathers also argues that the asset freeze may be causing negative feelings among

2   investors in IPF and SPF.  (Motion at 14:13-15:2.)  It is unclear how such hard feelings justify

3   any of the relief requested by Feathers.

4   Other than as addressed above and in other pleading filed by the Court, and unless

5   otherwise ordered by the Court, the Commission will not attempt to address Feathers' varied and

6   unsubstantiated allegations of wrongdoing that are not germane to the relief requested,

7   specifically payment of legal fees and a stay of certain actions by the Receiver without further

8   Court order.

9   **IV.    CONCLUSION**

10   Therefore, the Commission respectfully requests that the Court deny Defendant

11   Feathers's motion seeking the payment of legal fees and the stay of the Receiver's dissipation of

12   assets (Dkt. No. 109), and to grant any other relief that is appropriate.

13

14   DATED:  January 14, 2013                   Respectfully submitted,

15

16                                              /s/ *Susan F. Hannan*
                                                John B. Bulgozdy
17                                              Susan F. Hannan
                                                Attorneys for Plaintiff
18                                              SECURITIES AND EXCHANGE COMMISSION

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th
       Floor, Los Angeles, California 90036-3648
       Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 14, 2013, I caused to be served the document entitled **PLAINTIFF SECURITIES
AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK
FEATHERS [PROPOSED] AMENDMENT TO AMENDED TEMPORARY
RESTRAINING ORDER AND ORDERS [Dkt. No. 109]**
on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and
       mailing today following ordinary business practices.  I am readily familiar with this
       agency's practice for collection and processing of correspondence for mailing; such
       correspondence would be deposited with the U.S. Postal Service on the same day in the
       ordinary course of business.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of
       the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United
       Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a
       facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles,
       California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the
       electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF
       system, which effects electronic service on counsel who are registered with the CM/ECF
       system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission. The transmission was
       reported as complete and without error.

       I declare under penalty of perjury that the foregoing is true and correct.


Date:  January 14, 2013                    */s/ Javier Delgadillo*
                                           Javier Delgadillo

1
2
3

**SEC v. SMALL BUSINESS CAPITAL CORP,et al.**
**United States District Court – Northern District of California**
**San Jose Division**
**Case No. 5:12-CV-03237-EJD**
**LA-4141**

4
5

SERVICE LIST

6
7
8

Mark Feathers (*via Email and U.S. Mail*)
Email: *markfeathers@sbcglobal.net*
1520 Grant Rd.
Los Altos, CA 94024
***Defendant Mark Feathers***

9
10
11
12
13

David Zaro, Esq. (*via ECF*)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email:  *dzaro@allenmatkins.com*
***Attorney for Receiver Thomas Seaman over Defendants Small Business Capital***
***Corp.; Investors Prime Fund, LLC; And SBC Portfolio Fund, LCC***

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28