UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SMALL BUSINESS CAPITAL CORP., MARK FEATHERS, INVESTORS PRIME FUND, LLC, AND SBC PORTFOLIO FUND, LLC<br><br>　　　　　　Defendants. | Case No.: 12-cv-3237-EJD (PSG)<br><br>**ORDER RE: ADMINISTRATIVE AND EX PARTE MOTIONS**<br><br>**(Re: Docket Nos. 405, 414, 450, 464)** |

Defendant Mark Feathers ("Feathers") has filed several administrative motions seeking discovery from Plaintiff Securities Exchange Commission ("SEC") or seeking protective orders to prevent discovery by the SEC. Feathers purports to seek relief pursuant to Civ. L.R. 7-11, which provides that a party may seek an order from the court "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Such motions may include "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example."[1]

Feathers' requests do not fall into this narrow category of administrative motions. He seeks production of documents from the Receiver regarding financial information about the corporate

---
[1] Civ. L.R. 7-11.

Case No.: 12-3237 EJD (PSG)
ORDER

1

defendants in this case,[2] protective orders to prevent the deposition of his spouse,[3] and a protective order to force the SEC to file certain documents under seal.[4] Each of these requests is governed by either the Federal Rules of Civil Procedure or a Civil Local Rule, and so filing them as administrative motions is improper.

Feathers is a pro se defendant, and so the court will interpret his requests with a certain degree of indulgence. The court will hear arguments on the improperly noticed motions[5] at the hearing set for Feathers' properly noticed motion on June 11, 2013.[6] But given Judge Davila's previous order cautioning Feathers not to file substantive motions as administrative motions[7] and given that Feathers has shown he knows how to file a motion properly,[8] the court will not extend such leniency again in the future. Feathers shall not file any more substantive motions as administrative motions. Administrative motions are for limited miscellaneous issues that require neither extensive briefing nor a hearing on the underlying merits. In contrast, substantive conflicts between the parties regarding the scope of discovery often require both.

From this point on, when seeking the court's aid in resolving discovery disputes, both parties shall comply with the Federal Rules of Civil Procedure, the Civil Local Rules, and the undersigned's standing order regarding the filing of substantive motions. In other words, discovery disputes shall be noticed as motions on the docket, with a hearing date reserved, as prescribed in Civ. L.R. 7-2.

---

[2] *See* Docket Nos. 405, 414.

[3] *See* Docket No. 450.

[4] *See* Docket No. 464.

[5] Specifically, Docket Nos. 405, 414, 450, 464.

[6] *See* Docket No. 446.

[7] *See* Docket No. 363.

[8] *See* Docket No. 446.

**IT IS SO ORDERED.**

Dated: May 20, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: 12-3237 EJD (PSG)
ORDER