1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | Case No.: 5:12-CV-03237-EJD |
| Plaintiff, ) ) | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND MONETARY REMEDIES** |
| v. ) ) | |
| SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC, ) ) ) ) ) | **[Re: Docket Item No. 602]** |
| Defendants. ) | |

In this civil enforcement action brought under several federal securities laws, presently before the Court is Plaintiff Securities and Exchange Commission's ("SEC" or "Plaintiff") Motion for Injunctive Relief and Monetary Remedies against Defendant Mark Feathers ("Feathers" or "Defendant") for violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiff requests a three-pronged remedy, which includes a permanent injunction against violations of specific provisions of federal securities law, disgorgement of a total amount of $7,782,961.07, and a civil penalty in the amount of $300,000.

The Court, having entered Summary judgment against Defendant Feathers on August

**United States District Court**
For the Northern District of California

1   16, 2013, and having fully reviewed and considered the SEC's Motion, along with all other

2   pleadings and exhibits submitted by the parties, and heard oral arguments presented by both parties

3   at the hearing on October 22, 2013, and good cause appearing, orders that the SEC's Motion for

4   Injunctive Relief and Monetary Remedies against Defendant Mark Feathers is GRANTED in part

5   and DENIED in part**.**

6   **I. Permanent Injunction**

7            In the hearing, the SEC presented its arguments in support of the permanent injunction

8   against Defendant from future violations of Section 17(a) of the Securities Act, 15. U.S.C. §77q(a),

9   Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10-b thereunder, 17 C.F.R.

10  §240.10b-5, and Section 15(a)(1) of the Exchange Act, 15 U.S.C. §78o(a)(1). The Securities Act

11  and Exchange Act provide for injunctive relief upon a proper showing that there is a reasonable

12  likelihood of future violations of the securities law.  In its argument supporting an injunction, the

13  SEC included the factors articulated by the Ninth Circuit Court of Appeals in <u>SEC v. Murphy</u>, 626

14  F.2d 633 (9th Cir. 1980), which the Court can use to assess the likelihood of future violations.  In

15  <u>Murphy</u>, the Ninth Circuit noted that the existence of past violations may give rise to an inference

16  that there will be future violations, but the Court must assess the totality of the circumstances

17  surrounding the defendant and his violations to predict the likelihood of future violations, which

18  include factors such as: (1) the degree of scienter involved; (2) the isolated or recurrent nature of

19  the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the

20  likelihood, because of defendant's professional occupation, that future violations might occur; and

21  (5) the sincerity of his assurances against future violations.  <u>Id.</u> at 655.

22           During the hearing, the Court provided Defendant Feathers with the opportunity to respond

23  to the <u>Murphy</u> elements presented by the SEC.  Defendant Feathers addressed only the two last

24  factors listed above.  Feathers expressed to the Court that in his career he has always followed the

25  rules, and will continue to do so in the future.  Feathers further presented to the Court that he is

26  currently employed at a printing company.

27

28

Case No.: 5:12-CV-03237-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF AND MONETARY REMEDIES

**United States District Court**
For the Northern District of California

1    The Court weighed all the factors and found that Feathers did not meet his burden to rebut

2    the SEC's presentation.  In the Order previously issued by this Court, the Court found that Feathers

3    violated the antitrust provisions of the federal securities laws in the past.  The Court further found

4    that the SEC produced substantial evidence of Feathers' scienter and there were multiple instances

5    of misrepresentation, thus satisfying the first two factors.  There is no evidence presented in the

6    pleadings or in the hearing that Feathers recognizes the wrongful nature of his conduct, thus

7    meeting the third factor.  As to the fourth factor, Feathers did not show that he would not re-enter

8    the brokerage industry if he were able, and in his Response indicated that in the future he would

9    hire a securities attorney so as not to violate securities law.  For the fifth factor, while not

10    recognizing his past wrongs, Feathers claims that as he has done in the past, he will continue to

11    follow rules in the future.  As a result of the Court's careful balancing of the <u>Murphy</u> factors and

12    the conclusion that the SEC has met its burden to predict the likelihood of a future violation, the

13    injunction should issue.

14        IT IS HEREBY ORDERED that Defendant and his agents, servants, employees, attorneys,

15    and all persons in active concert or participation with them who receive actual notice of this Final

16    Judgment by personal service or otherwise are permanently restrained and enjoined from violating,

17    directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5

18    promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

19    interstate commerce, or of the mails, or of any facility of any national securities exchange, in

20    connection with the purchase or sale of any security:

21        (a) to employ any device, scheme, or artifice to defraud;

22        (b) to make any untrue statement of a material fact or to omit to state a material fact

23        necessary in order to make the statements made, in the light of the circumstances under

24        which they were made, not misleading; or

25        (c) to engage in any act, practice, or course of business which operates or would operate as

26        a fraud or deceit upon any person.

