DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
         tfates@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>      v.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>           Defendants. | Case No. CV12-03237<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE OMNIBUS AND SPECIFIC CLAIM OBJECTIONS**<br><br>Date:   April 25, 2013<br>Time:  9:00 a.m.<br>Ctrm:  4 - 5th Floor<br>Judge:  Hon. Edward J. Davila |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

970174.02/LA

Case No.  CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

1     **PLEASE TAKE NOTICE** that on April 25, 2013, at 9:00 a.m., in Courtroom 4, 5th Floor,
2  of the United States District Court, 280 South 1st Street, San Jose, California 95113, the Court
3  will consider the motion of Thomas A. Seaman ("Receiver"), Court-appointed permanent receiver
4  for Small Business Capital Corp. ("SBCC"), Investors Prime Fund, LLC ("IPF"), SBC Portfolio
5  Fund, LLC ("SPF") and their subsidiaries and affiliates[1] (collectively, "Receivership Entities"), to
6  approve omnibus claim objections and proposed allowed claim amounts ("Motion").

7     The Motion is posted on the Receiver's website (http://www.sbcapitalreceiver.com).  A
8  hard copy of the Motion can also be obtained by emailing a request to the Receiver through the
9  website or by sending a written request to the Receiver at 3 Park Plaza, Suite 550, Irvine,
10 California 92614.

11    If you oppose the motion, you are required to file your written opposition with the Office
12 of the Clerk, United States District Court, 280 South 1st Street, San Jose, California, 95113, and
13 serve the same on the undersigned not later than fourteen (14) days after the motion was filed.

14    **IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION** by the above date,
15 the Court may grant the requested relief without further notice.

16    **Requested Relief:**  The relief requested is discussed in detail in the Memorandum of
17 Points and Authorities below.  Briefly, the Receiver requests the Court determine amounts
18 invested by and distributed to Investors in the Receivership Entities, as indicated in Exhibit A to
19 the Receiver's concurrently-filed declaration.  The proposed allowed claim amounts exclude any
20 claims for consequential damages, including, but not limited to, accrued unpaid interest, lost
21 profits, or professional fees incurred by Investors.  The Receiver further requests that the Court
22 approve the claim amounts of non-investor claimants, as indicated in Exhibit B to the Receiver's
23 concurrently filed declaration.  As reflected in Exhibit B, the Receiver proposes all claims of non-
24 investor claimants be limited to the debt owed and any consequential damages, interest charges,
25 attorney fees, or similar amounts be disallowed.  The Receiver also objects to those claims for

---

[1]  Subsidiaries and affiliates include, in addition to the entities named above, SBC Commercial Mortgage Fund, LLC ("SCMF") and Small Business Capital, LLC ("SBC LLC").

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

Case No.  CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

1  which claimants have not submitted adequate documentation and to the claims submitted by Mark
2  and Natalie Feathers as detailed in the Motion.
3      Finally, the Receiver received a claim from the U.S. Small Business Administration
4  ("SBA") in the amount of $24,181,665.40.  This is an entirely contingent claim based upon certain
5  alleged indemnity obligations arising out of the so-called SBA 7A loans and SBA 504 loans.  The
6  Receiver is presently in discussions with the SBA with regard to this claim.  The Receiver
7  presently objects to the entire amount of this claim.  The Receiver will report to the Court well in
8  advance of the hearing on the Motion with regard to the results of the Receiver's negotiations with
9  the SBA and a proposed briefing schedule as to any remaining disputed claims.

11 Dated:  November 15, 2013    ALLEN MATKINS LECK GAMBLE
                                MALLORY & NATSIS LLP

13                              By:    /s/ Ted Fates
                                    TED FATES
14                                  Attorneys for Receiver
                                    THOMAS A. SEAMAN

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

970174.02/LA

-2-

Case No.  CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. OVERVIEW

The Receiver has carefully reviewed all claim forms and supporting documentation submitted to the Receiver by the individuals and entities that invested in the Receivership Entities ("Investors") and those submitted by non-investor claimants (*e.g.*, trade creditors, vendors, and other entities that did business with the Receivership Entities) ("Non-Investor Claimants"). The Receiver has reconciled and verified the claim information using the books and records of the Receivership Entities. Some issues relevant to the allowed amount of claims necessarily also impact the nature of the distribution plan proposed in this case; for example, whether Investor claims should be calculated on a net basis, the rising tide method, or a different formula. Other issues regarding claims should be determined and a uniform approach applied to all claims or categories of claims. In bringing this Motion, the Receiver requests the Court establish such uniform rules.

