UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) SMALL BUSINESS CAPITAL CORP., et al., ) ) Defendants. ) ) | Case No. 5:12-cv-03237-EJD-PSG<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY SANCTIONS**<br><br>**(Re: Docket No. 910)** |

Before the court is Defendant Mark Feathers motion for evidentiary sanctions in this case.[1]

After considering the arguments,[2] the court DENIES Feathers' motion.

Feather's motion is predicated on SEC counsel John Bulgozdy's statement in court that "And I personally have seen an e-mail that Mr. Feathers had sent to investors saying that the portfolio would be sold at a huge loss."[3] Feather's believes sanctions are warranted pursuant to Fed. R. Civ. P. 11(b) and the court's inherent power to punish bad faith conduct by litigants.

---

[1] *See* Docket No. 910.

[2] The court finds the motion suitable for disposition on the papers. *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[3] *See* Docket No. 910 at 1-2.

1
Case No. 5:12-cv-03237-EJD-PSG
ORDER DENYING MOTION FOR EVIDENTIARY SANCTIONS

Because the court's review of the record does not disclose bad faith by Bulgozdy, sanctions are not warranted.[4] The SEC's opposition points to a document e-mailed to the SEC where Feathers wrote to investors that they should be "very concerned about this assets sale because the receiver is allowed to accept a bid well below market value for those assets" and referred to this as a "potential loss."[5] Bulgodzy received that e-mail March 18, 2014 – prior to the hearing-in-dispute. Bulgodzy thus had a good faith basis for the statement made to the court at oral argument. Sanctions are not warranted.

**IT IS SO ORDERED.**

Dated: June 18, 2014



PAUL S. GREWAL
United States Magistrate Judge

---

[4] On its face – and as explained by the Ninth Circuit – Fed. R. Civ. P. 11 "applies to signed writings filed with the court." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001); *see also* Fed. R. Civ. P. 11(b)

By presenting to the court *a pleading, written motion,* or other *paper*--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. (emphasis added).

[5] *See* Docket No. 913-1, Ex. 1.