Mark Feathers, in *Pro Per*
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 776-2496

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

SMALL BUSINESS CAPITAL CORP., ET AL

    Defendants.

Case No. CV12-03237-EJD

MARK FEATHERS' OMNIBUS OPPOSITION TO RECEIVER'S AND HIS PROFESSIONAL'S MOTIONS FOR PAYMENT [COURT DOCKETS 923, 924, and 925]

Date: August 22nd, 2014
Time: 9:00 a.m.
Courtroom 4 – 5th Fl.
Judge: Hon. Edward J. Davila

## INTRODUCTION

Within this past decade Thomas Seaman has gained appointment to no less than three SEC receiverships in three different federal district courts, with three different federal judges, by way of a false CPA licensing representation. It has only been in this lawsuit, with this third false CPA licensing representation about Seaman, that this pattern of false CPA licensing representations has become very clear. This defendant believes this gross misconduct is more than just a civil issue.

MARK FEATHERS OMNIBUS OPPOSITION TO REQUEST FOR PAYMENT   CV12-03237-EJD

Within these same SEC lawsuit receivership appointments Seaman has always employed a particular attorney, David Zaro, Esq., as his counsel. So, here we have a trio of Seaman, Zaro, and SEC involved in three SEC securities lawsuits and three instances of asset seizures with false CPA licensing representations playing a part in Seaman's receivership appointments by federal courts. Now this trio of SEC, Zaro, and Seaman, with Seaman's and Zaro's sixth request for approval of fees, is again seeking the Court's assistance in helping them violate the defendant's and third party investor's 4th and 5th Amendment rights against false seizure and interferences with due process[1] by way of approval of their fee request. The Court should not allow this to happen.

In these three SEC lawsuits, Seaman and Zaro have partnered together where Seaman either represented himself as a CPA right before his appointment (see Exhibit 1), or it was SEC who falsely represented Seaman as a CPA in requesting his appointment, for combined takings by Seaman and Zaro of well over $10,000,000 in these three SEC lawsuits. In all three SEC lawsuits Seaman operated under guise of being a CPA while Zaro stayed silent about his knowledge that Seaman is not a CPA, even though he was aware of this fact, and while Zaro collected $5,000,000 or more in billings. Seaman and Zaro should not only be denied their sixth fee request, they should be forced to repay these takings; Zaro should also have his license to practice law revoked by the CA Bar and Seaman should be barred from ever acting again as an equity receiver.

When false licensing representations are made in a lawsuit such as this one, they deserve full outside investigation by other than the appointing Court, to assist in determining if these have been deliberate, or if they occurred with gross recklessness by the private parties and governmental agencies making these receivership appointment recommendations who might have had self-serving purposes for such false licensing representations. There is no doubt at all that third party investors in these funds feel very, very harmed based upon their scores of letters and sworn declarations with this Court stating such, and that they have suffered violations to their rights outlined by the 4th and 5th Amendments to the Bill of Rights of the Constitution.

---

[1] As with Seaman and Zaro's prior requests SEC will offer no opposition or negative comments to their fee request

## II   CONSENT TO RECEIVERSHIP IN THIS LAWSUIT IS CLEARLY TAINTED

In consenting to the appointment of a receiver in early July of 2012 to manage Small Business Capital Corp., this defendant made his decision based on the Court pleadings of the United States Securities and Exchange Commission that Seaman was a "licensed CPA" (see Court Docket 6, submitted under seal to the court). The problem, however, is that Seaman is not a licensed CPA, and never has Seaman been a licensed CPA, or even just an accountant for that matter. Fund investors have also been very vociferous in demonstrating themselves with their letters to the Court, along with their sworn declarations, that they are irate at the seizure of their assets, and the subsequent admission by SEC that it had used falsified financial information about the defendants in their Complaint (see Court Docket 187). They are just as irate that SEC has not admitted to even a hint of misconduct by way of SEC's CPA creating so-called "pro forma", yet entirely false, financial illustrations about the defendants, all submitted to the Court in hiding by way of seal, which employed a deliberately contrived and unmistakably corrupt formula (*id*). They are irate with discovery and proof by this party that Seaman was never a licensed CPA at all, and that Seaman, Zaro, and SEC willingly and without correction let SEC describe Seaman as a "licensed CPA" in successive SEC lawsuits[2]. These issues, in fact, do not appear unrelated. This defendant and third party fund investors feel pains far worse than salt rubbed in their wound from the seizure of their assets. Scores of fund investors have submitted sworn declarations to this Court as to their belief in the fraud of SEC, Seaman, and both at the same time coordinating their actions. SEC and Seaman have left a putrid smell with fund investors which far exceeds the stench of any whale carcass rotting away for months on any Northern California beach.

