EXHIBIT A

A Publication of the California Receivers Forum

Fall 2003 • Issue 11

# RECEIVERSHIP NEWS

**Inside**

2 — Publisher's and Editor's Comments

4 — Receivership Primer Part III: Appointing and Terminating Orders and Topics in Between

6 — Ask the Receiver

8 — Borrowing From a Private Money Lender

9 — Heard in the Halls

12 — Nonparty's Assets at Risk in SEC Fraud Receivership

13 — Federal Tax Liens and the Receiver

15 — The List

18 — Professional Profile Beverly McFarland and The Beverly Group

**TOOLS FOR JUDGMENT CREDITORS**

## Post-Judgment Receiverships Enhance the Collection Process

BY BRYAN D. SAMPSON, ESQ.*



An often overlooked use for a receivership is after a judgment has been entered. California has several statutes which allow the appointment of a post-judgment receiver to aid in the collection process. For example, a post-judgment receiver may be appointed to:

1. Carry a judgment into effect;[1]
2. Dispose of property according to a judgment or to preserve it pending appeal;[2]
3. Obtain the fair and orderly satisfaction of a judgment;[3]
4. Foreclose on a judgment debtor's interest in an alcohol beverage license;[4]
5. Aid in the enforcement of a family court's order;[5]
6. Enforce a judgment for the possession or sale of property;[6]
7. Enforce a judgment against a franchise interest;[7]
8. Enforce a judgment against a judgment debtor's partnership interest;[8]
9. Preserve the value of property levied upon;[9] and
10. Aid in the enforcement of a limited civil case.[10]

To create and maintain a post-judgment receivership the applicant and the receiver follow the same rules and procedures as for a pre-judgment receivership with respect to the nomination process, posting of a bond, preparing an initial inventory, making monthly reports, preparing and filing fee applications, bringing applications for representation by counsel and preparing a final account. A post-judgment receiver may be appointed by noticed motion or by ex parte application, with subsequent confirmation hearing on an order to show cause from the court.[11]

Continued on page 3

# Federal Tax Liens and the Receiver

By CHAPLIN T. RENEN, Esq.

*(This is Part One of a two- part series on handling Federal Tax Liens in a Receivership.)*

It is not uncommon that a receiver will be appointed over real and/or personal property assets of a taxpayer against whom a Notice of Federal Tax Lien has been filed. What are the rights/priorities of that tax lien against the interests of a receivership estate and other parties who may claim an interest? The sobering answer that the tax liability may remain a lien on the property even if it is conveyed by the receiver, may become a lien against the receivership estate, or worst of all worlds, may become a lien against the receiver personally, if the lien is not properly handled. The careful receiver will take the time to identify and properly handle federal tax liens to avoid such consequences.

## CREATION AND NOTICE OF A TAX LIEN

A Federal Tax Lien is created automatically when (1) an assessment has been made against a taxpayer for unpaid taxes, (2) the taxpayer has been given a notice of demand for payment of that assessed tax liability, and (3) the taxpayer has failed to pay the tax liability. Internal Revenue Code sec. 6321. [Unless otherwise stated, all code references are to the Internal Revenue Code, Title 26 U.S. Code.] Recordation is not required for

Continued on page 14...

---

THOMAS A. SEAMAN, CPA, RECEIVER

Thomas Seaman Company
Tel: 949.222.0551
tom@thomasseaman.com

Is pleased to announce his appointment as Receiver for

Regions Medical Center, a partnership dispute receivership

Superior Court
County of Orange

---

ROBERT C. WARREN III

Investors' Property Services, Inc.
Tel: 714.708.0180
rob@investorshq.com

Is pleased to announce his appointment as Receiver for

Udoma, a rents and profits receivership

Superior Court
County of Los Angeles

---

DOUGLAS P. WILSON

Douglas Wilson Companies
Tel: 619.641.1141
dwilson@douglaswilson.com

Is pleased to announce his appointment as Receiver for

the Auld Course,
an operating company receivership

Superior Court
County of San Diego

---

DOUGLAS P. WILSON

Douglas Wilson Companies
Tel: 619.641.1141
dwilson@douglaswilson.com

Is pleased to announce his appointment as Receiver for

The Inn at Morgan Hill,
an operating company receivership

Superior Court
County of Santa Clara

---

DOUGLAS P. WILSON

Douglas Wilson Companies
Tel: 619.641.1141
dwilson@douglaswilson.com

Is pleased to the completion of his duties as Receiver for

UFC Seafood and Food Company, Inc.,
an operating company receivership

Superior Court
County of Los Angeles

---

ANDREW R. ZIMBALDI

Alden Management Group
Tel: 714.751.7858

Is pleased to announce his appointment as Receiver for

Hudson vs Hedazi,
an equity receivership