JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
LYNN M. DEAN (Cal. Bar No. 205562)
Email:  deanl@sec.gov
SUSAN F. HANNAN (Cal. Bar No. 97604)
Email:  hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>     vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>                Defendants. | Case No. 5:12-CV-03237-EJD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO THE SIXTH INTERIM FEE APPLICATIONS OF RECEIVER (Dkt. No. 923) AND RECEIVER'S GENERAL COUNSEL (Dkt. No. 924)**<br><br>Date:   August 22, 2014<br>Time:  9:00 a.m.<br>Place:  Courtroom 4, 5th Floor<br>        (Hon. Edward J. Davila) |

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this response to the Sixth Interim Fee Applications of the Receiver Thomas A. Seaman (Dkt. No. 923) and the Receiver's general counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") (Dkt. No. 924).  After a careful review, the SEC supports the request for a payment of interim fees.

During the period covered by the Sixth Interim Fee Applications, the Receiver and his counsel assisted the Court by prudently managing the assets of the receivership entities.  The Receiver distributed $15 million to the defrauded investors, worked with the Small Business Administration to formulate a plan to market the loan portfolio and lending license, and pursued litigation against California Business Bank, among other things.  At a hearing on the motion for sale held on April 25, 2014, the Court spent a considerable amount of time exploring the Receiver's recommendation concerning the sale of assets with the Receiver, his counsel, and the Small Business Administration.  The hearing was an example of the care and prudence that the Receiver and his counsel have applied to the administration of the receivership assets since inception. Prompt approval of the Sixth Interim Fee Applications will avoid undue financial hardship for the Receiver and his counsel.

The Receiver is currently including as part of his fees, and thus paying out of his own pocket until a fee award is made, the usual and normal costs of servicing the loan portfolio.  In a normal business setting, such fees would be paid from the income generated by the loan portfolio. As stated in the Sixth Interim Fee Application, the monthly servicing costs for the loan portfolio were approximately $48,728 per month, for a total of $146,186.50.  (*See* Dkt. No. 923 at p. 9.) Thus, almost 60% of the fees requested are simply to pay the normal operating costs directly attributable to the receivership assets.  In an effort to rationalize the payment of interim fees and to eliminate the carrying costs of subsidizing the basic business of the loan portfolio, in May 2014 the Receiver asked the Court to allow him to pay the usual and normal servicing costs from the loan servicing proceeds.  (Dkt. No. 889)  This motion is still pending, but when the fee application is viewed in the context that the Receiver is paying the normal and reasonable costs of loan servicing out of his own pocket, and then seeking reimbursement of those costs as fees, the reasonableness

and prudence of the Receiver's administration is apparent. In addition to running the business, the Receiver also incurred normal and reasonable costs in administering the estate, for example, negotiating the sale of the loan portfolio with the Small Business Administration, administering claims and distributing $15 million to investors, supervising litigation against California Business Bank, and other administrative tasks. The cost for this administration during the fee period was approximately $100,000. These are reasonable and prudent costs for the administration of this complex receivership estate, and provided value to the receivership estate.

Similarly, the interim fees incurred by the Receiver's counsel are reasonable and added value to the estate. The largest category of expenditures was for the sale of assets, which totaled about $30,000 in fees. As outlined at the April 25, 2014 hearing on the motion for sale of assets, counsel engaged in complex negotiations with the Small Business Administration to present a viable plan to monetize the loan portfolio and lending license. During the April 25 hearing, the Receiver's counsel spent almost an hour in a conversation with the Court addressing the various issues that arose in coming up with a plan for the Court's consideration. In view of the regulatory environment and the complex regulations involved, the fees incurred seem reasonable and prudent. The next largest category of expenditures is $19,900 to pursue litigation against California Business Bank, which litigation, oddly enough, was championed by defendant Feathers. Feathers invested $1 million of investors' funds in California Business Bank, but apparently was duped and not given relevant financial information. Fees were also incurred resolving claims by investors and assisting in the distribution of $15 million. The fees incurred by Allen Matkins during this period total $102,084.75, and Allen Matkins is asking for an interim payment of 78% of the fees, or $80,619.50. In view of the reasonableness of the fees and the complexity of the work performed, this is a reasonable interim fee request.

At the close of this receivership, the major cause of any losses suffered by investors will likely not be caused by excessive fees of the Receiver and his counsel. In fact, the prudent management of the receivership estate has been enhancing, rather than detracting, from its value. The SEC anticipates that the largest single factor that will negatively impact the investors is the

undisputed fact that defendant Feathers misappropriated over $7 million of investors' funds. This represents about 20% of the investors' principal. Fortunately for the defrauded investors, the Court's quick action in stopping the fraud and putting the receivership in place kept those losses from growing ever larger. The Court's selection of the Receiver and his counsel has allowed the Court to manage the receivership assets prudently, and are helping to achieve the Court's goal of maximizing the amounts ultimately returned to the defrauded investors.

Thus, an award of interim fees is appropriate, and after careful review, the SEC supports the payment of the interim fees requested by the Receiver and Allen Matkins. The SEC reserves the right to challenge the amounts requested in the final fee application.


DATED:  July 23, 2014                         Respectfully submitted,


                                              /s/ John B. Bulgozdy
                                              John B. Bulgozdy
                                              Lynn M. Dean
                                              Susan F. Hannan
                                              Attorneys for Plaintiff
                                              SECURITIES AND EXCHANGE COMMISSION

1

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire
      Boulevard, 11th Floor, Los Angeles, California 90036-3648
      Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On July 23, 2014 I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO THE SIXTH INTERIM FEE APPLICATIONS OF RECEIVER (Dkt. No. 923) AND RECEIVER'S GENERAL COUNSEL (Dkt. No. 924)** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

    [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

    [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: <u>July 23, 2014 </u>              <u>/s/Sarah Mitchell</u>
                                   Sarah Mitchell

**SEC v. SMALL BUSINESS CAPITAL CORP,et al.**
**United States District Court – Northern District of California**
**San Jose Division**
**Case No. 5:12-CV-03237-EJD**
**LA-4141**

SERVICE LIST

Mark Feathers *(served via Email and UPS)*
1520 Grant Road
Los Altos, CA 94024
Email: markfeathers@sbcglobal.net
*Pro Se Defendant Mark Feathers*

David Zaro, Esq. *(served via ECF)*
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
*Attorney for Receiver Thomas Seaman over Defendants Small Business Capital Corp.; Investors Prime Fund, LLC; And SBC Portfolio Fund, LLC*

PROOF OF SERVICE                                    CASE NO. CV12-03237 EJD