UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) ) | Case No. 5:12-CV-03237-EJD |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) ) | **INTERVENE** |
| v. | ) ) | |
| | ) | |
| SMALL BUSINESS CAPITAL CORP.; MARK | ) | **[Re: Docket Item No. 704]** |
| FEATHERS; INVESTORS PRIME FUND, | ) | |
| LLC; and SBC PORTFOLIO FUND, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    Introduction

Presently before the Court is Natalie Feathers' ("Prospective Intervenor") Motion to Intervene in a securities fraud case brought by Plaintiff Securities Exchange Commission ("SEC") against Defendants Mark Feathers, Small Business Capital Corp. ("SBCC"), Investors Prime Fund, LLC ("IPF"), and SBC Portfolio Fund, LLC ("SPF") (collectively, "Defendants").  See Docket Item No. 704.  Per Civil Local Rule 7-1(b), the motion was taken under submission without oral argument.  Having fully reviewed the parties' pleadings, this Court DENIES the Motion to Intervene.

## II.    Background

This action involves two mortgage investment funds, IPF and SPF, both managed by Defendant Mark Feathers through his company SBCC.  Order Granting Mot. for Summ. J., Docket

1

Item No. 591 at 2.  The offering documents of IPF and SPF identified SBCC as the sole manager of the funds and Defendant Mark Feathers and the Prospective Intervenor were the only signatories on the bank accounts of SBCC, IPF, and SPF.  Id.

On June 21, 2012, the SEC filed a Complaint against Defendants, alleging two counts of fraud under the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"); one count of violation of the Exchange Act as an unregistered broker-dealer; and one count of violation of the Exchange Act for controlling person liability.  Docket Item No. 1. On July 10, 2012, this Court issued a Preliminary Injunction and Order (1) Freezing Assets, (2) Prohibiting Destruction of Documents, (3) Requiring Accountings, and (4) Appointing a Permanent Receiver ("Injunction Order").  Docket Item No. 34.  In the Injunction Order, the Court appointed Thomas Seaman ("Receiver") as permanent receiver of the funds, granting him "full power over all funds, assets, collateral, premises" as equity receiver of SBCC, IPF, and SPF.  Id. On May 23, 2013, the SEC filed a Motion for Summary Judgment (Docket Item No. 477), which was granted by this Court on August 16, 2013 (Dkt. No. 591).  The Court found that Defendants committed two counts of fraud under the Securities Act and the Exchange Act, SBCC violated the Exchange Act as an unregistered broker-dealer, and Defendant Mark Feathers and SBCC were liable as control persons in violation of the Exchange Act.  Dkt. No. 591.  On August 29, 2013, Defendant Mark Feathers appealed the Court's order to the Ninth Circuit.  Def.'s Notice of Appeal, Docket Item No. 593.

On November 15, 2013, the Receiver filed a Motion to Approve Omnibus and Specific Claim Objections ("Claims Motion").  Docket Item No. 626.  Four days later, the Receiver filed a Motion for Approval of Distribution Plan and Authorization to Make Interim Distributions ("Distribution Motion"), requesting approval to make an interim distribution of $19 million to the holders of allowed claims and reserve the remaining cash in the receivership estate.  Docket Item No. 628.  On February 14, 2014, the Court held a hearing regarding these motions and later issued an order authorizing the Receiver to make a distribution of $15 million and to set aside $4 million in the receivership estate, pending further order of the Court.  Am. Order Granting Claims Mot., Docket Item No. 714; Am. Order Granting Distribution Mot., Docket Item No. 715.

