**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiffs,<br><br>   v.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>         Defendants. | Case No. 5:12-CV-03237 EJD<br><br>**ORDER PARTIALLY GRANTING FIFTH AND SIXTH INTERIM FEE APPLICATIONS; DENYING ADMINISTRATIVE MOTION FOR MONTHLY BUDGET**<br><br>**[Docket Item Nos. 884, 885, 889, 923, 924]** |

This lawsuit involves allegations made by the Securities and Exchange Commission ("SEC") that the Defendants violated antifraud and other provisions of the federal securities laws. See Compl. 1, Docket Item No. 1. Receiver Thomas Seaman ("Receiver") and the law firm of Allen Matkins, Leck, Gamble, Mallory & Natsis, LLP ("Allen Matkins") seek interim payment of fees and expenses for services performed during the period from November 1, 2013 through January 31, 2014 ("fifth interim fee period") and February 1, 2014 through April 30, 2014 ("sixth interim fee period") in connection with the receivership of Defendant companies Small Business Capital Corporation ("SBCC"), Investors Prime Fund, LLC ("IPF"), SBC Portfolio Fund, LLC

1

Case No. 5:12-CV-03237 EJD
ORDER PARTIALLY GRANTING FIFTH AND SIXTH INTERIM FEE APPLICATIONS;
DENYING ADMINISTRATIVE MOTION FOR MONTHLY BUDGET

("SBC"), and related companies.  Furthermore, the Receiver submitted a motion requesting approval of a monthly budget for loan servicing work.

The Receiver and Allen Matkins filed their fifth interim fee applications on May 6, 2014. See Receiver's Fifth Interim Fee Appl., Docket Item No. 884; See Allen Matkins' Fifth Interim Fee Appl., Docket Item No. 885.  The Receiver filed his administrative motion on May 6, 2014. Docket Item No. 889.  The sixth interim fee applications were filed on July 9, 2014.  See Receiver's Sixth Interim Fee Appl., Docket Item No. 923; See Allen Matkins' Sixth Interim Fee Appl., Docket Item No. 924.  Mark Feathers filed oppositions to all fee applications and motions. Docket Item Nos. 892, 927.  The SEC submitted responses supporting the fee applications.  Docket Item No. 931.

**I. Fee Applications**

**A. Fifth Interim Fee Application**

The Receiver and Allen Matkins request the following fees for services performed:

| Applicant and Role | Fees Incurred | Interim Payment Requested | Costs | Total Payment Requested |
|---|---|---|---|---|
| Thomas A. Seaman, Receiver | $183,399.50 | $165,059.55 | $0.00 | $165,059.55 |
| Allen Matkins Leck Gamble Mallory & Natsis LLP, General Counsel | $177,153.75 | $148,757.00 | $1,814.68 | $150,571.68 |

The Receiver requests approval of his fees in full and the authority to pay 90% of the $183,399.50 in fees incurred from November 1, 2013, through January 31, 2014, amounting to $165,059.55.  Dkt. No. 884 at 1.  The Receiver is requesting compensation for 1096.9 hours of work during this period at a blended hourly rate of $167.00.  Id. at 9.  The Receiver is not requesting compensation for any expenses incurred during this period.

Allen Matkins requests $148,757.00 of the $177,153.75 in incurred fees for 376.6 hours of work, amounting to approximately 84% of the total fees incurred.  Dkt. No. 885 at 1.  This requested amount reflects a blended hourly rate of $395.00.  Id.  Allen Matkins also requests

2

Case No. 5:12-CV-03237 EJD
ORDER PARTIALLY GRANTING FIFTH AND SIXTH INTERIM FEE APPLICATIONS; DENYING ADMINISTRATIVE MOTION FOR MONTHLY BUDGET

approval of 100% of its expenses totaling $1,814.68. Id. at 6. The total payment requested amounts to $150,571.68.

### B. Sixth Interim Fee Application

The Receiver and Allen Matkins request the following fees for services performed:

| Applicant and Role | Fees Incurred | Interim Payment Requested | Costs | Total Payment Requested |
|---|---|---|---|---|
| Thomas A. Seaman, Receiver | $244,204.00 | $219,783.60 | $0.00 | $219,783.60 |
| Allen Matkins Leck Gamble Mallory & Natsis LLP, General Counsel | $102,084.75 | $80,619.50 | $1,225.02 | $81,844.52 |

The Receiver requests approval of his fees in full and the authority to pay 90% of the $244,204.00 in fees incurred from February 1, 2014, through April 30, 2014, amounting to $219,783.60. The Receiver requests compensation for 1475.2 hours of work during this period at a blended hourly rate of $153. Dkt. No. 923 at 10. The Receiver is not requesting compensation for any expenses incurred during this period.

