JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
LYNN M. DEAN (Cal. Bar No. 205562)
Email:  deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>            Defendants. | Case No. 5:12-CV-03237-EJD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK FEATHERS' MOTION FOR RELIEF FROM SUMMARY JUDGMENT, ETC. (Dkt. No. 940)**<br><br>Date:   November 14, 2014<br>Time:  9:00 a.m.<br>Place:  Courtroom 4, 5th Floor<br>           (Hon. Edward J. Davila) |

**I.      INTRODUCTION**

Plaintiff Securities and Exchange Commission ("SEC") opposes the motion of defendant Mark Feathers ("Feathers") for relief from summary judgment under Federal Rules of Civil Procedure 60(b)(1), (2), and (3), and for granting of payment of legal fees to Feathers in the amount of $200,000.  Feathers has appealed the Court's summary judgment decision, and many other orders that the Court has issued.  Nonetheless, the Court has jurisdiction to entertain the motion for reconsideration, but because Feathers' motion for reconsideration presents no new evidence or arguments, the motion should be denied.

With regard to Feathers' request to be paid $200,000 from the Receivership estate for legal fees, Feathers provides no legal argument or factual support for payment of any amounts to himself for legal fees.  Feathers is subject to a judgment in excess of $7 million that would be paid into the Receivership estate, but rather than making efforts to liquidate his assets and satisfy that obligation to the investors he defrauded, Feathers seeks to take more of the investors' money for his own personal benefit.  This request lacks any factual or legal basis, and should be denied.

**II.     ARGUMENT**

    **A.      Standard for a Rule 60(b) Motion**

        **1.      The Summary Judgment Order is on Appeal**

"When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001).  The district court's lack of jurisdiction, however, does not prevent it from entertaining a timely Rule 60(b) motion.  As explained by the Fifth Circuit, "an effective notice of appeal strips district courts of jurisdiction to *grant* a Rule 60(b) motion, [but] it does not prevent litigants from filing them in the district court while an appeal is pending." *Dominguez v. Gulf Coast Marine & Assoc., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010).

Although this Court may not grant a Rule 60(b) motion and vacate a judgment appealed to the Ninth Circuit, Fed. R. Civ. P. 62.1 provides guidance on the courses of action available to this Court.  This Court may defer consideration of the Rule 60(b) motion during the pendency of the appeal, deny the motion, or issue an "indicative ruling" stating that "it would grant the motion if the

court of appeals remands for that purpose or state that the motion raises a substantial issue." Fed. R. Civ. P. 62.1 advisory committee's note. If this Court issues an indicative ruling under Fed. R. Civ. P. 62.1, then Fed. R. App. 12.1(a) requires Appellant to notify the Ninth Circuit. After receiving such notification, the appellate court "may remand for further proceedings" while still retaining jurisdiction. Fed. R. App. P. 12.1(b).

### 2. Standard for a Rule 60(b) motion

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for

reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va. 1977).

### B. There is No Basis for Reconsideration Because Feathers is Merely Rehashing Old Arguments

Feathers again complains that the SEC deliberately and falsely inflated the member returns – the same arguments he raised in one of his many motions to dismiss (*see, e.g.*, Dkt. No. 126) and which he has been making since at least November 2012. In addition to rehashing old arguments, Feather also ignores the evidence that the SEC introduced in opposition to his many motions that even using Feathers' numbers, defendants' financial statements and books and records show that they made Ponzi-like payments to investors in 2011 and Q1 2012. (*See, e.g.*, Dkt. No. 160.) Thus, the substance of the allegations – that Feathers caused the funds to make Ponzi-like payments of member returns in excess of fund income – were correct using the numbers in defendants' books and records. Feathers' allegations and arguments are nothing new, and the Court has considered and rejected these same arguments, presented in a variety of ways on numerous occasions, by Feathers. This is not a valid basis for reconsideration.

Feathers claims the SEC "hid" information it obtained from one of his disgruntled former investors, Lee Emerson. Feathers concedes that the SEC disclosed Lee Emerson as an investor and potential witness in its Rule 26(a) disclosures, which were served October 5, 2012. The existence of Ms. Emerson was never withheld from Feathers or this Court, and is not new evidence. Moreover, Feathers knew of his history with Ms. Emerson at the time the motion for summary judgment was briefed and filed. The SEC did not rely on a declaration from Ms. Emerson in support of its motion for summary judgment, and so Feathers' arguments in this regard are not pertinent to that decision. Feathers wants to argue that the SEC commenced its investigation because of a complaint by Ms. Emerson, or that Ms. Emerson is a whistleblower, but he has no factual basis for such arguments, which are merely conjecture. In any event, the SEC has informed Feathers that its investigation was not instituted as a result of a complaint from Ms. Emerson.

1   The facts that the Court relied on in its summary judgment motion have not changed. The law has not changed. The motion for reconsideration raises nothing new. Moreover, nothing in Feathers' motion for reconsideration addresses any of the findings of fact or conclusions of law in the Court's summary judgment order. Accordingly, Feathers' motion lacks any merit and should be denied.

## III. CONCLUSION

The Court should deny Feathers' motion for reconsideration and his request to be paid $200,000 in legal fees from the assets of the Receivership entities should also be denied.

DATED: August 29, 2014           Respectfully submitted,

 */s/ John B. Bulgozdy*
John B. Bulgozdy
Lynn M. Dean
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]    U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On August 29, 2014, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK FEATHERS' MOTION FOR RELIEF FROM SUMMARY JUDGMENT, ETC. (Dkt. No. 940)** on all the parties to this action addressed as stated on the attached service list:

[X]    **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]    **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]    **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]    **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]    **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]    **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 29, 2014            */s/ Javier Delgadillo*
                                                  Javier Delgadillo

**SEC v. SMALL BUSINESS CAPITAL CORP, et al.**
United States District Court – Northern District of California
San Jose Division
Case No. 5:12-CV-03237-EJD
LA-4141

SERVICE LIST

Mark Feathers (*via Email and U.S. Mail*)
1520 Grant Rd.
Los Altos, CA 94024
Email: *markfeathers@sbcglobal.net*
***Pro Se Defendant Mark Feathers***

David Zaro, Esq. (*via ECF*)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
***Attorney for Receiver Thomas Seaman over Defendants Small Business Capital Corp.; Investors Prime Fund, LLC; and SBC Portfolio Fund, LLC***