# Exhibit 1

SEC Order Instituting Administrative Proceedings against Mark Feathers

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 71565 / February 18, 2014

ADMINISTRATIVE PROCEEDING
File No. 3-15755

| In the Matter of<br><br>MARK FEATHERS,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND NOTICE OF HEARING |
|---|---|

I.

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Mark Feathers ("Respondent" or "Feathers").

II.

After an investigation, the Division of Enforcement alleges that:

A. **RESPONDENT**

1. Feathers, age 50, resides in Los Altos, California. From at least 2009 through June 26, 2012, Feathers was the chief executive officer (CEO) and a director of Small Business Capital Corp. ("SBCC"), a privately-held California corporation. Through SBCC, Feathers offered and sold securities in two mortgage investment funds, Investors Prime Fund, LLC ("IPF") and SBC Portfolio Fund, LLC ("SPF") (collectively, IPF and SPF are referred to herein as the "Funds"). Feathers controlled the Funds through SBCC. SBCC acted as a broker at the relevant time, but has never been registered with the Commission in any capacity. Feathers was associated with SBCC, but Feathers has never been registered with the Commission in any capacity and has never had a securities license. The Funds have never been registered with the Commission.

B. **ENTRY OF THE INJUNCTION**

2. On November 6, 2013, an order and final judgment was entered against Feathers, permanently enjoining him from future violations of Section 10(b) and Rule 10b-5 thereunder of the Exchange Act, Section 15(a) of the Exchange Act, and Section 17(a) of the Securities Act, in the civil action entitled Securities and Exchange Commission v. Small Business Capital Corp., et al., Civil Action Number 5:12 CV 03237-EJD, in the United States District Court for the Northern District of California, San Jose Division.

3. In an order entered August 16, 2013 in the civil enforcement action, the Court granted the Commission's motion for summary judgment. The Court found that in the offer and sale of securities of the Funds, Feathers and SBCC made material misrepresentations with a high level of scienter. First, Feathers caused the Funds to represent to investors that there would be no loans from the Funds to the manager, but contrary to that representation, Feathers caused the Funds to transfer over $7 million in cash to SBCC. Second, Feathers caused the Funds to represent that they adhered to conservative lending standards by only making secured loans, but contrary to that representation Feathers caused the Funds to make unsecured loans to SBCC, which had no ability to repay the loans. Third, Feathers caused the Funds to represent that member returns would be paid from profits generated by the Funds' investments, but in fact the Funds were not profitable and Feathers used investors' money to make "Ponzi-like payments" of returns to investors. The Court found that this conduct violated Section 10(b) of the Exchange Act and Rule 10b-5, and Section 17(a) of the Securities Act. In addition, the Court found that Feathers and SBCC were unregistered brokers in violation of Section 15(a) of the Exchange Act.

4. In the order entered August 16, 2013, the Court also found that Feathers and SBCC employed investor representatives who were paid a salary and commission for sales of securities of the Funds, and actively solicited new investments. Feathers and SBCC were in the business of selling securities for years, with sales of at least $46 million of securities. The Court found that Feathers and SBCC fell under the definition of "broker" under Section 15(a) of the Exchange Act, and held that Feathers and SBCC were unregistered brokers in violation of Section 15(a) of the Exchange Act. Finally, the Court found that Feathers was also liable as a control person under Section 20(a) of the Exchange Act because he controlled SBCC and the Funds.

### III.

In view of the allegations made by the Division of Enforcement, the Commission deems it necessary and appropriate in the public interest that public administrative proceedings be instituted to determine:

A. Whether the allegations set forth in Section II hereof are true and, in connection therewith, to afford Respondent an opportunity to establish any defenses to such allegations;

B. What, if any, remedial action is appropriate in the public interest against Respondent pursuant to Section 15(b) of the Exchange Act;

2

## IV.

IT IS ORDERED that a public hearing for the purpose of taking evidence on the questions set forth in Section III hereof shall be convened at a time and place to be fixed, and before an Administrative Law Judge to be designated by further order as provided by Rule 110 of the Commission's Rules of Practice, 17 C.F.R. § 201.110.

IT IS FURTHER ORDERED that Respondent shall file an Answer to the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220 of the Commission's Rules of Practice, 17 C.F.R. § 201.220.

If Respondent fails to file the directed answer, or fails to appear at a hearing after being duly notified, the Respondent may be deemed in default and the proceedings may be determined against him upon consideration of this Order, the allegations of which may be deemed to be true as provided by Rules 155(a), 220(f), 221(f) and 310 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.155(a), 201.220(f), 201.221(f) and 201.310.

This Order shall be served forthwith upon Respondent personally or by certified mail.

IT IS FURTHER ORDERED that the Administrative Law Judge shall issue an initial decision no later than 210 days from the date of service of this Order, pursuant to Rule 360(a)(2) of the Commission's Rules of Practice.

In the absence of an appropriate waiver, no officer or employee of the Commission engaged in the performance of investigative or prosecuting functions in this or any factually related proceeding will be permitted to participate or advise in the decision of this matter, except as witness or counsel in proceedings held pursuant to notice. Since this proceeding is not "rule making" within the meaning of Section 551 of the Administrative Procedure Act, it is not deemed subject to the provisions of Section 553 delaying the effective date of any final Commission action.

For the Commission, by its Secretary, pursuant to delegated authority.

Elizabeth M. Murphy
Secretary