# Exhibit 2

SEC Acknowledgement of Held Evidentiary Files and Transfer Message to Feathers on same

**Subject:** RE: Investigative File for Feathers/SEC Administrative Proceedings
**From:** Bulgozdy, John (BULGOZDYJ@sec.gov)
**To:** markfeathers@sbcglobal.net;
**Cc:** BerryJ@sec.gov; BULGOZDYJ@sec.gov; DeanL@sec.gov; HannanS@sec.gov;
**Date:** Monday, March 3, 2014 2:00 PM

Mr. Feathers:

With regard to your questions, below,

1. Yes, an answer is due within 20 days of when you signed for the OIP. In terms of filing, normally we send the original and three copies to the Secretary's Office by UPS to 100 F Street, NE, Mail Stop 1090, Washington, DC 20549, and a hard copy to the ALJ assigned to the case (The Hon. Carol Fox Foelak) at the same street address, Mail Stop 2557. We also send a .pdf of the filing by email to the ALJ's email inbox (alj@sec.gov). Finally, we send a fax to the Secretary's office at (202) 772-9324. (I believe this is the number you used to fax correspondence to the Secretary's office on February 28, 2014.)
2. It is normal for the ALJ to set a hearing date quite promptly. The Division of Enforcement does not have any involvement in setting the date for the hearing in the initial scheduling order. It is also normal for the parties to agree to a prehearing conference and request that the hearing date be postponed and rescheduled. We are willing to agree to ask for a prehearing conference, for postponement of the hearing, and for it to be rescheduled at a later date.
3. We have sent you via UPS a complete copy of the documents we are required to produce pursuant to Rule 230, and you should be receiving that today.
4. We have provided all documents required by Rule 230.
5. We will produce any Brady material.
6. We will produce any Jencks material.
7. We have provided all documents required by Rule 230.
8. We will object to depositions of Roger Boudreau and Susan Hannan.
9. We will address the matters raised by Rule 230(c) during the prehearing conference.
10. The remaining items appear to be statements of your position and do not require a response on our part.

Please let me know when you are available so that we may schedule a telephone call to discuss requesting a prehearing conference, rescheduling the hearing, and other prehearing matters.

Very truly yours,

**John B. Bulgozdy** | Senior Trial Counsel | Los Angeles Regional Office

United States Securities and Exchange Commission

5670 Wilshire Boulevard, 11th Floor | Los Angeles, CA 90036

Phone: 323-965-3322 | Fax: 323-965-3908

bulgozdyj@sec.gov

From: Mark Feathers [mailto:markfeathers@sbcglobal.net]
Sent: Sunday, March 02, 2014 8:46 PM
To: Bulgozdy, John; Berry, John W.
Subject: Investigative File for Feathers/SEC Administrative Proceedings

John,

I have a few questions for you.

1. Is my "20 day response" from the time I signed the registered letter of notification? Time is running out. Please provide me with a fax number where I can respond to the Administrative Proceedings.
2. Why is the hearing set up even before I have "answered"? Is it normal for an SEC ALJ to set up a hearing before the answer is in?
3. I should be provided an opportunity to review your **FULL** investigative file. I would like to see it before submitting my answer, and before the hearings are held. *See In the Matter of Jose P. Zollino*, Exhange Act Rel. No. 51632 at 5, 2005 SEC LEXIS 987 (April 29, 2005). SEC Enforcement Division Staff are not permitted to creatively design new "privileges" and withhold documents based on those "privileges". *See In the Matter of Putnam Investment Management, LLC, Admin. Proc. Rulings Rel. No. 614, 2004 SEC LEXIS 865 (April 7, 2004)*.
5. **My copy of the SEC investigative file should be inclusive aof ll SEC employee and all other documents of anybody outside of SEC involved in these proceedings.**
4. Please be advised that I am formally asking you for any Brady Material.
5. Please be advised that I am formally asking you, under Rule 231, for prior witness statements by Division Witnesses (Jencks Material)
6. Per Rule 232 I would like your concurrence that I should be able to ask NOW the

ALJ to subpoena all of Susan Hannan's and Roger Boudreau's documents that were prepared as part of the Enforcement Investigation. I need these before the hearing in sufficient time to review these.

7. Per Rule 233 I anticipate making a motion to the ALJ to depose Susan Hannan and Roger Boudreau. These depositions, and as allowed under 233(b) will serve the interests of justice. Please provide me with a schedule of availability right away for these two persons. Please bear in mind that many court recording services will not allow a pro se party to schedule these, and I will need extra time to find a firm to attend these.

8. Please provide me right away with your *withheld* document list, per Rule 230(c).

9. The timing of the hearing in Washington prejudices my position for two reasons.
   a. It is in the middle of my two week period for a response to SEC's reply to my 9th Circuit appeal
   b. I am prejudiced against providing the best answers possible to SEC's Admin Proceedings because of the same issue

10. The SEC appears to be trying to retroactively be applying provisions of Dodd Frank against myself, based upon SEC's period of review and upon the time Dodd Frank was enacted.

11. I have reviewed many of the Admin Proceedings for February from its web site. In the vast majority of cases, proceedings against individuals were pre-settled. I was never offered a similar opportunity, and SEC is clearly violating equal protection allowances offered by the Constitution.

13. I intend to file an appeal of the hearing date tomorrow with the 9th Circuit. Because I am appealing the hearing date does not mean that I am accepting the Proceedings.

Regards,

feathers

Given all of the above.

I think that it is best for all parties that the hearing in March be rescheduled to a later date.

em