JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>  Defendants. | Case No. 5:12-CV-03237-EJD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK FEATHERS' MOTIONS (1) FOR A DETERMINATION THAT RECEIVER ACTED WITH GROSS NEGLIGENCE AND HAS LOST PERSONAL LIABILITY PROTECTION PROVIDED UNDER SECTION XIII OF THE PERMANENT INJUNCTION; AND (2) TO END THE PERMANENT INJUNCTION AGAINST MARK FEATHERS (Dkt. No. 950)**<br><br>Date: February 6, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 5th Floor<br>   (Hon. Edward J. Davila) |

1   Plaintiff Securities and Exchange Commission ("SEC") opposes the two unrelated motions of defendant Mark Feathers ("Feathers"), filed in one pleading docketed at 950, in which Feathers asks (1) for a determination from the Court if the Receiver has committed an act of gross negligence and if the Receiver has lost personal liability protection afforded to him under Section XIII of the Order for his appointment (Dkt. No. 34); and (2) to end the permanent injunction against Mark Feathers.  Feathers' cursory motions provide no legal or factual basis for the requested relief, and the motions should be summarily denied.

With regard to the motion involving the Receiver, Feathers states that he personally has concluded that the Receiver committed "gross negligence" for failing to inform the Court of a typographical error in one of the SEC's filings.  This is an issue which Feathers has repeatedly put before the Court in other motions, and the Court has rejected Feathers' previous arguments. Feathers' personal conclusions on the subject are neither legal support nor factual evidence. Feathers offers no legal support for the proposition that a third party has liability for the statements made by another party in a legal filing, or that a third party has a duty to correct typographical errors in pleadings filed by another party.  Feathers' personal theory would impose obligations that go far beyond those imposed by the Federal Rules of Civil Procedure.  Moreover, there is no factual basis to conclude that the Receiver has committed gross negligence, or negligence of any kind.  In fact, the Receiver has been zealously performing his duties under the Court's supervision. Feathers' motion based on his personal view of what constitutes "gross negligence" lacks any merit and should be denied.

With regard to the motion for relief from the Permanent Injunction, the Court imposed the permanent injunction in the Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief and Monetary Remedies ("Permanent Injunction") Dkt. No. 622).  The Permanent Injunction does not include an asset freeze, and so its existence does not constrain any assets of Feathers.  To the extent that Feathers has assets that are the subject of the asset freeze imposed by the Preliminary Injunction (Dk. No. 34), the SEC has no objection to the Court dissolving the asset freeze and ordering that the assets be immediately paid to the Receiver, with such amounts credited against the disgorgement and penalty owed by Feathers pursuant to the Permanent Injunction order.

In that regard, Feathers should identify for the Court the specific assets that he holds that are subject to the asset freeze, so that the Court can issue an order releasing those assets to the Receiver to pay Feathers' disgorgement and penalty liability. But because Feathers has not provided any legal or factual basis for dissolving the Permanent Injunction, the Permanent Injunction should stay in place and the motion should be denied.

DATED: October 2, 2014                    Respectfully submitted,


                 */s/ John B. Bulgozdy*
                 John B. Bulgozdy
                 Lynn M. Dean
                 Attorneys for Plaintiff
                 SECURITIES AND EXCHANGE COMMISSION

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 444 South Flower Street, Suite 900, Los Angeles, CA 90071.
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 2, 2014, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT MARK FEATHERS' MOTIONS (1) FOR A DETERMINATION THAT RECEIVER ACTED WITH GROSS NEGLIGENCE AND HAS LOST PERSONAL LIABILITY PROTECTION PROVIDED UNDER SECTION XIII OF THE PERMANENT INJUNCTION; AND (2) TO END THE PERMANENT INJUNCTION AGAINST MARK FEATHERS (Dkt. No. 950)**
on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.


Date: October 2, 2014                    */s/ Javier Delgadillo*
                                          Javier Delgadillo

**SEC v. SMALL BUSINESS CAPITAL CORP, et al.**
United States District Court – Northern District of California
San Jose Division
Case No. 5:12-CV-03237-EJD
LA-4141

SERVICE LIST

Mark Feathers (*via Email and U.S. Mail*)
1520 Grant Rd.
Los Altos, CA 94024
Email: *markfeathers@sbcglobal.net*
**Pro Se Defendant Mark Feathers**

David Zaro, Esq. (*via ECF*)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
**Attorney for Receiver Thomas Seaman over Defendants Small Business Capital Corp.; Investors Prime Fund, LLC; and SBC Portfolio Fund, LLC**