Mark Feathers, in *pro per*
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 776-2496

FILED
OCT 23 2014

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV12-03237-EJD |
| Plaintiff, | **MARK FEATHERS OPPOSITION TO RECEIVER'S ADMIN MOTION [COURT DOCKET 964]** |
| vs. | |
| SMALL BUSINESS CAPITAL CORP., ET AL | |
| Defendants. | Courtroom 4 – 5th Fl. Judge: Hon. Edward J. Davila |

MARK FEATHERS OMNIBUS OPPOSITION TO RECEIVER'S AND PROFESSIONAL'S REQUEST FOR PAYMENT
Case CV12-03237-EJD

## INTRODUCTION

The Receiver seeks, again, Court approval of a special loan servicing stipend. This issue warrants a look at the broader picture of the genesis of this lawsuit, and not just the Receiver's request for $20,000 or so for activities which at best took perhaps eighty hours of work for his outside servicing consultants or for his own actions. This party knows this as a factual matter, for he is a recognized expert in the field of SBA lending and loan servicing, and SEC, SBA, or Seaman have ever denied this fact. Yet, this party's testimony for more than two years' time, and also that of Natalie Feathers, who also worked at the defendant investment companies and is also an expert in loan servicing, has been ignored, or largely ignored, even though their declarations should have been given proper recognition and weight by this Court under Federal Rule of Evidence 701. This has been a miscarriage of justice to this defendant and to fund investors, and which still continues.

When a Court orders injunctive relief, such as this court has done for the U.S. Securities and Exchange Commission, it should not do so at the harm of the public or of the third parties with the most vested interests. In a situation such as this where interferences with due process and harm have been identified by the defendant after the injunction, which itself came only by way of SEC's *ex parte and* so-called *"prima facie"* sealed Complaint, a Court can, and it should, recognize and properly remedy these interferences. According to years of their own testimony including their sworn affidavits, scores of the actual investors of the defendant investment funds, by a very large majority it appears as compared to those who feel that SEC or Seaman has benefitted them, show their belief to be harmed by this lawsuit and identifiable misconduct of SEC and Seaman. This harm continues with the latest request of the Receiver, which will be approved no doubt by this Court.

Facts establishing gross negligence, recklessness, or fraud of SEC (Plaintiff) and Thomas A. Seaman (Receiver), with little or no recognition by this Court of either these facts, or of the harm of these acts to the public and to fund investors, include:

(1) SEC employment of scores of incorrect and unreliable financial illustrations about the defendant investment funds in its sealed *ex parte prima facie* Complaint. SEC either knew of the unreliability of these figures, or undeniably should have known of the unreliability of these figures (see Docket 187). Plaintiff is the U.S. Securities and Exchange Commission, is it not? An agency of thousands of employees including hundreds of CPAs and attorneys, a multi-billion dollar annual budget, and charged by Congress and the public with final expertise in accounting matters.

(2) SEC falsely described its recommended fiduciary, Thomas A. Seaman, as a licensed CPA, although he is not. Not just once – but twice, consecutively in SEC securities lawsuits which included appointment of a particular receiver (Seaman) at SEC's request. Seaman and SEC share dirty hands in this tort, and which was part of SEC's request for injunctive relief (see Dockets 274, 275 & 297).

Many parties, not just Seaman, hold desire to feast on what is best described as viable former investment funds, and now perhaps best described as carrion, and which was created by the U.S. Securities and Exchange Commission, who has acted in gross misconduct, fraud, and, or, recklessness.

The fact is clear that the defendant's so-called "Ponzi-like" scheme (a prejudicial phrase which was very often referenced throughout SEC's sealed and hidden Complaint) investment funds continue to generate millions of dollars each year in unrestricted cash flow. This is in spite of their lending operations being shut down years ago now with a surprise injunction. This unrestricted cash flow creates the ongoing feeding trough for never-do-wells like Seaman, his counsel, and others who now wish to get a great deal on the fund's assets which have been placed out to bid. Investors by the score have indicated they smell vermin in this lawsuit a - SEC and Seaman (Dockets 189, 199, 200, 210, 211, 212, 213, 216, 217, 218, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 236, 237, 241, 242, 243, 244, 235, 246, 247, 248, 249, 250, 251, 252, 254,

Case CV12-03237-EJD

MARK FEATHERS OPPOSITION TO RECEIVER'S REQUEST FOR SPECIAL PAYMENT

255, 256, 257, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 277, 278, 280, 284, 291, 292, 300, 392, 552, 765, 765-1, 775, 776, 777, 778, 779, 780, 781, 782, 783, 784, 785, 786, 787, 788, 789, 790, 791, 792, 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 810, 811, 912, 813, 814, 815, 816, 817, 818, 819, 820, 825, 826, 827, 828, 829, 832, 833, 841, 842, 843, 844).

**CONCLUSION**

No party such as Seaman who has acted with gross misconduct, fraud, and, or, recklessness, should receive compensation from the receivership estate. This lawsuit should long ago have been dismissed, and Seaman as well. This Court will approve Seaman's request, based on all of its prior history of approvals of his requests, for this Court, it is clear, directly contributes to supporting the wrongful actions of agencies and their apparent outside agents.

Respectfully,

Dated: 10-24-14

Mark Feathers, in *pro per*

Case CV12-03237-EJD

MARK FEATHERS OPPOSITION TO RECEIVER'S REQUEST FOR SPECIAL PAYMENT