1   JOHN B. BULGOZDY (Cal. Bar No. 219897)
    Email:  bulgozdyj@sec.gov
2   LYNN M. DEAN (Cal. Bar No. 205562)
    Email:  deanl@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Michele Wein Layne, Regional Director
5   John W. Berry, Regional Trial Counsel
    444 S. Flower Street, Suite 900
6   Los Angeles, California 90071
    Telephone:  (323) 965-3998
7   Facsimile:  (213) 443-1904

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12  SECURITIES AND EXCHANGE          | Case No. 5:12-CV-03237-EJD
    COMMISSION,
13                                   | **PLAINTIFF SECURITIES AND
                     Plaintiff,      | EXCHANGE COMMISSION'S
14                                   | CONSOLIDATED RESPONSE TO THE
          vs.                        | SEVENTH INTERIM FEE APPLICATIONS
15                                   | OF RECEIVER (Dkt. No. 966) AND
    SMALL BUSINESS CAPITAL CORP.;    | RECEIVER'S GENERAL COUNSEL (Dkt.
16  MARK FEATHERS; INVESTORS PRIME   | No. 967)**
    FUND, LLC; and SBC PORTFOLIO FUND,
17  LLC,                             | Date:   February 5, 2015
                                     | Time:   9:00 a.m.
18                   Defendants.     | Place:  Courtroom 4, 5th Floor
                                     |         (Hon. Edward J. Davila)
19

20

21

22

23

24

25

26

27

28

1    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this response to

2    the Seventh Interim Fee Applications of the Receiver Thomas A. Seaman (Dkt. No. 966) and the

3    Receiver's general counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins")

4    (Dkt. No. 967).  The SEC supports the requests for a payment of interim fees.  The requests are

5    supported by time records and descriptions of work done which establish that the work was

6    necessary to the administration of the estate and the interim fees are reasonable.

7    During the three-month period covered by the Seventh Interim Fee Applications, the

8    Receiver and his counsel continued to manage the loan portfolio and diligently worked to monetize

9    the remaining assets.

10    The Receiver seeks an interim award of fees of 90% of the $198,712.00 of fees billed, or

11    $178,840.80.  Approximately one-third of the fees incurred by the Receiver during the fee period

12    are related to the sales process for the sale of the loan portfolio.  In addition, the Receiver incurred

13    fees servicing the loan portfolio and managing the business.  The Receiver's fees are supported by

14    detailed billing records showing that the work was performed, and the descriptions establish that the

15    work was necessary and reasonable for the administration of the estate.

16    The Receiver's counsel, Allen Matkins, incurred fees totaling $138,784.05, and seeks an

17    interim award of 79% of that amount, or $110,047.00, and 100% of costs of $3,332.47.  The vast

18    majority of the fees – approximately 79% of the total fees incurred – related to ongoing litigation

19    authorized by the Court against California Business Bank.  The fee application establishes that the

20    litigation is hard fought.  Nonetheless, it still appears that the decision to pursue this litigation was

21    correct and that ultimately it should provide a substantial net benefit to the receivership estate.

22    It is well established that the determination if and when to award fees and expenses to a

23    court-appointed receiver and the professionals employed by the receiver are within the Court's

24    sound discretion.  *See Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).

25    An award of interim fees may be appropriate where a receiver or the professionals employed by the

26    receiver "regularly devote[] a portion of his time, either daily or weekly, to the administration of the

27    estate[.]"  *See In Re McGann Mfg. Co.*, 188 F.2d 110, 112 (3d Cir. 1951) (interim fees to

28

bankruptcy trustee or his counsel).  *See also In re Alpha Telcom, Inc.*, No. CV 01-1283-PA, 2006 WL 3085616, at *3 (D. Or. Oct. 27, 2006).

The Receiver and his counsel have devoted time and effort to the administration of the Receivership estate during the period covered by the interim application.  Of course, the interim award of fees is just that – interim – and the Court ultimately determines the final fee at the close of the receivership.  Overall, the SEC is of the view that the prudent management of the receivership estate has been enhancing the value of the estate and the recovery for the investors.  The record establishes that the Receiver and his counsel are helping the Court achieve its goal of maximizing the amounts ultimately returned to the defrauded investors.

Thus, the SEC supports the payment of the interim fees requested by the Receiver and Allen Matkins.  The SEC reserves the right to challenge the amounts requested in the final fee application.


DATED:  November 10, 2014                    Respectfully submitted,


                                             */s/ John B. Bulgozdy*
                                             John B. Bulgozdy
                                             Lynn M. Dean
                                             Attorneys for Plaintiff
                                             SECURITIES AND EXCHANGE COMMISSION

1

2

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 444 South Flower Street, Suite 900, Los Angeles, CA 90071.
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 10, 2014, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO THE SEVENTH INTERIM FEE APPLICATIONS OF RECEIVER (Dkt. No. 966) AND RECEIVER'S GENERAL COUNSEL (Dkt. No. 967)** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 10, 2014                         */s/ Javier Delgadillo*
                                                 Javier Delgadillo

**SEC v. SMALL BUSINESS CAPITAL CORP, et al.**
**United States District Court – Northern District of California**
**San Jose Division**
**Case No. 5:12-CV-03237-EJD**
**LA-4141**

SERVICE LIST

Mark Feathers (*via Email and U.S. Mail*)
1520 Grant Rd.
Los Altos, CA 94024
Email: *markfeathers@sbcglobal.net*
***Pro Se Defendant Mark Feathers***

David Zaro, Esq. (*via ECF*)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
***Attorney for Receiver Thomas Seaman over Defendants Small Business Capital
Corp.; Investors Prime Fund, LLC; and SBC Portfolio Fund, LLC***