DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; AND SBC PORTFOLIOS, LLC,<br><br>Defendants. | Case No. CV12-03237<br><br>NOTICE OF MOTION AND MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN PORTFOLIO AND NON-SBA LOANS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: February 5, 2015<br>Time: 8:30 a.m.<br>Ctrm: 4 - 5th Floor<br>Judge: Hon. Edward J. Davila |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1001578.01/LA

Case No. CV12-03237
NOTICE OF MOTION AND MOTION FOR
APPROVAL OF SALE OF LOAN PORTFOLIO,
ETC.

1  **PLEASE TAKE NOTICE** that on February 5, 2015, at 8:30 a.m. in Courtroom 4,
2  5th Floor, of the United States District Court, 280 South 1st Street, San Jose, California, 95113,
3  the Court will consider the motion of Thomas A. Seaman ("Receiver"), Court-appointed Receiver
4  for Small Business Capital Corp. ("SBCC"), Investors Prime Fund, LLC ("IPF"), SBC Portfolio
5  Fund, LLC ("SPF") and their subsidiaries and affiliates, including Small Business Capital, LLC
6  ("SBC LLC") and SBC Senior Commercial Mortgage Fund, LLC ("SCMF"), for approval of sale
7  of the 504/FMLP loan portfolio and the Non-SBA Loans to Western Alliance Bank pursuant to the
8  Loan Purchase and Sale Agreement, attached as Exhibit B to the Declaration of Thomas A.
9  Seaman in Support of Motion for Approval of Sale of 504/FMLP Loan Portfolio and Non-SBA
10 Loans, filed currently herewith, and to waive the requirements of 28 U.S.C. § 2004 (the
11 "Motion").
12     The Motion is posted on the Receiver's website (www.sbcapitalreceiver.com). A hard
13 copy can also be obtained by emailing a request to the Receiver through the website or by sending
14 a written request to the Receiver at 3 Park Plaza, Suite 550, Irvine, California 92614.
15     If you oppose the Motion, you are required to file your written opposition with the Office
16 of the Clerk, United States District Court, 280 South 1st Street, San Jose, California, 95113, and
17 serve the same on the undersigned not later than fourteen (14) days after the Motion was filed.
18
19 Dated: December 11, 2014        ALLEN MATKINS LECK GAMBLE
                                    MALLORY & NATSIS LLP
20
21                                 By:       */s/ David R. Zaro*
                                       DAVID R. ZARO
22                                     Attorneys for Receiver
                                       THOMAS A. SEAMAN
23
24
25
26
27
28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1001578.01/LA

Case No. CV12-03237
NOTICE OF MOTION AND MOTION FOR
APPROVAL OF SALE OF LOAN PORTFOLIO,
ETC.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Receiver seeks authority to sell the following assets of the receivership estate to Western Alliance Bank, an Arizona corporation (the "Buyer"):

- Interests in a loan portfolio consisting of SBA First Lien Position 504 Loans, which loans and interests are identified on that chart attached to the Seaman Declaration hereto as Exhibit A ("504 Loans");

- Three loans made by the Receivership Entities which are not guaranteed or governed by the SBA regulations, which loans are identified on that chart attached hereto as Exhibit A ("Non-SBA Loans").[1]

This Motion seeks approval of the sale of the Assets to the Buyer in accordance with procedures set forth in that Motion for (A) Approval of Sales Procedures for Loan Portfolio and (B) Authority to Engage Voit As Real Estate Broker ("Sale Procedure Motion") [Docket No. 762]; the May 9, 2014 Order Granting Approval of Sale Procedures for Loan Portfolios and 7(a) License and Authorizing Engagement of Voit Real Estate Services LP as Broker [Docket No. 898] ("Sale Procedures Order"); and the Loan Purchase and Sale Agreement attached to the Seaman Declaration.

