1  DAVID R. ZARO (BAR NO. 124334)
   TED FATES (BAR NO. 227809)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone: (213) 622-5555
   Fax: (213) 620-8816
5  E-Mail: dzaro@allenmatkins.com
           tfates@allenmatkins.com
6
7  Attorneys for Receiver
   THOMAS A. SEAMAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DISTRICT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV12-03237 EJD |
| Plaintiff, | EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO APPROVE SALE OF 504/FMLP LOAN PORTFOLIO AND NON SBA LOANS [Dkt. 988]; DECLARATION OF RECEIVER, THOMAS A. SEAMAN, IN SUPPORT THEREOF; [PROPOSED] ORDER |
| vs. | |
| SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; AND SBC PORTFOLIOS, LLC, | |
| Defendants. | Ctrm: 4 - 5th Floor<br>Judge: Hon. Edward J. Davila |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1005268.01/LA

Case No. CV12-03237 EJD
EX PARTE MOTION FOR ORDER
SHORTENING TIME FOR HEARING ON
MOTION TO APPROVE SALE OF 504/FMLP

Thomas A. Seaman ("Receiver"), the Court-appointed Receiver for Small Business Capital Corp. ("SB Capital"), Investors Prime Fund, LLC ("IPF"), SBC Portfolio Fund, LLC ("SPF") and their subsidiaries and affiliates (collectively, "Receivership Entities"), hereby applies *ex parte* for an order shortening time for a hearing on the Receiver's Motion For Approval of Sale of 504/FMLP Loan Portfolio and Non-SBA Loans (the "Sale Motion") filed December 12, 2014, Dkt. 988. This Sale Motion is filed in accordance with the prior Order Granting Approval of Sale Procedures for Loan Portfolios and 7(a) License, dated May 9, 2014. [Docket 898].

Notice of this *ex parte* motion was provided to and discussed with the Securities and Exchange Commission and they have indicated that they do not oppose.

This *ex parte* motion is further supported by that Declaration of Thomas A. Seaman in Support of *Ex Parte* Motion For Order Shortening Time For Hearing on Motion to Approve Sale, filed herewith.

## I. INTRODUCTION

This *ex parte* motion seeks to set a hearing date within the next 30 days for the Sale Motion which has been concurrently filed herewith and is set for February 5, 2015, the date assigned by the Court's courtroom deputy. Specifically, the Receiver requests a hearing on January 8, 2015, or, (at the latest, January 15, 2015.)

The Motion seeks authority to sell the 504 loan portfolio and the SB Capital loans for 110% and 60% of the principal value of the respective loans. This valuable sale opportunity is jeopardized by the inability of the Receiver to obtain a hearing sooner than February 5, 2015. That is, the sale is premised upon, among other things, the size and quality of the 504 loan portfolio as of December 5, 2014, the date of execution of the Loan Purchase and Sale Agreement executed by Western Alliance Bank, an Arizona corporation (the "Buyer"). As noted in the Seaman Declaration, there are significant risks of loss associated with having to wait until February 5, 2015 for Court approval.

By this application, the Receiver requests an order shortening the time for a hearing on the Motion. The Receiver requests that the Motion be heard within the next thirty (30) days, specifically on January 8, 2015.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**
1005268.01/LA

Case No. CV12-03237 EJD
EX PARTE MOTION FOR ORDER
SHORTENING TIME FOR HEARING ON
MOTION TO APPROVE SALE OF 504/FMLP

## II.     CAUSE FOR SHORTENING TIME

There is good cause to hear the Motion within the next 30 days. As a result of extensive marketing and negotiations, the Receiver has received an offer to purchase the 504 loans valued at 110% of the principal amount of the 504 loans being sold, plus approximately 60% of the principal amount of the Non-SBA Loans. The sale has been approved the Small Business Administration.

The parties contemplated that the sale would close within approximately 30 days of execution of the Loan Purchase and Sale Agreement, albeit subject to Court approval.

To the extent that loans in the portfolio are paid off or the sale cannot be consummated within the next 30 days, the Buyer may seek a credit for interest and servicing income. If there was a substantial change in the makeup of the 504 loan portfolio, then Buyer could possibly seek to withdraw from the deal. Either event could reduce the Receiver's recovery and adversely impact investors and creditors. Seaman Declaration, ¶ 10-12. Furthermore, to the extent that any of the loans are paid off via refinancing by borrowers while we are awaiting for the February 2015 hearing, further substantial losses may occur based upon the loss of the premium being paid for these loans. Id. at 10-12.

If the Motion cannot be heard until February 5, 2015, there is a significant chance that recovery by the Receiver, and thus distributions to investors, will be less than if the Motion is heard in the next 30 days. Id.

## III.     CONCLUSION

Wherefore the Receiver requests an order shortening time on the Motion and setting the Motion for hearing in the next 30 days, specifically on January 8, 2015.

