Mark Feathers, *Pro Se* defendant
markfeathers@sbcglobal.net
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 575-7881
Facsimile: (650) 961-2382

Filed
JAN 0 5 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>PLAINTIFF,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP., MARK FEATHERS, INVESTORS PRIME FUND, LLC, AND SBC PORTFOLIO FUND, LLC<br><br>DEFENDANTS. | Case No.    CV12-03237-EJD<br><br>**MARK FEATHERS OPPOSITION TO RECEIVER'S ADMINISTRATIVE MOTION (COURT DOCKET 998) FOR PAYMENT OF LOAN SERVICING COSTS FOR NOVEMBER 2014**<br><br>AND<br><br>**REQUEST FOR JUDICIAL NOTICE OF**<br><br>**EXHIBIT A: HOUSTON BUSINESS AND LAW JOURNAL**<br><br>Judge: Hon. Edward J. Davila |

## BASIS FOR OPPOSITION TO RECEIVER'S REQUEST FOR PAYMENT

A reading of this person's numerous oppositions, and the reasons outlined therein, to the Receiver's fee requests and reports to the Court over the past twenty four months would show why this Defendant holds belief that Thomas A. Seaman is a poster-child for the public's distrust of court appointed receivers and trustees. That is aside from the separate fact that in this lawsuit Seaman, *prima facie*, prior to, or subsequent to, or both, the time of his appointment as an officer of this Court, has violated California Civil Codes 1700 and 1710 in his fraud of deceit and his fraud of concealment about the matter of "not" being a licensed CPA, as falsely represented by SEC (see Court Dockets 274 & 275), and aside from the fact that Seaman has in his past falsely advertised himself to be a CPA as outlined in this Defendant's prior pleadings with this Court.

OPPOSITION

## SEC RECEIVERS AND THE PRESUMPTION OF INNOCENCE

This party respectfully requests that, prior to approving Seaman's request, this Court take Judicial Notice on its own of Exhibit A, per Federal Rule of Evidence 201(c)(1). Exhibit A is a copy of a Houston Business and Tax Law Journal outlining due process considerations (Constitutional violations, more candidly) which might occur in SEC lawsuits, and, in fact, are the kind of due process considerations (Constitutional violations) which this Defendant asserts have come about in this lawsuit for himself and for the hundreds of the third party investors of the named defendant investment funds in this lawsuit. Seaman's *prima facie* tortious acts, in fact, make this a ripe time for this Court, and those above it, to consider all elements of SEC requested receivers, including the nature of their appointment, their actual license(s) held or purportedly held, conflicts of interest known and unknown at the time of their appointment, and how these all tie in to a very core issue of American law – which is a Presumption of Innocence of the Defendants, and every element of consideration in the appointment of a receiver that may run counter to that core principle of American law. If mistakes of the past are not recognized as they occur, and, or, if they are not remedied so as to prevent these same mistakes from occurring in the future, then the whole of the Judiciary will suffer from the public's lack of confidence in their abilities, and the public will suffer from a perception of the Judiciary which is out of touch with the real world upon which we all live in, and of the Judiciary's respect for the tenets of the Constitution and of the Bill of Rights.

This party respectfully requests that, prior to approving Seaman's request, this Court take Judicial Notice, under Federal Rule of Evidence 201(c)(2), of the page marked "216" of Exhibit A, paragraph D, sentence 2, and the elements outlined in footnote no. 112 on that same page. In so much as this Court is also aware of a criminal indictment against this Defendant (See Court Docket 987), this Defendant also requests this Court take notice of the page marked "225", and the very last sentence on that page, and the matters outlined in footnote no. 193 to that sentence.

### Conclusion

This party prays for disapproval of payment to Seaman, or a stay of approval while the 9th Circuit considers Defendant's prior appeal to disallow payments to the Receiver (Case 14-15938).

1-5-14    Respectfully,    Mark Fischer, pro se

-1-

DEFENDANT'S OPPOSITION FILING TO RECEIVER'S REQUEST FOR PAYMENT
Case No. CV-12-03237