Mark Feathers, in *Pro Per*
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 575-7881

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>PLAINTIFF,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP., MARK FEATHERS, INVESTORS PRIME FUND, LLC, AND SBC PORTFOLIO FUND, LLC<br><br>DEFENDANTS. | Case No.      CV12-03237-EJD<br><br>**MARK FEATHERS' RESPONSE TO ORDER TO SHOW CAUSE (COURT DOCKET 1000)**<br><br>Courtroom 4, 5th Fl<br>(Hon. Edward J. Davila) |

MARK FEATHERS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

1     Hearing dates are reserved on the Court's calendar concerning matters of substantial importance to parties in this lawsuit and to third party defendant fund investors. These motions are for a determination as to the Receiver's gross negligence on his failure to correct a false licensing description by Plaintiff (Court Docket 950) and a request to consider due process interferences from Plaintiff's Cumulative Errors (Court Docket 980). If the Court's Order to Show Cause precludes opportunity to address these motions, this party is opposed to a Final Order.

    This person notes that Plaintiff also opposes a Final Order (Court Docket 1003). Plaintiff appears to employ as the basis to its opposition the nonsensical argument that a final Order should be delayed for an opportunity to determine disgorgement for the defendants, including the mortgage investment fund defendants. Exactly why would investment funds with a third party manager ever be required to pay disgorgement, especially when this would then go themselves? Plaintiff's true reason or logic for opposing a Final Order is not clear. However, Plaintiff has a history of providing hidden, false, and grossly misleading financial illustrations to this Court (see Dockets 126 & 187) and false licensing descriptions of their recommended fiduciary (see Dockets 274 & 275). On many occasions this party and third party fund investors have asked the Court as to why Plaintiff is afforded credibility with this Court, given these prior grave self-impeachments. *Prima facie*, it appears these funds were named as defendants only for the plum low-hanging fruit they offered, with millions of dollars liquidity and income, to make it attractive for a receiver/tortfeaser[1] to prostitute himself for Plaintiff's cause and, *prima facie*, as their agent[2].

Dated: _____

    Mark Feathers, in *pro per*

---

[1] Feathers has asked the 9th Circuit for permission to sue Seaman on the *prima facie* basis that he has violated California Civil Codes 1700 and 1710 relating to fraud of deceit and fraud of concealment in the matter of not correcting SEC's false description of him as a "licensed CPA".

[2] SEC has asked for Thomas A. Seaman's employment many times over and in violation of several Government Accountability Reports to Congress advising Plaintiff to discontinue such practices; see Court Docket 94, "Motion to Dismiss Receiver", pages 2 - 4.

-1-

MARK FEATHERS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE
Case No. CV-12-03237