UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  5:12-cv-03237 EJD |
| Plaintiff, | **ORDER GRANTING SEVENTH MOTIONS FOR INTERIM FEES AND COSTS** |
| v. | Re: Dkt. Nos. 966, 967 |
| SMALL BUSINESS CAPITAL CORP., et al., | |
| Defendants. | |

## I.    INTRODUCTION

In this civil enforcement action, Plaintiff Securities and Exchange Commission ("SEC") alleges that individual defendant Mark Feathers ("Feathers") and institutional defendants Small Business Capital Corp., Investors Prime Fund, LLC, and SBC Portfolio Fund, LLC violated federal law in the offer and sale of investment fund securities.  On June 10, 2012, this court issued a stipulated preliminary injunction appointing Thomas A. Seaman ("Seaman") as the permanent receiver of the institutional defendants.  See Docket Item No. 34.  The court also granted, that same day, Seaman's motion to engage Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins") as his general counsel.  See Docket Item No. 36.

Pursuant to the preliminary injunction order, Feathers and the institutional defendants "shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the

United States District Court
Northern District of California

performance of his duties," including the costs of his counsel.  See § XII of Docket Item No. 34. Presently before the court is Seaman's seventh motion for interim fees pursuant to the preliminary injunction order.  See Docket Item No. 966.  Also before the court is Allen Matkins' similar request for fees and costs.  See Docket item No.  967.  Feathers has filed an opposition to these motions.  See Docket Item No. 970.  The SEC supports the requests.  See Docket Item No. 976.

Having carefully reviewed these matters, the court finds them suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for February 5, 2015, will be vacated.  The seventh interim fee applications will be granted for the reasons explained below.

## II.    LEGAL STANDARD

A court appointing a receiver "has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."  In re Alpha Telcom, Inc. [Alpha Telcom II], No. 03:01-CV-1283-PA, 2013 U.S. Dist. LEXIS 32391, at *51, 2013 WL 840065 (D. Or. Mar. 6, 2013) (citing Drilling & Exploration Corp. v. Webster, 69 F.2d 416, 418 (9th Cir. 1934)).  "[C]onsiderable discretion" is afforded to the court in that regard, which may fashion a "fee award that is appropriate under the circumstances."  Id. at *52.

In exercising its discretion over fees, the court must be mindful that a receiver and any assisting professionals should be "reasonably, but not excessively" compensated for efforts to benefit the receivership estate.  Id.  "[I]n receivership situations, lawyers should be awarded moderate fees and not extravagant ones."  SEC v. Byers, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008).  Thus, it is often appropriate to award a reduced rate in order to reflect the public interest involved in preserving funds held in the receivership estate.  See id. at 646-47.  Emphasis on sufficient, but not excessive, compensation for the receiver aids in securing confidence in the process because the injured investors usually recover "only a fraction of their losses."  Id. at 645.

Several additional factors should also be considered.  Alpha Telcom II, 2013 U.S. Dist. LEXIS 32391, at *51-52.  In particular, an award of interim fees may be necessary "where both the magnitude and the protracted nature of a case impose economic hardships on professionals

rendering services to the estate." In re Alpha Telcom, Inc. [Alpha Telcom I], No. 01-CV-1283-PA, 2006 U.S. Dist. LEXIS 79997, at *7, 2006 WL 3085616 (D. Or. Oct. 27, 2006). Also relevant is the "economy of administration, the burden that the estate may be able to bear, the amount of time required, although not necessarily expended, and the overall value of the services provided to the estate." In re Imperial "400" Nat., Inc., 432 F.2d 232, 238 (3rd Cir. 1970). These factors along with other unique considerations may persuade the court to award the entirety of the requested interim fees or some amount less than requested. See Byers, 590 F. Supp. 2d at 648.

When interim fees are at issue, courts will routinely withhold a portion of the requested fees because "until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which the allowance of interim compensation is sought." Alpha Telcom I, 2006 U.S. Dist. LEXIS 79997, at *7-8. Lastly, "courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application" and courts "endorse percentage cuts as a practical means of trimming fat from a fee application." Id. (internal quotations omitted).

## III.     DISCUSSION

### A.     The Fee Requests

Seaman and Allen Matkins currently request the following fees for services performed:

| Applicant and Role | Fees Incurred | Interim Payment Requested | Costs Incurred | Total Interim Payment Requested |
|---|---|---|---|---|
| Seaman (Receiver) | $198,712.00 | $178,840.80 | $0 | $178,840.00 |
| Allen Matkins (Receiver's General Counsel) | $138,784.05 | $110,047.00 | $3,332.47 | $113,379.47 |

As the above chart demonstrates, Seaman requests approval of his fees in full and the authority to pay 90% of the $198,712.00 in fees incurred from May 1, 2014, through July 31, 2014, amounting to $178,840.00. Seaman requests compensation for 1,220.3 hours of work during this period at a blended hourly rate of $163. Compensation for expenses is not requested.

