1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                    SAN JOSE DIVISION

10

11   SECURITIES AND EXCHANGE              Case No. 5:12-cv-03237 EJD
     COMMISSION,
12                                        **ORDER DENYING DEFENDANTS'**
                    Plaintiff,            **MOTIONS**
13        v.                              Re: Dkt. Nos. 950, 980

14   SMALL BUSINESS CAPITAL CORP., et
     al.,
15
                    Defendants.
16

17        Presently before the court are two motions filed by Defendant Mark Feathers ("Feathers").

18   The first is a request to find that the permanent receiver, Thomas A. Seaman ("Seaman"), has

19   committed an act of "gross negligence." See Docket Item No. 950. The second requests multiple

20   types of relief, including that the permanent injunction appointing a receiver be dismissed, that

21   Seaman be discharged, that the court provide litigation fees and a jury trial to Feathers, that the

22   defendants be awarded damages, and that Seaman return all funds to the receivership estate. See

23   Docket Item No. 980. Oppositions to both motions have been filed. See Docket Item Nos. 957,

24   958, 984. The court has also received from three investors identical declarations in support of

25   Feathers' second motion. See Docket Item Nos. 977-979.

26        These matters are suitable for decision without oral argument pursuant to Civil Local Rule

27   7-1(b). Accordingly, the hearing scheduled for February 5, 2015, is VACATED. Having

28

1 | carefully considered all relevant materials, the court finds, concludes and orders as follows:

2 |       1.      In his first motion, Feathers contends that Seaman committed "gross negligence"

3 | because he is not a CPA, and this fact was not disclosed when he was appointed permanent

4 | receiver for the institutional defendants.  This argument has been raised several times by Feathers,

5 | and has been rejected each time as a basis for any type of relief.  In fact, the court heard extensive

6 | argument on this issue at a hearing on May 10, 2013, and ultimately found it had no injurious or

7 | prejudicial effect on Feathers, the institutional defendants, or the investors.  This motion raises

8 | nothing new.  Accordingly, the motion for a "gross negligence" finding (Docket Item No. 950) is

9 | DENIED.

10 |       2.      In his second motion, Feathers again raises the fact that Seaman is not a CPA.  That

11 | argument is no more convincing here, and does not provide support for any of the relief requested.

12 | In addition, any information supplied to the court in the SEC's application for a temporary

13 | restraining order or any allegations contained in the original complaint are of decreased

14 | significance in light of the summary judgment order filed on August 16, 2013, wherein the court

15 | determined after reviewing the entire record that Feathers engaged in several violations of federal

16 | securities laws.  Since it is those findings that now justify an ongoing injunction and the continued

17 | appointment of a receiver, there is no reason to dissolve or dismiss the permanent injunction.

18 |       Furthermore, the undisputed material evidence submitted by the parties demonstrated

19 | Feather's liability on summary judgment.  Thus, there is no need for a jury trial on that issue and,

20 | in turn, no reason to distribute litigation expenses to Feathers or any legal basis upon which to

21 | award damages to defendants.  And, as has been explained previously, the summary judgment

22 | order cannot be disturbed by this court since it is under review by the Ninth Circuit Court of

23 | Appeals.  See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001)

24 | ("Once a notice of appeal takes effect, the district court loses jurisdiction over the matter placed

25 | before the appellate court.").  In short, Feathers has not identified error, cumulative or otherwise,

26 | which would necessitate some change in the current orders.

27 |       3.      As noted, Feathers continues to raise an argument that has been reviewed numerous

*United States District Court*
*Northern District of California*

2

1 | times and repeatedly rejected.  The court has previously warned Feathers about this type of
2 | activity.  See Docket Item No. 974 ("While the court certainly does not wish to discourage the
3 | presentation of legitimate matters, Feathers is advised that it is improper to continually raise
4 | rejected arguments. . . . Feathers should take this instruction into consideration for any future
5 | filings.").  Because it is detrimental to the receivership estate - and ultimately to the investors who
6 | must pay for Seaman to respond to this argument over and over again - it is now time for the court
7 | to intervene.  Thus, commencing immediately, Feathers shall not file any pleading on the district
8 | court docket, whether it be a motion, opposition, or other document, which raises or discusses (1)
9 | the fact that Seaman is not a CPA, or (2) that this fact was not disclosed earlier in this action.
10 | Any motion filed in contravention of this order will be summarily terminated, and further
11 | violations may result in the imposition of more significant sanctions.

      **IT IS SO ORDERED.**

Dated:  February 2, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-03237 EJD
ORDER DENYING DEFENDANTS' MOTIONS

*United States District Court*
*Northern District of California*