UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>    Defendants. | Case No. 5:12-cv-03237 EJD<br><br>**ORDER DENYING DEFENDANTS' MOTIONS**<br><br>Re: Dkt. Nos. 950, 980 |

Presently before the court are two motions filed by Defendant Mark Feathers ("Feathers"). The first is a request to find that the permanent receiver, Thomas A. Seaman ("Seaman"), has committed an act of "gross negligence." See Docket Item No. 950. The second requests multiple types of relief, including that the permanent injunction appointing a receiver be dismissed, that Seaman be discharged, that the court provide litigation fees and a jury trial to Feathers, that the defendants be awarded damages, and that Seaman return all funds to the receivership estate. See Docket Item No. 980. Oppositions to both motions have been filed. See Docket Item Nos. 957, 958, 984. The court has also received from three investors identical declarations in support of Feathers' second motion. See Docket Item Nos. 977-979.

These matters are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for February 5, 2015, is VACATED. Having

1

Case No.: 5:12-cv-03237 EJD
ORDER DENYING DEFENDANTS' MOTIONS

carefully considered all relevant materials, the court finds, concludes and orders as follows:

1. In his first motion, Feathers contends that Seaman committed "gross negligence" because he is not a CPA, and this fact was not disclosed when he was appointed permanent receiver for the institutional defendants. This argument has been raised several times by Feathers, and has been rejected each time as a basis for any type of relief. In fact, the court heard extensive argument on this issue at a hearing on May 10, 2013, and ultimately found it had no injurious or prejudicial effect on Feathers, the institutional defendants, or the investors. This motion raises nothing new. Accordingly, the motion for a "gross negligence" finding (Docket Item No. 950) is DENIED.

2. In his second motion, Feathers again raises the fact that Seaman is not a CPA. That argument is no more convincing here, and does not provide support for any of the relief requested. In addition, any information supplied to the court in the SEC's application for a temporary restraining order or any allegations contained in the original complaint are of decreased significance in light of the summary judgment order filed on August 16, 2013, wherein the court determined after reviewing the entire record that Feathers engaged in several violations of federal securities laws. Since it is those findings that now justify an ongoing injunction and the continued appointment of a receiver, there is no reason to dissolve or dismiss the permanent injunction.

Furthermore, the undisputed material evidence submitted by the parties demonstrated Feather's liability on summary judgment. Thus, there is no need for a jury trial on that issue and, in turn, no reason to distribute litigation expenses to Feathers or any legal basis upon which to award damages to defendants. And, as has been explained previously, the summary judgment order cannot be disturbed by this court since it is under review by the Ninth Circuit Court of Appeals. See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) ("Once a notice of appeal takes effect, the district court loses jurisdiction over the matter placed before the appellate court."). In short, Feathers has not identified error, cumulative or otherwise, which would necessitate some change in the current orders.

3. As noted, Feathers continues to raise an argument that has been reviewed numerous

2
Case No.: 5:12-cv-03237 EJD
ORDER DENYING DEFENDANTS' MOTIONS

times and repeatedly rejected.  The court has previously warned Feathers about this type of activity.  See Docket Item No. 974 ("While the court certainly does not wish to discourage the presentation of legitimate matters, Feathers is advised that it is improper to continually raise rejected arguments. . . . Feathers should take this instruction into consideration for any future filings.").  Because it is detrimental to the receivership estate - and ultimately to the investors who must pay for Seaman to respond to this argument over and over again - it is now time for the court to intervene.  Thus, commencing immediately, Feathers shall not file any pleading on the district court docket, whether it be a motion, opposition, or other document, which raises or discusses (1) the fact that Seaman is not a CPA, or (2) that this fact was not disclosed earlier in this action.  Any motion filed in contravention of this order will be summarily terminated, and further violations may result in the imposition of more significant sanctions.

**IT IS SO ORDERED.**

Dated:  February 2, 2015



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:12-cv-03237 EJD
ORDER DENYING DEFENDANTS' MOTIONS