JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower St., Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>　　　　　Defendants. | Case No. 5:12-CV-03237-EJD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MARK FEATHERS' REQUEST FOR LEAVE OF COURT UNDER LOCAL RULE 7-9 TO FILE A MOTION TO MODIFY PRELIMINARY INJUNCTION, ETC. (Dkt. No. 1056)**<br><br>**Tentative Hearing:**<br>Date: September 10, 2015<br>Time: 9:00 am.<br>Place: Courtroom 4, 5th Floor<br>　　　(Hon. Edward J. Davila) |

## I.  **INTRODUCTION**

Plaintiff Securities and Exchange Commission ("SEC") opposes Mark Feathers' Request for Leave of the Court Under Local Rule 7-9 to File a Motion to Modify Preliminary Injunction and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings; and (4) Appointing a Permanent Receiver (Dkt. Nos. 1056 & 1057).

Feathers requests that the Court allocate $1 million of the receivership assets to pay his legal and expert fees in a separate legal proceeding Feathers has filed against the United States of America under the Federal Tort Claims Act ("FTCA").  Feathers' FTCA case is based upon the same facts and theories that he has repeatedly asserted in this case concerning a purportedly "flawed formula" that SEC accountant Roger Boudreau used in calculations made to support the SEC's allegations that Feathers made Ponzi-like payments to investors.  This Court has considered and rejected Feathers' arguments.  In fact, on summary judgment, the Court found that the SEC's substantive allegation that Feathers made Ponzi-like payments to investors was supported by uncontroverted evidence submitted by the SEC, separate and apart from Boudreau's calculations.  The underlying facts that are the basis of Feathers' FTCA claim have been fully litigated in this action, and the Court has found that they do not have any merit.

Feathers now seeks to use $1 million of receivership assets to pursue this same claim in an FTCA case.  The time for making a claim to receivership assets is long past, so that Feathers' request should automatically be disallowed under the Court's prior Order which set a bar date for claims against the receivership assets. (*See* Dkt. No. 715 (claims after February 24, 2014 are automatically disallowed).)  Feathers provides no legal support for his late claim, or for his request to use receivership assets to re-litigate, under the guise of an FTCA action, the same issues that have been litigated and decided in this proceeding.  Feathers also argues that no attorney will represent him in his FTCA case without a Court order, yet the FTCA allows attorneys who prosecute successful tort claims on contingency to recover 25% of any judgment, and 20% of any settlement.  *See* 28 U.S.C. § 2678.  The possibility of receiving many millions in fees from a successful prosecution of Feathers' tort claims should provide adequate incentive to any reputable attorney to assess the merits of Feathers' claim.  Feathers also argues that he represents the interests

of "hundreds of investors of defendant investment funds similarly situated," (*see* Dkt. No. 1057 at page 2 of 10), although it is clear Feathers is only representing his interests. The losses suffered by the investors were caused by Feathers' fraudulent conduct, and not by some imagined tort committed by officers of a federal agency who took action to stop Feathers' fraud.

Thus, Feathers' motion lacks any legal or factual basis, and should be denied in all respects.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The SEC filed its Complaint in this matter on June 21, 2012, and sought emergency relief in the form of a temporary restraining order and appointment of a temporary receiver. (*See* Dkt. Nos. 1 & 5.) The SEC's *ex parte* motion was supported, in part, by a declaration from SEC accountant Roger Boudreau. (Dkt. No. 8.) On June 26, 2012, the Court entered a Temporary Restraining Order and related orders, appointed Thomas Seaman as temporary receiver of defendants Small Business Capital Corp., Investors Prime Fund, LLC, and SBC Portfolio Fund, LLC, and issued an order to show cause re:  entry of a preliminary injunction and appointment of a permanent receiver. (Dkt. No. 16.)

On July 3, 2012, Feathers consented and stipulated to entry of a preliminary injunction and appointment of a permanent receiver. (Dkt. No. 29.) Feathers was *pro se*, but was advised by "counsel, of limited engagement, Mark Fickes, Esq., Braun Hagel & Borden." (*Id*.) On July 10, 2012, the Court issued a Preliminary Injunction and related orders, and appointed Thomas Seaman as permanent receiver. (Dkt. No. 34.)

On August 3, 2012, Feathers made a request to use receivership assets to pay for his defense in this action (Dkt. No. 48), which the SEC opposed. (Dkt. No. 51.) On September 26, 2012, the Court entered an Order Denying Request for Legal Expenses, but set aside $200,000 of the receivership assets which would be paid forthwith to Feathers' counsel "upon any finding that Defendant is successful on the final merits of these proceedings...." (Dkt. No. 70.) Feathers' counsel later withdrew from representing Feathers in this action. (Dkt. No. 98.)

