UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>　　　　　Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER GRANTING EIGHTH MOTIONS FOR INTERIM FEES AND COSTS**<br><br>Re: Dkt. Nos. 1019, 1020 |

**I.　INTRODUCTION**

This securities action was initiated on June 21, 2012, by Plaintiff Securities and Exchange Commission (the "SEC") against defendant Mark Feathers ("Feathers"), Small Business Capital Corp., Investors Prime Fund, LLC, and SBC Portfolio Fund, LLC. Shortly thereafter, this court entered a stipulated injunction appointing Thomas A. Seaman ("Seaman") as the permanent receiver to oversee the institutional defendants. See Docket Item No. 34. The court also granted, that same day, Seaman's motion to engage the law firm of Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins") as his general counsel. See Docket Item No. 36.

The injunction requires that Feathers and the institutional defendants "pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties," including the costs of his counsel. See § XII of Docket Item No. 34. Seaman and Allen Matkins now move pursuant to that order for approval of the fees they incurred from August 1, 2014, through October 31, 2014. See Docket Item Nos. 1019, 1020. These motions represent the eighth such requests filed in this action. Feathers has filed a written opposition. See Docket Item

1

Nos. 1023, 1024.  The SEC supports approval of the fees requests.  See Docket Item No. 1026.

The court has carefully reviewed all of the relevant documents submitted for these matters and considered the arguments presented by all of the interested parties.  The motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for June 18, 2015, will be vacated, and the eighth interim fee applications will be granted for the reasons explained below.

**II.    LEGAL STANDARD**

As it has for each prior fee application, the court begins with a recitation of the applicable legal authority.  A court appointing a receiver "has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."  In re Alpha Telcom, Inc. [Alpha Telcom II], No. 03:01-CV-1283-PA, 2013 U.S. Dist. LEXIS 32391, at *51, 2013 WL 840065 (D. Or. Mar. 6, 2013) (citing Drilling & Exploration Corp. v. Webster, 69 F.2d 416, 418 (9th Cir. 1934)).  "[C]onsiderable discretion" is afforded to the court in that regard, which may fashion a "fee award that is appropriate under the circumstances."  Id. at *52.

In exercising its discretion over fees, the court must be mindful that a receiver and any assisting professionals should be "reasonably, but not excessively" compensated for efforts to benefit the receivership estate.  Id.  "[I]n receivership situations, lawyers should be awarded moderate fees and not extravagant ones."  SEC v. Byers, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008).  Thus, it is often appropriate to award a reduced rate in order to reflect the public interest involved in preserving funds held in the receivership estate.  See id. at 646-47.  Emphasis on sufficient, but not excessive, compensation for the receiver aids in securing confidence in the process because the injured investors usually recover "only a fraction of their losses."  Id. at 645.

Several additional factors should also be considered.  Alpha Telcom II, 2013 U.S. Dist. LEXIS 32391, at *51-52.  In particular, an award of interim fees may be necessary "where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate."  In re Alpha Telcom, Inc. [Alpha Telcom I], No. 01-CV-1283-PA, 2006 U.S. Dist. LEXIS 79997, at *7, 2006 WL 3085616 (D. Or. Oct. 27, 2006).  Also relevant

is the "economy of administration, the burden that the estate may be able to bear, the amount of time required, although not necessarily expended, and the overall value of the services provided to the estate." In re Imperial "400" Nat., Inc., 432 F.2d 232, 238 (3rd Cir. 1970). These factors along with other unique considerations may persuade the court to award the entirety of the requested interim fees or some amount less than requested. See Byers, 590 F. Supp. 2d at 648.

When interim fees are at issue, courts will routinely withhold a portion of the requested fees because "until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which the allowance of interim compensation is sought." Alpha Telcom I, 2006 U.S. Dist. LEXIS 79997, at *7-8. Lastly, "courts have recognized that it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application" and courts "endorse percentage cuts as a practical means of trimming fat from a fee application." Id. (internal quotations omitted).

