Mark Feathers, *Pro Se*, Defendant
markfeathers@sbcglobal.net
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 575-7881



Filed
JUN 24 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

B/C

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>Defendants. | Case No. CV12-03237-EJD<br><br>**MARK FEATHERS' REQUEST FOR JUDICIAL NOTICE OF RECEIVER'S VIOLATION OF L.R. 7-3**<br><br>(Hon. Edward J. Davila) |

In accordance with Federal Rules of Evidence and Federal Rules of Civil Procedure which may allow it to do so, Mark Feathers asks the Court to take Judicial Notice of the Receiver's Violation of Local Rule 7-3 in his late and unexcused submission of an opposition pleading (Docket 1068) to Feathers' Motion for Leave (Docket 1056), admonish Seaman on that basis, and disallow Seaman's unexcused late submission which failed to meet the Court's published guidance.

# I  INTRODUCTION

The Receiver and his Counsel are expected to act with competence and good faith in executing their positions and the responsibilities of their positions. Feathers filed his Motion for Relief on June 2, 2015. The opposition filing deadline was June 16, 2015, as indicated by the Clerk of the Court:

| 1056 | ❖ Response Deadline (Mandatory) d/t: Small Business Capital Corp., | 06/02/2015 | 06/16/2015 |
|---|---|---|---|

Yet on June 23rd, 2015, unexcused and without permission from this Court to do so, the Receiver submitted his opposition to Feathers' Motion for Leave (Docket 1068) one week after the response filing deadline published by this Court. It is possible that Seaman's opposition was even filed several hours after Feathers had filed his response to the Commission's opposition earlier on that day (Feathers' response is Docket No. 1067), after Seaman had read this. Seaman's filing:

Case5:12-cv-03237-EJD Document1068 Filed06/23/15 Page1 of 4

OPPOSITION OF THOMAS A. SEAMAN,
RECEIVER, TO MARK FEATHERS
REQUEST FOR LEAVE OF COURT TO
MODIFY MOTION TO FILE PRELIMINARY
INJUNCTION ORDERS

This is not some sophomoric timing or local rule misunderstanding issue which might be anticipated of a *pro se* motion filer or inexperienced receiver. It is well established that the Receiver and his Counsel have participated in many lawsuits in federal courts. The Receiver and his counsel are well aware of the relevant Federal Rules of Civil Procedure regarding motion practice, and well aware of the Local Rules of this Court. Feathers respectfully asks the Court to consider if the Receiver's late motion filing is a demonstration of bad faith, negligence, or careless disregard of the Receiver and his Counsel, and if so, admonish the Receiver and his Counsel for that reason.

The Court's local rule 7-3 is clear on motion opposition filing requirements:

> **7-3. Opposition; Reply; Supplementary Material**
>
> (a) **Opposition.** Any opposition to a motion may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text. The opposition must be filed and served not more than 14 days after the motion was filed. Fed. R. Civ. P. 6(d) does not apply and thus does not extend this deadline. However, by this Local Rule, the Court extends by 3 days the deadline to file an opposition to a motion if the motion was not filed and served through the Court's Electronic Case Filing (ECF) system and was served pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F).

Feathers' prior provided the Receiver with ample constructive notice of his intention to file a motion for leave of the court, and served the Receiver with a copy of the Motion filing on the date of the actual motion filing:

> **From:** Mark Feathers [mailto:markfeathers@sbcglobal.net]
> **Sent:** Sunday, May 24, 2015 4:58 PM
> **To:** David Zaro; Bulgozdy, John; Dean, Lynn M.; Berry, John W.
> **Subject:** Feathers to file new request for leave of the court to request legal fees be awarded for new related lawsuit complaint
>
> Due to my FTCA lawsuit filing, and the serious legal arguments that are raised of questions about a seizure based on negligent pretense, and interferences with due process, I intend to file a leave of the court to request that Hon. Judge Davila approve a new request for legal fees to be awarded from the receivership estate
>
> to pay for legal fees related to the new FTCA lawsuit filing. I believe that I have provided the parties on this email a copy of that lawsuit filing. If not, and you need a copy, please let me know.
>
> Please let me know by the close of business on Tuesday if you would like to discuss this matter. I think that an award of legal fees is in the best interests of the receivership estate.
>
> Otherwise, if I do not hear from SEC and the receiver, I will submit my leave request *ex parte* on Wednesday of this week, along with a copy of the Complaint filing with a Request for Judicial Notice of the complaint.
>
> Regards,
>
> Mark Feathers

Service by e-mail:

|   |   |
|---|---|
| Subject: | Today's Court filings |
| From: | Mark Feathers (markfeathers@sbcglobal.net) |
| To: | eric.adams@sba.gov; dzaro@allenmatkins.com; bulgozdyj@sec.gov; deanl@sec.gov; berryj@sec.gov; |
| Date: | Tuesday, June 2, 2015 8:07 PM |

Please find attached today's court filings.

mark feathers

      The Court should consider that by failing to comply with Local Rule 7-3, the Receiver has wrongfully deprived Feathers of his due process entitlements for the opportunity of a timely response. The Receiver's late filing is inexcusable. His filing should not be accepted by the Court.

Respectfully,

Dated: 6-24-15

Mark Feathers, *pro se*

MARK FEATHERS' REQUEST FOR JUDICIAL NOTICE OF THE RECEIVER'S VIOLATION OF LOCAL RULE 7-3 WITH A LATE OPPOSITION FILING