MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Defendant United States in
Case No. CV 15-02194 PSG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 12-3237 EJD |
| Plaintiff, | DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| v. | |
| SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC, | |
| Defendants. | |
| MARK FEATHERS, INDIVIDUALLY AND ON BEHALF OF ALL THOSE PERSONS AND ENTITIES SIMILARLY SITUATED, | Case No. CV 15-02194 PSG |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

1

PLEASE TAKE NOTICE that, pursuant to Civil L. R. 3-12 and Civil L. R. 7-11, Defendant United States of America moves the Court for an order finding that the two above-referenced cases are related for the reasons described below.

Summary of Case No. CV 12-3237 EJD

On June 21, 2012, the Securities and Exchange Commission ("SEC") filed its Complaint in *Securities and Exchange Commission v. Small Business Capital Corporation* ("*SEC v. SBCC*"). Case No. 12-CV-03237 EJD (N.D. Cal), Dkt. No. 1. The SEC alleged that defendant Mark Feathers orchestrated a $42 million offering fraud through three entities, also defendants, that he controlled: Small Business Capital Corporation ("SBCC"), which Feathers owns, and two mortgage funds SBCC manages, Investors Prime Fund, LLC ("IPF"), and SBC Portfolio Fund, LLC ("SPF") (collectively, the "Funds"). *Id.* The Complaint alleged that, since at least 2009, the defendants had violated antifraud provisions of the Securities Act and the Exchange Act by representing that the Funds would pay investors returns from profits from the Funds' mortgage portfolios, that the Funds would use 96% to 98% of offering proceeds to make or invest in mortgages, that the Funds had conservative lending standards and for the most part were prohibited from making loans to SBCC, and that the Funds' loan portfolios were performing well with all loans current and secured. *Id.*

The Complaint further alleged that from 2009 through early 2012, Feathers and SBCC caused the Funds to make unsecured loans totaling $6 million to SBCC, which SBCC used to pay its operating expenses. *Id.* Feathers and SBCC failed to disclose that they caused the Funds to continue to advance money to SBCC and that SBCC was able to make interest payments to the Funds only by borrowing more money from IPF. *Id.* Feathers and SBCC also failed to disclose that the Funds were unable to assess the collectability of the unsecured receivables due from SBCC because of the uncertainty of SBCC's cash flow. *Id.* The Complaint also alleged that Feathers and SBCC owed a fiduciary duty to the Funds' investors and failed to disclose the significant conflicts of interest arising from their $6 million in unsecured borrowings from the Funds to pay SBCC's operating expenses, as well as from sales of mortgages between the Funds that were made at substantial premiums in order to create "profits" that were then used to pay unjustified management fees to SBCC. *Id.*

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

When the SEC filed its Complaint, the SEC simultaneously sought emergency relief in the form of a Temporary Restraining Order and orders freezing assets, prohibiting the destruction of documents, granting expedited discovery, requiring accountings, and appointing a temporary receiver. *Id.*, Dkt. Nos. 1 & 5. The SEC's *ex parte* motion was supported, in part, by a declaration from SEC accountant Roger Boudreau. *Id.*, Dkt. No. 8. On June 26, 2012, the Court entered the Temporary Restraining Order and related orders freezing assets, prohibiting the destruction of documents, granting expedited discovery, requiring accountings, and appointing Thomas Seaman as temporary receiver of SBCC, IPF, and SPF. *Id.*, Dkt. No. 16. The Court also issued an Order to Show Cause regarding the entry of a preliminary injunction and appointment of a permanent receiver. *Id.*

On July 3, 2012, Feathers consented and stipulated to entry of a preliminary injunction and appointment of a permanent receiver. *Id.*, Dkt. No. 29. Feathers was *pro se*, but he was advised by "counsel, of limited engagement, Mark Fickes, Esq., Braun Hagel & Borden." *Id.* at 3. On July 10, 2012, the Court issued a preliminary injunction and related orders, and appointed Thomas Seaman as permanent receiver. *Id.*, Dkt. No. 34.

Beginning on November 5, 2012, Feathers filed a number of motions challenging all aspects of the SEC's action. *See, e.g.*, *id.*, Dkt. Nos. 92, 93, 94, 96, & 126. In a motion seeking dismissal for cause and special sanctions against Boudreau, Feathers argued that Boudreau made "false statements and representations" to the Court in his declaration in support of the temporary restraining order, which "was part of an unlawful general seizure" of SBCC. *Id.*, Dkt. No. 126, at 1. Feathers argued that Boudreau had created "his own tables of false illustrations," and that "[i]n lay terms, Boudreau has deliberately, fraudulently, and incorrectly" calculated certain numbers to support the claim that Feathers and SBCC had made Ponzi-like payments to investors. *Id.* at 3.

