UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>　　　　Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FILED OCTOBER 30, 2015**<br><br>Re: Dkt. No. 1101 |

　　　　Presently before the court is a motion filed by Mark Feathers ("Feathers") on October 30, 2015, entitled "Request for Leave of Court on the Basis of New Admissions by the United States as to Negligence of Plaintiff to Request a Motion Hearing on February 6, 2015 for Consideration of Legal Fees to be Awarded Feathers." See Docket Item No. 1101. According to the motion, during "recent motion practice" within another lawsuit filed by Feathers against the United States, "the U.S. has now admitted to negligence of SEC and its agents."[1]  Based on that contention, Feathers seeks an award of attorney's fees "or the cash position of SB Capital at the time" an injunction issued in this case.

　　　　Feathers is not entitled to relief for two principal reasons.  First, he has mischaracterized and taken out of context the statement from "recent motion practice" upon which he relies for this motion.  The court has reviewed the entire transcript from the motion to dismiss hearing that occurred before Magistrate Judge Paul S. Grewal on September 8, 2015, and finds Feathers'

---

[1] The other lawsuit is Feathers v. United States of America, Case No. 5:15-cv-02194-PSG.

1
Case No.: 5:12-cv-03237-EJD
ORDER DENYING DEFENDANT'S MOTION FILED OCTOBER 30, 2015

1  interpretation of the statement made by the United States Attorney unsupported by the record.
2  Indeed, the statement was made in connection with a discussion of the United States' arguments
3  for dismissal, and the "concession" of "some sort of breach" was obviously for the purposes of
4  argument and made only to emphasize that Feathers' claims would fail even if a breach had
5  actually occurred. No matter how Feathers may want to spin it, the statement was not an
6  admission of anything. Feathers is advised that any further attempts to misguide the court with
7  such unfounded assertions could subject him to sanctions under Federal Rule of Civil Procedure
8  11.[2]

Second, the court has already addressed Feathers' "miscalculations" claim - which has resurfaced here as a claim of negligence - and explained why it does not justify relief in this case. "[A]ny information supplied to the court in the SEC's application for a temporary restraining order or any allegations contained in the original complaint are of decreased significance in light of the summary judgment order filed on August 16, 2013, wherein the court determined after reviewing the entire record that Feathers engaged in several violations of federal securities laws." See Order Denying Defendant's Motions, Docket Item No. 1013.

In sum and in light of the status of this case, Feathers has not presented a viable basis for the court to award him any funds. His motion filed on October 30, 2015, is DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2015

EDWARD J. DAVILA
United States District Judge

---

[2] "By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

2
Case No.: 5:12-cv-03237-EJD
ORDER DENYING DEFENDANT'S MOTION FILED OCTOBER 30, 2015