Mark Feathers, *pro se*
markfeathers@sbcglobal.net
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 776-2496



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION

PLAINTIFFS,

vs.

SMALL BUSINESS CAPITAL CORP., ET AL,

DEFENDANTS.

Case No. CV12-03237-EJD

FEATHERS' REPLY TO SEC OPPOSITION (DOCKET 1103) TO FEATHERS' MOTION FOR RELIEF (DOCKET 1097)

Date: February 4, 2016
Time: 9:00 a.m.
Courtroom: 4, 5th Floor
Judge: Hon. Edward J. Davila

---

Feathers Motion for Relief on Receiver's Request to Initiate Clawbacks

# THE COMMISSION IS NOT, AS IT CLAIMS, "THE INVESTORS ADVOCATE"

In its opposition to Feathers' motion for relief the Commission offers to this Court only red herrings and evasiveness to Feathers' motion. The Commission touts itself as the "investors advocate". It claims to seek equitable relief for those harmed. Any notion of that is missing in the Commission's reply to Feathers' motion. Notably the Receiver stays silent even though it is the Receiver's motion at issue here, and even while the Receiver and his counsel billed the receivership hundreds of thousands of dollars for "forensic" work that went into the making of his list, which formed the basis of the Receiver submitting his motion.

The reason for the red herrings of SEC and the silence of the Receiver is transparent. It is because should the Receiver file suit against "net winners" for clawbacks, these parties will likely argue in court that Feathers' assets and assets of hundreds of investors in his funds were seized by way of the Commission's severe departures from Generally Accepted Accounting Principles ("GAAP"), and, or, Generally Accepted Audit Standards ("GAAS") in a sealed filing, both of which issues deprived due process and formed a wrongful injunction against Feathers and to others similarly situated who are named along with Feathers in Feathers' the class action lawsuit against SEC; *see Mark Feathers v. United States* cv15-02194-PSG. Feathers' description of the Commission having violated GAAP or GAAS should finally be accepted by this Court under Federal Rules of Evidence 602 and 701, as Feathers has personal knowledge about the actual distributions of Feathers' investment funds and holds lay opinion by way of an undergraduate degree in finance and a master's degree in business administration, including twelve credit hours in accounting from accredited universities. "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." *United States v. Moran*, 778 F.3d 942, 967 (11th Cir. 2015) (quoting *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011)). Specifically, a "business owner[] or officer[]" may provide lay opinion testimony "because of the particularized knowledge that the witness has by virtue of his or her position in the

1
Feathers Motion for Relief on Receiver's Request to Initiate Clawbacks

business." *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1222 (11th Cir. 2003) (emphasis omitted) (quoting Fed. R. Evid. 701 advisory committee's notes to 2000 amendments).

The Commission and the Receiver have not followed up on the Receiver's "clawbacks" because they are both aware that any prosecution efforts on their part will fail because other persons will attack the basis to the Commission's lawsuit due to the Commission's severe departures from GAAP or GAAS in its sealed action, and which deprived Feathers of his ability to engage counsel thereafter. There were no "miscalculations" by the commission, there were severe departures from GAAP, and, or, GAAS. If there are any clawbacks in the future, should the Court now approve the Receiver's request, it will only be due to investors who on an individual basis cave in to the Receiver rather than face years of legal bullying and regulatory morass by the Receiver, his counsel, and the Commission.

Always in this lawsuit the Receiver and the law firm of Allen Matkins are anything but disinterested parties by legal definition. Had a bond been required of the Receiver at his appointment, as is common with federal bankruptcy trustees, the Receiver likely would have failed the Court's test for determining him to be a disinterested party. What is now apparent here, after two years has passed and the Receiver has taken no follow up action to his motion for relief, and even to Feathers' motion now is notably silent, is that the Receiver produced his net winner clawback list for show to benefit the Commission, who is the source of the Receiver's and his counsel's primary employment for the past decade, and during which time they have earned many millions of dollars from their Commission receiverships, as public records reflect. The Commission took advantage of this court and all other parties with an *ex parte prima facie* sealed injunction request in which it did not provide full disclosure about the Receiver's agency-type relationship with the Commission. Fund investors realized the Commission to be holding an agency-type relationship with the Receiver long ago. For that reason by the score, and for several

2
Feathers Motion for Relief on Receiver's Request to Initiate Clawbacks

years' time, a high percentage of fund investors have stated in their sworn declarations and letters to this court of their belief in the Receiver's, his counsel's, and SEC's fiduciary, ethical, and legal failures.

There appears little authority here to permit recovery from investors who innocently profited from a so-called financial fraud where the fraud did not result in the bankruptcy of any receivership entity. Clawback suits such as the Receiver has requested targeting blameless winners lack a compelling legal or equitable basis[1]. The Receiver has not pursued his list of net winners for either, or both of, these reasons. Additionally, the Receiver may not be pursuing clawbacks in order to assist the Commission protect past fund investor, Ms. Lee V. Emerson, in an apparent quid pro-quo between the Commission, Emerson, and the Receiver. Emerson appears to be a candidate for material clawbacks given the record of her investments into the funds, as verified by the Receiver. Emerson is not only a past fund investor, by all appearances Emerson has violated securities laws as an unlicensed broker-dealer for several decades, making millions of dollars in in securities brokering during that period, and which the Commission's Enforcement Division is well aware of. Feathers respectfully asks this Court look closely at Court Docket 941, pages 4 - 6, on the subject matter of Lee Emerson.

There is a matter of substantial public interest in hearing the basis for the Receiver's request for clawbacks, and what legal theory the Court will determine is relevant. Because the Receiver submitted his request under seal, it is unknown what lawful authority the Receiver sites for clawbacks in the absence of Feathers' or any of the "harmed" investors ability to gain access to a review of the Receiver's filing.

The Receiver put in a motion for clawbacks years ago now. Feathers respectfully asks this

---

[1] See "Righting Others' Wrongs, A CRITICAL LOOK AT CLAWBACKS IN MADOFF TYPE PONZI SCHEMES AND OTHER FRAUDS *Amy J. Sepinwall*

3
Feathers Motion for Relief on Receiver's Request to Initiate Clawbacks

court for the benefit of Feathers, the Receivership Estate, and the Public that this Court approve the Receiver's request or deny his request before this lawsuit reaches closure, and provide guidance on how it reaches whatever decision it arrives at. Should the Court deny Feathers' motion for relief, this matter is ripe for appeal to the 9th Circuit, as it will benefit the public's interest and help define legal boundaries in grey areas of "clawbacks" which appear between civil law and bankruptcy law in so-called Ponzi lawsuits, and the overly wide latitude given to district courts and receivers in so-called "Ponzi" and Ponzi-like lawsuits, and the deference which district courts to provide to the Commission in sealed *ex parte prima facie* civil actions.

Respectfully,

DATED: November 9, 2015

_____
MARK FEATHERS, in Pro Per

## CERTIFICATE OF SERVICE

On this date I have provided a copy of my filing to parties of record.

DATED: November 9, 2015

_____
MARK FEATHERS, in Pro Per

## DECLARATIONS

Under penalty of perjury under the laws of the United States, here in Los Altos, CA, I declare my statements contained herein to be truthful and accurate to the best of my knowledge.

DATED: November 9, 2015

_____
MARK FEATHERS, in Pro Per

4
Feathers Motion for Relief on Receiver's Request to Initiate Clawbacks