CAROL E. SCHULTZE, FL Bar No. 756083
Email: SchultzeC@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5628
Washington, D.C. 20549
Telephone: (202) 551-4958
Facsimile: (202) 572-1372

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>Defendant | Case No.: 5:12-CV-03237-EJD<br><br>**UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING A RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION** |

The United States Securities and Exchange Commission ("SEC" or "the Commission") hereby moves this Court, pursuant to Local Rule 7-11, for administrative relief to release certain real property from the asset freeze and injunctive protection entered by the Court on July 10, 2012.

In support of this motion, the SEC states as follows:

1. On June 21, 2012, the Commission filed a complaint against Defendant Mark Feathers ("Feathers") and others alleging they had engaged in securities fraud and seeking a Temporary Restraining Order, an asset freeze, and the appointment of a receiver. (Docket nos. 1, 5, 6, 7, 8, 9).

2. On July 3, 2012, Feathers consented to the entry of a preliminary injunction and orders freezing assets and appointing a receiver. (Docket 29).

3. On July 10, 2012, this Court issued the preliminary injunction and asset freeze and appointed a permanent receiver over Feathers' assets. (Docket 34).

4. On November 4, 2013, Feathers filed for protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Case No. 13-55816 CN7. (Exhibit 1).

5. On November 6, 2013, this Court issued a final judgment in this matter in favor of the SEC. (Docket 622). The Court ordered Feathers to pay disgorgement in the amount of $7,782,961.07 (including prejudgment interest) and a civil penalty in the amount of $10,000. (*Id*.).

6. On February 12, 2014, Feathers' bankruptcy matter was closed following the Bankruptcy Court's issuance of a discharge. (Exhibit 2).

7. On March 20, 2014, after the Court entered judgment in this matter and the Bankruptcy Court closed Feathers' Chapter 7, the SEC recorded an abstract of judgment thereby creating a judicial lien on Feathers' real property located at 1520 Grant Road, Los Altos, CA 94024-6151 ("Feathers' residence"). (Exhibit 3).

8. On November 3, 2014, Feathers successfully reopened his Chapter 7 case and moved to avoid the SEC's judicial lien in the Bankruptcy Court. (Exhibit 4).

9. On April 7, 2015, the Bankruptcy Court issued an order granting Feathers' motion to avoid the lien pursuant to Section 522(f) of the Bankruptcy Code. 11 U.S.C. §522(f). (Exhibit 5).

10. On December 28, 2015, NBS Default Services, LLC acting on behalf of Wells Fargo Bank, NA provided notice to Feathers that a trustee sale would be held to foreclose on Feathers' residence as a result of his alleged failure to make mortgage payments.

11. On January 7, 2016, Feathers filed a complaint in this Court (5:16-cv-00086-PSG) against "BANK OF AMERICA, N.A., WELLS FARGO BANK THROUGH ITS

WHOLLY OWNED SUBSIDIARY WELLS FARGO HOME MORTGAGE, AND NBS DEFAULT SERVICES, LLC" alleging, in part, that the defendants violated this Court's asset freeze by filing a notice of trustee sale seeking to foreclose on Feathers' residence. (Exhibit 6).

12. On January 14, 2016, this Court *sua sponte* referred Feathers' new complaint to Judge Edward J. Davila to determine if it is related to this matter. (Exhibit 7).

13. It is undisputed that the asset freeze in this matter was entered at the request of the SEC to inure to the benefit of the SEC and, through the agency, the investors injured by Feathers' securities fraud. The ruling by the Bankruptcy Court avoiding the Commission's lien removed any claim to the property located at 1520 Grant Road, Los Altos, CA that the Commission may have had.

14. Based on the foregoing, there is no just reason for this property to be covered by the asset freeze entered by the Court in this matter in favor of the SEC. Moreover, the SEC does not oppose the foreclosure filed by Feathers' lender and, to the extent such action may be necessary, the agency hereby consents to the exclusion of Feathers' residence from the Court's asset freeze.

15. The Commission notes that because the asset freeze was entered on its motion and for its benefit, it is questionable as to whether Feathers has standing to file the complaint referenced in paragraph 11 above. Furthermore, Feathers' action improperly seeks to use the asset freeze as a shield to prevent an action to foreclose on his residence arising from his alleged non-payment to a mortgage lender.

1
2  **WHEREFORE**, this Court should issue an Order releasing Feathers' real
3  property located at 1520 Grant Road, Los Altos, CA 94024-651 from the asset freeze and
4  injunctive protection previously ordered on July 10, 2012.
5
6                                            Respectfully submitted,
7
8  DATED: January 15, 2016              /s/ Carol E. Schultze
                                         Carol E. Schultze
9                                        Attorney for the Plaintiff
                                         SECURITIES AND EXCHANGE COMMISSION
10
11
12
...
28

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 100 F. Street, NE-5628, Washington, D.C. 20549. Telephone No. (202) 551-4958; Facsimile No. (202) 572-1372.

On January 15, 2016, I caused to be served the document entitled **UNITED STATES SECURTIES AND EXCHANGE COMMISSION'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING A RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]  **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 15, 2016                    /s/Carol E. Schultze
                                          Carol E. Schultze