Mark Feathers, *Pro Se*
markfeathers@sbcglobal.net
1520 Grant Rd.
Los Altos, CA 94024
Telephone: (650) 575-7881

FILED

JAN 19 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE



## U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP., ET AL<br><br>DEFENDANTS. | Case No: CV12-03237-EJD<br><br>FEATHERS' RESPONSE TO UNITED STATES SECURITIES AND EXCHANGE COMMISSION MOTION FOR ADMINISTRTIVE RELIEF SEEKING A RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION (Docket 1125). |

Now here comes SEC seeking relief from this Court, but actually only trying to cover for their past failures or laxity to uphold this Court's orders. FEATHERS states this because SEC cannot, and will not because it cannot, deny it holds knowledge that FEATHERS informed SEC, the court appointed Receiver, and the Receiver's counsel several times prior of FEATHERS' belief that during the past three years third parties were possibly violating this court's injunction by filing recorded Notices of Trustee's Sale on FEATHERS' primary residence, which on appearance violates Orders of this court. Time is of the essence here for FEATHERS to hurriedly reply to SEC'S motion, which it filed on a Friday going into a holiday weekend, even knowing that FEATHERS would not know of the filing until days later when he received a courier delivery the following week, and cannot reply electronically to motions because he was denied that privilege by this Court. At the court's request FEATHERS will produce these numerous emails for the Court, which are not part of this reply.

FEATHERS' has had not just one, but on three instances over the past three years a Notice of Trustee's Sale posted on his home. And yet FEATHERS was ignored by SEC, the Receiver, and the Receiver's counsel when he brought forth this issue to them. Now, again, third parties have, in appearance, violated this Court's order by filing a Trustee's Sale Notice on FEATHERS' property (see Exhibit 1, Docket 13, of FEATHERS' complaint in related case *MARK FEATHERS v. BANK OF AMERICA, et al*, 12-cv-00086-EJD). FEATHERS notified defendant Wells Fargo, who is a loan servicer for Bank of America, and defendant NBS Default Services, LLC, prior that he believed these parties must seek relief on this matter through this court. FEATHERS was ignored by those parties.

And, SEC entirely mischaracterizes FEATHERS'S as using this Court's injunction as a "shield" in its Admin motion (see paragraph 15 of SEC's Admin Motion), and for that SEC should be sanctioned as the bully that it always is for this false characterization it puts forth in front of this Court. In his lawsuit, FEATHERS posits the question of a violation of this Court's order, but that issue is not the primary basis to FEATHERS' lawsuit, which any disinterested party would quickly realize with a simple reading of FEATHERS' complaint against Bank of America, Wells Fargo Bank, and NBS Default Services, LLC. This court will make its decision, and inform parties of its decision, and should put aside any, and all, of SEC's self-serving comments in its Motion for Admin Relief.

On appearance, this Court's injunctive and receivership orders (Docket 34) have been already violated by Wells Fargo Bank, Bank of America, and NBS Default Services, LLC. FEATHERS respectfully requests this court for a determination if its Orders have been violated, and if so, consider that matter in the related case that FEATHERS' has filed for relief in a wrongful foreclosure in *Mark Feathers v. Bank of America, et al*. Further, FEATHERS requests this court allow FEATHERS to present evidence that SEC, the Receiver, and the Receiver's counsel may have failed their opportunity to prevent a violation of the Court's order. FEATHERS himself would have requested relief on this matter in the past, but FEATHERS has always been without counsel, and was not aware of the legal issues and remedies in front of him, and was also ignored by SEC, the Receiver, and the Receiver's counsel when he presented these matters to them.

Dated: January 19th, 2016          Mark Feathers, in Pro Per

**Proof of Service:**    On this date I have emailed all copies of this pleading to parties of record.
**Declaration:**          I swear all matters here I believe to be the truth.

Mark Feathers