UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION**<br><br>Re: Dkt. No. 1125 |

On January 15, 2016, Plaintiff Securities and Exchange Commission (the "SEC") filed an administrative motion seeking an order excluding certain real property owned by Defendant Mark Feathers ("Feathers") - specifically Feathers' home located at 1520 Grant Road, Los Altos, California - from the stipulated preliminary injunction filed in this case on July 10, 2012. Dkt. No. 1125. According to the SEC, the Los Altos home should not be subject to the injunction because any interest the agency may have had in preserving the property for the benefit of injured investors was dissolved by a 2015 bankruptcy court order removing the SEC's lien. Feathers filed a response to the motion, which the court has considered.[1]

Although not styled as such, the SEC's motion raises whether a judicial clarification of the

---

[1] Feathers suggested at the hearing on February 4, 2016, that the court should not consider this motion because the attorney who filed it on behalf of the SEC, Carol E. Schultze, is not admitted to the Northern District of California. This argument is misplaced in light of Civil Local Rule 11-2 ("An attorney employed or retained by the United States government or any of its agencies may practice in this Court in all actions or proceedings within the scope of his or her employment or retention by the United States.").

1
Case No.: 5:12-cv-03237-EJD
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION

asset freeze portion of the preliminary injunction should be made. "A court may clarify its order for any reason." <u>Wahl v. Am. Sec. Ins. Co.</u>, No. C 08-0555 RS, 2010 U.S. Dist. LEXIS 84878, at *9, 2010 WL 2867130 (N.D. Cal. July 20, 2010). This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." <u>Bordallo v. Reyes</u>, 763 F.2d 1098, 1102 (9th Cir. 1985). "From this, it is apparent that the clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can [be] corrected with further explanation." <u>Mohammed v. City of Morgan Hill</u>, No. 5:10-cv-05630 EJD, 2011 U.S. Dist. LEXIS 123496, at *4, 2011 WL 5085497 (N.D. Cal. Oct. 25, 2011).

Here, § VI of the injunction order provides:

> IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets . . . in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, or for the benefit of, or over which account authority is held by defendants Feathers, SB Capital, IPF, and SPF, or any entity affiliated with any of them, including but not limited to, the accounts set forth below . . . .

<u>See</u> Prelim. Inj., Dkt No. 34.

Given its broad language, the Los Altos home was undeniably subject to § VI. But in light of the bankruptcy court's order, it is at most ambiguous or at least confusing as to whether or not the Los Altos home is still subject to the asset freeze. Accordingly, a clarification of the injunction is necessary.

Upon removal of its lien, the SEC was left without a legal mechanism to enforce any interest in the Los Altos home. At that time, the property was no longer an asset capable of preservation for the benefit of injured investors. The court therefore clarifies based on this development that the Los Altos home is not subject to § VI of the preliminary injunction, and has not been subject to such order since April 7, 2015.

With that, a ruling on the SEC's motion is rendered unnecessary. It is DENIED AS

2

Case No.: 5:12-cv-03237-EJD
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION

1  MOOT.

3  **IT IS SO ORDERED.**

4  Dated: February 5, 2016



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:12-cv-03237-EJD
ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING RELEASE OF REAL PROPERTY FROM ASSET FREEZE AND INJUNCTIVE PROTECTION