27

28

Case No.: 5:12-CV-03237-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF AND MONETARY REMEDIES

**United States District Court**
For the Northern District of California

IT IS HEREBY FURTHER ORDERED that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED that Defendant, and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C § 78o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

**II. Disgorgement of Ill-Gotten Gains**

The SEC requests that the Court order Feathers to disgorge ill-gotten gains of $7,497,402.51, which is the total amount of cash that Feathers caused the funds to transfer to his company, SBCC, plus prejudgment interest from the date of the Receivership, totaling $285,558.56, for a total disgorgement amount of $7,782,961.07. These transfers were used to pay SBCC expenses and manage the yield of the fund, which allowed the funds to give the misleading appearance that they were generating a net income sufficient to pay the target yield returns, and

4

**United States District Court**
For the Northern District of California

1    was both contrary to the representations in the offering documents and not disclosed to investors.

2    The Court found that these misrepresentations were material.

3         "[A] district court has broad equity powers to order the disgorgement of ill-gotten gains

4    obtained through the violation of the securities laws. Disgorgement is designed to deprive a

5    wrongdoer of unjust enrichment, and to deter others from violating securities laws by making

6    violations unprofitable." <u>SEC v. Platforms Wireless</u>, 617 F.3d 1072, 1096 (9th Cir. 2010) (quoting

7    <u>SEC v. First Pac. Bancorp</u>, 142 F.3d 1186, 1191 (9th Cir. 1998)). To establish an appropriate

8    disgorgement amount, the SEC need only show a "reasonable approximation" of profits or investor

9    losses causally connected to the violations. <u>Id.</u> Then, the burden shifts to defendant to demonstrate

10   that the figure is not reasonable. <u>Id.</u> The Court finds that the amount of $7,497,402.51 is proper,

11   as it is directly related to the misrepresentations, the misrepresentations associated with it were

12   material, and Feathers has not demonstrated that the figure is unreasonable.

13        The court has noted, "[t]he ill-gotten gains include prejudgment interest to ensure that the

14   wrongdoer does not profit from the illegal activity." <u>SEC v. Cross Fin. Services, Inc.</u>, 908 F. Supp.

15   718, 734 (C.D. Cal. 1995). The decision regarding whether to grant prejudgment interest is subject

16   to the court's broad discretion, taking into account the need to compensate the wronged parties for

17   actual damages, considerations of fairness and the relative equities of the award, the remedial

18   purposes of the statute involved, and such other principles the Court finds relevant. <u>SEC v. Olins</u>,

19   762 F. Supp. 2d 1193, 1198 (N.D. Cal. 2011). Here, the Court determines that it is appropriate to

20   order Feathers to pay prejudgment interest, calculated pursuant to 26 U.S.C. §6621, on the cash

21   that he transferred from the Funds to pay SBCC's expenses and target yield returns.

22        IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of

23   $7,497,402.51, representing profits gained as a result of the conduct alleged in the Complaint,

24   together with prejudgment interest thereon in the amount of $285,558.56, for a total of

25   $7,782,961.07. Defendant shall satisfy this obligation by paying $7,782,961.07 to the SEC within

26   90 days after entry of this Final Judgment.[1]

27   _____

[1]      Defendant may transmit payment electronically to the Commission, which will provide
28   detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from

Case No.: 5:12-CV-03237-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF AND MONETARY REMEDIES

**III. Civil Penalty**

Sections 20(d) of the Securities Act and 21(d)(3)(A) of the Exchange Act provide the district court with authority to impose civil penalties for violations of the Acts.  There are three tiers of penalties possible and the amount of the penalty is to be determined by the court.  <u>SEC v. Olins</u>, 762 F. Supp. 2d at 1199.  While the Court may order a "first-tier" penalty "in light of the facts and circumstances" of the case, a higher, "second-tier," penalty is only warranted for a violation "involv[ing] fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and a "third-tier" penalty is only warranted where there is a further showing that "such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons."  <u>Id.</u> (quoting 15 U.S.C. § 77t(d)).  To assess the appropriate amount of civil penalty, courts look to the <u>Murphy</u> factors.  <u>See</u> <u>SEC v. Abacus Intern. Holding Corp.</u>, No. C 99-02191, 2001 WL 940913, *5 (N.D. Cal. August 16, 2001).

Here, the SEC requests the Court impose as a "third-tier" civil penalty in the amount of $150,000 for each fund, totaling $300,000.  For the reasons articulated earlier in regards to the <u>Murphy</u> factors, the Court finds it appropriate to order a "second-tier" civil penalty, because the

---

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mark Feathers as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 90 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

6

Case No.: 5:12-CV-03237-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF AND MONETARY REMEDIES

violation involved misrepresentation, and in its discretion orders a civil penalty in the amount of $10,000 against Defendant.

IT IS FURTHER ORDERED that Defendant shall pay a civil penalty in the amount of $10,000 to the SEC pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within 90 days after entry of this Final Judgment.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED**

Dated: Nov. 6, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-03237-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF AND MONETARY REMEDIES