The claim information form mailed to each Investor stated the amount of all contributions and other amounts the Investor paid to the Receivership Entities and all money distributed to that Investor by the Receivership Entities either in the form of interest or return of principal. To the extent any Investor claimed additional amounts for accrued but unpaid interest, consequential damages, referral fees, commissions, attorneys' fees, or other indirect or attenuated amounts, the Receiver objects to all such amounts and requests they be disallowed. Similarly, the Receiver objects to all amounts claimed by Non-Investor Claimants other than the principal debt owed and requests that amounts for consequential damages, interest, attorney fees, punitive damages, and other additional amounts be disallowed. The Receiver's proposed claim amounts are detailed in Exhibit "A" (Investors) and Exhibit "B" (Non-Investor Claimants), attached to the Receiver's concurrently-filed declaration ("Seaman Declaration").

The U.S. Small Business Administration ("SBA") has submitted a claim for $24,181,665.40 ("SBA Claim"). The Receiver is presently negotiating with the SBA concerning the SBA Claim and will report to the Court prior to the hearing as to the results of these negotiations.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

This Motion is made solely to define the universe of the claims that will be the subject of the Receiver's proposed distribution plan. Allowance of a claim does not assure payment or any particular treatment under the plan. There will likely not be sufficient assets available to pay 100% of each Investor's principal claim, nor the amount owed to Non-Investor Claimants. The Receiver does not anticipate ever recovering sufficient funds to return 100% of Investor contributions. In the unlikely event sufficient funds to pay 100% of Investor contributions were recovered, the Receiver would propose a second claims process to address, among other things, claims for consequential damages.

The Receiver's charge is to marshal and preserve the assets of the Receivership Entities for the benefit of investors and creditors. The Receiver is currently holding over $20 million in cash and that amount is increasing monthly as interest income and servicing income are earned. Formalizing definitive claim information is the necessary precursor to approval of a distribution plan and distribution of receivership estate funds. Accordingly, the Receiver requests that the Court grant this Motion to determine the allowed amount of all claims.

## II. FACTUAL BACKGROUND

On June 21, 2012, the Securities and Exchange Commission ("Commission") filed its Complaint against SBCC, Mark Feathers ("Mr. Feathers"), IPF and SPF (collectively, "Defendants"). The Commission simultaneously filed, *inter alia*, an Ex Parte Application for Temporary Restraining Order and Order to Show Cause. After a hearing held on June 26, 2012, the Court issued the Temporary Restraining Order and Orders (1) Freezing Assets, (2) Prohibiting the Destruction of Documents, (3) Granting Expedited Discovery, (4) Requiring Accountings, and (5) Appointing a Temporary Receiver; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("TRO"). Thomas A. Seaman was appointed temporary receiver on June 26, 2012, and made a permanent receiver on July 10, 2012, pursuant to the Preliminary Injunction and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings; and (4) Appointing a Permanent Receiver ("Preliminary Injunction Order") stipulated to by the Commission and Mr. Feathers.

1  As set forth in the Receiver's Forensic Accounting submitted to the Court on June 7, 2013 ("Forensic Accounting"), the Receivership Entities raised approximately $57.3 million over the past seven years by offering membership interests in SPF, IPF and SPMF. The offering materials stated the funds would be used to invest in loans secured by first deeds of trust on commercial and income-producing real estate located primarily in California. At the time the Receiver was appointed, the Receivership Entities, collectively, had approximately $10.5 million in cash on hand, and held approximately 72 loans, with unpaid principal balances of approximately $25.454 million.