There are two issues here. One is that the training, experience, and licensing of a so-called chartered analyst are not the same as those of a licensed Certified Public Accountant. This Defendant had placed his own reliance, and for his fund's investors as well, on accurate

---

[2] *See SEC v. Medical Capital Holdings* request for injunction and SEC licensing description of Thomas A. Seaman

MARK FEATHERS OMNIBUS OPPOSITION TO REQUEST FOR PAYMENT  CV12-03237-EJD     2

representations by SEC and Seaman, and a CPA, and not a "chartered" analyst, to temporarily manage his company. The second issue is that Seaman has established a pattern over the past decade of SEC appointments by way of false CPA representations made by him, or made about him. These have, more than coincidentally it appears, also always included his immediate requests for David Zaro, Esq., as his counsel immediately following his appointment. A running unlawful conspiracy of a decade's time of Seaman, SEC, and Zaro should readily be apparent here.

In consenting to an injunction this defendant relied upon the Court appointing a receiver who was represented to the Court by a regulatory agency of the federal government as a licensed CPA, and would not have consented to appointment of an analyst from a school he has never heard of who holds a "charter" to temporarily manage his business and to achieve specific responsibilities outlined in the injunction. Only appointment of a CPA with proper licensing and experience, in his belief, was proper for these circumstances for his benefit and to the benefit of the investors in his specialty mortgage funds, in order to restore his business back to his management in as short a time as possible. Instead, what occurred here is that an individual was appointed who is neither a licensed CPA nor an accountant.

This defendant consented to Seaman's appointment because he held belief that the books and records of his companies and investment funds, which prior to their seizure were open-book to all fund investors and governmental agencies, would be reviewed by a licensed certified public accountant, and would show SEC to have wrongfully represented the financial information of his company and the funds that he founded and managed through Small Business Capital Corp.

A glaring example of Seaman not holding CPA skills is the fact that it was this defendant, not Seaman, who demonstrated to the court irrefutably five months into the lawsuit SEC had employed a false method of describing the financial performance of the investment funds (see Court Docket 187). The basis to unraveling SEC's false financial illustrations in their complaint lay in straightforward accounting reconciliations. Seaman quite apparently did not have the skill set to reconcile properly the financial statements and tax returns of the defendant investment funds and Small Business Capital Corp. and show the falsity of all of SEC's financial illustrations in the
MARK FEATHERS OMNIBUS OPPOSITION TO REQUEST FOR PAYMENT   CV12-03237-EJD         3

and Small Business Capital Corp. and show the falsity of all of SEC's financial illustrations in the Complaint, or he had no desire to do so, and therefore either way he has completely failed to benefit the entities of the Receivership Estate at any time. This defendant and all of the defendant investment fund's hundreds of third party investors were misled for more than six months by Seaman and Zaro not only on the issue that Seaman is not a CPA, but that SEC provided false financial illustrations to the Court in its sealed and hidden complaint.

This defendant relied specifically upon the appointed receiver holding the skill set of a licensed CPA, not of a so-called chartered analyst. This party relied upon the appointed receiver being licensed and monitored by a governmental agency, not by a school that provides charters with payment of a fee. Had this defendant, on his own behalf and on behalf of third party investors into the funds he founded and managed, been aware that Seaman was not a licensed certified public accountant, never mind had this defendant known that Seaman had a history of appointments (including in this lawsuit) which were made in part, or in whole, under the false guise that Seaman was a CPA, this defendant never would have concurred to Seaman's appointment.

### III   FIRST INSTANCE OF APPOINTMENT WITH FALSE LICENSING DESCRIBED

By falsely representing himself as a CPA in a fall 2003 tombstone advertisement (see Exhibit A), Thomas Seaman several months later was employed into his first SEC receivership, *SEC v. Nathanson*. Seaman's attorney was David Zaro, Esq., of Allen Matkins LLP. Seaman made modest revenues on his first SEC receivership. David Zaro, who already had experience with SEC receiverships, made substantially more than Seaman, based on Seaman's final accounting:

Case 8:04-cv-00351-AHS-RZ   Document 166   Filed 10/01/10   Page 1 of 6   Page ID #:285

```
1  DAVID R. ZARO (BAR NO. 124334)
   ALLEN MATKINS LECK GAMBLE
2    MALLORY & NATSIS LLP
   515 South Figueroa Street, Seventh Floor
```

| | | |
|---|---|---|
| Receiver | Thomas Seaman Company | $111,627.00 |
| Receiver's Counsel | Allen, Matkins | $310,709.93 |

### IV   SECOND INSTANCE OF APPOINTMENT WITH FALSE LICENSING DESCRIBED

The second false reference to Seaman being a CPA was by SEC, a federal agency (see Court Docket 275). In that lawsuit, as here, Seaman's counsel is David Zaro. Seaman has benefitted very well from SEC's false CPA description.

Case 8:09-cv-00818-DOC-RNB   Document 1173   Filed 04/21/14   Page 5 of 99   Page ID #:27309

|  | Seventeenth Application Period | Inception To Date |
|---|---|---|
| Receiver's Fees | $134,684.00 | $ 4,709,320.50 |

Zaro and his law firm appear to have made similar, or greater, revenues as Seaman. Zaro's firm does not appear to include an "inception to date" figure in their payment request in *SEC v. Medical Capital Holding*. Their payment covering only the "Seventeenth Application Period" is:

| Allen Matkins Leck Gamble Mallory & Natsis LLP, General Counsel | $185,613.50 | $148,490.80 (80%) | $ 7,458.88 (100%) | $155,949.68 |
|---|---|---|---|---|

## IV     THIRD INSTANCE OF APPOINTMENT EMPLOYING FALSE DESCRIPTION

Now we have this lawsuit and Seaman's third appointment by way of false CPA reference, again made by SEC, a federal agency. In this, their 6th billing approval request, the combined billings of Seaman and Zaro in this lawsuit approach $2,000,000 or greater.

With their third demonstrated instance of a false CPA licensing representation, neither Seaman nor Zaro should be approved for their fees. The 9th Circuit has established prior precedent disallowing payments to parties performing services under guise of professional licensing which they do not hold; *See United Sates of America v. Hunter* (No. 09-30246).

## V     THE COURT SHOULD RECOGNIZE THIS SERIOUS MISCONDUCT

In their request for payment, to divert attention away from their knowledge that this defendant would illustrate the matter of their benefitting from a false CPA licensing representation,

MARK FEATHERS OMNIBUS OPPOSITION TO REQUEST FOR PAYMENT   CV12-03237-EJD     5

1 and to assist SEC, their repeated employment referral source[3], SEC, by drawing attention away
2 from SEC's fabricated financial representations about the defendants (see Court Docket 187),
3 Seaman and Zaro hash together an irrelevant compendium of this defendant's emails into their
4 pleading, and they offer unsupportable and nonsensical conjecture:

5     **No. 1**: Seaman states that Feathers objective is to "bankrupt" Seaman (Docket 923, Page
6 12, line 11). Seaman shows no factual support for this accusation in his motion. Seaman's
7 argument is nonsensical given that Seaman has received Court approval for most of his billings to
8 date. Public documents show that Seaman has made many millions of dollars in the past several
9 years in *SEC v. Medical Capital Holdings*; Seaman is not likely a candidate for bankruptcy.

10     **No. 2**: Seaman even accuses the Court of ignorance in his latest request for payment,
11 shown with this statement:

12     Case5:12-cv-03237-EJD  Document923  Filed07/09/14  Page10 of 210
13     It does not appear to the Receiver that the Court fully understands the
14     complexity and work required to abide by the SBAs SOP.

15 **VI    CONCLUSION**

16     Seaman's pattern of benefitting from false reference to CPA licensing, and David Zaro's
17 participation in these matters, should be recognized by the Court. The Court must end Seaman's,
18 and his counsel's, ill-gotten gains by disproving their request for payment. Neither Seaman nor
19 Zaro should receive compensation of any amount from the entities of the receivership estate who
20 were misled by Seaman, Zaro, and by the SEC into believing that Seaman was a CPA.

21                                  Respectfully,
22
23 Dated: 7-14-14                     Mark Feathers, in *Pro Per*
24
25 _____

26 [3] David Zaro is apparently a favorite of SEC, and has been employed as receiver's counsel in a score or more of SEC
27 lawsuits where a receiver has been appointed

28 MARK FEATHERS OMNIBUS OPPOSITION TO REQUEST FOR PAYMENT   CV12-03237-EJD      6