2

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

United States District Court
For the Northern District of California

1    Ten days after the hearing on the Receiver's motions, on February 24, 2014, Prospective

2    Intervenor filed the instant Motion to Intervene, alleging that the Court's Injunction Order in July

3    2012 not only froze Defendants' assets, but also Prospective Intervenor's personal assets (held

4    jointly with Defendant Mark Feathers) and her investment in IPF.  Dkt. No. 704 at 2.  On March 5,

5    2014, the SEC filed an Opposition (Docket Item No. 734) and Prospective Intervenor filed a

6    Response on March 10, 2014 (Docket Item No. 752).  Defendants do not oppose this Motion.

7    **III.    Legal Standard**

8    Federal Rule of Civil Procedure 24 provides for two types of intervention—intervention as

9    of right and permissive intervention.  Under Rule 24(a), a prospective intervenor may intervene in

10   litigation as of right when a federal statute confers an unconditional right, or when the prospective

11   intervenor claims that his interest may, as a practical matter, be impaired by disposition of the

12   pending action and that interest is not adequately represented by existing parties. Fed. R. Civ. P.

13   24(a).  The Ninth Circuit has held that to intervene as of right, a prospective intervenor must: (1)

14   file a timely motion; (2) identify a significant protectable interest relating to the property that is the

15   subject matter of the action; (3) suffer practical impairment of an interest if intervention is not

16   granted; and (4) be inadequately represented by existing parties.  Arakaki v. Cayetano, 324 F.3d

17   1078, 1083 (9th Cir. 2003).  Failure to satisfy any of these requirements is fatal to a motion to

18   intervene.  Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).  If all

19   four requirements are satisfied, a district court must grant the motion to intervene.  United States v.

20   State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).

21   Under Rule 24(b), the second type of intervention is permissive intervention.  Fed. R. Civ.

22   P. 24(b).  The Ninth Circuit has held that a court may grant permissive intervention when the

23   prospective intervenor files a timely application, shares a common question of law or fact with the

24   main action, and the court has an independent basis for jurisdiction over intervenor's claims.

25   Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  Unlike intervention as of right, even if

26   all three requirements are satisfied, the district court has discretion to deny permissive intervention.

27   Id.

28

3

1   Further, Rule 24(c) provides that a motion to intervene must "state the grounds for

2   intervention and be accompanied by a pleading that sets out the claim or defense for which

3   intervention is sought." Fed. R. Civ. P. 24(c).  However, the Ninth Circuit has approved motions to

4   intervene without a pleading or other technical defect "where the court was otherwise apprised of

5   the grounds of the motion." <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 474 (9th Cir.

6   1992).

7   **IV.    Discussion**

8   The Prospective Intervenor moves to intervene in this litigation based on both intervention

9   as of right and permissive intervention.  Because Prospective Intervenor is proceeding in

10   intervention <u>pro se</u>, the Court has liberally construed her submissions.  <u>See</u> <u>Abassi v. Immigration</u>

11   <u>& Naturalization Serv.</u>, 305 F.3d 1028, 1031-32 (9th Cir. 2002).

12       **A.  Intervention as of Right**

13   As discussed <u>supra</u>, a court must examine four requirements to grant intervention as of

14   right: (1) the timeliness of the motion; (2) the identification of a significant protectable interest; (3)

15   practical impairment of the prospective intervenor's interest; and (4) the inadequacy of

16   representation by existing parties.  <u>Wilderness Soc'y v. U.S. Forest Serv.</u>, 630 F.3d 1173, 1177 (9th

17   Cir. 2011).  Failure to satisfy any of these requirements is fatal to a motion to intervene.  The Court

18   turns to each requirement.

19       **1.  Timeliness of the Motion**

20   Timeliness is a threshold question subject to a district court's discretion.  <u>United States v.</u>

21   <u>Alisal Water Corp.</u>, 370 F.3d 915, 921 (9th Cir. 2004); <u>League of United Latin Am. Citizens v.</u>

22   <u>Wilson</u>, 131 F.3d 1297, 1302 (9th Cir. 1997).  While both types of intervention under Rule 24

23   require a showing of timeliness, the Ninth Circuit has required a district court to be more lenient

24   when determining timeliness to intervene as of right than for permissive intervention because of the

25   likelihood of more serious harm.  <u>United States v. State of Oregon</u>, 745 F.2d 550, 552 (9th Cir.