Allen Matkins requests $80,619.50 of the $102,084.75 in incurred fees for 204.1 hours of work, which represents a blended hourly rate of $395.00. Allen Matkins also requests approval of 100% of its expenses totaling $1,225.02. The total payment requested amounts to $81,844.52.

## II.   Discussion

### A. Applicable Law

The court appointing the Receiver is responsible for compensating the Receiver and his attorneys. See In re Alpha Telcom, Inc. [Alpha Telcom II], No. 03:01-CV-1283-PA, 2013 WL 840065, at *16 (D. Or. Mar. 6, 2013). The court may use its discretion to fashion a "fee award that is appropriate under the circumstances." Id. at *17. "The court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." Drilling & Exploration Corp. v. Webster, 69 F.2d 416, 418 (9th Cir. 1934). The Receiver and the attorneys assisting the Receiver will be "reasonably, but not excessively"

3

Case No. 5:12-CV-03237 EJD
ORDER PARTIALLY GRANTING FIFTH AND SIXTH INTERIM FEE APPLICATIONS;
DENYING ADMINISTRATIVE MOTION FOR MONTHLY BUDGET

1   compensated for their efforts to benefit the receivership estate. Alpha Telcom II, 2013 WL

2   840065, at *17.  "[I]n receivership situations, lawyers should be awarded moderate fees and not

3   extravagant ones." SEC v. Byers, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008).  The Receiver and

4   any professionals assisting the Receiver should charge a reduced rate to reflect the public interest

5   involved in preserving funds held in the receivership estate.  See id. at 646-47.  The Receiver and

6   counsel should be moderately compensated for their services because investors may stand to

7   recover "only a fraction of their losses."  See id. at 645.

8        A court considering awarding interim fees should consider several factors. Alpha Telcom

9   II, 2013 WL 840065, at *16.  An award of interim fees is appropriate "where both the magnitude

10  and the protracted nature of a case impose economic hardships on professionals rendering services

11  to the estate." In re Alpha Telcom, Inc. [Alpha Telcom I], No. 01-CV-1283-PA, 2006 WL

12  3085616, at *3 (D. Or. Oct. 27, 2006).  The court should also consider the "economy of

13  administration, the burden that the estate may be able to bear, the amount of time required,

14  although not necessarily expended, and the overall value of the services provided to the estate." In

15  re Imperial "'400'" Nat., Inc., 432 F.2d 232, 238 (3rd Cir. 1970).  Frequently courts will withhold a

16  portion of the requested interim fees because "until the case is concluded the court may not be able

17  to accurately determine the 'reasonable' value of the services for which the allowance of interim

18  compensation is sought." Alpha Telcom I, 2006 WL 3085616, at *3.  The factors listed above, and

19  others, may persuade the court to award the entirety of the requested interim fees or some amount

20  less than requested.  See Byers, 590 F. Supp. 2d at 648.  Lastly, "'courts have recognized that it is

21  unrealistic to expect a trial judge to evaluate and rule on every entry in an application'" and courts

22  "'endorse percentage cuts as a practical means of trimming fat from a fee application.'" Id.

23  (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2nd Cir.

24  1983)).

28      4
Case No. 5:12-CV-03237 EJD
ORDER PARTIALLY GRANTING FIFTH AND SIXTH INTERIM FEE APPLICATIONS;
DENYING ADMINISTRATIVE MOTION FOR MONTHLY BUDGET

**B. Applications**

    **1. The Receiver**

In the first fee application period, the Receiver charged his maximum allowable rate of $375 per hour for 127 hours and reduced the operating costs of the receivership estate by $24,000 per month. See Receiver's First Interim Fee Appl. 4-5, Docket Item No. 134. During the second application period, the Receiver's agents conducted the vast majority of the work required to maintain the receivership estate, charging an average of $173 per hour. See Receiver's Second Interim Fee Appl. 4, Docket Item No. 338. The Receiver further reduced the financial burden on the receivership estate by absorbing travel expenses, not billing for time spent traveling, and charging a reduced fee for communicating via telephone with investors. Id. at 4-5.