As detailed below and in the Seaman Declaration, the Receiver has marketed the Assets per the terms of the Sale Procedure Motion and Sale Procedures Order. The proposed sale of the Assets will return an aggregate of 110% of the principal value of the 504 Loans and the Non-SBA Loans and provide approximately $8,022,000.00 for the estate to be distributed to investors. The Buyer has made the required deposits and executed the Loan Purchase and Sale Agreement and the SBA has consented to the sale.

Accordingly, the Receiver requests the Court to grant the Motion, waive the requirements of 28 U.S.C. § 2004, and confirm the sale of the Assets to the Buyer.

---

[1] The 504 Loans and the Non-SBA Loans are sometimes collectively referred to as the "Assets."

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

1001578.01/LA

-1-

Case No. CV12-03237
NOTICE OF MOTION AND MOTION FOR APPROVAL OF SALE OF LOAN PORTFOLIO, ETC.

## I. SUMMARY OF SALES PROCESS AND SALE

The Receiver and Voit Real Estate Services LP ("Voit ") have marketed and conducted the sale of the 504 Loans and SB Cap Loans in accordance with the process set forth in the Sale Procedure Order.  Seaman Declaration, ¶ 4-8.  This marketing and sales process included the following actions:

The sale process was as follows:

- The Receiver, with the assistance of Voit, prepared a virtual sale platform, which included all imaged and indexed loans, servicing documentation and data, and legal documents.

- The Receiver and Voit marketed the Assets for well over 45 days.  The marketing included announcing the opportunity to approximately 4,000 potential purchasers, advertising the opportunity on three occasions in the Wall Street Journal, and giving interested parties who signed a confidentiality agreement, access to an online due diligence platform.

- The Receiver provided prospective purchasers with instructions for submitting an application to qualify to bid on the 7(a) Loans and the License as well as information for those interested in the 504 Loans and Non-SBA Loans.  Those prospective purchasers who wished to bid on the 7(a) Loans, 504 Loans, or Non-SBA Loans signed and returned to the Receiver the confidentiality agreement, together with a $500 payment.

- Prospective purchasers of the 504 Loans were provided with information on the transfer and assumption requirements of the SBA.

- The Receiver and Voit vetted the prospective purchasers who continued to express interest in pursuing the purchase of the Assets.  All interested prospective purchasers were required to demonstrate the financial ability to close.  Those prospective purchasers deemed capable of closing and otherwise suitable candidates were given access to the complete loan files and confidential information contained in the secured database.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1001578.01/LA

-2-

Case No.  CV12-03237
NOTICE OF MOTION AND MOTION FOR
APPROVAL OF SALE OF LOAN PORTFOLIO,
ETC.

- Those seeking to purchase the 504 Loans and the Non-SBA Loans were asked to present their indicative bids.
- The Receiver evaluated the bids and determined the competitive range of bids. Those bidders within the competitive range were invited to submit new bids to the Receiver.
- In consultation with the SBA, the Receiver compared and analyzed the best and final offers and notified the winning bidder, in this case, the Buyer as the highest bidder at 110% of 504 Loans..
- Buyer and the Receiver have signed the Loan Purchase and Sale Agreement.
- The Receiver anticipates the closing of the sale will occur within five business days of entry of the order confirming the sale. Deposits for losing bids will be returned.

Seaman Declaration ¶ 4-8.

The sale price is in excess of the principal amount due on the 504 Loans. As such, the Receiver believes that the sales and marketing procedure has generated the highest return to investors with regard to the sale of the Assets.

## II.     ARGUMENT

### A.     Broad Equitable Powers of the Court

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). As the appointment of a receiver is authorized by the broad equitable powers of the court, any distribution of assets must also be done equitably and fairly. *See S.E.C. v. Elliot*, 953 F.2d 1560, 1569 (11th Cir. 1992).

District courts have the broad power of a court of equity to determine the appropriate action in the administration and supervision of an equity receivership. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). The Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

*Id.* (citations omitted); *see also Commodities Futures Trading Comm'n. v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors."). Accordingly, the Court has broad equitable powers and discretion in the administration of the receivership estate and disposition of receivership assets.