Dated: December 12, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:     */s/ David R. Zaro*
DAVID R. ZARO
Attorneys for Receiver
THOMAS A. SEAMAN

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1005268.01/LA

-2-

Case No. CV12-03237 EJD
EX PARTE MOTION FOR ORDER
SHORTENING TIME FOR HEARING ON
MOTION TO APPROVE SALE OF 504/EMI P

DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>    vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIOS, LLC,<br><br>          Defendants. | Case No. CV12-03237 EJD<br><br>DECLARATION OF THOMAS A. SEAMAN IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR APPROVAL OF SALE OF 504/FMLP LOAN AND NON SBA LOANS<br><br>Ctrm:  4, 5th Floor<br>Judge: Hon. Edward J. Davila |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1005328.01/LA

Case No. CV12-03237 EJD
DECLARATION OF THOMAS SEAMAN IN
SUPPORT OF SALE MOTION

I, Thomas A. Seaman, declare:

1. I am the court-appointed receiver for Small Business Capital Corp. ("SB Capital"), Investors Prime Fund, LLC ("IPF"), and SBC Portfolio Fund, LLC ("SPF"), and their subsidiaries and affiliates ("Receivership Entities"). I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would personally and competently testify to them. This declaration is prepared in support of the Ex Parte Motion for Order Shortening Time On Motion for Approval To Sell 504/FMLP Loan Portfolio and Non-SBA Loans (the "Sale Motion"). At present, I am seeking Court approval of the sale to Western Alliance Bank ("Western"), of the 504/FMLP and non-SBA loans for a sale price of 110% of the principal amount of the 504/FMLP loans. As noted below, I am concerned that this sale or the value of the sale may be jeopardized if we cannot have a hearing on the Sale Motion in the next 30 days and specifically on January 8, 2015.

2. During my tenure as Receiver, I have stabilized the servicing of the loans and ensured that the loan portfolio generated profits. The resulting stability of the loan portfolios, combined with effective marketing of the assets and the yield enhancement of the servicing income, has proved to be attractive to potential bidders. As such, if the sale Motion is approved, Western will pay the Receivership Entities 110% of the amounts due on the 504/FMLP loans and 60% of the non-SBA loans.[1]

3. On May 9, 2014, the Court entered the Order Granting Approval for Sale Procedures for Loan Portfolios and 7(a) License; Authorizing Engagement of Voit Real Estate Services LP as Broker (the "Sale Procedures Order"). After entry of the Sale Procedures Order, Voit Real Estate Services LP ("Voit") and I diligently marketed the loan portfolios in accordance with the process described in the Sale Procedures Order. As indicated by the following statistics, the loan portfolios were widely exposed to the

---

[1] The non-SBA loans are either unsecured or undersecured. As such, they are much riskier than SBA 504 loans. In addition, the non-SBA loans do not produce servicing income.

1  marketplace: 7,262 parties were notified of the sale; the Receiver executed non-disclosure
2  agreements with 149 entities with access given to 191 people at those entities; and 24
3  potential bidders paid the $500 access fee to complete full due diligence.

4    4.    Upon the conclusion of the due diligence period, I received 15 indicative
5  bids. Seven were for the 504/FMLP loan portfolio only, and five were for the non-SBA
6  loans only. Eight bidders bid on both portfolios. The range of initial indicative bids were
7  approximately 88% - 100% on the 504/FMLP loans and 28% to 65% of the non-SBA
8  loans. After several rounds of bidding and review by the SBA, I selected Western based
9  on its bid of 110% of the 504/FMLP loans and 60% of the non-SBA loans. Western has
10  executed the Loan Purchase and Sale Agreement. Based upon the foregoing analysis and
11  my good faith business judgment, I recommend proceeding with the sale of the Assets to
12  Western pursuant to the Loan Purchase and Sale Agreement.

13    5.    The SBA submitted a claim for over $24 million in the receivership. This
14  claim is contingent upon the SBA proving their contention that certain of the loans in the
15  portfolio did not conform to the loan program rules and that they have suffered damages as
16  a result of the loan program deficiencies. I strongly object to the SBA claim.

17    6.    Based on my discussions with the SBA, it has become clear that one way to
18  satisfy the SBA's claim may be through the sale of the loan portfolios to third parties who
19  assume the liability associated with the loans. The SBA has approved Western as the
20  purchaser of the subject loans based on Western's assumption of liabilities to the SBA.

21    7.    In the course of concluding the agreement with Western, my counsel sought
22  a Court date for a hearing to approve the sale. The Court's calendar clerk provided a
23  hearing date of February 5, 2015. I informed the buyer of the date. Based upon their
24  response, I am concerned that they may either withdraw from the sale altogether or
25  demand a discount or improvement in the terms based on a closing date that is well beyond
26  the contemplated closing period.