Allen Matkins requests $110,047.00 of the $138,784.05 in total fees incurred during this

United States District Court
Northern District of California

period, which amounts to 278.6 hours of work at a blended hourly rate of $395.00.  Allen Matkins also requests compensation for all expenses, or $3,332.47.  The total payment requested is $113,379.47.

### B.  Analysis of Applications

#### i.  Seaman

During the seventh interim period, Seaman and his staff undertook a variety of activities to administer the receivership estate.  Seaman continued to manage and service the loan portfolio, which included collecting loan payments, monitoring loan status, resolving problem loans, and attending required site visits.  Seaman's management resulted in benefit to the estate in that regard, since the receivership entities were paid $251,591.78 in loan servicing fees during this period, while Seaman charged $87,256.80 to manage the loans.  A net profit of $160,335.00 was therefore realized by the estate.  Seaman also prepared the loan portfolio and SBLC license for sale, which required coordination with the SBC as well as the review of over 100,000 pages of loan materials.  In addition, Seaman commenced and continued to participate in litigation against California Business Bank on behalf of the receivership estate.

In light of the extensive work Seaman and his staff undertook on behalf of the estate, and in recognition of the benefit this work has conferred, the court will approve Seaman's interim request for fees in the amount of $198,712.00, of which he will be authorized to pay $178,840.80, or 90% of that amount, from the receivership estate as this time.

#### ii.  Allen Matkins

As it has throughout this litigation, Allen Matkins supported Seaman in his management efforts during the seventh interim period.  Allen Matkins responded to Feathers' communications and court filings, including those in the Ninth Circuit Court of Appeals, and prepared reports for the court.  The firm also assisted in servicing the loan portfolio by addressing legal issues raised by problem loans and obtaining court authorization to sell the loans and the SBLC license.  Furthermore, Allen Matkins managed the estate's legal action against California Business Bank, which has become seriously contested.

1    For this period, the court will grant Allen Matkins' request for fees in the amount of

2    $110,047.00.  The remaining amount, $28,737.05, will be withheld until the conclusion of the

3    receivership.  The court will also authorize Allen Matkins' expenses of $3,332.47.

4    However, while Allen Matkins' fees are granted as requested for this particular application,

5    the court is nonetheless compelled to address its argument that it is "unfair" to reduce this and

6    future fee requests to an amount that reflects an hourly rate of less than $395.00.  Simply put,

7    doing so is not unfair.  As has been stated previously, this court's primary duty is to preserve the

8    receivership estate for the benefit of the investors.  The court takes that duty seriously, as should

9    the other involved parties.  Indeed, all participants must be mindful that the estate is a limited

10   resource with a number of interested claimants, including investors and professionals assisting in

11   its management.  Out of necessity, claims of all types must be reduced where appropriate in order

12   to provide at least partial compensation to the broadest number of parties.  Like investors,

13   professional claimants are not immune from such reductions.

14   Moreover, it must be emphasized that the court did not order any particular hourly rate

15   when it authorized Seaman to engage Allen Matkins as his counsel; it approved Allen Matkins'

16   appointment considering its agreement not to charge the estate more than $395.00 per hour.  The

17   actual rate of compensation is instead subject to a number of discretionary factors, and it is not

18   unfair to Allen Matkins when such factors compel a reduced fee award.  Those factors did not

19   require a reduction this time, but they may again in the future.

20   **IV.    CONCLUSION AND ORDER**

21   The motions for fees and expenses incurred by Seaman and Allen Matkins (Docket Item

22   Nos. 966, 967) are GRANTED.   The requested amounts are disbursed as follows:

| Applicant | Fees & Expenses Authorized for Distribution | % of Requested Fees Authorized for Distribution | % of Request |
|---|---|---|---|
| **Seaman (Receiver)** | $178,840.80 | 90% | 100% |
| **Allen Matkins (Receiver's General Counsel)** | $110,047.00 (fees) $3,332.47 (expenses) | 79% (fees) 100% (expenses) | 100% |

5

1
     The hearing scheduled for February 5, 2015, is VACATED.

2

3
     **IT IS SO ORDERED.**

4
Dated:  February 2, 2015

5


6
EDWARD J. DAVILA
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No.: 5:12-cv-03237 EJD
ORDER GRANTING SEVENTH MOTIONS FOR INTERIM FEES AND COSTS