Beginning on November 5, 2012, Feathers filed a number of motions challenging all aspects of the SEC's action. (*See, e.g.*, Dkt. Nos. 92, 93, 94, 96, 126.) One of the motions, titled "Defendant's Request for:  F.R.C.P. 9 Special Sanctions Against Roger Boudreau for Misconduct

of a Government Agent Acting Under Color of Authority and F.R.C.P 12(b)(6) Dismissal for Cause," argued that Boudreau made "false statements and representations" to the Court in his declaration in support of the temporary restraining order, which "was part of an unlawful general seizure" of Small Business Capital. (Dkt. No. 126.) Feathers argued that Boudreau had created "his own tables of false illustrations and illusory [*sic*]," and that "[i]n lay terms, Boudreau has deliberately, fraudulently, and incorrectly" calculated certain numbers to support the claim that Feathers and Small Business Capital had made Ponzi-like payments to investors. (*Id.*)

The SEC opposed the motion to dismiss. (Dkt. No. 160.) In its opposition, the SEC did not dispute that in calculating member returns, it added together the line items "distributions" and "re-invested distributions" to arrive at total distributions. The SEC pointed out, however, that even using all of Feathers' numbers that he put forth in his motion, "the facts still support the Commission's allegations that defendants made Ponzi-like payments to investors in excess of net income or adjusted net income...." (*Id.* at p. 1.) More specifically, the SEC stated:

> Feathers raises factual disputes with certain discrete allegations in the Complaint, specifically the amount of member returns paid to investors as alleged in a chart following paragraph 54 of the Complaint. However, even using Feathers' amounts for the member returns, the facts continue to show that, based on defendants' financial statements, defendants made Ponzi-like payments to investors in 2011 and Q1 2012. For example, Feathers states that IPF's income was $1,366,615.00 in 2011, and that IPF made member distributions of $1,390,853.02. Thus, defendant's own figures show that defendants caused IPF to make distributions in excess of its net income.

(*Id.* at pp. 4-5 (note omitted).)[1]

---

[1] In briefing on summary judgment, Feathers did not dispute that he caused the funds to make distributions in excess of net profits; instead, he argued only that "distributions to members, if they did occur in excess of fund profits, were not prohibited." (Dkt. No. 511 at 19.) Thus, the substance of the allegations in the SEC's Complaint that were supported by Boudreau's declaration – that Feathers caused the funds to make Ponzi-like payments in excess of net income – are undisputed. Therefore, Feathers cannot establish any harm in his FTCA case.

1  The Court held a hearing on this and several other motions on February 22, 2012, and
2  denied Feathers' motion to dismiss and for sanctions.  (Dkt. No. 272.)
3  After the hearing on February 22, 2012, Feathers filed a motion and amended motion to
4  dismiss and for sanctions, titled "FRCP 12 Motion to Dismiss the Lawsuit; Motion to Instruct
5  Receiver to Discontinue Forensic Work and Motion to Dismiss the Receiver and Invalidate all Prior
6  Reports to the Court; FRCP 11 Motion for Sanctions Against Plaintiff's Officers John Bulgozdy
7  and Susan Hannan."  (Dkt. Nos. 273 & 274.)  In that motion, Feathers again complained that a
8  formula used by the SEC "was very defective, has caused to be illustrated in the complaint vastly
9  overstated IPF and SPF distributions, which are improper and unreliable...." and the "formula used
10 by Plaintiff was the work of Roger Boudreau, a licensed public accountant."  (*Id*.)  Feathers
11 subsequently filed a second amended motion (Dkt. No. 275), and the SEC opposed the motion.
12 (Dkt. No. 294.)  The Court held a hearing on this and other motions on May 10, 2013, and denied
13 the motion in all respects.  (Dkt. Nos. 454 & 456.)
14 On April 2, 2013, with leave of Court, Feathers filed a motion to reconsider the Court's
15 Order Denying Request for Legal Expenses, which was titled "Motion for Court Approval of
16 Awarding of Legal Fees Paid for Pro Se Defendant Mark Feathers."  (Dkt. No. 329.)  In that
17 motion, Feathers once again raised the so-called "false formula" used by Roger Boudreau, among
18 many other matters, and requested an award of legal fees.  (*Id*. at p. 4.)  The SEC opposed the
19 motion.  (Dkt. No. 372.)  The Court found that Feathers had provided no basis for disturbing the
20 prior Order, and the motion was denied.  (Dkt. No. 457.)
21 Feathers subsequently filed a motion for summary judgment (Dkt. No. 459), and the SEC
22 also moved for summary judgment.  (Dkt. No. 477.)  In an Order issued on August 16, 2013, the
23 Court granted the SEC's motion for summary judgment and denied Feathers' motion.  (Dkt. No.
24 591.)  Among other findings, the Court found that the SEC has "shown that Feathers was not using
25 Fund profits to pay out returns, but rather other member investments – contrary to the
26 representations of the Funds' offering documents – as 'Ponzi-like payments.'"  (Dkt. No. 591 at p.
27 15.)  Thus, the SEC had established the truth of the substantive allegation in its Complaint –
28