### III. DISCUSSION

#### A. The Fee Requests

Seaman and Allen Matkins currently request the following fees for services performed:

| Applicant and Role | Fees Incurred | Interim Payment Requested | Costs Incurred | Total Interim Payment Requested |
|---|---|---|---|---|
| **Seaman (Receiver)** | $220,354.00 | $138,426.75 | $0 | $138,426.75 |
| **Allen Matkins (Receiver's General Counsel)** | $113,498.55 | $78,565.50 | $1,963.18 | $80,528.68 |

Seaman and his agents completed 1,291.9 hours of work on behalf of the estate during this period, which results in an average hourly rate of $170.[1] The requested interim payment of $138,426.75 was determined by first subtracting $66,546.50 - or the amount of loan servicing fees already approved by the court - from the total amount of fees incurred for the period, and then calculating 90% of the difference, which is $138,426.75. Compensation for expenses is not

---

[1] $220,354.00 of total fees for the period divided by 1,291 hours equals $170.

3
Case No.: 5:12-cv-03237-EJD
ORDER GRANTING EIGHTH MOTIONS FOR INTERIM FEES AND COSTS

requested.

Allen Matkins requests $78,565.50 of the $113,498.55 in total fees incurred during this period, which amounts to 198.9 hours of work at a blended hourly rate of $395.00. Allen Matkins also requests compensation for all expenses, or $1,963.18. The total payment requested is $80,528.68.

### B. Analysis of Applications

#### i. Seaman

During the eighth interim period, Seaman and his staff continued to manage the estate while also undertaking tasks to finalize the receivership. Aside from loan servicing activities which are now addressed by the court on a monthly basis, a significant portion of the fees incurred are attributable to marketing the loan portfolios and preparing them for sale. These efforts were successful for the 504 loan portfolio and the non-SBA loans, all of which were sold during this period. The 7-A loans and SBLC license were also marketed according to the approved procedures. This required Seaman to collect and review document a significant amount of documents as well as coordinate the marketing and sales activities with the SBA. As to estate management, Seaman prepared the requisite quarterly reports, maintained the receivership website, and responded to investor inquiries. In addition, Seaman continued to participate in the estate's litigation against California Business Bank.

Under these circumstances, the court finds that Seaman's request for fees is reasonable in light of the amount of work performed on behalf of the estate. His interim request for fees in the amount of $153,807.50 will be approved, of which he will be authorized to pay $138,426.75, or 90% of that amount, from the receivership estate as this time.

#### ii. Allen Matkins

Allen Matkins' has continued to assist Seaman in arranging the estate's legal affairs. Part of this undertaking includes responding to Feathers' communications, district court filings, and appeals, as well as preparing reports for the court. The firm also assisted Seaman in responding to investor inquiries and in marketing the loan portfolio for sale. In addition, Allen Matkins

4
Case No.: 5:12-cv-03237-EJD
ORDER GRANTING EIGHTH MOTIONS FOR INTERIM FEES AND COSTS

managed the estate's legal action against California Business Bank.

The court will grant Allen Matkins' request for fees in the amount of $78,565.50. The remaining amount, $34,933.05, will be withheld until the conclusion of the receivership. The court will also authorize Allen Matkins' expenses of $1,963.18.

## IV. CONCLUSION AND ORDER

The motions for fees and expenses incurred by Seaman and Allen Matkins (Docket Item Nos. 1019, 1020) are GRANTED. The requested amounts are disbursed as follows:

| Applicant | Fees & Expenses Authorized for Distribution | % of Requested Fees Authorized for Distribution | % of Request |
|---|---|---|---|
| **Seaman (Receiver)** | $138,426.75 | 90% | 100% |
| **Allen Matkins (Receiver's General Counsel)** | $78,565.50 (fees) $1,963.18 (expenses) | 69% (fees) 100% (expenses) | 100% |

The hearing scheduled for June 18, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated:  June 16, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-03237-EJD
ORDER GRANTING EIGHTH MOTIONS FOR INTERIM FEES AND COSTS