In its opposition to Feathers's motion to dismiss, the SEC did not dispute that in calculating member returns, Boudreau had added together the line items "distributions" and "re-invested distributions" to arrive at total distributions. *Id.*, Dkt. No. 160. However, the SEC pointed out that:

> Feathers raises factual disputes with certain discrete allegations in the Complaint, specifically the amount of member returns paid to investors as alleged in a chart following paragraph 54 of the Complaint. However, even using Feathers' amounts for the

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

member returns, the facts continue to show that, based on defendants' financial statements, defendants made Ponzi-like payments to investors in 2011 and Q1 2012. For example, Feathers states that IPF's income was $1,366,615.00 in 2011, and that IPF made member distributions of $1,390,853.02. Thus, defendant's own figures show that defendants caused IPF to make distributions in excess of its net income.

*Id*. at 5-6 (note omitted). Thus, the substance of the allegations supported by Boudreau's declaration—that Feathers caused the Funds to make Ponzi-like payments in excess of net income—was not in dispute.

On February 22, 2012, The Court denied Feathers's motion to dismiss and motion for sanctions. *Id*., Dkt. No. 272. Later that day, Feathers filed additional motions seeking dismissal and sanctions. *Id*., Dkt. Nos. 273 & 274. In those motions, Feathers again complained that a formula used by the SEC "was very defective, has caused to be illustrated in the complaint vastly overstated IPF and SPF distributions, which are improper and unreliable" and that the "formula used by Plaintiff was the work of Roger Boudreau, a licensed public accountant." *Id.*, Dkt. No. 273, at 3. On May 10, 2013, the Court held a hearing regarding this and other motions before issuing an order denying all of Feathers's motions. *Id*., Dkt. Nos. 454 & 456.

On April 2, 2013, with leave of Court, Feathers filed a motion requesting an award of legal expenses. *Id*., Dkt. No. 329. In that motion, Feathers again raised the issue of a "false formula" used by Boudreau. *Id.* The Court found that Feathers had provided no basis for disturbing its prior order denying an award of legal expenses, and the motion was denied. *Id*., Dkt. No. 457.

On May 13, 2013, Feathers filed a motion for summary judgment. *Id*., Dkt. No. 459. On May 23, 2013, the SEC filed its own motion for summary judgment. *Id*., Dkt. No. 477.

On August 16, 2013, the Court issued an order granting the SEC's motion and denying Feathers's motion. *SEC v. SBCC*, No. 12-CV-03237 EJD, 2013 WL 4455850 (N.D. Cal.), Dkt. No. 591. The Court found that the SEC had "shown that Feathers was not using Fund profits to pay out returns, but rather other member investments—contrary to the representations of the Funds' offering documents—as 'Ponzi-like payments.'" *Id.* at *8.

The SEC subsequently filed motion for injunction and remedies, and the Court entered an order permanently enjoining Feathers from violations of the antifraud and broker-dealer registration provisions of the federal securities laws, as well as requiring Feathers to disgorge $7,782,961.07 and pay a $10,000 civil penalty. *Id.*, Dkt. Nos. 602 & 622.

Feathers appealed the Court's orders granting summary judgment and imposing remedies. *Id.*, Dkt. Nos. 593 & 623. In his brief for the appeal of the latter order, Feathers argues that the SEC's complaint employed the following "corrupt and hidden formula": "FUND DISTRIBUTIONS = FUND DISTRIBUTIONS <u>PLUS</u> FUND MEMBER REINVESTMENTS." *Feathers v. SEC*, Case No. 13-17304 (9th Cir.), Dkt. No. 3, at 14. The appeal is still pending.

## Summary of Case No. CV 15-02194 PSG

On May 15, 2015, Feathers brought a civil action against the United States on behalf of himself and a putative class of approximately three hundred individuals who invested in the Funds. *Feathers v. United States*, Case No. 15-CV-02194 PSG (N.D. Cal.), Dkt. No. 1, at 1. Feathers brings suit under the Federal Tort Claims Act ("FTCA") for Boudreau's alleged professional negligence, the SEC's alleged negligence, "failure to disclose, or, alternatively, to intercede," the SEC's supervisory liability, false light, and negligent infliction of emotional distress. *See id.*, Dkt. No. 1, at 21-27. Feathers also brings suit under 42 U.S.C. § 1983 for alleged violation of his civil rights. *Id.*, Dkt. No. 1, at 23-24. Finally, Feathers brings suit under the Privacy Act for the SEC's alleged failure to make reasonable efforts to assure records are accurate, complete, and relevant. *Id.*, Dkt. No. 1, at 26-27. As in *SEC v. SBCC*, Feathers again asks the Court for an award of legal expenses to be paid from the Funds so that he may pursue his legal claims. *Id.*, Dkt. No. 1, at 29.