The Receiver has completed his investigation of the assets and pre-receivership operations and activities of the Receivership Entities and has submitted his Forensic Accounting to the Court. On August 16, 2013, the Court granted the motion for summary judgment brought by the Commission finding the Defendants in this action have committed securities fraud under the Securities Act and the Exchange Act, that SBCC operated as an unregistered broker-dealer in violation of the Exchange Act, and that Mr. Feathers and SBCC are liable as control persons. On November 6, 2013, the Court found Mr, Feathers liable for disgorgement in the amount of $7.782 million, including interest, and also ordered him to pay a civil penalty in the amount of $10,000. With the resolution of the Commission's motion for summary judgment and the completion of the Receiver's Forensic Accounting, it is appropriate for the Receiver to focus on the task of determining claims and making distributions to Investors and Non-Investor Claimants.

In November 2012, the Receiver filed a request to approve the process for soliciting claim information, including a bar date for the submission of claim information. The Court set May 10, 2013 as the bar date. The Receiver sent claim forms to all known Investors and Non-Investor Claimants and posted information on the Receiver's website for this case. Notice of the bar date was also published in the San Jose Mercury News, the San Francisco Chronicle and the Wall Street Journal Northern California edition, on March 6, 2013. The Receiver received approximately 469 claim forms from Investors and 19 claim forms from Non-Investor Claimants.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

-3-

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

Certain Investors did not submit claim forms. The Receivership Entities' books and records reflect that 32 of these Investors sustained a net loss from their investments. Therefore, these Investors have outstanding claims and have been included in Exhibit A.

## III. OMNIBUS OBJECTION

As stated above, based upon the Receiver's Forensic Accounting, there will likely be insufficient funds available in the Receivership Estate to repay 100% of Investor contributions. Equity requires that until all investors receive a distribution equal to the full amount of their cash contributions, none should receive distributions on account of amounts claimed for accrued or unpaid interest, lost profits, etc. Accordingly, in establishing the claim amount for each Investor, the Receiver objects to all amounts claimed in excess of each Investor's cash contributions. After reviewing the forms and reconciling the information to the Receivership Entities' records, the Receiver requests Court approval of the amounts reflected in Exhibit A for Investor contributions and distributions.

Similarly, with respect to Non-Investor Claimants, the Receiver objects to all additional amounts claimed for consequential damages, interest, attorney fees, finance fees, etc. The Receiver requests Court approval of the proposed allowed amounts reflected in Exhibit B for Non-Investor Claimants' claims. Both exhibits are attached to the Seaman Declaration.

## IV. SPECIFIC CLAIM OBJECTIONS

### A. Small Business Administration

As noted above, the SBA has submitted a claim in the amount of $24,181,665.40. The Receiver is negotiating with the SBA concerning the SBA Claim. This claim arises out of contracts with the SBA entered into by certain of the Receivership Entities. The amounts claimed are generally contingent and arise from the origination of loans and the SBA's contentions that certain loans did not conform to loan program rules. The SBA contends it has the right to damages as well as the right to offset certain amounts owed to the Receivership Entities. The Receiver disputes the SBA's right to recover these sums from the Receivership Entities and disputes their asserted right of offset. At present, the Receiver objects to the entire SBA Claim.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

-4-

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

He will advise the Court as to the status of his discussions with the SBA prior to the hearing on this Motion.

### B. California Business Bank

California Business Bank ("CBB") is a participant lender in certain loans made by the Receivership Entities, pursuant to that Master Participation Agreement dated June 22, 2011, Participation Certificates, and related documents. CBB's claim form appears to reflect its belief as to the value of its interest in each of the subject loans in which it is (or was) a participant. Attached as Exhibit "C" to the Seaman Declaration is a chart of the loans in which CBB is a participant. The Receiver does not dispute CBB's participation interest, as reflected in the agreements between the parties. That interest, however, is not a debt owed by the Receivership Entities to CBB and does not give rise to a claim against the Receivership Entities. The Participation Agreement explicitly states that it is non-recourse as to Small Business Capital, LLC ("SBC LLC"), the entity with which CBB contracted. Moreover, the Participation Agreement defines the relationship between CBB and SBC LLC as one of "seller and purchaser." At this time, CBB has not presented any basis for a claim against SBC LLC, nor is the Receiver aware of one. Accordingly, the Receiver objects to CBB's claim in its entirety.