26   1984).  The Ninth Circuit has identified three factors to determine timeliness: (1) the stage of

27   proceedings when the prospective intervenor seeks intervention; (2) the prejudice to existing

28

4

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1    parties; and (3) the reason for and length of delay.  State of Washington, 86 F.3d at 1503.  Aside

2    from the factors, "any substantial lapse of time weighs heavily against intervention."  Id.

### a. Stage of Proceedings

4            Looking to the first factor, the Ninth Circuit has held that the fact a district court has

5    substantially engaged in the issues in the case weighs heavily against allowing intervention.

6    League of United Latin Am. Citizens, 131 F.3d at 1303.  In League of United Latin American

7    Citizens, the court noted that prospective intervenor "ignored what had already occurred" (multiple

8    proceedings including a preliminary injunction, appeal to the Ninth Circuit, and partial grant of

9    summary judgment) by selectively focusing on "what had not yet occurred" (a trial), but even

10   though trial had not yet occurred, "a lot of water had already passed underneath [the] litigation

11   bridge," weighing against intervention.  Id. (emphasis in original); see U.S. Commodity Futures

12   Trading Comm'n v. Forex Liquidity LLC, 384 F. App'x 645, 647 (9th Cir. 2010) (holding, in a

13   securities litigation, that intervention was untimely and "would likely disrupt the orderly and

14   efficient administration of the estate" and "may also result in prejudice" because the intervenor

15   moved at a late stage, when the receiver had conducted discovery, filed an interim report, and

16   developed a second interim report and distribution plan).

17           In the case at issue, Prospective Intervenor correctly notes that the Receiver has not yet

18   conducted a distribution.  However, Prospective Intervenor has not fully addressed what has

19   already occurred in this litigation prior to her Motion to Intervene.  Here, the Court already issued

20   an Injunction Order to freeze Defendants' assets and appoint the Receiver, granted the SEC's

21   Motion for Summary Judgment, and Defendant Mark Feathers has appealed the Order Granting

22   Summary Judgment to the Ninth Circuit.  Further, the SEC has conducted expert discovery, the

23   Receiver filed eight Interim Reports, and the Court conducted a hearing regarding the Receiver's

24   Claims Motion and Distribution Motion.  In the words of League of United American Citizens, the

25   fact that this Court has "substantively—and substantially—engaged the issues in this case weighs

26   heavily against allowing intervention as of right."  131 F.3d at 1303.

27

28

5

### b. Prejudice to Existing Parties

The second factor courts consider is whether existing parties may be prejudiced by the delay caused by the intervention and "not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." N. California River Watch v. Fluor Corp., No. 10-CV-05105-MEJ, 2014 WL 3385287, at *15 (N.D. Cal. July 8, 2014) (citations omitted). In the case at issue, existing parties would be prejudiced by intervention for a number of reasons. The SEC and the Receiver would have to re-litigate issues previously determined by this Court and the Court already approved Receiver's Claims Motion and Distribution Motion. Allowing intervention would thus be detrimental to existing parties because it would increase administrative costs of the receivership estate and possibly force the Receiver to draft and submit approval of a new distribution plan. Accordingly, this Court finds that existing parties will be prejudiced by the delay resulting from the intervention and this factor weighs against Prospective Intervenor.

### c. Reason for and Length of Delay

The third factor courts examine is the prospective intervenor's reason for and length of delay in filing for intervention. League of United Latin Am. Citizens, 131 F.3d at 1302. The Ninth Circuit has held that courts should focus on the date the person attempting to intervene should have been aware his interests would no longer be protected adequately by the parties or adversely affected by the outcome of litigation, rather than the date the person learned of the litigation. Officers for Justice v. Civil Serv. Comm'n of San Francisco, 934 F.2d 1092, 1095 (9th Cir. 1991); Alisal Water Corp., 370 F.3d at 923.