During the third application period, the Receiver prepared and filed income tax returns, reduced the operating costs of the receivership entities, and spent considerable time dealing with Mr. Feathers' motions. The net cash increase in that time period was $4,159,566.56, which is significantly higher than the net revenue of $448,894.80 in the second application period. See Receiver's Third Interim Fee Appl. 1, Docket Item No. 607; Dkt. No. 338 at 3. Furthermore, the average fees to operate the receivership entities and administer the estate declined as stabilization was attained. Dkt. No. 607 at 6-7. The Receiver delegated work to agents billed at a lower rate, resulting in a blended hourly rate of $209 for the third application period. Id. at 8-9.

During the fourth application period, the Receiver managed loan portfolios and loan servicing. See Receiver's Fourth Interim Fee Appl. 2, Docket Item No. 646. The Receiver completed the sale of the Whiskey Junction asset with sales proceeds of $243,835.50 and completed the sale of the Sweet Fingers asset with sales proceeds of $244,669. Id. at 2-3. The average cost of operating the receivership entities and administer the estate declined to $55,800 per month for the fourth application period (from approximately $71,000 per month over the life of the receivership). Id. at 7. The Receiver delegated work to agents billed at a lower rate, resulting in a blended hourly rate of $194 for the fourth application period. Id. at 8.

During the fifth application period, the Receiver worked on creating a distribution plan and managing and servicing the loan portfolios. Dkt. No. 884 at 1-3. The Receiver processed investor and non-investor claims, evaluated various methods of calculating distributions, and prepared a distribution plan. Id. at 4-5. In this period, the blended hourly rate was $167 per hour. Id. at 9. The average cost of operating the receivership rose from the last fee period to $61,000 per month. Id. at 8. Gross receipts for the period were $1,907,907.39 and the Receiver's fees are 9.6% of that sum. Id. at 1.

During the sixth application period, the Receiver worked on distributing $15,000,000 to investors and managing and servicing the loan portfolios. Dkt. No. 923 at 1. Gross receipts from the period were $1,051,559.85 and total disbursements were $16,388,539.92 ($15 million to investors, payments of professional fees, loan participants, operating expenses, and loans advanced to borrowers). Id. The Receiver's fees are 23.2% of the gross receipt sum. Id. The average cost of operating the receivership increased to $81,401.33 per month. Id. at 9. The Receiver managed loan servicing operations (including collection of late fees, making site visits to each borrower, and reviewing status of borrowers' property taxes), began the process of sales procedure for the SBA license and loan portfolios, administered the receivership estate (including 2011 and 2012 tax returns for SBCC, annual reviews and audited GAAP financial statement, discovery requests of interested parties), mediation in an ongoing litigation, and made distribution of $15 million to 350 investors in March 2014. Id. at 2-7.

The Court partially grants the Receiver's request for fees incurred during the fifth and sixth fee application period. The Court withholds 25% of the Receiver's request for fees and the Receiver may apply for those fees at the conclusion of this litigation. Withholding fees until the conclusion of the lawsuit assists the Court in achieving its continuing goal of preserving funds held in the receivership estate for the compensation of the investors. This approach is common in SEC civil enforcement actions because it allows the Court to withhold fees until it is absolutely clear that a receiver's efforts will ultimately benefit the receivership estate. See SEC v. Byers, 590 F.

Supp. 2d at 648. The Court derives the authority to award such reduced fees from its power to "fix the compensation" of receivers and their attorneys. Drilling, 69 F.2d at 418.

### 2. Allen Matkins

During the fifth application period, Allen Matkins assisted the Receiver in answering and reviewing motions filed by Mr. Feathers, preparing a summary of his work and drafting an interim report, issues with servicing the loan portfolios and dealing with a consultant hired to assist in servicing SBA loans, helped answer communications from investors, advised regarding the potential sale of the Receivership Entities' SBA lending license and loan portfolio, communicated with counsel regarding a lawsuit filed against SPF, analyzed claims submitted by investors and creditors, analyzed claims against third parties, drafted the proposed distribution plan of receivership estate assets and analyzed objections to the Distribution Motion, prepared the fourth interim fee application, and prepared a mediation brief and participated in mediation in the California Business Bank litigation. Dkt. No. 885 at 2-6. Allen Matkins requests to be compensated for $148,757.00 at a blended hourly rate of $395, plus $1814.68 for expenses.