### B. The Proposed Asset Sale

As reflected above, and per the evidence submitted in support of the Sale Procedure Motion, the sale process adopted by the Receiver was proposed in an effort to generate the highest possible return for the investors with regard to the sale of the Assets (See Request For Judicial Notice filed concurrently herewith.) The multi-stage process of obtaining indicative bids and then seeking further bids provided an opportunity for the receivership estate to negotiate and obtain the best possible price for the Assets. Accordingly, the Receiver believes the sale process achieved the goal of obtaining the highest price for the Assets.

In light of the nature of the Assets and the necessary involvement and regulatory requirements of the SBA in connection with the sale, the Court previously agreed to permit the sale of the Assets to proceed in accordance with the foregoing described procedures and waive the procedural requirements set forth in 28 U.S.C. § 2004. [See Docket No. 898.] The Receiver's proposed procedure allowed him to entertain competitive offers of qualified purchasers of the loan portfolios, seek SBA approval and then present the proposed Buyer to the Court for confirmation.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1001578.01/LA

-4-

Case No. CV12-03237
NOTICE OF MOTION AND MOTION FOR APPROVAL OF SALE OF LOAN PORTFOLIO, ETC.

The results of the sale process were fair and appear to validate the approach. Through this process, the Receiver is recovering 110% of the unpaid principal amount of the 504 Loans.

### III.  CONCLUSION

Wherefore the Receiver requests that the Court grant the Motion and authorize the Receiver to sell the Assets to Buyer pursuant to the Loan Purchase and Sale Agreement and to waive the requirements set forth in 28 U.S.C. § 2004 for publication, appraisal, and public auction.

Dated: December 12, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ David R. Zaro
DAVID R. ZARO
Attorneys for Receiver
THOMAS A. SEAMAN

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1001578.01/LA

-5-

Case No. CV12-03237
NOTICE OF MOTION AND MOTION FOR
APPROVAL OF SALE OF LOAN PORTFOLIO,
ETC

# PROOF OF SERVICE

*Securities and Exchange Commission v. Small Business Capital Corp; Mark Feathers, et al.*
USDC, Northern District of California – San Jose Division – Case No. 5:12-cv-03237-EJD

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**NOTICE OF MOTION AND MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN PORTFOLIO AND NON-SBA LOANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **December 12, 2014**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Eric James Adams**
  eric.adams@sba.gov

- **John Brian Bulgozdy**
  bulgozdyj@sec.gov,LAROFiling@sec.gov,delgadilloj@sec.gov,mitchells@sec.gov,
  berryj@sec.gov,irwinma@sec.gov

- **California Business Bank**
  rormond@buchalter.com

- **Lynn Marie Dean**
  deanl@sec.gov,larofiling@sec.gov,mitchells@sec.gov,berryj@sec.gov
  irwinma@sec.gov

- **Ted Fates**
  tfates@allenmatkins.com,bcrfilings@allenmatkins.com,jbatiste@allenmatkins.com

- **Susan Frances Hannan**
  hannans@sec.gov

- **John M. McCoy , III**
  mccoyj@sec.gov

- **Richard Paul Ormond**
  rormond@buchalter.com,jwright@buchalter.com,clazo@buchalter.com

- **Loraine L. Pedowitz**
  lpedowitz@allenmatkins.com

- **Thomas A. Seaman**
  tom@thomasseaman.com

982442.02/LA

- 1 -

1
- **David Robert Zaro**
  dzaro@allenmatkins.com

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On  **December 12, 2014** , I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

| *Pro Se* **Defendant** | **Via Overnight Mail** |

Mark Feather
1520 Grant Road
Los Altos, CA  94024
650.776.2496 (phone) | 650.961.2382 (fax)
markfeathers@sbcglobal.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on **December 12, 2014** at Los Angeles, California.

/s/ *Martha Diaz*
Martha Diaz

982442.02/LA

- 2 -