27    8.    In addition to the foregoing, I am also concerned that a February 5, 2015
28  hearing date exposes the receivership to the risk of losses that may occur as a result of loan

1  prepayments. That is, to date, several of the loans in these portfolios have been paid off. If a borrower in the 504/FMLP loan portfolio were to prepay their loan, the receivership estate will only receive 100% of the unpaid principal as opposed to 110% when the sale concludes. Moreover, if certain of the large loans are prepaid, then the portfolio may be too small to be of interest to Western and they may choose not to close the purchase and sale based upon a material change in circumstances.

9. Part of the appeal of this loan portfolio to purchasers is the ability of the purchaser to potentially refinance certain of the higher interest rate loans that are included in the portfolio. If we experience additional loan prepayments prior to closing, this benefit to the buyer could be diluted. In short, I am concerned that if the Court does not hear the matter until February 5, 2015 that the sale could be lost or the value of the sale could be reduced below the premium that has been achieved through the marketing and sale process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of December 2014, at Irvine, California.

_____
THOMAS A. SEAMAN

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1005328.01/LA

-3-

Case No. CV12-03237 EJD
DECLARATION OF THOMAS SEAMAN IN
SUPPORT OF SALE MOTION

# PROPOSED ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>Defendants. | Case No. CV12-03237 EJD<br><br>[PROPOSED] ORDER SHORTENING TIME ON MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN AND NON SBA LOAN PORTFOLIOS<br><br>Ctrm: 4 - 5th Floor<br>Judge: Hon. Edward J. Davila |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1005513.01/LA

Case No. CV12-03237 EJD
[PROPOSED] ORDER SHORTENING TIME
ON INTERIM FEE APPLICATIONS

The Ex Parte Application for Order Shortening Time on Motion for Approval to Sell 504/FMLP Loan Portfolio and Non-SBA Loans ("Ex Parte Motion") of Thomas A. Seaman ("Receiver"), Court-appointed permanent receiver for Small Business Capital Corp., Investors Prime Fund, LLC, SBC Portfolio Fund, LLC, and their subsidiaries and affiliates, came before the Court. The Court, having received and read the Ex Parte Motion and all papers in support thereof or opposition thereto, and being so advised in the matter and finding good cause, orders as follows:

**IT IS ORDERED:**

1. The Ex Parte Motion is granted.

2. The hearing date for the Motion for Approval to Sell 504/FMLP Loan Portfolio and Non-SBA Loans is hereby advanced to January 8, 2015, at 9:00 a.m.

Dated: _____

_____
Hon. Edward J. Davila
Judge, United States District Court

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1005513.01/LA

Case No. CV12-03237 EJD
[PROPOSED] ORDER SHORTENING TIME
ON INTERIM FEE APPLICATIONS

# PROOF OF SERVICE

*Securities and Exchange Commission v. Small Business Capital Corp; Mark Feathers, et al.*
USDC, Northern District of California – San Jose Division – Case No. 5:12-cv-03237-EJD

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

- **EX PARTE MOTION FOR ORDER SHORTENING TIME ON MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN PORTFOLIO AND NON-SBA LOANS**

- **DECLARATION OF THOMAS A. SEAMAN IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME ON MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN PORTFOLIO AND NON-SBA LOANS; AND**

- **[PROPOSED] ORDER SHORTENING TIME ON MOTION OF RECEIVER FOR APPROVAL OF SALE OF 504/FMLP LOAN AND NON-SBA LOANS**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **December 12, 2014**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Eric James Adams**
  eric.adams@sba.gov

- **John Brian Bulgozdy**
  bulgozdyj@sec.gov,LAROFiling@sec.gov,delgadilloj@sec.gov,mitchells@sec.gov, berryj@sec.gov,irwinma@sec.gov

- **California Business Bank**
  rormond@buchalter.com

- **Lynn Marie Dean**
  deanl@sec.gov,larofiling@sec.gov,mitchells@sec.gov,berryj@sec.gov,irwinma@sec.gov

- **Ted Fates**
  tfates@allenmatkins.com,bcrfilings@allenmatkins.com,jbatiste@allenmatkins.com

- **Susan Frances Hannan**
  hannans@sec.gov

- **John M. McCoy , III**
  mccoyj@sec.gov

982442.01/LA

- 1 -

- **Richard Paul Ormond**
  rormond@buchalter.com,jwright@buchalter.com,clazo@buchalter.com

- **Loraine L. Pedowitz**
  lpedowitz@allenmatkins.com

- **Thomas A. Seaman**
  tom@thomasseaman.com

- **David Robert Zaro**
  dzaro@allenmatkins.com

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **December 12, 2014**, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

| *Pro Se* **Defendant** | **Via Overnight Mail** |
|---|---|

Mark Feather
1520 Grant Road
Los Altos, CA 94024
650.776.2496 (phone) | 650.961.2382 (fax)
markfeathers@sbcglobal.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **December 12, 2014** at Los Angeles, California.

/s/ *Martha Diaz*
Martha Diaz

982442.01/LA

- 2 -