independent of Boudreau's declaration and calculations – that Feathers had made Ponzi-like payments to investors by making distributions in excess of net profits of the funds.

    The SEC subsequently filed its motion for injunction and remedies (Dkt. No. 602), and the Court entered an order that permanently enjoined Feathers from violations of the antifraud and broker-dealer registration provisions of the federal securities laws, ordered Feathers to disgorge $7,782,961.07, and ordered Feathers to pay a $10,000 civil penalty. (Dkt. No. 622.) Feathers appealed the Court's summary judgment order (Dkt. No. 593), and order imposing remedies. (Dtk. No. 623.)

    During the claims process, Feathers submitted claims for over $47 million of the receivership assets, which the Receiver recommended that the Court disallow. (Dkt. No. 626.) The Court sustained the Receiver's objections in an Order issued on February 25, 2014. (Dkt. No. 710.) On February 26, 2014, the Court issued an Amended Order approving the Receiver's Distribution Plan, which automatically disallowed any and all claims to receivership assets submitted after February 24, 2014. (Dkt. No. 715.)

## III. ARGUMENT

    Feathers now asks the Court to allow him to use $1 million of the investors' money held by the Receiver to fund legal and expert fees for his FTCA case, which is premised upon the Boudreau declaration. (*See* Feathers' FTCA Complaint, Dkt. No. 1056-1.) As an initial matter, Feathers' FTCA Complaint lacks merit.[2] Feathers' claim could be dismissed on the basis of collateral estoppel, because he has made claims based on the same facts in this case, which have been adjudicated and rejected by this Court. Feathers' claim could also be dismissed under the discretionary-function exception to the waiver of sovereign immunity in the FTCA. *See* 28 U.S.C. § 2680(a) (the government is immune from suit for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be

---

[2] The SEC understands that the United States will file a motion to dismiss the FTCA action on or before July 28, 2015. If the FTCA Complaint is dismissed, this motion would presumably become moot.

abused.") The Court need not address the merits of Feathers' FTCA complaint, however, to resolve the current motion.

Feathers provides no legal authority for using receivership assets to pay his personal legal fees in a separate tort action against the United States, particularly given the procedural posture of this case in which all claims to receivership assets made after February 24, 2014, are automatically disallowed. (Dkt. No. 715.) While there are cases that address the use of receivership assets by a defendant to fund the defendant's defense in the same SEC enforcement action that created the receivership, *see, e.g., SEC v. Quinn*, 997 F.2d 287 (7th Cir. 1993); *SEC v. Trabulse*, 526 F. Supp. 2d 1008 (N.D. Cal. 2007), those cases would not apply here for a number of reasons. First, Feathers is asserting a claim to receivership assets, but the Court has already concluded the claims process and automatically barred claims made after February 24, 2014. Feathers does not provide any reason why the Court should allow him to assert this new claim long after the claims bar date. Second, the Court sustained the Receiver's objections to Feathers' claims to the receivership assets, (Dkt. No. 710), and Feathers does not provide any authority why his new claim should be viewed any differently than his prior claims, which were disallowed. Third, Feathers has been ordered to pay over $7.7 million in disgorgement of his ill-gotten gains, so he already owes the receivership estate over $7.7 million. The defrauded investors are suffering a loss because of Feathers' failure to disgorge his ill-gotten gains, and Feathers does not provide any legal authority why he should have use of another penny of the investors' money. Thus, Feathers provides no legal authority to support his late claim to $1 million of the receivership assets, and there is none.