Feathers is seeking to recover losses that he alleges were incurred as a result of early filings in *SEC v. SBCC*, in which the SEC submitted documents based on an alleged miscalculation of the Funds' distributions. *See, e.g.*, *id.*, Dkt. No. 1, at 6, ¶ 3 ("Boudreau, a licensed CPA, acted in professional negligence by adding member's 'distributions' together with their 'investments', and calling these all, again, 'distributions'."); Dkt. No. 1, at 8, ¶ 19 ( "SEC relied upon Boudreau's negligent work product to

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

5

bring its civil action against Plaintiffs."); Dkt. No. 1, at 9, ¶ 23 ("Boudreau's negligence was the cause of substantial harm to [Feathers] and others similarly situated . . .").

Specifically, Feathers alleges that he and the Funds suffered when their assets were frozen "on the basis of SEC's pleadings which contained scores of Boudreau's objectively false financial illustrations." *Id.*, Dkt. No. 1, at 9, ¶ 25. Feathers also alleges that he suffered harm to his reputation "due to SEC labeling him running a 'Ponzi scheme' in their civil lawsuit pleadings." *Id.*, Dkt. No. 1, at 9, ¶ 35. Feathers claims that "[i]f Plaintiff's assets and income had not been seized from them, they could have employed a CPA, who would have quickly determined Boudreau's work to be negligent and void of accuracy. That would have provided a basis for dismissal of the injunction early into the lawsuit." *Id.*, Dkt. No. 1, at 16, ¶ 75.

In Case No. CV 12-3237 EJD, plaintiff filed a request for leave to file a motion to have Judge Davila consider modifying the permanent injunction to allow for legal fees and expert witness fees in Case No. CV 15-02194 PSG. Case No. CV 15-02194 PSG, Dkt. No. 15 (request for judicial notice).

Contemporaneous with the filing of this Administrative Motion, Defendant filed a Motion to Dismiss in Case No. CV 15-02194 PSJ, which is scheduled for hearing on September 8, 2015, on Magistrate Judge Grewal's calendar. If this Administrative Motion is granted, Defendant will re-notice that motion on Judge Davila's calendar. If this Administrative motion is denied, and the cases are found to be unrelated, then Defendant will file a Consent to Proceed before a Magistrate Judge (as plaintiff did) so that the filed Motion to Dismiss can proceed as scheduled.

Administrative Relief Requested

Based on the summaries set forth above, within the meaning of Civil L.R. 3-12, the two above-referenced cases are related because they both involve the same or similar parties, witnesses, and factual events. In both cases, Feathers contends that the government's accountant relied on a flawed formula. As Judge Davila has already repeatedly rejected this argument, it appears likely that there will be an unduly burdensome duplication of labor and expense and the possibility of conflicting results if the later filed case is handled by Magistrate Judge Grewal.

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

1   Feathers is also a defendant in a criminal case (Case No. CV 14-00531 RMW) filed by the government stemming from the same facts that are the subject of Case No. CV 12-3237 EJD. Defendant acknowledges that Judge Davila determined that the criminal case was not related to the *SEC v. SBCC* action. Clerk's Notice, Case No. CV 12-3237 EJD, Dkt. No. 987 filed December 11, 2014. Defendant submits that Case Nos. CV 12-3237 EJD and CV 15-02194 PSG are more closely related than Case Nos. CV 12-3237 EJD and CV 14-00531 RMW. Case Nos. CV 12-3237 EJD and CV 15-02194 PSG are both civil cases, and Feathers seeks monetary damages in the latter for the government's allegedly wrongful conduct in the former. It does not seem to be an efficient use of resources for three separate federal judicial officers to be involved in this saga.

Accordingly, Defendant United States requests that these two cases be found to be related and that the later-filed case, Case No CV 15-02194, be reassigned to Judge Davila for future handling. Judge Davila is well familiar with Feathers and his criticism of the government's accountant's work in the earlier-filed *SEC v. SBCC* action.

Dated: July 28, 2015                    Respectfully submitted,

                                        MELINDA HAAG
                                        United States Attorney

                                        /S/
                                        James A. Scharf
                                        Assistant United States Attorney
                                        Attorneys for Defendant United States of America

[PROPOSED] ORDER

An Administrative Motion to Consider Whether Cases Should Be Related has been filed stating that the following cases are related within the meaning of Civil L.R. 3-12: Case Nos. CV 12-3237 EJD and CV 15-02194 PSG.

On the basis of the material submitted to the Court and the Court's own files, as the Judge assigned to the earliest filed case, I find that these two cases ARE RELATED as defined by Civil L.R. 3-12. Accordingly, the Clerk of Court is ordered to reassign the later-filed action to the undersigned. The parties are instructed that all future filings are to bear the initials EJD immediately after the case number.

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

7

1  All case management dates and events presently scheduled in the reassigned case are vacated.
2  Defendant shall re-notice its Motion to Dismiss on this Court's calendar.
3      Good cause appearing, it is so ordered.
4      DATED:

5                                              _____
                                                Hon. Edward J. Davila
6                                               United States District Court Judge

28  DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case Nos. CV 12-3237 EJD and CV 15-02194 PSG

8