### C. Small Business Lending

Small Business Lending ("SBL") has submitted a claim in the amount of $24,522.50 for referral fees it asserts are owed to it in connection with loans made to Aung San, LLC ($13,725) and Solvang Gardens Lodge ($10,797.50), according to SBL's claim. SBL's claim, however, fails to provide any written documentation of a referral fee agreement or demonstrate these amounts are owed to it by the Receivership Entities. On that basis alone, the claim should be denied. Moreover, these alleged referral fees, and any agreements related to the same, were made for the purpose of advancing a scheme found to be a violation of securities laws. Certainly, under these circumstances, the Court has broad discretion to disallow or subordinate SBL's claim on equitable grounds.

Finally, Receivership records indicate that on July 15, 2011, SPF issued a wire transfer in the amount of $22,875 payable to SBL referencing Aung San. Thus, it is unclear how much, if

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

-5-

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

1   anything is actually owed in referral fees even if there were a written agreement and no equitable

2   objections to the payments. To the extent the Court allows the claim at all, it should be limited to

3   $1,647.50 – the amount claimed ($24,522.50) less the $22,875 wire transfer.

    D.   <u>Marlin Business Bank</u>

5   Marlin Business Bank ("Marlin") asserts a claim for $11,119.39 in connection with the

6   lease of a copier. The copier was returned to Marlin in October 2012. The claim represents lease

7   payments for 39 months commencing October 25, 2012, and approximately $1,200 of additional

8   fees, including late fees on the payments not made after the copier was returned. Receiver

9   requests this claim be disallowed in its entirety as consequential damages. The Receiver promptly

10  returned the equipment in good working order. The Receiver paid the lease payments through the

11  return date and, as such, Marlin has not been damaged and the receivership estate was not unjustly

12  enriched.

    E.   <u>Spiegel Accountancy Corp.</u>

14  Spiegel Accountancy Corp. has submitted a claim in the amount of $9,161.45. Of the

15  amount claimed, $756.45 is a finance charge. Thus, as discussed above and in the case law below,

16  the $756.45 is the type of extra charge which should not be allowed until all claimants have

17  received a 100% distribution on their principal claim. For these reasons, the Receiver requests the

18  finance charge be disallowed.

    F.   <u>Rain Defense Inc.</u>

20  Rain Defense Inc. has submitted a claim in the amount of $1,244.42. Of the amount

21  claimed, $480 is a finance charge. Thus, as discussed above and in the case law below, the $480

22  is the type of extra charge which should not be allowed until all claimants have received a 100%

23  distribution on their principal claim. For these reasons, the Receiver requests the finance charge

24  be disallowed.

    G.   <u>Young, Craig & Co. LLP</u>

26  Young Craig & Co. LLP, an accounting firm, has submitted a claim in the amount of

27  $4,551.23. Of the amount claimed, $470.23 is a finance charge. Thus, as discussed above and in

28  the case law below, the $470.23 is the type of extra charge which should not be allowed until all

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

-6-

claimants have received a 100% distribution on their principal claim. For these reasons, the Receiver requests the finance charge be disallowed.

H. <u>Investor Stephen Pahl</u>

Stephen Pahl submitted an Investor claim form in addition to the claim scheduled in Exhibit B. The Receiver objects to the entire Non-Investor claim submitted by Mr. Pahl as duplicative of his Investor claim.