The Court finds Prospective Intervenor either knew or should have known to intervene promptly upon learning of the litigation, because at that time the Prospective Intervenor should have been aware that either her interests were not adequately protected or would be adversely affected by the litigation. First, Prospective Intervenor acknowledged her long-time involvement in the litigation and her awareness of the need to protect her interests since its inception. Dkt. No. 704 at 4 ("Natalie Feathers has consistently provided opposition statements and declarations opposing SEC[']s and the Receiver's pleadings throughout this lawsuit to protect her interests and the interests of others, and is not a late-comer to participating in this lawsuit."). In addition,

6

1    Prospective Intervenor and Defendant Mark Feathers were the only signatories on the bank

2    accounts of SBCC, IPF, and SPF, so she knew that her interests in those assets were at stake.  Dkt.

3    No. 591 at 2.  During the hearing on the Receiver's Claims Motion and Distribution Motion, the

4    Court granted time for members of the public to speak about their own interest in the case, but the

5    Prospective Intervenor was either not present or chose not speak on her behalf.  Tr. of Claims Mot.

6    and Distribution Mot., Docket Item No. 742.  It took almost two years from the start of litigation

7    before Prospective Intervenor filed the instant Motion to Intervene.

8         Importantly, in her Motion to Intervene, Prospective Intervenor focuses her argument on the

9    Receiver's appointment, alleging that the SEC and the Receiver made false statements and

10   representations.  Dkt. No. 704 at 2; Dkt. No. 752 at 2, 4.  As Prospective Intervenor acknowledged,

11   Defendant Mark Feathers already raised these identical issues in his appeal to the Ninth Circuit.

12   To circumvent the lack of timeliness of the motion, Prospective Intervenor raises a new legal

13   argument in her Response to the SEC's Opposition, alleging that the Motion to Intervene was

14   submitted to support Defendant Mark Feathers' Motion for Reorganization.[1]  Dkt. No. 752 at 5.

15   The Court finds that as an active party throughout litigation, Prospective Intervenor's delay in

16   intervening weighs against her.  In considering the Ninth Circuit's three factors of timeliness, the

17   Court finds that the Motion to Intervene is not timely.

18                    **2. A Significant Protectable Interest**

19        A prospective intervenor must also identify a "significant protectable interest" relating to

20   the property that is the subject matter of the intervention.  Alisal Water Corp., 370 F.3d at 919

21   (citations omitted).  The Ninth Circuit has held that this requirement is satisfied "if the interest is

22   protected by law and there is a relationship between the legally protected interest and the plaintiff's

23   claims."  Id. (citations omitted).  In defining a protectable interest under law, the Ninth Circuit has

24   not required a showing of a specific legal or equitable interest.  California ex rel. Lockyer v. United

---

[1] The Ninth Circuit has held that if a party raises new arguments or presents new evidence in a
reply brief, a court may consider these matters only if the adverse party is given an opportunity to
respond.  See El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003); Provenz v. Miller,
102 F.3d 1478, 1483 (9th Cir. 1996).  Here, the Court mentions the arguments in the Response only
to show that Prospective Intervenor should have known that her interests were at stake and that her
motion is untimely.

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1   <u>States</u>, 450 F.3d 436, 441 (9th Cir. 2006).  For intervention purposes, a party has a protectable

2   interest if "it will suffer a practical impairment of its interests as a result of the pending litigation."

3   <u>Id.</u>  In satisfying the "relationship" requirement, a prospective intervenor must generally show that

4   resolution of plaintiff's claims will actually affect him.  <u>Arakaki</u>, 324 F.3d at 1084.