During the sixth application period, Allen Matkins assisted the Receiver in reviewing and responding to Mr. Feathers' communications and filings as well as preparing a motion for approval of a monthly budget for loan servicing work, legal issues related to servicing watch list loans, responding to a request for an audit letter, responding to investor communications, advice and sale procedure motions regarding the anticipated sales of SBA lending license and loan, communicated with counsel regarding a lawsuit filed against SPF, analyzed claims submitted by investors and creditors and represented the Receiver at the February 14 hearing, analyzed claims against third parties and Mr. Feathers' request for reconsideration of the order allowing the motion to pursue claims to be filed under seal, represented the Receiver in the hearing on the distribution motion, prepared the fifth interim fee application, and represented the Receiver regarding the California Business Bank litigation. Dkt. No. 924. Allen Matkins requests to be compensated for $80,619.50 at a blended hourly rate of $395, plus $1,225.02 for expenses.

The Court grants 90% of Allen Matkins' request for fees and 100% of its request for expenses for the fifth and sixth interim periods, amounting to a total of $135,695.98 for the fifth period and a total of $73,782.57 for the sixth period. The Court has determined that the award is appropriate under the circumstances for several reasons.

First, as discussed above and in every order issues on the Receiver's and counsel's fees, the Court has a strong interest in preserving the funds of the receivership estate for the benefit of the investors. Allen Matkins has chosen to assist the Receiver in this case where investors stand to suffer great losses on their investments. See Order Approving Receiver's Appl. to Employ Allen Matkins as General Counsel, Docket Item No. 36; Receiver's Appl. to Employ Allen Matkins as General Counsel, Docket Item No. 31. As a result, Allen Matkins is obligated to charge a lower blended hourly rate than its customary fee.

Second, the Court emphasizes that in the application for Allen Matkins to represent the Receiver, Allen Matkins had "agreed that its blended hourly rate for the receivership will be $395 or less." Dkt. No. 31 at 7. Allen Matkins' fifth and sixth fee applications request a blended hourly rate of $395.00, which is the maximum limit set in the application.

Third, as discussed in previous orders, the Court reserves its discretionary power and may consider many factors when awarding a reduced fee, regardless of the fees being approved by other courts in similar cases. See Alpha Telcom II, 2006 WL 3085616, at *3-6. Here, the Court chooses to focus on the fact that Allen Matkins' requested fee rate is at the upper limit approved by the Court. As such, the reduction in the fee award to Allen Matkins is reasonable in light of the circumstances of this case, the work performed by Allen Matkins, and other public interest considerations.

### III.    Objections

There have been objections filed by investors. Two objection letters were filed on July 19 and 20, 2014 by Sydney Raineri (Docket Item No. 929) and by Alan and Theresa Raineri (Docket Item No. 930) claiming that the sums requested by the Receiver and Allen Matkins are too high.

### IV. Motion for Monthly Budget

The Receiver requests that the Court approve a monthly budget of up to $37,500 to cover fees associated with performing the loan servicing work. The Court will deny this motion, however, the Court will accept monthly bills from the Receiver covering the Receiver's loan servicing costs and the Court will review these bills for payments upon receipt. The Receiver may submit monthly bills for loan servicing costs starting with the costs for August 2014. Additionally, the Receiver will continue to submit quarterly interim fee applications.

### V. Conclusion and Order

The applications for fees and expenses incurred by Allen Matkins and the Receiver are GRANTED IN PART. The Receiver's motion for a monthly budget is DENIED. The requested amounts are disbursed as follows:

**Fifth Fee Distribution**

| Applicant | Fees Allowed | % of Requested Payment | Expenses Allowed | % of Request |
|---|---|---|---|---|
| Receiver | $123,794.66 | 75% | N/A | N/A |
| Allen Matkins | $133,881.30 | 90% | $1,814.68 | 100% |

**Sixth Fee Distribution**

| Applicant | Fees Allowed | % of Requested Payment | Expenses Allowed | % of Request |
|---|---|---|---|---|
| Receiver | $164,837.70 | 75% | N/A | N/A |
| Allen Matkins | $72,557.55 | 90% | $1,225.02 | 100% |

IT IS SO ORDERED.

Dated: August 7, 2014

_____
EDWARD J. DAVILA
United States District Judge