Feathers argues that his request would benefit the receivership estate, but this argument lacks any merit. Feathers' FTCA action seeks to re-litigate, under the guise of an FTCA claim, matters that have been decided by this Court in the SEC enforcement action. In several motions filed in this case, Feathers has argued that the Boudreau declaration used a "false formula," and Feathers sought a variety of remedies and sanctions, including dismissal of the SEC's action and dismissal of the receiver. The Court has repeatedly found that Feathers' arguments on this point did not have any merit. Indeed, at summary judgment, the SEC established the proof of the allegation that Feathers made Ponzi-like payments to investors, independent of the statements made in

Boudreau's declaration or the so-called "false formula."[3]  At summary judgment, Feathers did not dispute that he made Ponzi-like payments to investors, and argued only that such payments were not "prohibited" by the offering documents.  In view of these facts, Feathers' efforts to re-litigate his same claims about a "false formula" and Boudreau's conduct in an FTCA action have little, if any, chance of success.  Thus, there is nothing to suggest that Feathers' FTCA claim will provide any benefit to the receivership estate.

Feathers also argues that he cannot get an attorney to provide an "engagement letter" for his FTCA case without some order of this Court.  Feathers is asserting a tort claim against the United States, however, and it is not unusual for attorneys pursuing tort claims to take such matters on a contingent fee basis.  Indeed, the FTCA permits contingent fee awards up to 25% of the amount recovered in a judgment, and 20% of any settlement.  *See* 28 U.S.C. § 2678.  Feathers seeks $17.5 million in damages in his FTCA case, so an attorney on a contingent fee could recover in excess of $4 million in fees if the case were successful.  That is a very substantial fee and should be sufficient inducement for competent counsel to review Feathers' FTCA case and determine if it has merit.  Competent counsel could also consider that Feathers has raised the same facts in this proceeding to no avail, that Feathers has been found to have committed securities fraud, and that Feathers has been indicted for his conduct related to the operation of the funds.  There is no substance to Feathers' argument that an order allowing him to use $1 million of receivership assets is somehow a predicate to obtaining an "engagement letter" from competent counsel.

Finally, the SEC notes that Feathers has opposed payment of any legal fees from the receivership assets for the Receiver and his counsel.  Feathers has taken this position despite the fact that the Receiver and his counsel have provided actual services and value to the defrauded investors, recovered millions of dollars, and stemmed further losses.  In contrast, Feathers defrauded the investors, owes over $7.7 million in disgorgement to the investors, and has taken

---

[3] At the hearing on the summary judgment motions, the Court expressly asked counsel for the SEC if the SEC was relying in any way on Boudreau's declaration in its summary judgment motion, and counsel for the SEC stated that it was not.  In addition, the SEC did not cite to any declaration by Boudreau in support of its motion for summary judgment.

actions in this proceeding to increase the Receiver's fees and expenses. Although Feathers objects to receivership assets being used to pay legitimate expenses that have provided actual value to the receivership estate, Feathers has the audacity to ask for $1 million more from the defrauded investors to pursue his personal vendetta against those who brought his fraud to an end. Feathers does not have a legitimate claim to any of the receivership assets for any purpose, much less for his personal legal fees to pursue his FTCA claim against the United States.

## IV. CONCLUSION

Feathers' motion lacks any merit and should be denied in all respects.

DATED: June 16, 2015  Respectfully submitted,

 */s/ John B. Bulgozdy*
John B. Bulgozdy
Lynn M. Dean
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On June 16, 2015 I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MARK FEATHERS' REQUEST FOR LEAVE OF COURT UNDER LOCAL RULE 7-9 TO FILE A MOTION TO MODIFY PRELIMINARY INUNCTION, ETC. (Dkt No. 1056)** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 16, 2015                    /s/Maureen Franks
                                       Maureen Franks

PROOF OF SERVICE                                       CASE NO. CV12-03237 EJD

**<u>SEC v. SMALL BUSINESS CAPITAL CORP, et al.</u>**
**United States District Court – Northern District of California**
**San Jose Division**
**Case No. 5:12-CV-03237-EJD**
**LA-4141**

<u>SERVICE LIST</u>

Mark Feathers *(served via Email and UPS)*
1520 Grant Road
Los Altos, CA 94024
Email: markfeathers@sbcglobal.net
*Pro Se Defendant Mark Feathers*

David Zaro, Esq. *(served via ECF)*
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa Street, 9th Floor
Los Angeles, CA 90071
Email: *dzaro@allenmatkins.com*
*Attorney for Receiver Thomas Seaman over Defendants Small Business Capital Corp.; Investors Prime Fund, LLC; And SBC Portfolio Fund, LLC*