I. <u>Mark Feathers and Natalie Feathers</u>

Finally, the Receiver objects to all claims submitted by Mark Feathers and Natalie Feathers. Mark Feathers is a named defendant, and the Court has determined that Defendants committed securities fraud in violation of Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act as well as Section 10(b) of the Exchange Act and Rules 10b-5(a), 10b-5(b), and 10b-5(c) thereunder. The Court also found that SBCC operated as an unregistered broker-dealer in violation of Section 15(a) of the Exchange Act and that Mr. Feathers and SBCC are liable as control persons under Section 20(a) of the Exchange Act. The Court has found Mr. Feathers liable for disgorgement in the amount of $7.782 million, including interest, and also ordered him to pay a civil penalty in the amount of $10,000. Natalie Feathers is not a defendant in the lawsuit, but is an insider and held the title of Executive Vice President of SB Capital. She and Mr. Feathers were the sole signatories on the bank accounts of the Receivership Entities.

Mr. Feathers has claimed $47,000,000 on behalf of IPF, SPF, and SB Capital. Mr. Feathers has no authority or standing to assert claims on behalf of the Receivership Entities, nor is money due to those entities. In addition, Mr. Feather asserts a claim for $500,000 in "paid in capital." Mrs. Feathers' claim includes $15,000 for labor law violations and $7,500 in unpaid wages. Mrs. Feathers also asserts an Investor claim for funds invested in the Receivership Entities through her IRA account and a custodial account. Given that Mr. Feathers has been found liable for $7.782 million in disgorgement and also ordered to pay a civil penalty of $10,000, his claims should be disallowed in their entirety. Moreover, given the losses sustained by Investors and the role Mrs. Feathers played in those losses, equitable considerations require her claim be disallowed

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

-7-

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

in its entirely or, at a minimum, subordinated to the claims of Investors and Non-Investor Claimants.

## V. THE COURT HAS BROAD DISCRETION TO ESTABLISH PARAMETERS FOR THE TREATMENT OF CLAIMS

District courts have the broad power of a court of equity to determine the appropriate action in the administration and supervision of an equity receivership. See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). Specifically, the District Court has the power to use "summary procedures in allowing, disallowing, and subordinating claims of creditors . . ." *United States v. Arizona Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984). In overseeing a receivership the court must "make rules which are practicable as well as equitable." *Hardy* at 1039, quoting *First Empire Bank-New York v. FDIC*, 572 F.2d 1361, 1368 (9th Cir. 1978). The Receiver requests the Court make the following rules in the interests of fairly and efficiently administering this estate.

In general, in cases where it is clear claimants will not be paid in full on the allowed amount of their claims, equity demands that distributions be based first on the principal or net amount of the claim. *Commodity Futures Trading Commission v. Hoegh*, 205 F. 3d 1107, 1115 (9th Cir. 1999). Thus, as described above, the Receiver requests only the amounts invested by and distributed to Investors in the Receivership Entities be used to determine Investors' allowed claim amounts and that all additional amounts claimed by Investors be disallowed. Similarly, the Receiver proposes claims for accrued or unpaid interest, late fees, attorney fees, consequential damages or lost profits arising from non-payment, and punitive or tort damages asserted by Non-Investor Claimants be disallowed.

Moreover, the Court has the power to subordinate one claim to another if it finds "the creditor's claim, while not lacking a lawful basis, nevertheless results from inequitable behavior on the part of that creditor." *SEC v. American Board of Trade*, 719 F. Supp. 186, 196 (S.D.N.Y. 1989). Accordingly, it is within the sound discretion of the Court to subordinate the Feathers' claims and the claim of other parties such as SBL that may have facilitated the fraudulent scheme that resulted in losses to Investors.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

970174.02/LA

-8-

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS

## VI. CONCLUSION

The Receiver respectfully requests the Court approve the amounts listed in Exhibit A for Investors and Exhibit B for Non-Investor Claimants. Once the Receiver's proposed Distribution Plan has been approved by the Court, the amounts listed in Exhibits A and B will be used to calculate and make distributions to Investors and Non-Investor Claimants pursuant to the terms of the Distribution Plan.

Dated: November 15, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Ted Fates
TED FATES
Attorneys for Receiver
THOMAS A. SEAMAN

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

970174.02/LA

Case No. CV12-03237
MOTION TO APPROVE OMNIBUS AND
SPECIFIC CLAIM OBJECTIONS
-9-