5           Here, under the standard of <u>California ex rel. Lockyer</u>, the Prospective Intervenor has

6   alleged that she possesses a protectable interest as an investor of IPF.  However, under the standard

7   of <u>Arakaki</u>, the Prospective Intervenor has not provided sufficient allegations to satisfy the

8   relationship requirement and show that the SEC's claims will actually affect her.  Accordingly,

9   Prospective Intervenor has not satisfied this requirement to intervene as of right.

10                      **3. Practical Impairment of Interest**

11          A prospective intervenor must also show that disposition of the pending litigation may, as a

12   practical matter, impair the intervenor's ability to protect his interests.  <u>Cunningham v. David</u>

13   <u>Special Commitment Ctr.</u>, 158 F.3d 1035, 1038 (9th Cir. 1998); <u>State of Washington</u>, 86 F.3d at

14   1503.  In addition, the Ninth Circuit has held that even if the litigation would affect the proposed

15   intervenor's interest, the interest might not be impaired if "other means" exist to protect the

16   interest.  <u>California ex rel. Lockyer</u>, 450 F.3d at 442 (citations omitted).

17          Here, Prospective Intervenor mentions in her Response that the Receiver's distribution plan

18   will cause her to suffer practical impairment because the funds will be unable to retain their

19   valuable SBA license and loan servicing portfolio.  Dkt. No. 752 at 3.  The only support offered by

20   Prospective Intervenor for this assertion is the declarations of other investors, which assert in a

21   conclusory manner that the Receiver made false representations and the SEC applied a flawed

22   calculation method—issues which are already addressed in Defendant Mark Feathers' appeal to the

23   Ninth Circuit.  Decls. of Fund Members, Docket Item Nos. 752-1, 752-2, 752-3.  By shifting the

24   focus to the interests of other investors without providing additional argument or allegations,

25   Prospective Intervenor has not made a showing that compels this Court to determine that the

26   disposition of the pending action may, as a practical matter, impair her ability to protect her own

27   interests.  The Court thus finds this requirement is not satisfied.

28

8

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1

### 4. Inadequacy to be Represented by Existing Parties

2      When determining adequacy of representation, the Ninth Circuit examines "(1) whether the

3   interest of a present party is such that it will undoubtedly make all of a proposed intervenor's

4   arguments; (2) whether the present party is capable and willing to make such arguments; and (3)

5   whether a proposed intervenor would offer any necessary elements to the proceeding that other

6   parties would neglect." Arakaki, 324 F.3d at 1086 (citations omitted).

7      The burden on proposed intervenors to show inadequate representation is "minimal" and is

8   satisfied by a showing that representation "may be inadequate." Id. (citations omitted).  A

9   prospective intervenor can meet this minimal burden by showing that existing parties possess

10  adverse interests to the intervenor. Citizens for Balanced Use v. Montana Wilderness Ass'n, 647

11  F.3d 893, 898 (9th Cir. 2011).

12     However, the Ninth Circuit also held that when the prospective intervenor and an existing

13  party share an "ultimate objective," a presumption of adequate representation exists and the

14  intervenor may only rebut the presumption with a "compelling showing." Perry, 587 F.3d at 951

15  (citations omitted); Arakaki, 324 F.3d at 1086.  In assessing whether the showing is compelling,

16  the Ninth Circuit has identified three factors: whether the existing party's interest is such that the

17  party will make all the prospective intervenor's arguments, whether the existing party is capable

18  and willing to make those arguments, and whether a prospective intervenor would offer any

19  necessary elements that other parties would neglect. Perry, 587 F.3d at 952 (citations omitted).  In

20  addition, when a prospective intervenor shares the same interest with a government entity, absent a

21  "very compelling showing to the contrary," it is presumed that the government entity adequately

22  represents the intervenor. Arakaki, 324 F.3d at 1086.

23     In the case at issue, Prospective Intervenor has asserted that her ultimate objective is

24  different than that of Defendant Mark Feathers because she is an investor of IPF who seeks to

25  compel the Receiver to adopt a different distribution plan. Dkt. No. 704 at 3; Dkt. No. 752 at 6.

26  However, Defendant Mark Feathers sought a highly similar outcome in his Motion for

27  Reorganization, asking this Court to order a reorganization and consolidation of IPF and related

28  entities to benefit the investors of the funds. Dkt. No. 684 at 2.  While Prospective Intervenor

**United States District Court**
For the Northern District of California

9

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1   asserts that her intervention does not relate to the Receiver's appointment, the primary focus of the

2   multiple declarations Prospective Intervenor submits to support her intervention all address the

3   SEC's and the Receiver's allegedly false statements and representations.  Dkt. Nos. 752-1, 752-2,

4   752-3; Dkt. No. 704 at 2.  Defendant Mark Feathers filed an appeal addressing these same issues.

5   Dkt. No. 593.  Further, Prospective Intervenor argued that she submitted her intervention to support

6   Defendant Mark Feathers' Motion for Reorganization, pointing to similar objectives.

7          For the reasons above, this Court finds that Prospective Intervenor shares an ultimate

8   objective with Defendant Mark Feathers.  Under Arakaki, because Prospective Intervenor and

9   Defendant Mark Feathers share an ultimate objective, a presumption of adequacy of representation

10  exists, and Prospective Intervenor has not made a compelling showing otherwise.

11         Even if Prospective Intervenor does not share an ultimate objective with Defendant Mark

12  Feathers, Arakaki also held that when a prospective intervenor shares the same interest with a

13  government entity, absent a "very compelling showing to the contrary," a presumption exists that

14  the government entity adequately represents the intervenor.  324 F.3d at 1086.  Prospective

15  Intervenor alleges that she sought intervention as an investor of IPF and SPF.  Dkt. No. 752 at 2.

16  One expressed function of the SEC is to be the "Investor[s'] Advocate," with the main purpose of

17  protecting investors and maintaining fair, orderly and efficient markets.  15 U.S.C. § 78d(g).  The

18  SEC has stated that there is a strong interest in moving forward with a distribution to allow

19  defrauded investors to recollect their funds.  Dkt. No. 734 at 4.  Prospective Intervenor asserts that

20  the purpose of her intervention is to "allow the [D]efendant investments funds [IPF and SPF] to

21  keep their assets and income, and to properly reorganize."  Dkt. No. 752 at 4.  Because both

22  Prospective Intervenor and the SEC seek to allow investors to recollect their defrauded funds, the

23  Court finds that the two share an identical objective.  Prospective Intervenor has not made a "very

24  compelling showing" that her interest as an investor is not adequately represented by the SEC.  For

25  support, Prospective Intervenor asserts, "[the] SEC and [the] Receiver have already demonstrated

26  that they have little interest in protecting the corpus of investor's assets, which includes their

27  valuable SBA license and SBA loan servicing portfolios."  Id. at 4-5.  Without more, these

28  assertions amount to vague and conclusory statements.  The remaining support Prospective

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1    Intervenor provides is other investors' declarations, which are of little help to the Court because the

2    declarations contain conclusory allegations of the SEC's and the Receiver's false representations.

3    Id. at 5; Dkt. Nos. 752-1, 752-2, 752-3.

4        Accordingly, Prospective Intervenor failed to show that her interests will be inadequately

5    represented by either Defendant Mark Feathers or the SEC.  Under Rule 24(a), Prospective

6    Intervenor has failed to satisfy the four requirements to intervene as of right, therefore intervention

7    as of right is denied.

8        **B.  Permissive Intervention**

9        A court may grant permissive intervention when the intervention is timely, a common

10   question of law or fact with the main action exists, and the court has an independent basis for

11   jurisdiction over prospective intervenor's claims.  Donnelly, 159 F.3d at 412.  Even if all three

12   requirements are satisfied, the district court has discretion to deny permissive intervention.  Id.

13       Prospective Intervenor has misapplied the law and discussed the requirements for

14   intervention as of right under her Motion's section about permissive intervention.  Dkt. No. 704 at

15   4; Dkt. No. 752 at 3.  Prospective Intervenor's submissions failed to even mention the three

16   requirements for permissive intervention outlined under Donelly, and did not in any way discuss

17   how she meets those requirements.  However, because Prospective Intervenor is proceeding in her

18   intervention pro se, the Court will liberally construe procedural requirements, and will discuss

19   whether she has met the three factors for intervention as of right.  See Abassi, 305 F.3d at 1032.

20       Looking to the first requirement of timeliness, the Ninth Circuit has held that as with

21   intervention as of right, "[a] finding of untimeliness defeats a motion for permissive intervention."

22   League of United Latin Am. Citizens, 131 F.3d at 1308 (citations omitted).  When considering

23   timeliness, the court examines the same three factors as for intervention as of right.  Id.  The sole

24   difference is that for permissive intervention, courts analyze timeliness more strictly against a

25   prospective intervenor.  Id.  Since the Court has already found that Prospective Intervenor's motion

26   was untimely, no further analysis is necessary.

27       A prospective intervenor moving for permissive intervention must also show that a

28   common question of law or fact exists with the main action.  Donnelly, 159 F.3d at 412.  However,

**United States District Court**
For the Northern District of California

11

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1  Prospective Intervenor failed to discuss or assert a common question of law or fact with the main

2  action.

3        Turning to the third requirement, because Prospective Intervenor has not alleged an

4  independent basis for jurisdiction, this requirement is not satisfied.  Finally, even if a prospective

5  intervenor satisfied the three requirements of permissive intervention, a district court reserves

6  discretion to deny permissive intervention.  <u>Donelly</u>, 159 F.3d at 412.  Here, however, Prospective

7  Intervenor has not met any of the three requirements of permissive intervention.  On that basis

8  alone, the Court denies permissive intervention.

9        **C.  Literal Compliance with Rule 24(c)**

10        Rule 24(c) provides that a motion to intervene must "state the grounds for intervention and

11  be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

12  The SEC asserts that Prospective Intervenor has not met the literal meaning of Rule 24(c), as

13  Prospective Intervenor has not provided a draft pleading asserting any cause of action.[2]  However,

14  because Prospective Intervenor has not successfully brought a Motion to Intervene under Rule 24

15  (a) or (b), there is no need to analyze this issue.

16        **D.  Section 21(g) of the Exchange Act**

17        The SEC asserts that section 21(g) of the Exchange Act precludes Prospective Intervenor's

18  intervention.  Section 21(g) provides that "no action for equitable relief instituted by the

19  Commission pursuant to the securities laws shall be consolidated or coordinated with other actions

20  not brought by the Commission, even though such actions may involve common questions of fact,

21  unless such consolidation is consented by the Commission."  15 U.S.C. § 78u(g).  In this case, the

22  Court need not resolve the question because, setting aside section 21(g), Prospective Intervenor has

23  not met her burden to intervene under Rule 24.

24

25

26  [2] Ninth Circuit precedent has held that Rule 24(c) is met as long as the prospective intervenor fully states the legal and factual grounds for intervention.  <u>See, e.g.</u>, <u>Beckman Indus., Inc.</u>, 966 F.2d at

27  474 ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); <u>Shores v. Hendy Realization Co.</u>,

28  133 F.2d 738, 742 (9th Cir. 1943) (holding that although petitioner did not meet the literal terms of Rule 24, he had fully stated the legal and factual grounds for intervention).

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE

1    V.    **Conclusion**

2           For the foregoing reasons, the Court DENIES the Motion to Intervene.

3

4    **IT IS SO ORDERED**

5    Dated: July 29, 2014

6                                                   _____
                                                    EDWARD J. DAVILA
7                                                   United States District Judge

8

Case No. 5:12-CV-03237-EJD
ORDER DENYING MOTION TO INTERVENE