1   DAVID R. ZARO (BAR NO. 124334)
    EDWARD G. FATES (BAR NO. 227809)
2   ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3   515 South Figueroa Street, Ninth Floor
    Los Angeles, California 90071-3309
4   Phone:  (213) 622-5555
    Fax:  (213) 620-8816
5   E-Mail:  dzaro@allenmatkins.com
                  tfates@allenmatkins.com
6
    Attorneys for Receiver
7   THOMAS A. SEAMAN

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  SECURITIES AND EXCHANGE              Case No. CV12-03237
    COMMISSION,
12                                       NOTICE OF MOTION AND MOTION TO
                 Plaintiff,              CONCLUDE RECEIVERSHIP AND FOR
13                                       ORDER:  (1) APPROVING SALE OF
          vs.                            CLINE JUDGMENT AND CBB STOCK;
14                                       (2) AUTHORIZING RECEIVER TO
    SMALL BUSINESS CAPITAL CORP.;        ESTABLISH RESERVE AND MAKE
15  MARK FEATHERS; INVESTORS PRIME       ADMINISTRATIVE PAYMENTS AND
    FUND, LLC; AND SBC PORTFOLIO FUND,   FINAL DISTRIBUTIONS TO CLAIMANTS;
16  LLC,                                 (3) APPROVING STIPULATION WITH
                                         SMALL BUSINESS ADMINISTRATION;
17               Defendants.             (4) APPROVING FINAL ACCOUNTING
                                         AND REPORT; (5) APPROVING
18                                       DISPOSITION OF BOOKS AND
                                         RECORDS; (6) RELEASING FEATHERS
19                                       RESERVE FUNDS; AND
                                         (7) CONDITIONALLY DISCHARGING
20                                       RECEIVER; RECEIVER'S FINAL REPORT
                                         AND ACCOUNTING
21
                                         Date:      October 20, 2016
22                                       Time:      9:00 a.m.
                                         Ctrm.:     4 - 5th Floor
23                                       Judge:     Hon. Edward J. Davila

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

843329.01/SD

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  **TO THE HONORABLE EDWARD J. DAVILA JUDGE OF THE UNITED STATES**

2  **DISTRICT COURT AND INTERESTED PARTIES:**

3      **PLEASE TAKE NOTICE** that on October 20, 2016 at 9:00 a.m. in Courtroom 4 of the

4  above-entitled Court located  280 S. 1st Street, San Jose, California 95113, a hearing will be held

5  on the motion of Thomas A. Seaman ("Receiver"), Court-appointed permanent receiver for Small

6  Business Capital Corp. ("SBCC"), Investors Prime Fund, LLC ("IPF"), SBC Portfolio Fund, LLC

7  ("SPF") and their subsidiaries and affiliates, including Small Business Capital, LLC ("SBC LLC")

8  and SBC Senior Commercial Mortgage Fund, LLC ("SCMF") (collectively, "Receivership

9  Entities"), to conclude the receivership and orders to:  (1) approve the sale of the Cline Judgment

10  and California Business Bank stock (hereinafter defined); (2) authorize Receiver to establish a

11  reserve and make administrative payments and final distributions to claimants; (3) approve

12  stipulation related to claim of the U.S. Small Business Administration and other post-receivership

13  claims; (4) approve final accounting and report; (5) approve destruction or transfer of books and

14  records; (6) approve release of Feathers reserve funds; and (7) discharge the Receiver ("Motion").

15  The Receiver and his counsel, Allen Matkins, have filed their fee applications concurrently

16  herewith.  The Motion and all relevant pleadings are available at the Receiver's website

17  www.sbcapitalreceiver.com, or may be reviewed at the Clerk's Office during normal business

18  hours at San Jose, California.

19      **Procedural Requirements**:  If you oppose the requested relief set forth in this Motion,

20  then you are required to file your written opposition with the Office of the Clerk, United States

21  District Court at 280 S. 1st Street, San Jose, California 95113 and serve the same on the

22  undersigned not later than 21 calendar days prior to the hearing.

23      **IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION** by the above date,

24  the Court may grant the relief requested in the Motion without further notice.

25  Dated:  June 23, 2016           ALLEN MATKINS LECK GAMBLE
                          MALLORY & NATSIS LLP

26

27                     By:      */s/ Edward Fates*

28                     EDWARD G. FATES
                   Attorneys for Receiver
                   THOMAS A. SEAMAN

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

# TABLE OF CONTENTS

**Page**

I.   RECEIVER'S FINAL REPORT AND ACCOUNTING ...................................................1

   A.   Stabilizing the Enterprise ...........................................................................1

   B.   Receiver's Accounting...............................................................................3

   C.   Loan Servicing and Asset Disposition .....................................................4

   D.   Receiver Reporting and Communications..................................................6

   E.   Actions of Mr. Feathers.............................................................................7

   F.   Receivership Accounting ...........................................................................7

II.  CLOSING MATTERS ...............................................................................................9

   A.   Asset Sales and Recoveries .....................................................................10

        1.   Sale of the Cline Judgment...........................................................10

        2.   California Business Bank Settlement.............................................11

        3.   Sale of California Business Bank Stock.........................................11

        4.   Release/Distribution of $200,000 Held for Feathers' Legal Fees..............12

   B.   Establishment of a Reserve and Distributions to Claimants ...................12

        1.   Establishment of Reserve .............................................................13

        2.   Proposed Distributions .................................................................14

   C.   Outstanding Claims Issues ......................................................................14

        1.   SBA Claim ....................................................................................14

        2.   BusinessUS....................................................................................15

   D.   Destruction of Records ............................................................................15

   E.   Discharge of Receiver ..............................................................................15

III. ARGUMENT ...........................................................................................................16

   A.   Broad Equitable Powers of the Court......................................................16

   B.   The Proposed Asset Sales are Fair and Reasonable .................................17

   C.   Relief Regarding Mr. Feathers ................................................................18

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

843329.01/SD

(i)

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1

**Page**

2        D.      Conclusion of Receivership and Discharge of Receiver ........................................20

3   IV.    CONCLUSION ............................................................................................................21

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                    (ii)

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Commodities Futures Trading Comm'n. v. Topworth Int'l, Ltd.*,
  205 F.3d 1107 (9th Cir. 1999)..................................................................... 17

*DeLong v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990)..................................................................... 19

*First Empire Bank-New York v. FDIC*,
  572 F.2d 1361 (9th Cir. 1978)..................................................................... 20

*Molski v. Evergreen Dynasty Corp.*,
  500 F.3d 1047 (9th Cir. 2007)..................................................................... 19

*SEC v. Basic Energy & Affiliated Res.*,
  273 F.3d 657 (6th Cir. 2001)....................................................................... 19

*SEC v. Capital Consultants, LLC*,
  397 F.3d 733 (9th Cir. 2005)....................................................................... 17

*SEC v. Elliot*,
  953 F.2d 1560 (11th Cir. 1992)................................................................... 17

*SEC v. Forex Asset Mgmt., LLC*,
  242 F.3d 325 (5th Cir. 2001)....................................................................... 19

*SEC v. Hardy*,
  803 F.2d 1034 (9th Cir. 1986)........................................................... 17, 19, 20

*SEC v. Wencke*,
  622 F.2d 1363 (9th Cir. 1980)..................................................................... 16

## Statutes

28 U.S.C. § 1651(a) .................................................................................... 19

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

(iii)

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2          Thomas Seaman, the Court-appointed Receiver herein, respectfully submits this

3   Memorandum of Points and Authorities in Support of his motion to conclude the receivership and

4   to:  (1) approve the sale of the Cline Judgment and California Business Bank ("CBB") Stock;

5   (2) authorize the Receiver to establish a reserve and make administrative payments and final

6   distributions to claimants; (3) approve stipulation related to the claim of the SBA; (4) approve

7   final accounting and report; (5) approve destruction or transfer of books and records; (6) approve

8   release of Feathers reserve funds; and (7) discharge the Receiver ("Motion").  The Receiver and

9   his counsel have filed their fee applications concurrently herewith.

10         The Receiver has monetized all but two assets of the receivership estate.  If the Court

11  approves the sale of the Cline Judgment and CBB stock, then all assets of the receivership will

12  have been liquidated and final distributions to investors can be made.  If the Court grants the

13  additional relief requested herein, then the Receiver can take the steps necessary to conclude the

14  receivership.

15         In the Receiver's First Interim Report (Dkt. No. 30), the Receiver estimated the value of

16  the assets of the Receivership Entities to be approximately $34.1 million.  Ultimately, investors

17  will have recovered more than $35.2 million from the receivership estate or more than 88% of

18  their investments, using a rising tide methodology.  This is an exceptional result in any case

19  involving securities fraud, and especially in one involving extensive commingling, inter-company

20  transfers, and Ponzi-like operations.  The relief sought herein will allow the Receiver to take the

21  remaining steps necessary to conclude the receivership, including making final distributions to

22  investors.

23  **I.      RECEIVER'S FINAL REPORT AND ACCOUNTING**

24         **A.      Stabilizing the Enterprise**

25         Pursuant to the *Ex Parte* Motion for a Temporary Restraining Order and Orders

26  (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited

27  Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver; and An Order

28  to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver ("TRO") filed

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

by the Securities and Exchange Commission ("Commission"), the Receiver was appointed

temporary receiver for the Receivership Entities on June 26, 2012.  Dkt. No. 16.  The Receiver

was made permanent on July 10, 2012, pursuant to the Preliminary Injunction and Orders:

(1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings;

and (4) Appointing a Permanent Receiver ("PI Order").  Dkt. No. 34.

Upon his appointment, the Receiver immediately took possession of the Receivership

Entities including the company offices located at 419 S. San Antonio Road, Los Altos, California

("Premises").  The Receiver promptly evaluated the operations and financial performance of the

Receivership Entities and determined the operating expenses of the business, together with

distributions being made to investors, vastly exceeded revenue being generated by the loans which

were the primary assets of the Receivership Entities.  In short, the enterprise was rapidly

consuming cash, putting investors at significant risk of losing most, if not all, of their investments.

Moreover, in order to fund the accumulated cash shortfall, SBCC, the manager ("Manager"),

acting on behalf of IPF and SPF (collectively, "Funds"), had borrowed more than $7 million from

the fund raising Receivership Entities in contravention of the Private Placement Memoranda and

in violation of generally accepted accounting principles.

Had the TRO and PI Order not been entered, investor funds would have rapidly dissipated.

Accordingly, the Receiver took immediate action to reduce operating expenses by terminating 24

of 28 employees.  Shortly thereafter, the Receiver closed the SBCC office and moved operations

to the Receiver's offices in Irvine, California, thereby eliminating office expenses such as rent,

insurance, utilities and a variety of other expenses.  As a result of these actions and proper

servicing of the Receivership Entities' loan portfolios, operations were turned into a cash positive

fiscal condition.  Over the life of the receivership, the Receivership Entities have generated

significant operational earnings.  The Receiver has also been able to generate excellent value for

the estate through the marketing and Court-approved sales of the loan portfolios and

SBLC license, marketing and sale of real property assets (Natoma, Sweet Fingers, and Whiskey

Junction properties), and resolution of problem loans.  Accordingly, investors will recover over

88% of their principal investments.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

-2-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

**B.     Receiver's Accounting**

The Receiver was ordered to conduct a forensic accounting of the sources and uses of investor funds.  The Receiver filed his Forensic Accounting Report on June 27, 2013.  Dkt. No. 557.  The Forensic Accounting Report concluded that the Funds did not generate profit equal to or greater than the amount they posted in member statements as mortgage pool distributions. As a result, at the time of the Receiver's appointment the members' equity exceeded the assets by approximately $13.1 million.  Despite the inability to pay mortgage pool distributions from their cash basis net income, the Funds transferred large amounts of cash to the Manager to pay the Manager's expenses.  As reflected in the Forensic Accounting Report, $9.24 million was transferred from the Funds to the Manager.  Of this amount, $1.773 million was returned by the Manager to the Funds, and therefore a net of $7.467 million was paid by the Funds to the Manager.

As a result of the insufficient income to make investor mortgage pool distributions and cover operating expenses of the Manager, the Receivership Entities used several types of transactions to create liquidity and fund cash needs.  The money was transferred in various ways to the Manager to cover operating expenses, payroll, and other expenses.  These transactions included:

- Transfers of cash between Funds;

- Loans by the Funds to the Manager;

- Payment of management fees;

- Payments by the Manager back to the Funds;

- Payment of loan premiums on inter-Fund loan transfers;

- Reimbursement of expenses;

- Payment of syndication costs;

- Transfers of loans between Funds;

- Transfers of investor accounts between Funds;

- Investments by one Fund in another and subsequent transfers back to the original Fund; and

- "Reinvesting" of investor interest payments in lieu of cash payments.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                     -3-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1    If all the Receivership Entities are consolidated and treated as a single entity, the Funds

2    and Manager operated at substantial losses.  That is, as of the date of the Receiver's appointment,

3    the enterprise's expenses of $15,457,185, exceeded revenue of $11,065,467 by $4,391,718.  As

4    such, there was no money with which to make distributions to investors.

5    The financial behavior of the Receivership Entities was driven by competing liquidity

6    needs of making mortgage pool distributions, covering the expenses of the Manager, and funding

7    new loans.  The constant liquidity crises experienced by the Funds and the Manager resulted in a

8    very high volume and complex web of transactions to unravel and analyze.

9    In addition to informing the Court and investors how investor funds were used and

10    establishing a foundation for claims analysis and distributions, the Receiver's Forensic Accounting

11    Report was necessary for the preparation of pre-receiver tax returns for 2011 and 2012 as well as

12    to address an IRS audit relating to pre-receivership periods.  The accounting also assisted with

13    determining claims and amounts owing to the Receivership Entities, and the cost basis of assets

14    for use in establishing a Qualified Settlement Fund ("QSF").

15    **C.    <u>Loan Servicing and Asset Disposition</u>**

16    The primary assets of the Receivership Entities were loan portfolios comprised of

17    SBA 7(a) loans, SBA 504/FMLP loans, and non-SBA loans.  Certain of the Receivership Entities

18    were non-bank lenders that originated loans and sold the SBA guaranteed portions of the loans,

19    retaining the unguaranteed portions.  The total face value of the loans was approximately

20    $100,000,000, while the portion retained by the Receivership Entities was approximately

21    $25.4 million.  At the time of the Receiver's appointment, there were 72 loans.  As an SBA non-

22    bank lender, certain Receivership Entities were obligated to service the $100,000,000 loan

23    portfolio and were paid servicing fees, which compensated them for meeting the many regulatory

24    requirements imposed by the SBA.  These obligations include, among other things:

25    (a)    collecting and monitoring borrower loan payments;

26    (b)    monitoring property tax payments, insurance payments, and financial statements;

27    (c)    site visits;

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                           -4-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

(d)     accounting for all payments of principal and interest, and disbursing amounts due to loan participants;

(e)     administering problem loans and evaluating potential loan modifications and forbearances;

(f)     providing notice of or seeking SBA approval of certain servicing actions in accordance with the SBA's requirements;

(g)     enforcing lender's rights through default notices, foreclosures, enforcement of guarantees, and related actions;

(h)     disposition and accounting for proceeds of collateral sales.

The servicing requirements for the SBA 7(a) and SBA 504 loans are set forth in the SBA's operating procedures, SBA SOP 5057 (2).  During the receivership, the Receivership Entities were paid $3,300,913.62 in servicing fees pursuant to the loan agreements for managing the SBA Loans.  Due to the cost efficient manner in which the Receiver managed the SBA Loans, these fees significantly exceeded the actual cost to service the loan portfolios, and therefore contributed significantly to the very successful recovery for investors.  The cost of servicing the loans decreased throughout the receivership because, among other things, the Receiver resolved problem loans, loans were paid off, and the Receiver sold the loan portfolios with Court approval.  The loan portfolios also generated interest income of $3,226,044.05 during the receivership.  Had the TRO and PI Order not been entered, the servicing and interest income would have likely been consumed by the expenses of the Manager.

A significant portion of the Receiver's loan servicing function involved administering problem loans.  At the time of Receiver's appointment, many of the loans exhibited characteristics of being impaired, such as monetary defaults, late payments, insurance cancellations, failure to pay property taxes, and non-monetary defaults.  Problem loans were discussed in the Receiver's quarterly interim reports to the Court.  The Receiver aggressively enforced the lenders' rights and either foreclosed, entered into forbearance agreements, or otherwise resolved the credit issues. The Receiver worked first to resolve the immediate problem loans, did so, and sought Court approval thereof.  When it came time to sell the loans, the Receiver segregated the few remaining

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

843329.01/SD

-5-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  weaker loans and marketed the SBA 7(a) and 504/FMLP loan portfolios without any non-

2  performing loans.

3      The 504/FMLP loan portfolio was sold first at 110% of par.  The 7(a) loans, which carried

4  more risk to the lender and thus were a more complicated transaction, sold for 90% of par.  The

5  SBLC license was sold for $1.2 million.  The value of the license on the books of the Receivership

6  Entities was $750,000.  The non-SBA loans, which were of poorer credit quality, were sold for

7  60% of par.

8      In addition to the loans, the Receiver also oversaw the real estate assets and so-called

9  "legacy" loans.  These assets were challenging as they involved idiosyncratic, one-off ventures,

10  including Whiskey Junction, a failed bar and restaurant in the Sacramento delta; Sweet Fingers, a

11  Jamaican restaurant in Oakland; Bay Road, an early stage poorly-structured construction project;

12  Brannon Country Inn, a struggling bed and breakfast in wine country; and Kallapa Rampur, an

13  environmentally challenged gas station in Oakland.  The Receiver strategically developed and

14  marketed these assets and ultimately sold or otherwise resolved each for a substantial recovery.

15      **D.      Receiver Reporting and Communications**

16      The Receiver kept investors and interested parties informed of his activities and results by

17  regularly updating a website dedicated to the receivership (www.sbcapitalreceiver.com).  The

18  Receiver also filed detailed quarterly accounting reports that kept investors and the Court advised

19  as to the amount of money recovered, the financial position of the receivership estate, and efforts

20  to recover funds for the benefit of investor victims.  The Receiver also gave detailed information

21  on all "watch-list" loans.

22      Many investors were initially against the appointment of a receiver.  This resulted

23  primarily from Mr. Feathers' campaign to discredit the Commission, the Court, and the Receiver

24  via inflammatory letters and emails to investors.  These letters and emails would trigger numerous

25  calls and emails from confused and angry investors.  As the receivership progressed, assets were

26  sold, and distribution checks were issued, investor confusion and anxiety dissipated.

27      Despite the website updates, letters and reports, many investors frequently called the

28  Receiver's office.  Ironically, although website updates were made to inform investors and reduce

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                    -6-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

incoming calls, the updates often triggered investor calls, with a handful of investors calling every time the website was updated.  The Receiver did his best to be responsive, while also trying to minimize administrative expenses.  The Receiver billed his calls with investors at a rate of $100 per hour, rather than $375.

### E.   Actions of Mr. Feathers

Throughout this case, the Receiver and his counsel have received harassing letters and emails from defendant Mark Feathers.  Virtually all motions and reports filed by the Receiver were objected to by Mr. Feathers.  Mr. Feathers repeatedly attacked the Receiver and his counsel with absolutely no grounds, which attacks were rejected by the Court.

Mr. Feathers sought leave to sue the Receiver on several occasions (all of which were rejected by the Court), filed a complaint against the Receiver's counsel with the State Bar of California (which was determined to have no merit), lodged a complaint against the Receiver with the Chartered Financial Analyst Institute (which was determined to have no merit), and sought to intervene in an unrelated Commission case in the Central District of California in which Mr. Seaman was appointed receiver (which request was summarily rejected by the appointing district court).

The Receiver and counsel have made every effort to minimize the cost associated with and the impact upon the receivership of Mr. Feathers' actions.  Despite the efforts by the Receiver and his counsel to interact in a civil, professional manner, Mr. Feathers continues to attack the Receiver and oppose virtually every action taken by the Receiver in the receivership.

### F.   Receivership Accounting

Attached hereto as <u>Exhibit A</u> are cash basis financial statements from inception of the receivership through the present, as well as a Profit and Loss Statement, Balance Sheet, and a redacted General Ledger for December 31, 2015, through the present.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                -7-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

From inception of the receivership through the present, the total gross receipts were $69,935,104.75[1] and are comprised of funds from the following sources:

| | | |
|---|---|---|
| Turnover/seizure of bank accounts | | $10,257,682.00 |
| Asset sales | | |
| SBA 7-(a) loan portfolio | 3,767,312.87 | |
| SBA license | 1,200,000.00 | |
| All other assets | 1,501,480.76 | |
| Total asset sales | | 13,923,026.82 |
| Loan principal payments | | 11,225,662.26 |
| Loan servicing income | | 3,300,913.62 |
| Loan interest income | | 3,226,907.95 |
| BusinessUS sale deposit forfeited | | 300,000.00 |
| Collections on Cline Judgment | | 87,969.47 |
| Refunds | | 56,785.28 |
| Rental income | | 50,830.00 |
| Late fees | | 39,361.09 |
| Interest income | | 12,468.21 |
| Sub-Total operating revenue | | $42,481,606.70 |
| Loan payments collected, due to participating lenders | | 27,453,498.05 |
| Total gross receipts | | $69,935,104.75 |

The Profit and Loss Statement provides a detailed summary of operating expenses of the receivership.  Together with cash disbursements reflected on the balance sheet, the total disbursements were $57,994,159.04.  Disbursements were comprised of payments in the following categories:

---

[1]   Gross receipts do not include $4.8 million in earnest money deposits collected from and returned to unsuccessful bidders.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

843329.01/SD                    -8-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

| | |
|---|---|
| Borrower payments due to participating lenders | $27,436,697.10 |
| Income taxes | $788,244.31 |
| Loan payments | $400,140.04 |
| Advances to borrowers | $426,994.30 |
| Payroll expenses | $340,138.54 |
| All other operating expenses | $789,075.55 |
| Sub-total operating disbursements | $30,181,289.84 |

Professional fees:

| | | |
|---|---|---|
| Receiver | 1,946,596.75 | |
| Allen Matkins | 1,028,758.63 | |
| Accounting | 226,854.61 | |
| Other professionals | 42,515.60 | |
| Total professional fees | | 3,244,725.59 |
| Distributions to investors and claimants | | 24,568,143.61 |
| Total disbursements | | $57,994,159.04 |

## II.    CLOSING MATTERS

As of the date of the filing of this Motion, the Receiver is holding cash in the total amount of $11,740,945.71 (not including the $200,000 reserve for Feathers' legal fees).  If the Court approves of the sale of the Cline judgment, the settlement with CBB, the fee applications of the Receiver and his counsel filed concurrently herewith, and allows the Receiver to establish the $275,000 reserve discussed below, there will be $10,687.508.01 available for distribution to investors and non-investor claimants.  As detailed below, the breakdown of the cash on hand and to be recovered as well as the expenses and reserves is as follows:

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                            -9-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

| | |
|---|---:|
| Cash on hand | $11,740,945.71 |
| Recovery from sale of Cline Judgment | 23,500.00 |
| Recovery from CBB Settlement | 650,000.00 |
| Sale of CBB Stock | 0.00[2] |
| Feathers Reserve | 200,000.00 |
| Payment to SBA per stipulation | (41,948.78) |
| 2015 tax returns preparation fees | (16,648.00) |
| Storage fees | (940.00) |
| Website and misc. expenses | (2,000.00) |
| Receiver requested fees/costs per fee application | (847,330.75)[3] |
| Allen Matkins requested fees/costs per fee application | (743,070.17)[4] |
| Reserve | (275,000.00) |
| Total available for distribution | $10,687,508.01 |

To facilitate the distribution and bring the receivership to a close, the following tasks need to be accomplished:

**A.     Asset Sales and Recoveries**

1.     Sale of the Cline Judgment

In April 2008, SBCC filed a lawsuit against E.C.I. Corporation ("ECI"), whose principal was Peter Cline.  The litigation arose from the February 2007 purchase by SBCC of a second deed of trust.  ECI violated the recourse provisions of the second deed of trust and a default judgment in the amount of $279,036 was entered on June 3, 2010, against ECI and Cline.  At the time of the judgment, Mr. Cline's only collectible asset was his account in Coast Capital Income Fund ("CCIF").  The Receiver conducted an asset search to verify this fact and found only assets of limited value.  At present, the receivership collects 70% of Mr. Cline's CCIF distributions, with

---

[2]   *See* Section II.A.3. below.

[3]   Includes fees requested in the Receiver's Twelfth Interim Fee Application, which is set to be heard on June 30, 2016.  Dkt. No. 1128.

[4]   Includes fees and costs requested in Allen Matkins' Twelfth Interim Fee Application, which is set to be heard on June 30, 2016.  Dkt. No. 1129.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                        -10-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

the remaining 30% being paid to Mr. Cline's former spouse.  The Receiver is informed by CCIF that they intend to wind down in the next year, at which time distributions would stop.  This explains why CCIF's payments have been sporadic - they only come as CCIF's assets are liquidated.  To date, $110,557 has been paid against the judgment.  The current unpaid balance of the judgment with simple interest is approximately $300,000.  The remaining value of the assets as stated on CCIF's reports is $9.9 million, however there is no certainty that amount will be generated through a sale of remaining assets.  Based upon Cline's interest in CCIF, the Receiver estimates the remaining recovery from Cline/CCIF would range from $35,000 to $52,000 over the course of the next year.  This estimate is based on CCIF recovering from 67% to 100% of the book value of the remaining assets.

Mr. Feathers recently sent an email stating he intended to request the Court to transfer the judgment to him to fund his criminal defense.  Given the final judgment, the Receiver cannot discern a legal basis for returning the asset to Mr. Feathers.

The Receiver has identified a buyer, EDS Financial, willing to pay $28,500 for the judgment.  Given the relatively small expected recovery on the judgment, the cost of collection, the uncertainty of recovery, and the delay in closing the estate that would result from holding the asset, the Receiver recommends and requests that the Court approve the sale.

### 2.   California Business Bank Settlement

The Receiver sought and was granted authority to sue California Business Bank ("CBB") and related individuals for misleading the Receivership Entities in connection with their purchase of CBB stock, which plummeted in value within weeks of the investment.  The case has been settled, subject to Court approval.  The Receiver's motion for approval of the settlement is set to be heard on June 30, 2016.  Dkt. No. 1159.  Upon approval of the settlement, the Receiver will receive $650,000.00.

### 3.   Sale of California Business Bank Stock

The Receivership Entities, namely Investors Prime Fund, LLC and IPF Banc Servicing, LLC, each own 165,000 shares of the common stock of California Business Bank ("CBB").  As discussed above, the Receiver sued CBB over alleged misrepresentations impacting

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

-11-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  the value of this stock.  The Receiver settled with CBB, however, the disposition of the CBB stock

2  was not addressed in the settlement.

3      With the receivership estate in a position to soon close, the Receiver requests authority to

4  sell the 330,000 shares.  The shares are publically traded under the symbol CABB.  The Receiver

5  requests approval to sell the shares on the open market at whatever price the market will bear.  The

6  Receiver has consulted with a stock transfer agent who has indicated the current value (as of

7  May 31, 2016) is approximately $.28 per share.  The shares are very thinly traded.  The book value

8  is $.116 per share.  The Receiver expects it may take several months to sell these shares and that

9  the sale will generate less than $50,000.

10          4.    Release/Distribution of $200,000 Held for Feathers' Legal Fees

11      The Court previously ordered the Receiver to set aside $200,000 of cash in the receivership

12  estate for the potential reimbursement of Mr. Feathers' legal fees in the event he prevailed in this

13  matter. (Dkt. No. 70.)  The Court then granted the Commission's motion for summary judgment

14  and a final judgment was entered against Mr. Feathers.  In light of the foregoing, the Receiver

15  requests authority to cease holding the $200,000 and payout these funds to investors and non-

16  investor claimants as part of the final distribution.

17      **B.    Establishment of a Reserve and Distributions to Claimants**

18      As discussed above, the Receiver presently holds $11,740,945.71 (not including the

19  $200,000 reserve for Feathers' legal fees).  As noted above, the Receiver anticipates he will

20  recover an additional $673,500.00 from the settlement with CBB and sale of the Cline judgment.

21  The Receiver seeks authority to distribute $10,687,508.01, to investors and other claimants in

22  accordance with this Court's Order Approving Omnibus and Specific Claims Objections ("Claims

23  Order") (Dkt. No. 626-2) and Order Approving Receiver's Distribution Plan, and Authorizing

24  Interim Distributions ("Plan") (Dkt. No. 711) and establish a reserve of $275,000 ("Reserve") to

25  cover taxes owed by the receivership estate, as well as fees and costs of the Receiver and Allen

26  Matkins necessary to close the receivership, including those necessary to address appeals filed by

27  Mr. Feathers.  In addition, the Receiver requests authority to make final distributions to investor

28  claimants and non-investor claimants, upon resolution of the appeals and payment of taxes.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                    -12-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

### 1.    Establishment of Reserve

The Receiver seeks authority to establish a cash Reserve to be used for the following purposes:  (a) pay fees and costs of the Receiver and Allen Matkins to address the seven currently pending appeals filed by Mr. Feathers and Natalie Feathers (as well as any future appeals);[5] (b) pay fees and costs incurred in selling the Cline Judgment and CBB stock; (c) defend threatened lawsuits against the Receiver and Allen Matkins by Mr. Feathers; (d) pay the costs to prepare and file the 2016 Qualified Settlement Fund income tax returns and pay such 2016 income taxes as may be due; (e) pay the Receiver for work that may be required in the pending criminal matter against Mr. Feathers, potentially including time to testify at trial regarding his accounting; and (f) pay costs incurred in making final distributions.

The Receiver estimates the legal fees and costs of addressing the seven pending appeals will be in the range of $25,000 - $40,000, depending how the Ninth Circuit Court of Appeals proceeds.  If, as threatened, Mr. Feathers files two additional appeals, then an additional $25,000 to $35,000 in fees and costs will be incurred in preparing opposition briefs, excerpts of record, and otherwise addressing the appeals.

The Reserve is also needed to fund the cost of preparing the 2016 tax returns and paying the income tax due for 2016.  The Receiver will incur additional fees to complete the tasks set forth in this motion.  The AUSA has also requested ongoing assistance from the Receiver.  To the extent the Receiver will be called upon to testify, the Receiver should be compensated for the time to prepare and testify.  The Reserve requirements can be summarized as follows:

| | |
|---|---|
| Receiver fees | $45,000 |
| Allen Matkins fees | 75,000 |
| 2016 tax preparation | 10,000 |
| 2016 income taxes and contingency | 145,000 |
| Total Reserve requirement | $275,000 |

---

[5]   On May 24, 2016, Mr. Feathers set an email to the Receiver and counsel for the Commission stating his intent to file two additional appeals.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                    -13-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

The Receiver requests authorization to use the funds from the Reserve to pay his fees and costs, his counsel's fees and costs, tax preparation fees, and tax payments, without further order of the Court.  Once the appeals have been resolved, and taxes are paid, the Receiver will file a declaration with the Court setting forth the detailed accounting of disbursements from the Reserve. The Receiver will then make a final distribution to investors using any residual funds from the Reserve and/or turn over the balance to the Commission.

2.    Proposed Distributions

The Receiver is currently holding cash in the amount of $11,740,945.71.  If the Court approves the payment of the Receiver's fees and costs and those of his professionals, approves the establishment of the Reserve, approves the sale of the Cline judgment, approves the release of the $200,000 Feathers' reserve, and approves the CBB settlement, then, upon receipt of the CBB settlement proceeds and the Cline judgment sale proceeds, there will be $10,687,508.01 available for distribution to investors and non-investor claimants.

In the event any investors or non-investor claimants have not negotiated their distribution check(s) and/or there is less than $25,000 remaining in the Reserve at the conclusion of the appeals, then the Receiver shall pay such funds to the Commission for turnover to the United States Treasury following 90 days after the issuance of the check.  If there is more than $25,000 remaining in the Reserve at the conclusion of the appeals, the Receiver will distribute the funds to investors and non-investor claimants pursuant to the Claims Order and Plan.

**C.    Outstanding Claims Issues**

1.    SBA Claim

During the claims process, the SBA submitted a claim for $24,181,665.40.  The claim is for contingent liabilities the SBA could incur in connection with the SBA loans issued by the Receivership Entities.  The Receiver objected to the claim.  In connection with the first distribution to investors, the Receiver and the SBA agreed to establish a $4,000,000 reserve for the SBA claim and defer resolution of the SBA's contingent claims until the loan portfolios could be sold and the purchaser of the loan portfolios and license assumed certain obligations of the Receivership Entities.  As set forth in a recently filed stipulation, the SBA has withdrawn its claim

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD

-14-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  in exchange for a payment of $41,948.78 and agreed that the $4,000,000 held in reserve may be

2  distributed to investors and non-investor claimants.

3          2.      BusinessUS

4          While BusinessUS has not formally taken any action to assert a claim, the Receiver is

5  informed BusinessUS claims to be entitled to recover the $300,000 deposit it made in connection

6  with the failed purchase of the 7a loans and SBLC license.  The Receiver has advised BusinessUS

7  that their claim has no merit because, among other reasons, BusinessUS breached its contract to

8  purchase the 7a loans and license and, by its own actions, made it impossible to close the sale.  As

9  such, the Receiver has rejected this claim.  The Receiver has given BusinessUS notice of this

10  motion and requests an order barring any claims against the Receiver or the receivership estate in

11  accordance with the discharge of the Receiver.

12          **D.      Destruction of Records**

13          The Receiver presently stores loan files, records for the Receivership Entities' operations,

14  personnel files, investor files, and miscellaneous documents and electronic records.  Typically, the

15  Receiver would destroy all records at the close of a receivership.  In this instance, the Receiver

16  seeks approval to turn such books and records over to the United States Attorney's Office

17  ("USAO") for use in the pending criminal matter against Mr. Feathers and to destroy the

18  remaining files and delete all digital records.  The Receiver proposes to give the USAO 60 days to

19  make a decision as to what, if any, records they wish to take.  The balance of the records will be

20  destroyed.

21          **E.      Discharge of Receiver**

22          The Receiver has successfully completed all work required under the TRO and PI Order.

23  The assets were marshalled, protected and successfully monetized, the accounting was completed

24  and the claims of investors and others were adjudicated.  As such, it is appropriate for the Receiver

25  to ask the Court to enter an order discharging the Receiver upon the following conditions:

26          1.      The Receiver shall complete the tasks outlined in this Motion including the sale of

27  assets, preparation of tax returns, and payment of taxes;

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                    -15-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

2.      Upon completion of the sale of assets, the Receiver shall make a distribution of $10,687,508.01, to investors and non-investor claimants in accordance with the approved Distribution Plan, Docket No. 628, Exhibit A;

3.      The Receiver will set up a Reserve of $275,000, plus such funds as may be generated by the sale of the CBB Stock, and the Receiver is authorized to use such Reserve funds for the purposes described in Section B.1. above;

4.      The Receiver shall address the pending appeals and any new appeals filed by Mr. Feathers;

5.      Upon final adjudication or other resolution of the appeals, including, but not limited to, the appeal by Mr. Feathers of the Court's judgment entered in this case, and payment of the fees and costs of the Receiver and his professionals, the Receiver shall make a final distribution in accordance with the Distribution Plan to investors and non-investor claimants of any of the remaining funds in the Reserve, unless there is less than $25,000 remaining in the receivership estate;

6.      In accordance with the Distribution Plan, following 120 days after the final distribution to claimants, the Receiver shall turn over to the Commission any balance of funds; and

7.      Following the adjudication or resolution of the appeals, the Receiver may file a declaration with the Court providing a final accounting regarding his use of the Reserve funds along with an order discharging the Receiver ("Discharge Order"), in the form attached hereto as Exhibit B, which Discharge Order may be entered by the Court without further notice or a hearing.

## III.    ARGUMENT

### A.      Broad Equitable Powers of the Court

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).  The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                    -16-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). As the

2  appointment of a receiver is authorized by the broad equitable powers of the Court, any

3  distribution of assets must also be done equitably and fairly. *See SEC v. Elliot*, 953 F.2d 1560,

4  1569 (11th Cir. 1992).

5          District courts have the broad power of a court of equity to determine the appropriate

6  action in the administration and supervision of an equity receivership. *See SEC v. Capital*

7  *Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). As the Ninth Circuit explained:

8                  A district court's power to supervise an equity receivership and to
                   determine the appropriate action to be taken in the administration of
9                  the receivership is extremely broad. The district court has broad
                   powers and wide discretion to determine the appropriate relief in an
10                 equity receivership. The basis for this broad deference to the district
                   court's supervisory role in equity receiverships arises out of the fact
11                 that most receiverships involve multiple parties and complex
                   transactions. A district court's decision concerning the supervision
12                 of an equitable receivership is reviewed for abuse of discretion.

13  *Id.* (citations omitted); *see also Commodities Futures Trading Comm'n. v. Topworth Int'l, Ltd.*,

14  205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's

15  supervisory role, and 'we generally uphold reasonable procedures instituted by the district court

16  that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit

17  of creditors."). Accordingly, the Court has broad equitable powers and discretion in the

18  administration of the receivership estate and disposition of receivership assets.

19          **B.      The Proposed Asset Sales are Fair and Reasonable**

20          As reflected above, the Receiver seeks authority to sell the remaining assets of the

21  receivership estate; namely, the Cline Judgment and CBB Stock ("Assets"). The sales proposed by

22  the Receiver will generate the highest net recovery from the Assets in light of their unique nature

23  and limited value.

24          There is no public market for the sale of the Cline Judgment. As such, the Receiver

25  explored the limited universe of buyers for such a unique asset, the value of which is highly

26  speculative. As discussed above, the buyer faces substantial hurdles with regard to collection and

27  timing of future payments. The Receiver believes the sale of the Cline Judgment to EDS Financial

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

843329.01/SD

-17-

Case No. CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1   achieves the goal of obtaining the highest price that could be obtained under the facts and

2   circumstances.

3         Similarly, the CBB Stock while publically traded, has a very limited value based upon the

4   marketplace for such stock.  As such, the Receiver requests latitude to sell the shares of CBB in

5   the ordinary course of business for the best price that can be obtained within the next 90 days.

6         Further, the Receiver requests the Court waive the procedural requirements set forth in

7   28 U.S.C. § 2004 for the sales of the Assets.  The Receiver has already entertained competitive

8   offers from qualified purchasers, while not spending substantial time and money to market or

9   conduct an auction.  Through this approach, the Receiver believes the receivership estate will

10  recover an amount reflecting the present value of the Assets, while minimizing administrative

11  expenses associated with the sales.

12        **C.      Relief Regarding Mr. Feathers**

13        As the Court is aware, Defendant Mark Feathers has been extremely vociferous in

14  attacking the Receiver and objecting to virtually all actions taken by the Receiver.  He has moved

15  to sue the Receiver on several occasions (Dkt. Nos. 296, 577), requested reconsideration of the

16  majority of the Court denials of his initial requests for various forms of relief, moved for sanctions

17  against counsel for the Commission, and filed seven appeals to the Ninth Circuit.  Mr. Feathers

18  has also filed complaints with the California State Bar with respect to the Receiver's counsel

19  (which were found to lack merit), filed a claim with the Chartered Financial Analyst Institute

20  against the Receiver (which was found to lack merit), attempted to intervene in a separate federal

21  equity receivership in the Central District of California in which Mr. Seaman was appointed

22  (which motion was summarily denied), and sent numerous threatening communications to the

23  Receiver and his counsel.  As recently as May 24, 2016, Mr. Feathers threatened to file two new

24  appeals and made personal attacks upon the Receiver and his counsel.  This recent threat is

25  consistent with prior threats in that Mr. Feathers, again, states his intention to file actions against

26  the Receiver.  Given the history of Mr. Feathers' actions, it is likely he will continue to pursue

27  claims against the Receiver and his counsel after the Receiver is discharged.  Consequently, the

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

843329.01/SD                                    -18-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  Receiver requests specific limited relief to protect against continued litigation and expense after

2  the Receiver is discharged.

3      It is well-settled that federal courts can, pursuant to the All Writs Act, 28 U.S.C. § 1651(a):

4  "regulate the activities of abusive litigants by imposing carefully tailored restrictions under

5  appropriate circumstances." *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v.*

6  *Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).  It is under this authority that federal

7  judges may declare a party to be a vexatious litigant. *Delong*, 912 F.2d at 1147.  Moreover, the case

8  law is clear that a district court's power to administer an equity receivership is extremely broad.

9  *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986); *SEC v. Forex Asset Mgmt., LLC*, 242 F.3d 325,

10  331 (5th Cir. 2001); *SEC v. Basic Energy & Affiliated Res.*, 273 F.3d 657, 668 (6th Cir. 2001).

11      Here, the Receiver is <u>not</u> seeking an order declaring Mr. Feathers a vexatious litigant or

12  prohibiting from filing any litigation.  Instead, the Receiver seeks an order prohibiting

13  Mr. Feathers from commencing any action against the Receiver or his professionals (including his

14  company, employees, and counsel) in any court other than this Court.  The Receiver further

15  requests the Court exercise its broad discretion to enter a pre-filing injunction which allows the

16  Court to review any lawsuits filed by Mr. Feathers against the Receiver or his professionals to

17  determine whether there is any validity to the claims made before requiring a response from the

18  Receiver or his professionals.  That is the way things currently stand under the Barton Doctrine,

19  *i.e.,* Mr. Feathers must seek leave from this Court before suing the Receiver and that rule should

20  remain in effect.

21      This Court has already considered several requests by Mr. Feathers to sue the Receiver and

22  has found each of them to lack merit.  The Court has also presided over the receivership for the

23  past four years and is therefore in the best position to efficiently assess the validity of claims

24  Mr. Feathers may assert against the Receiver or his professionals.

25      Mr. Feathers' Court filings as well as his correspondence to the Receiver and his counsel

26  throughout this case clearly show his repeated efforts to harass and intention to continue harassing

27  the Receiver and his counsel and to assert claims without any legal basis.  Mr. Feathers has

28  threatened to sue the Receiver and/or his counsel more than 35 times, most recently on May 24,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
843329.01/SD                    -19-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1   2016, and has vowed to continue to fight for years to come.  Mr. Feathers has sent Mr. Seaman

2   and Mr. Zaro over 300 unsolicited emails.  Many contain personal attacks, make unfounded

3   accusations of impropriety, and contain profanity.  *See* Declaration of Thomas Seaman filed

4   herewith, Exhibit A.

5           As noted above, the Receiver is not asking the Court to prohibit Mr. Feathers from filing

6   any litigation.  Rather, the Receiver simply seeks to avoid the expense of defending claims that are

7   fundamentally inconsistent with the Court's prior orders and the requested discharge order.  The

8   requested retention of jurisdiction and pre-filing restriction will insure the Receiver and his

9   professionals are not forced to incur attorney fees and costs as a result of Mr. Feather's continuing

10  crusade to re-litigate issues already decided by this Court.  If the Court believes Mr. Feathers has

11  asserted valid claims that fall outside the Court's orders and the Receiver's work in performing his

12  Court-ordered duties, it can direct the appropriate persons to respond.

13          **D.      Conclusion of Receivership and Discharge of Receiver**

14          Federal District Courts presiding over federal equity receiverships have broad power and

15  wide discretion in the supervision of the same.  *SEC v. Hardy*, 803 F.2d 1034, 1037-38 (9th Cir.

16  1986).  Their power and discretion includes the authority to "make rules which are practicable as

17  well as equitable."  *Id.* at 1039 (*quoting First Empire Bank-New York v. FDIC*, 572 F.2d 1361,

18  1368 (9th Cir. 1978)).  In this case, the Court's appointment of the Receiver is guided by these

19  same rules.

20          The Receiver has been very successful in administering the case, including assuming

21  control of enterprises, marshalling and selling assets, performing a forensic accounting, pursuing

22  claims, providing detailed reports to the Court, conducting a claims process, and ultimately

23  distributing more than $35 million such that investors will have recovered more than 88% of their

24  investments.  As there is no further benefit to be gained from maintaining this receivership, the

25  Receiver requests that he be discharged and the case be closed, effective upon completion of the

26  final closing tasks as described in this Motion.

27          Effective upon completion of the closing tasks discussed in Section II.E. above, the

28  Receiver requests the Discharge Order (attached hereto as Exhibit B) be entered, which order

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

843329.01/SD                                  -20-

Case No.  CV12-03237
MOTION TO CONCLUDE RECEIVERSHIP;
RECEIVER'S FINAL ACCOUNT & REPORT

1  discharges the Receiver and fully releases the Receiver and counsel of: (i) all duties under the

2  Orders, and (ii) any and all claims and liabilities associated with the case and the Defendants. In

3  addition, the Receiver asks the Court to approve and ratify all actions taken by the Receiver and

4  his professionals in the performance of their Court-ordered duties. The Receiver further requests

5  the Court retain exclusive jurisdiction over any and all new actions or claims asserted by

6  Mr. Feathers or others related to the receivership or work done by the Receiver and his

7  professionals to carry out the Receiver's Court-ordered duties. It is necessary and appropriate to

8  issue the requested "conditional" discharge order (effective upon completion of remaining tasks)

9  in light of the likelihood of an appeal of any discharge order by Mr. Feathers and the need to

10  resolve the appeals and pay fees and costs associated with the appeals before finally closing the

11  receivership.

12  **IV.    CONCLUSION**

13      For the foregoing reasons, the Receiver respectfully requests the Court grant the Motion

14  and issue the proposed order submitted herewith.

15

16  Dated:  June 23, 2016            By: _Thomas A. Seaman_____

17                                  THOMAS A. SEAMAN, Receiver

18  Dated:  June 23, 2016            ALLEN MATKINS LECK GAMBLE
                                    MALLORY & NATSIS LLP
19

20                                  By:    _/s/ Edward Fates_____
                                        EDWARD G. FATES
21                                      Attorneys for Receiver
                                        THOMAS A. SEAMAN
22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

843329.01/SD                        -21-                    Case No.  CV12-03237
                                                    MOTION TO CONCLUDE RECEIVERSHIP;
                                                    RECEIVER'S FINAL ACCOUNT & REPORT

# EXHIBIT A

1:24 PM
06/17/16
Cash Basis

# Small Business Capital, Corp
## Profit & Loss
### As of May 31, 2016

|  | May 31, 16 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Coast Capital Income | 87,969.47 |
| Late Fees | 39,361.09 |
| Loan Interest Income | 3,226,907.95 |
| Loan Servicing Income | 3,300,913.62 |
| Refunds | 56,785.28 |
| Rental Income | 50,830.00 |
| Sale of Assets/Distributions | 1,548,059.33 |
| Turnover/Seizure | 10,257,682.00 |
| **Total Income** | 18,568,508.74 |
| **Gross Profit** | 18,568,508.74 |
| **Expense** | |
| 11th Hour Investor Refund | 45,000.00 |
| Association Dues | 2,858.00 |
| Bank Service Charges | 12,607.61 |
| Business Licenses and Permits | 0.00 |
| Commission Expense | 130,730.73 |
| Computer and Internet Expenses | 32,597.03 |
| Defendant Living Expenses | 30,000.00 |
| Deposit Refunds | 3,750.00 |
| Discount on Loan | 200,000.00 |
| Distributions to Investors | 24,523,143.61 |
| Dues and Subscriptions | 5,084.46 |
| Employee moral | 500.00 |
| **Insurance Expense** | |
| E & O Insurance | 102,953.65 |
| General Liability Insurance | 2,342.37 |
| Health Insurance | 9,516.59 |
| Life Insurance | 1,635.00 |
| Property Insurance | 1,336.76 |
| Worker's Compensation | 2,915.00 |
| **Total Insurance Expense** | 120,699.37 |
| Late Payment Fee | 0.00 |
| Licenses & Fees | 34,739.00 |
| Loan Payments | 400,140.04 |
| Moving & Storage | 868.38 |
| Office Supplies | 1,604.27 |
| **Operating Expense** | |
| Outside Services | 162,581.90 |
| **Total Operating Expense** | 162,581.90 |
| Payroll Expenses | 340,138.54 |
| Payroll Service fees | 7,861.01 |
| Postage and Delivery | 9,850.54 |
| Printing and Reproduction | 2,909.68 |
| **Professional Fees** | |
| Accounting fees | 226,754.61 |
| Appraiser Fees | 0.00 |
| Legal Expense-Receivers Counsel | 29,931.85 |
| Legal Fees - Collection Counsel | 8,463.75 |
| Legal Fees - Receivers Counsel | 1,028,758.63 |
| Litigation Support | 4,220.00 |
| Receiver Fees | 1,946,596.75 |
| **Total Professional Fees** | 3,244,725.59 |
| Rent.Expense | 55,072.09 |
| Rent/Leased Equipment Expense | 2,073.00 |
| REO Expenses | 42,347.24 |
| Repairs and Maintenance | 1,206.25 |

1:24 PM
06/17/16
Cash Basis

# Small Business Capital, Corp
# Profit & Loss
### As of May 31, 2016

|  | May 31, 16 |
|---|---|
| **Servicing** |  |
| Collection & Servicing Expenses | 16,639.01 |
| Lodging | 235.00 |
| Meals & Entertainment | 3,089.45 |
| Travel-Airfare-Hotel | 21,595.02 |
| Travel-Car | 6,442.00 |
| **Total Servicing** | 48,000.48 |
| **Taxes** |  |
| Corporate Income Taxes | 788,244.31 |
| Escape Property Tax | 3,673.18 |
| Secured Property Taxes | 23,721.03 |
| Unsecured Property Taxes | 1,119.58 |
| **Total Taxes** | 816,758.10 |
| **Utilities** |  |
| Electricity | 6,476.92 |
| Utilities - Other | 23,918.60 |
| **Total Utilities** | 30,395.52 |
| **Total Expense** | 30,308,242.44 |
| **Net Ordinary Income** | -11,739,733.70 |
| **Other Income/Expense** |  |
| **Other Income** |  |
| Gain / (Loss) on Sale of Loans | -681,542.62 |
| Gain on sale of SBA License | 1,200,000.00 |
| Interest Income | 12,468.21 |
| **Total Other Income** | 530,925.59 |
| **Net Other Income** | 530,925.59 |
| **Net Income** | -11,208,808.11 |

1:25 PM
06/17/16
Accrual Basis

# Small Business Capital, Corp
# Balance Sheet
### As of May 31, 2016

|  | May 31, 16 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| ML_CDARS - SB Cap Corp. | 5,653,448.78 |
| Rabo_SBC Corp_Distribution_2766 | 1,000.44 |
| WF_Defense counsel act_#6291 | 200,612.10 |
| WF_SBC Operating_1438 | 6,089,048.72 |
| **Total Checking/Savings** | 11,944,110.04 |
| **Total Current Assets** | 11,944,110.04 |
| **TOTAL ASSETS** | 11,944,110.04 |
| **LIABILITIES & EQUITY** | |
| **Equity** | |
| Opening Balance Equity | 23,153,986.15 |
| Retained Earnings | -11,914,221.39 |
| Net Income | 704,345.28 |
| **Total Equity** | 11,944,110.04 |
| **TOTAL LIABILITIES & EQUITY** | 11,944,110.04 |

Exhibit A, Page 3 of 21

1:27 PM
06/17/16
Cash Basis

# Small Business Capital, Corp
# Profit & Loss
### January through May 2016

|  | Jan - May 16 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Coast Capital Income | 10,582.04 |
| Loan Interest Income | 67,076.25 |
| Loan Servicing Income | 59,719.30 |
| Sale of Assets/Distributions | 5,000.00 |
| Turnover/Seizure | 8,187.55 |
| **Total Income** | 150,565.14 |
| **Gross Profit** | 150,565.14 |
| **Expense** | |
| Bank Service Charges | 880.30 |
| Commission Expense | 49,673.13 |
| Computer and Internet Expenses | 1,824.37 |
| **Operating Expense** | |
| Outside Services | 9,625.35 |
| **Total Operating Expense** | 9,625.35 |
| Postage and Delivery | 504.32 |
| **Professional Fees** | |
| Accounting fees | 6,386.00 |
| Legal Expense-Receivers Counsel | 935.48 |
| Legal Fees - Collection Counsel | 1,178.50 |
| Legal Fees - Receivers Counsel | 46,136.00 |
| Receiver Fees | 113,206.75 |
| **Total Professional Fees** | 167,842.73 |
| Rent Expense | 324.20 |
| **Taxes** | |
| Corporate Income Taxes | 1,050.00 |
| **Total Taxes** | 1,050.00 |
| **Utilities** | |
| Electricity | 1,026.76 |
| **Total Utilities** | 1,026.76 |
| **Total Expense** | 232,751.16 |
| **Net Ordinary Income** | -82,186.02 |
| **Other Income/Expense** | |
| **Other Income** | |
| Gain / (Loss) on Sale of Loans | -412,402.40 |
| Gain on sale of SBA License | 1,200,000.00 |
| Interest Income | 1.70 |
| **Total Other Income** | 787,599.30 |
| **Net Other Income** | 787,599.30 |
| **Net Income** | 705,413.28 |

Exhibit A, Page 4 of 21

1:27 PM
06/17/16
Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| HB_Investors Prime Fund_3513 | | | | | | | | 0.00 |
| Total HB_Investors Prime Fund_3513 | | | | | | | | 0.00 |
| HB_Investors Prime Fund_3596 | | | | | | | | 0.00 |
| Total HB_Investors Prime Fund_3596 | | | | | | | | 0.00 |
| HB_SB Cap Co Brokers Trust_3679 | | | | | | | | 0.00 |
| Total HB_SB Cap Co Brokers Trust_3679 | | | | | | | | 0.00 |
| HB_SB Cap Corp_Operating_3604 | | | | | | | | 0.00 |
| Total HB_SB Cap Corp_Operating_3604 | | | | | | | | 0.00 |
| HB_SB Capital LLC_3984 | | | | | | | | 0.00 |
| Total HB_SB Capital LLC_3984 | | | | | | | | 0.00 |
| HB_SB Capital LLC_4172 | | | | | | | | 0.00 |
| Total HB_SB Capital LLC_4172 | | | | | | | | 0.00 |
| HB_SBC Portfolio Funds LLC_3695 | | | | | | | | 0.00 |
| Total HB_SBC Portfolio Funds LLC_3695 | | | | | | | | 0.00 |
| HB_SBC Senior CM Mort Fund_4354 | | | | | | | | 0.00 |
| Total HB_SBC Senior CM Mort Fund_4354 | | | | | | | | 0.00 |
| ML_CDARS - SB Cap Corp. | | | | | | | | 5,653,639.14 |
| Deposit | 1/31/2016 | | | Interest | Interest Income | 0.22 | | 5,653,639.36 |
| Deposit | 2/29/2016 | | | Interest | Interest Income | 0.24 | | 5,653,639.60 |
| Deposit | 3/31/2016 | | | Interest | Interest Income | 0.28 | | 5,653,639.88 |
| Deposit | 4/30/2016 | | | Interest | Interest Income | 0.25 | | 5,653,640.13 |
| General Journal | 5/31/2016 | 31RR... | | True up acco... | -SPLIT- | | 191.35 | 5,653,448.78 |
| Total ML_CDARS - SB Cap Corp. | | | | | | 0.99 | 191.35 | 5,653,448.78 |
| Rabo_SBC Corp_Distribution_2766 | | | | | | | | 999.88 |
| General Journal | 5/31/2016 | 31RR... | | True up acco... | ML_CDARS - ... | 0.56 | | 1,000.44 |
| Total Rabo_SBC Corp_Distribution_2766 | | | | | | 0.56 | 0.00 | 1,000.44 |
| WF_Defense counsel act_#6291 | | | | | | | | 200,420.60 |
| Deposit | 5/31/2016 | | | Deposit | Interest Income | 191.50 | | 200,612.10 |
| Total WF_Defense counsel act_#6291 | | | | | | 191.50 | 0.00 | 200,612.10 |
| WF_Investors Prime Fund_6953 | | | | | | | | 0.00 |
| Total WF_Investors Prime Fund_6953 | | | | | | | | 0.00 |
| WF_SB Capital Corp_Payroll_0104 | | | | | | | | 0.00 |
| Total WF_SB Capital Corp_Payroll_0104 | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| WF_SB Capital LLC_Payroll_0096 | | | | | | | | 0.00 |
| Total WF_SB Capital LLC_Payroll_0096 | | | | | | | | 0.00 |
| WF_SB Capital, LLC_Trust_0112 | | | | | | | | 14,050.98 |
| Deposit | 1/2/2016 | | | Deposit | Loan Pay Hold... | 3,000.00 | | 17,050.98 |
| Deposit | 1/4/2016 | | | Deposit | -SPLIT- | 8,488.32 | | 25,539.30 |
| Deposit | 1/5/2016 | | | Deposit | Loan Pay Hold... | 6,213.80 | | 31,753.10 |
| Deposit | 1/5/2016 | | | Deposit | -SPLIT- | 3,040.71 | | 34,793.81 |
| Deposit | 1/6/2016 | | | Deposit | -SPLIT- | 6,278.42 | | 41,072.23 |
| Deposit | 1/7/2016 | | | Deposit | -SPLIT- | 17,700.13 | | 58,772.36 |
| Deposit | 1/8/2016 | | | Deposit | -SPLIT- | 44,880.21 | | 103,652.57 |
| Check | 1/13/2016 | | California Business ... | Jan 2016 Dis... | Loan Pay Hold... | | 4,127.57 | 99,525.00 |
| Deposit | 1/13/2016 | | | Deposit | Loan Pay Hold... | 12,083.49 | | 111,608.49 |
| Deposit | 1/22/2016 | | | Deposit | Loan Pay Hold... | 4,264.00 | | 115,872.49 |
| Deposit | 1/27/2016 | | | Deposit | Deposits from ... | 253,421.43 | | 369,293.92 |
| Transfer | 1/27/2016 | | | X-fer addition... | WF_SBC Ope... | | 253,421.43 | 115,872.49 |
| Deposit | 1/28/2016 | | | Deposit | -SPLIT- | 14,212.59 | | 130,085.08 |
| Check | 1/31/2016 | Debit | California Business ... | Feb 2016 Dis... | Loan Pay Hold... | | 1,157.10 | 128,927.98 |
| Check | 1/31/2016 | | Colson Services Co... | Jan 2016 Dis... | Loan Pay Hold... | | 76,609.49 | 52,318.49 |
| Check | 1/31/2016 | | Wells Fargo | Service Charge | Bank Service ... | | 164.26 | 52,154.23 |
| Transfer | 1/31/2016 | | | Funds Transf... | WF_SBC Ope... | 164.26 | | 52,318.49 |
| Check | 1/31/2016 | Trans... | SB Capital LLC | Jan-16 Fund ... | Loan Pay Hold... | | 38,267.56 | 14,050.93 |
| Check | 1/31/2016 | Wire ... | Small Business Ca... | | Loan Pay Hold... | | 863.90 | 13,187.03 |
| Deposit | 2/1/2016 | | | Deposit | Loan Pay Hold... | 2,062.10 | | 15,249.13 |
| Deposit | 2/3/2016 | | | Deposit | -SPLIT- | 20,156.88 | | 35,406.01 |
| Deposit | 2/3/2016 | | | Deposit | -SPLIT- | 20,668.02 | | 56,074.03 |
| Deposit | 2/4/2016 | | | Deposit | Loan Pay Hold... | 4,325.89 | | 60,399.92 |
| Check | 2/5/2016 | | South County Bank | Disbursemen... | Loan Pay Hold... | | 862.43 | 59,537.49 |
| Deposit | 2/5/2016 | | | Deposit | -SPLIT- | 13,237.02 | | 72,774.51 |
| Deposit | 2/5/2016 | | | Deposit | -SPLIT- | 3,040.71 | | 75,815.22 |
| Deposit | 2/8/2016 | | | Deposit | -SPLIT- | 42,493.14 | | 118,308.36 |
| Check | 2/10/2016 | | California Business ... | Feb 2016 Dis... | Loan Pay Hold... | | 4,127.52 | 114,180.84 |
| Deposit | 2/10/2016 | | | Deposit | -SPLIT- | 11,351.72 | | 125,532.56 |
| Deposit | 2/10/2016 | | | Deposit | Loan Pay Hold... | 3,000.00 | | 128,532.56 |
| Deposit | 2/12/2016 | | | Deposit | Loan Pay Hold... | 12,083.49 | | 140,616.05 |
| Deposit | 2/23/2016 | | | Deposit | Loan Pay Hold... | 4,264.00 | | 144,880.05 |
| Deposit | 2/26/2016 | | | Deposit | -SPLIT- | 14,212.59 | | 159,092.64 |
| Check | 2/29/2016 | wire | Colson Services Co... | Feb 2016 Dis... | Loan Pay Hold... | | 95,605.56 | 63,487.08 |
| Check | 2/29/2016 | wire | California Business ... | Mar 2016 Dis... | Loan Pay Hold... | | 1,157.09 | 62,329.99 |
| Check | 2/29/2016 | Trans... | SB Capital LLC | Feb-16 Fund ... | Loan Pay Hold... | | 49,142.91 | 13,187.08 |
| Check | 2/29/2016 | | Wells Fargo | Service Charge | Bank Service ... | | 111.55 | 13,075.53 |
| Transfer | 2/29/2016 | | | Funds Transf... | WF_SBC Ope... | 111.55 | | 13,187.08 |
| Deposit | 3/2/2016 | | | Deposit | -SPLIT- | 4,994.13 | | 18,181.21 |
| Check | 3/3/2016 | | South County Bank | VOID: Disbur... | Loan Pay Hold... | 0.00 | | 18,181.21 |
| Deposit | 3/3/2016 | | | Deposit | -SPLIT- | 10,539.69 | | 28,720.90 |
| Deposit | 3/3/2016 | | | Deposit | -SPLIT- | 20,668.02 | | 49,388.92 |
| Deposit | 3/4/2016 | | | Deposit | -SPLIT- | 8,488.32 | | 57,877.24 |
| Deposit | 3/4/2016 | | | Deposit | -SPLIT- | 3,040.71 | | 60,917.95 |
| Deposit | 3/7/2016 | | | Deposit | -SPLIT- | 7,023.22 | | 67,941.17 |

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
# General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Deposit | 3/8/2016 | | | Deposit | -SPLIT- | 14,589.96 | | 82,531.13 |
| Deposit | 3/9/2016 | | | Deposit | Undeposited F... | 2,000.00 | | 84,531.13 |
| Deposit | 3/9/2016 | | | Deposit | -SPLIT- | 32,128.02 | | 116,659.15 |
| Check | 3/10/2016 | | California Business ... | Mar 2016 Dis... | Loan Pay Hold... | | 4,127.59 | 112,531.56 |
| Deposit | 3/10/2016 | | | Deposit | -SPLIT- | 10,351.72 | | 122,883.28 |
| Deposit | 3/10/2016 | | | Deposit | -SPLIT- | 16,595.21 | | 139,478.49 |
| Deposit | 3/10/2016 | | | Deposit | Loan Pay Hold... | 4,000.00 | | 143,478.49 |
| Check | 3/11/2016 | | Wells Fargo | Service Charge | Bank Service ... | | 172.85 | 143,305.64 |
| Transfer | 3/11/2016 | | | Funds Transf... | WF_SBC Ope... | 172.85 | | 143,478.49 |
| Deposit | 3/23/2016 | | | Deposit | Loan Pay Hold... | 4,264.00 | | 147,742.49 |
| Deposit | 3/29/2016 | | | Deposit | -SPLIT- | 11,195.55 | | 158,938.04 |
| Check | 3/31/2016 | wire | Colson Services Co... | Mar 2016 Dis... | Loan Pay Hold... | | 99,421.60 | 59,516.44 |
| Deposit | 3/31/2016 | | | Deposit | -SPLIT- | 15,911.72 | | 75,428.16 |
| Check | 3/31/2016 | Trans... | SB Capital LLC | Mar-16 Fund ... | Loan Pay Hold... | | 43,836.72 | 31,591.44 |
| Check | 4/11/2016 | | Wells Fargo | Service Charge | Bank Service ... | | 118.82 | 31,472.62 |
| Transfer | 4/11/2016 | | | Funds Transf... | WF_SBC Ope... | 118.82 | | 31,591.44 |
| Check | 5/11/2016 | | | Service Charge | Bank Service ... | | 97.26 | 31,494.18 |
| Transfer | 5/31/2016 | | | VOID: Funds ... | WF_SBC Ope... | | 31,494.18 | 0.00 |
| **Total WF_SB Capital, LLC_Trust_0112** | | | | | | 690,836.41 | 704,887.39 | 0.00 |
| **WF_SB Capital_Trust_0120** | | | | | | | | 8,187.55 |
| Check | 5/31/2016 | Trans | SB Capital Corp | Clean up bro... | -SPLIT- | | 8,187.55 | 0.00 |
| **Total WF_SB Capital_Trust_0120** | | | | | | 0.00 | 8,187.55 | 0.00 |
| **WF_SBC Operating_1438** | | | | | | | | 1,410,255.69 |
| Check | 1/4/2016 | 1732 | Orange County Net... | Invoice #8310 | Outside Servic... | | 385.00 | 1,409,870.69 |
| Check | 1/5/2016 | x-fer ... | Thomas Seaman C... | Aug & Sept 2... | -SPLIT- | | 17,478.50 | 1,392,392.19 |
| Check | 1/8/2016 | 1734 | Thomas Seaman C... | Nov/Dec Rei... | -SPLIT- | | 157.72 | 1,392,234.47 |
| Check | 1/11/2016 | | | Service Charge | Bank Service ... | | 70.13 | 1,392,164.34 |
| Check | 1/14/2016 | 1736 | WTI Communicatio... | Account #90... | Computer and... | | 159.25 | 1,392,005.09 |
| Check | 1/14/2016 | 1737 | Irvine Self Storage | Unit C196 Fe... | Rent Expense | | 42.70 | 1,391,962.39 |
| Check | 1/21/2016 | 1738 | Southern California ... | Acct 2-31-86... | Electricity | | 191.62 | 1,391,770.77 |
| Transfer | 1/27/2016 | | | X-fer addition... | WF_SB Capit... | 253,421.43 | | 1,645,192.20 |
| Deposit | 1/28/2016 | | | Deposit | -SPLIT- | 10,582.04 | | 1,655,774.24 |
| Check | 1/29/2016 | 1739 | Notary Plus Mobile ... | Notary | Outside Servic... | | 37.50 | 1,655,736.74 |
| Transfer | 1/31/2016 | | | Funds Transf.... | WF_SB Capit... | | 164.26 | 1,655,572.48 |
| Deposit | 1/31/2016 | | | Deposit | -SPLIT- | 38,267.56 | | 1,693,840.04 |
| Deposit | 1/31/2016 | | | Deposit | Loan Interest I... | 863.89 | | 1,694,703.93 |
| Check | 2/4/2016 | 1740 | Thomas Seaman C... | Oct & Nov 20... | -SPLIT- | | 11,355.50 | 1,683,348.43 |
| Check | 2/5/2016 | 1741 | Wertz & Company | Invoice #586... | Accounting fees | | 3,000.00 | 1,680,348.43 |
| Check | 2/5/2016 | 1742 | Franchise Tax Board | SOS # 20093... | Corporate Inc... | | 250.00 | 1,680,098.43 |
| Check | 2/5/2016 | 1743 | Orange County Net... | Invoice #8329 | Outside Servic... | | 860.00 | 1,679,238.43 |
| Check | 2/5/2016 | 1744 | Thomas Seaman C... | 11th interim f... | Receiver Fees | | 84,372.75 | 1,594,865.68 |
| Check | 2/10/2016 | Wire | Allen Matkins | 11th Interim ... | -SPLIT- | | 47,071.48 | 1,547,794.20 |
| Check | 2/11/2016 | | | Service Charge | Bank Service ... | | 59.76 | 1,547,734.44 |
| Check | 2/15/2016 | 1745 | Irvine Self Storage | Unit C196 M... | Rent Expense | | 62.70 | 1,547,671.74 |
| Check | 2/15/2016 | 1746 | WTI Communicatio... | Account #90... | Computer and... | | 159.25 | 1,547,512.49 |
| Deposit | 2/29/2016 | | | Deposit | -SPLIT- | 49,142.91 | | 1,596,655.40 |
| Transfer | 2/29/2016 | | | Funds Transf... | WF_SB Capit... | | 111.55 | 1,596,543.85 |

Page 3

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Check | 3/2/2016 | 1747 | Applied Business S... | Invoice #042... | Computer and... | | 923.16 | 1,595,620.69 |
| Check | 3/4/2016 | 1749 | Southern California ... | Acct 2-31-86... | Electricity | | 173.01 | 1,595,447.68 |
| Check | 3/11/2016 | 1750 | Thomas Seaman C... | Jan/Feb Exp... | -SPLIT- | | 201.91 | 1,595,245.77 |
| Check | 3/11/2016 | | | Service Charge | Bank Service ... | | 85.67 | 1,595,160.10 |
| Transfer | 3/11/2016 | | | Funds Transf... | WF_SB Capit... | | 172.85 | 1,594,987.25 |
| Check | 3/16/2016 | 1751 | Notary Plus Mobile ... | Notary | Outside Servic... | | 360.00 | 1,594,627.25 |
| Check | 3/16/2016 | 1752 | Crowe Horwath, LLP | Inv 2006187 ... | Accounting fees | | 886.00 | 1,593,741.25 |
| Check | 3/16/2016 | 1753 | WTI Communicatio... | Account #90... | Computer and... | | 159.25 | 1,593,582.00 |
| Check | 3/17/2016 | 1754 | Notary Plus Mobile ... | Notary | Outside Servic... | | 135.00 | 1,593,447.00 |
| Deposit | 3/17/2016 | | | | Loan Pay Hold... | 4,470,650.65 | | 6,064,097.65 |
| Check | 3/18/2016 | 1755 | Irvine Self Storage | Unit C196 Ap... | Rent Expense | | 62.70 | 6,064,034.95 |
| Check | 3/18/2016 | 1756 | Tydings & Rosenbe... | Invoice #163... | Legal Fees - C... | | 577.50 | 6,063,457.45 |
| Check | 3/21/2016 | 1762 | Voit Real Estate Se... | commission f... | Commission E... | | 24,836.56 | 6,038,620.89 |
| Check | 3/25/2016 | 1783 | Voit Real Estate Se... | 2016 Commi... | Commission E... | | 24,836.56 | 6,013,784.32 |
| Check | 3/25/2016 | 1760 | Southern California ... | Acct 2-31-86... | Electricity | | 208.80 | 6,013,575.52 |
| Check | 3/29/2016 | 1763 | Consilio LLC | Engagement ... | Outside Servic... | | 2,373.75 | 6,011,201.77 |
| Deposit | 3/31/2016 | | | Deposit | -SPLIT- | 43,836.72 | | 6,055,038.49 |
| Check | 4/5/2016 | 1764 | Orange County Net... | Invoice #8358 | Outside Servic... | | 480.00 | 6,054,558.49 |
| Check | 4/5/2016 | 1765 | JFZ Zimmerman & ... | Invs 78773 &... | -SPLIT- | | 975.00 | 6,053,583.49 |
| Transfer | 4/11/2016 | | | Funds Transf... | WF_SB Capit... | | 118.82 | 6,053,464.67 |
| Check | 4/14/2016 | 1766 | Franchise Tax Board | FEIN #45-70... | Corporate Inc... | | 800.00 | 6,052,664.67 |
| Check | 4/14/2016 | 1767 | Notary Plus Mobile ... | 3AM Assign... | Outside Servic... | | 65.00 | 6,052,599.67 |
| Deposit | 4/18/2016 | | | Xfer | Sale of Assets... | 5,000.00 | | 6,057,599.67 |
| Check | 4/21/2016 | 1768 | Notary Plus Mobile ... | Assignment ... | Outside Servic... | | 65.00 | 6,057,534.67 |
| Check | 4/21/2016 | 1769 | Southern California ... | Acct 2-31-86... | Electricity | | 233.34 | 6,057,301.33 |
| Check | 4/21/2016 | 1770 | WTI Communicatio... | Account #90... | Computer and... | | 159.23 | 6,057,142.10 |
| Check | 4/21/2016 | 1771 | Tydings & Rosenbe... | Invoice #184... | Legal Fees - C... | | 447.00 | 6,056,695.10 |
| Check | 4/30/2016 | 1778 | WTI Communicatio... | Account #90... | Computer and... | | 159.23 | 6,056,535.87 |
| Check | 5/3/2016 | 1772 | Irvine Self Storage | Unit C196 M... | Rent Expense | | 62.70 | 6,056,473.17 |
| Check | 5/3/2016 | 1773 | Thomas Seaman C... | Reimbursem... | -SPLIT- | | 196.48 | 6,056,276.69 |
| Check | 5/3/2016 | 1774 | Wertz & Company | Invoice #602... | Accounting fees | | 2,500.00 | 6,053,776.69 |
| Check | 5/3/2016 | 1775 | Computershare | Investors Pri... | Outside Servic... | | 1,466.00 | 6,052,310.69 |
| Check | 5/3/2016 | 1776 | Computershare | Ipf Bac Servi... | Outside Servic... | | 1,466.00 | 6,050,844.69 |
| Check | 5/5/2016 | 1777 | Orange County Net... | Invoice #8389 | Outside Servic... | | 485.00 | 6,050,359.69 |
| Check | 5/12/2016 | 1779 | Notary Plus Mobile ... | Notarized As... | Outside Servic... | | 65.00 | 6,050,294.69 |
| Check | 5/12/2016 | 1780 | Tydings & Rosenbe... | Invoice #184... | Legal Fees - C... | | 154.00 | 6,050,140.69 |
| Check | 5/13/2016 | 1781 | Thomas Seaman C... | Mar/Apr Rei... | -SPLIT- | | 270.31 | 6,049,870.38 |
| Check | 5/13/2016 | 1782 | Southern California ... | Acct 2-31-86... | Electricity | | 219.99 | 6,049,650.39 |
| Check | 5/24/2016 | 1784 | Orange County Net... | Inv 8400 | Outside Servic... | | 190.00 | 6,049,460.39 |
| Check | 5/24/2016 | 1785 | Irvine Self Storage | Unit C196 - I... | Rent Expense | | 93.40 | 6,049,366.99 |
| Transfer | 5/31/2016 | | | VOID: Funds ... | WF_SB Capit... | 31,494.18 | | 6,080,861.17 |
| Deposit | 5/31/2016 | | | Deposit ... | Turnover/Seiz... | 8,187.55 | | 6,089,048.72 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Total WF_SBC Operating_1438** | | | | | | 4,911,446.93 | 232,653.90 | 6,089,048.72 |
| **WF_SBC Portfolio Fund_6961** | | | | | | | | 0.00 |
| **Total WF_SBC Portfolio Fund_6961** | | | | | | | | 0.00 |

Page 4

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| **Accounts Receivable** | | | | | | | | 32,359.70 |
| Payment | 3/9/2016 | 15761 | Meyer's Castle, Inc. | | Undeposited F... | | 2,000.00 | 30,359.70 |
| General Journal | 3/17/2016 | 29RR... | Meyer's Castle, Inc. | To record sal... | Loan Pay Hold... | | 29,291.70 | 1,068.00 |
| General Journal | 5/31/2016 | 30RR... | Aung Solvang, LLC. | Write off unc... | Loss on Sale ... | | 1,068.00 | 0.00 |
| Total Accounts Receivable | | | | | | 0.00 | 32,359.70 | 0.00 |
| **Inventory Asset** | | | | | | | | 0.00 |
| Total Inventory Asset | | | | | | | | 0.00 |
| **Loan to SB Brokers Trust** | | | | | | | | 0.00 |
| Total Loan to SB Brokers Trust | | | | | | | | 0.00 |
| **Receivable from Colson** | | | | | | | | 0.00 |
| Total Receivable from Colson | | | | | | | | 0.00 |
| **Receivable from Wells Fargo-3AM** | | | | | | | | 0.00 |
| Total Receivable from Wells Fargo-3AM | | | | | | | | 0.00 |
| **Undeposited Funds** | | | | | | | | 0.00 |
| Payment | 3/9/2016 | 15761 | Meyer's Castle, Inc. | | Accounts Rec... | 2,000.00 | | 2,000.00 |
| Deposit | 3/9/2016 | 15761 | Meyer's Castle, Inc. | Deposit | WF_SB Capit... | | 2,000.00 | 0.00 |
| Total Undeposited Funds | | | | | | 2,000.00 | 2,000.00 | 0.00 |
| **Accumulated Depreciation** | | | | | | | | 0.00 |
| Total Accumulated Depreciation | | | | | | | | 0.00 |
| **Furniture and Equipment** | | | | | | | | 0.00 |
| Total Furniture and Equipment | | | | | | | | 0.00 |
| **Loans Receivable IPF** | | | | | | | | 0.00 |
| Total Loans Receivable IPF | | | | | | | | 0.00 |
| **Loans Receivable SBC Portfolio** | | | | | | | | 0.00 |
| Total Loans Receivable SBC Portfolio | | | | | | | | 0.00 |
| **Loans Receivable SBC, LLC** | | | | | | | | 4,177,469.59 |
| Deposit | 1/31/2016 | | SB Capital LLC | Jan 2016 prin... | WF_SBC Ope... | | 6,473.70 | 4,170,995.89 |
| Deposit | 2/29/2016 | | SB Capital LLC | Feb 2016 pri... | WF_SBC Ope... | | 7,336.87 | 4,163,659.02 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | Loan Pay Hold... | | 4,156,612.13 | 7,046.89 |
| Deposit | 3/31/2016 | | SB Capital LLC | Loan principa... | WF_SBC Ope... | | 7,046.89 | 0.00 |
| Total Loans Receivable SBC, LLC | | | | | | 0.00 | 4,177,469.59 | 0.00 |
| **Loans Receivable Sr Comm Mort** | | | | | | | | 0.00 |
| Total Loans Receivable Sr Comm Mort | | | | | | | | 0.00 |
| **Accounts Payable** | | | | | | | | 0.00 |
| Total Accounts Payable | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| 3AM sale deposit & proceeds | | | | | | | | 0.00 |
| Total 3AM sale deposit & proceeds | | | | | | | | 0.00 |
| Deposits for Portfolio Sale | | | | | | | | 0.00 |
| Total Deposits for Portfolio Sale | | | | | | | | 0.00 |
| Deposits from bidders 504 loans | | | | | | | | 0.00 |
| Total Deposits from bidders 504 loans | | | | | | | | 0.00 |
| Deposits from bidders 7A loans | | | | | | | | -243,240.79 |
| Deposit | 1/27/2016 | | BYL | Additional de... | WF_SB Capit... | | 253,421.43 | -496,662.22 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | Loan Pay Hold... | 496,662.22 | | 0.00 |
| Total Deposits from bidders 7A loans | | | | | | 496,662.22 | 253,421.43 | 0.00 |
| Loan from Operating Acct | | | | | | | | 0.00 |
| Total Loan from Operating Acct | | | | | | | | 0.00 |
| Loan Pay Hold_Brokers Trust | | | | | | | | -8,187.55 |
| Due to Others/ Prepaid | | | | | | | | -8,187.53 |
| Check | 5/31/2016 | Trans | SB Capital Corp | Clean up bro... | WF_SB Capit... | 8,187.53 | | 0.00 |
| Total Due to Others/ Prepaid | | | | | | 8,187.53 | 0.00 | 0.00 |
| IPF | | | | | | | | -0.01 |
| Check | 5/31/2016 | Trans | SB Capital Corp | Clean up bro... | WF_SB Capit... | 0.01 | | 0.00 |
| Total IPF | | | | | | 0.01 | 0.00 | 0.00 |
| SBC-PF | | | | | | | | 0.00 |
| Total SBC-PF | | | | | | | | 0.00 |
| SBC-SCMF | | | | | | | | -0.01 |
| Prepaid 3AM Foreclosure Costs | | | | | | | | 0.00 |
| Total Prepaid 3AM Foreclosure Costs | | | | | | | | 0.00 |
| SBC-SCMF - Other | | | | | | | | -0.01 |
| Check | 5/31/2016 | Trans | SB Capital Corp | Clean up bro... | WF_SB Capit... | 0.01 | | 0.00 |
| Total SBC-SCMF - Other | | | | | | 0.01 | 0.00 | 0.00 |
| Total SBC-SCMF | | | | | | 0.01 | 0.00 | 0.00 |
| SBC Corp. | | | | | | | | 0.00 |
| Total SBC Corp. | | | | | | | | 0.00 |
| Loan Pay Hold_Brokers Trust - Other | | | | | | | | 0.00 |
| Total Loan Pay Hold_Brokers Trust - Other | | | | | | | | 0.00 |
| Total Loan Pay Hold_Brokers Trust | | | | | | 8,187.55 | 0.00 | 0.00 |

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| Loan Pay Hold_LLC Trust | | | | | | | | -6,190.03 |
| Deposit | 1/2/2016 | 1085 | Kevin Pham | 4866115010 | WF_SB Capit... | | 3,000.00 | -9,190.03 |
| Deposit | 1/4/2016 | 7982 | Teddy Bear Hauling | 5166625003 | WF_SB Capit... | | 2,062.10 | -11,252.13 |
| Deposit | 1/4/2016 | 48833 | Sun-Fax Arco | 5044695004 | WF_SB Capit... | | 6,426.22 | -17,678.35 |
| Deposit | 1/5/2016 | 1056 | Iguana's Burritozilla... | 4669495009 | WF_SB Capit... | | 6,213.80 | -23,892.15 |
| Deposit | 1/5/2016 | | Amy YS Lin | 4540675003 | WF_SB Capit... | | 1,733.94 | -25,626.09 |
| Deposit | 1/5/2016 | | Anait Khachatryan | 4833645009 | WF_SB Capit... | | 1,306.77 | -26,932.86 |
| Deposit | 1/6/2016 | 5111 | Narendrakumar Bh... | 5157815010 | WF_SB Capit... | | 2,093.89 | -29,026.75 |
| Deposit | 1/6/2016 | 3640 | J.V. Mattress | 5048615010 | WF_SB Capit... | | 4,184.53 | -33,211.28 |
| Deposit | 1/7/2016 | 13932 | Lillie Alexander, LTD. | 4942385002 | WF_SB Capit... | | 4,186.72 | -37,398.00 |
| Deposit | 1/7/2016 | 1859... | Vaidotas Vaitys | 4963625001 | WF_SB Capit... | | 5,002.23 | -42,400.23 |
| Deposit | 1/7/2016 | 5860 | Tropicana Liquors | 5084465010 | WF_SB Capit... | | 4,000.00 | -46,400.23 |
| Deposit | 1/7/2016 | 1316 | David & Shema Sh... | 5063135006 | WF_SB Capit... | | 4,511.18 | -50,911.41 |
| Deposit | 1/8/2016 | 5924 | Pamela S. Pitts | 4228255001 | WF_SB Capit... | | 7,351.72 | -58,263.13 |
| Deposit | 1/8/2016 | 2053 | TRC Holdings, LLC. | 4689375005 | WF_SB Capit... | | 8,736.53 | -66,999.66 |
| Deposit | 1/8/2016 | 1788 | 8098 Professional ... | 4988965005 | WF_SB Capit... | | 10,403.22 | -77,402.88 |
| Deposit | 1/8/2016 | 15700 | Meyer's Castle, Inc. | 4531275010 | WF_SB Capit... | | 7,741.35 | -85,144.23 |
| Deposit | 1/8/2016 | 15699 | Meyer's Castle, Inc. | 4531315009 | WF_SB Capit... | | 10,647.39 | -95,791.62 |
| Check | 1/13/2016 | | California Business ... | Jan 2016 Dis... | WF_SB Capit... | 4,127.57 | | -91,664.05 |
| Deposit | 1/13/2016 | 1438 | Bragato Investments | 4367155006 | WF_SB Capit... | | 12,083.49 | -103,747.54 |
| Deposit | 1/22/2016 | | Leticia Luna Trust | 4515825009 | WF_SB Capit... | | 4,264.00 | -108,011.54 |
| Deposit | 1/28/2016 | 995510 | Alexis W. Readinger | 5024485003 | WF_SB Capit... | | 3,017.04 | -111,028.58 |
| Deposit | 1/28/2016 | 3714... | Intervention 911 | 4960205009 | WF_SB Capit... | | 4,696.91 | -115,725.49 |
| Deposit | 1/28/2016 | 3560... | Robert Marshall | 4108505010 | WF_SB Capit... | | 6,498.64 | -122,224.13 |
| Check | 1/31/2016 | Debit | California Business ... | Feb 2016 Dis... | WF_SB Capit... | 1,157.10 | | -121,067.03 |
| Check | 1/31/2016 | | Colson Services Co... | Jan 2016 Dis... | WF_SB Capit... | 76,609.49 | | -44,457.54 |
| Check | 1/31/2016 | Trans... | SB Capital LLC | Jan-16 Fund ... | WF_SB Capit... | 38,267.56 | | -6,189.98 |
| Check | 1/31/2016 | Wire ... | Small Business Ca... | | WF_SB Capit... | 863.90 | | -5,326.08 |
| Deposit | 2/1/2016 | 7993 | Teddy Bear Hauling | 5166625003 | WF_SB Capit... | | 2,062.10 | -7,388.18 |
| Deposit | 2/3/2016 | 5112 | Narendrakumar Bh... | 5157815010 | WF_SB Capit... | | 2,093.89 | -9,482.07 |
| Deposit | 2/3/2016 | 2041 | Simplepastimes | 5087955010 | WF_SB Capit... | | 2,900.24 | -12,382.31 |
| Deposit | 2/3/2016 | 49017 | Sun-Fax Arco | 5044695004 | WF_SB Capit... | | 6,426.22 | -18,808.53 |
| Deposit | 2/3/2016 | 2058 | TRC Holdings, LLC. | 4689375005 | WF_SB Capit... | | 8,736.53 | -27,545.06 |
| Deposit | 2/3/2016 | | TB Insurance, LLC. | 5246565009 | WF_SB Capit... | | 2,036.09 | -29,581.15 |
| Deposit | 2/3/2016 | | Miguel A. Sanchez, ... | 5184515009 | WF_SB Capit... | | 2,573.40 | -32,154.55 |
| Deposit | 2/3/2016 | | Lodge at Sedona, L... | 5099975002 | WF_SB Capit... | | 10,309.00 | -42,463.55 |
| Deposit | 2/3/2016 | | KV Equity | 4902815006 | WF_SB Capit... | | 5,749.53 | -48,213.08 |
| Deposit | 2/4/2016 | 654 | Travis P. Biachi | 4422575007 | WF_SB Capit... | | 4,325.89 | -52,538.97 |
| Check | 2/5/2016 | | South County Bank | Disbursemen... | WF_SB Capit... | 862.43 | | -51,676.54 |
| Deposit | 2/5/2016 | 1057 | Iguana's Burritozilla... | 4669495009 | WF_SB Capit... | | 6,213.80 | -57,890.34 |
| Deposit | 2/5/2016 | 3644 | J.V. Mattress | 5048615010 | WF_SB Capit... | | 4,184.53 | -62,074.87 |
| Deposit | 2/5/2016 | 1509 | Robert D. Smith | 4566135003 | WF_SB Capit... | | 2,838.69 | -64,913.56 |
| Deposit | 2/5/2016 | | Anait Khachatryan | 4833645009 | WF_SB Capit... | | 1,306.77 | -66,220.33 |
| Deposit | 2/5/2016 | | Amy YS Lin | 4540675003 | WF_SB Capit... | | 1,733.94 | -67,954.27 |
| Deposit | 2/8/2016 | 15734 | Meyer's Castle, Inc. | 4531275010 | WF_SB Capit... | | 7,741.35 | -75,695.62 |
| Deposit | 2/8/2016 | 15735 | Meyer's Castle, Inc. | 4531315009 | WF_SB Capit... | | 10,647.39 | -86,343.01 |
| Deposit | 2/8/2016 | 3951... | Vaidotas Vaitys | 4963625001 | WF_SB Capit... | | 5,002.74 | -91,345.75 |
| Deposit | 2/8/2016 | 13989 | Lillie Alexander, LTD. | 4942385002 | WF_SB Capit... | | 4,186.72 | -95,532.47 |
| Deposit | 2/8/2016 | | David & Shema Sh... | 5063135006 | WF_SB Capit... | | 4,511.72 | -100,044.19 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Deposit | 2/8/2016 | 1792 | 8098 Professional ... | 4988965005 | WF_SB Capit... | | 10,403.22 | -110,447.41 |
| Check | 2/10/2016 | | California Business ... | Feb 2016 Dis... | WF_SB Capit... | 4,127.52 | | -106,319.89 |
| Deposit | 2/10/2016 | 5915 | Tropicana Liquors | 5084465010 | WF_SB Capit... | | 4,000.00 | -110,319.89 |
| Deposit | 2/10/2016 | 5925 | Pamela S. Pitts | 4228255001 | WF_SB Capit... | | 7,351.72 | -117,671.61 |
| Deposit | 2/10/2016 | 1128 | Kevin Pham | 4866115010 | WF_SB Capit... | | 3,000.00 | -120,671.61 |
| Deposit | 2/12/2016 | 1440 | Bragato Investments | 4367155006 | WF_SB Capit... | | 12,083.49 | -132,755.10 |
| Deposit | 2/23/2016 | | Leticia Luna Trust | 4515825009 | WF_SB Capit... | | 4,264.00 | -137,019.10 |
| Deposit | 2/26/2016 | 4474... | Robert Marshall | 4108505010 | WF_SB Capit... | | 6,498.64 | -143,517.74 |
| Deposit | 2/26/2016 | 8566... | Intervention 911 | 4960205009 | WF_SB Capit... | | 4,696.91 | -148,214.65 |
| Deposit | 2/26/2016 | 95532 | Alexis W. Readinger | 5024485003 | WF_SB Capit... | | 3,017.04 | -151,231.69 |
| Check | 2/29/2016 | wire | Colson Services Co... | Feb 2016 Dis... | WF_SB Capit... | 95,605.56 | | -55,626.13 |
| Check | 2/29/2016 | wire | California Business ... | Mar 2016 Dis... | WF_SB Capit... | 1,157.09 | | -54,469.04 |
| Check | 2/29/2016 | Trans... | SB Capital LLC | Feb-16 Fund ... | WF_SB Capit... | 49,142.91 | | -5,326.13 |
| Deposit | 3/2/2016 | 2054 | Simplepastimes | 5087955010 | WF_SB Capit... | | 2,900.24 | -8,226.37 |
| Deposit | 3/2/2016 | 5114 | Narendrakumar Bh... | 5157815010 | WF_SB Capit... | | 2,093.89 | -10,320.26 |
| Check | 3/3/2016 | | South County Bank | Disbursemen... | WF_SB Capit... | 0.00 | | -10,320.26 |
| Deposit | 3/3/2016 | 1058 | Iguana's Burritozilla... | 4669495009 | WF_SB Capit... | | 6,213.80 | -16,534.06 |
| Deposit | 3/3/2016 | 656 | Travis P. Biachi | 4422575007 | WF_SB Capit... | | 4,325.89 | -20,859.95 |
| Deposit | 3/3/2016 | | KV Equity | 4902815006 | WF_SB Capit... | | 5,749.53 | -26,609.48 |
| Deposit | 3/3/2016 | | TB Insurance, LLC. | 5246565009 | WF_SB Capit... | | 2,036.09 | -28,645.57 |
| Deposit | 3/3/2016 | | Miguel A. Sanchez, ... | 5184515009 | WF_SB Capit... | | 2,573.40 | -31,218.97 |
| Deposit | 3/3/2016 | | Lodge at Sedona, L... | 5099975002 | WF_SB Capit... | | 10,309.00 | -41,527.97 |
| Deposit | 3/4/2016 | 49169 | Sun-Fax Arco | 5044695004 | WF_SB Capit... | | 6,426.22 | -47,954.19 |
| Deposit | 3/4/2016 | 8128 | Teddy Bear Hauling | 5166625003 | WF_SB Capit... | | 2,062.10 | -50,016.29 |
| Deposit | 3/4/2016 | | Analt Khachatryan | 4833645009 | WF_SB Capit... | | 1,306.77 | -51,323.06 |
| Deposit | 3/4/2016 | | Amy YS Lin | 4540675003 | WF_SB Capit... | | 1,733.94 | -53,057.00 |
| Deposit | 3/7/2016 | 3649 | J.V. Mattress | 5048615010 | WF_SB Capit... | | 4,184.53 | -57,241.53 |
| Deposit | 3/7/2016 | 1511 | Robert D. Smith | 4566135003 | WF_SB Capit... | | 2,838.69 | -60,080.22 |
| Deposit | 3/8/2016 | 14062 | Lillie Alexander, LTD. | 4942385002 | WF_SB Capit... | | 4,186.74 | -64,266.96 |
| Deposit | 3/8/2016 | 1813 | 8098 Professional ... | 4988965005 | WF_SB Capit... | | 10,403.22 | -74,670.18 |
| Deposit | 3/9/2016 | 2059 | TRC Holdings, LLC. | 4689375005 | WF_SB Capit... | | 8,736.53 | -83,406.71 |
| Deposit | 3/9/2016 | 4852... | Vaidotas Vaitys | 4963625001 | WF_SB Capit... | | 5,002.75 | -88,409.46 |
| Deposit | 3/9/2016 | 15759 | Meyer's Castle, Inc. | 4531275010 | WF_SB Capit... | | 7,741.35 | -96,150.81 |
| Deposit | 3/9/2016 | 15760 | Meyer's Castle, Inc. | 4531315009 | WF_SB Capit... | | 10,647.39 | -106,798.20 |
| Check | 3/10/2016 | | California Business ... | Mar 2016 Dis... | WF_SB Capit... | 4,127.59 | | -102,670.61 |
| Deposit | 3/10/2016 | 2652 | Kevin Pham | 4866115010 | WF_SB Capit... | | 3,000.00 | -105,670.61 |
| Deposit | 3/10/2016 | 5926 | Pamela S. Pitts | 4228255001 | WF_SB Capit... | | 7,351.72 | -113,022.33 |
| Deposit | 3/10/2016 | 1444 | Bragato Investments | 4367155006 | WF_SB Capit... | | 12,083.49 | -125,105.82 |
| Deposit | 3/10/2016 | 101 | David & Shema Sh... | 5063135006 | WF_SB Capit... | | 4,511.72 | -129,617.54 |
| Deposit | 3/10/2016 | 5967 | Tropicana Liquors | 5084465010 | WF_SB Capit... | | 4,000.00 | -133,617.54 |
| Deposit | 3/17/2016 | | BYL | proceeds fro... | WF_SBC Ope... | | 4,470,650.65 | -4,604,268.19 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | -SPLIT- | 4,470,650.65 | | -133,617.54 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | Loan Pay Hold... | 6,188.56 | | -127,428.98 |
| Deposit | 3/23/2016 | | Leticia Luna Trust | 4515825009 | WF_SB Capit... | | 4,264.00 | -131,692.98 |
| Deposit | 3/29/2016 | 1334... | Intervention 911 | 4960205009 | WF_SB Capit... | | 4,696.91 | -136,389.89 |
| Deposit | 3/29/2016 | 5383... | Robert Marshall | 4108505010 | WF_SB Capit... | | 6,498.64 | -142,888.53 |
| Check | 3/31/2016 | wire | Colson Services Co... | Mar 2016 Dis... | WF_SB Capit... | 99,421.60 | | -43,466.93 |

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| Deposit | 3/31/2016 | | BYL | Delta of net r... | WF_SB Capit... | | 369.79 | -43,836.72 |
| Check | 3/31/2016 | Trans... | SB Capital LLC | Mar-16 Fund ... | WF_SB Capit... | 43,836.72 | | 0.00 |
| Total Loan Pay Hold_LLC Trust | | | | | | 4,896,146.25 | 4,889,956.22 | 0.00 |
| **Payroll Liabilities** | | | | | | | | 0.00 |
| Total Payroll Liabilities | | | | | | | | 0.00 |
| **Opening Balance Equity** | | | | | | | | -23,153,986.15 |
| Total Opening Balance Equity | | | | | | | | -23,153,986.15 |
| **Retained Earnings** | | | | | | | | 11,914,221.39 |
| Total Retained Earnings | | | | | | | | 11,914,221.39 |
| **Coast Capital Income** | | | | | | | | 0.00 |
| Deposit | 1/28/2016 | 9776 | Coast Capital Inco... | Jan 2016 Liq... | WF_SBC Ope... | | 9,612.53 | -9,612.53 |
| Deposit | 1/28/2016 | 9777 | Coast Capital Inco... | Jan 2016 Liq... | WF_SBC Ope... | | 260.34 | -9,872.87 |
| Deposit | 1/28/2016 | 9690 | Coast Capital Inco... | Jan 2016 Liq... | WF_SBC Ope... | | 709.17 | -10,582.04 |
| Total Coast Capital Income | | | | | | 0.00 | 10,582.04 | -10,582.04 |
| **Commission Income** | | | | | | | | 0.00 |
| Total Commission Income | | | | | | | | 0.00 |
| **Late Fees** | | | | | | | | 0.00 |
| Total Late Fees | | | | | | | | 0.00 |
| **Loan Interest Income** | | | | | | | | 0.00 |
| Deposit | 1/31/2016 | | SB Capital LLC | Jan 2016 inte... | WF_SBC Ope... | | 15,494.75 | -15,494.75 |
| Deposit | 1/31/2016 | | SB Capital LLC | Deposit | WF_SBC Ope... | | 863.89 | -16,358.64 |
| Deposit | 2/29/2016 | | SB Capital LLC | Feb 2016 int... | WF_SBC Ope... | | 22,330.73 | -38,689.37 |
| Deposit | 3/31/2016 | | SB Capital LLC | Loan interest ... | WF_SBC Ope... | | 20,133.48 | -58,822.85 |
| Deposit | 3/31/2016 | | BYL | Interest inco... | WF_SB Capit... | | 8,253.40 | -67,076.25 |
| Total Loan Interest Income | | | | | | 0.00 | 67,076.25 | -67,076.25 |
| **Loan Servicing Income** | | | | | | | | 0.00 |
| Deposit | 1/31/2016 | | SB Capital LLC | Jan 2016 ser... | WF_SBC Ope... | | 16,299.11 | -16,299.11 |
| Deposit | 2/29/2016 | | SB Capital LLC | Feb 2016 ser... | WF_SBC Ope... | | 19,475.31 | -35,774.42 |
| Deposit | 3/31/2016 | | SB Capital LLC | Loan servicin... | WF_SBC Ope... | | 16,656.35 | -52,430.77 |
| Deposit | 3/31/2016 | | BYL | Servicing inc... | WF_SB Capit... | | 7,288.53 | -59,719.30 |
| Total Loan Servicing Income | | | | | | 0.00 | 59,719.30 | -59,719.30 |
| **Miscellaneous Income** | | | | | | | | 0.00 |
| Total Miscellaneous Income | | | | | | | | 0.00 |
| **Refunds** | | | | | | | | 0.00 |
| Total Refunds | | | | | | | | 0.00 |

Exhibit A, Page 13 of 21

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Rental Income | | | | | | | | 0.00 |
| Total Rental Income | | | | | | | | 0.00 |
| Sale of Assets/Distributions | | | | | | | | 0.00 |
| Deposit | 4/18/2016 | 5767 | EDS Financial Servi... | Down Payme... | WF_SBC Ope... | | 5,000.00 | -5,000.00 |
| Total Sale of Assets/Distributions | | | | | | 0.00 | 5,000.00 | -5,000.00 |
| Serving Income | | | | | | | | 0.00 |
| Total Serving Income | | | | | | | | 0.00 |
| Trust Account Receivable | | | | | | | | 0.00 |
| Total Trust Account Receivable | | | | | | | | 0.00 |
| Turnover/Seizure | | | | | | | | 0.00 |
| Deposit | 5/31/2016 | | SB Capital Brokers ... | Clean up bro... | WF_SBC Ope... | | 8,187.55 | -8,187.55 |
| Total Turnover/Seizure | | | | | | 0.00 | 8,187.55 | -8,187.55 |
| Cost of Goods Sold | | | | | | | | 0.00 |
| Total Cost of Goods Sold | | | | | | | | 0.00 |
| 11th Hour Investor Refund | | | | | | | | 0.00 |
| Total 11th Hour Investor Refund | | | | | | | | 0.00 |
| Advertising and Promotion | | | | | | | | 0.00 |
| Total Advertising and Promotion | | | | | | | | 0.00 |
| Association Dues | | | | | | | | 0.00 |
| Total Association Dues | | | | | | | | 0.00 |
| Automobile Expense | | | | | | | | 0.00 |
| Total Automobile Expense | | | | | | | | 0.00 |
| Bank Service Charges | | | | | | | | 0.00 |
| Check | 1/11/2016 | | | Service Charge | WF_SBC Ope... | 70.13 | | 70.13 |
| Check | 1/31/2016 | | Wells Fargo | Service Charge | WF_SB Capit... | 164.26 | | 234.39 |
| Check | 2/11/2016 | | | Service Charge | WF_SBC Ope... | 59.76 | | 294.15 |
| Check | 2/29/2016 | | Wells Fargo | Service Charge | WF_SB Capit... | 111.55 | | 405.70 |
| Check | 3/11/2016 | | | Service Charge | WF_SBC Ope... | 85.67 | | 491.37 |
| Check | 3/11/2016 | | Wells Fargo | Service Charge | WF_SB Capit... | 172.85 | | 664.22 |
| Check | 4/11/2016 | | Wells Fargo | Service Charge | WF_SB Capit... | 118.82 | | 783.04 |
| Check | 5/11/2016 | | | Service Charge | WF_SB Capit... | 97.26 | | 880.30 |
| Total Bank Service Charges | | | | | | 880.30 | 0.00 | 880.30 |
| Business Licenses and Permits | | | | | | | | 0.00 |
| Total Business Licenses and Permits | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| **Commission Expense** | | | | | | | | 0.00 |
| Check | 3/21/2016 | 1762 | Voit Real Estate Se... | commission f... | WF_SBC Ope... | 24,836.56 | | 24,836.56 |
| Check | 3/25/2016 | 1783 | Voit Real Estate Se... | Commission ... | WF_SBC Ope... | 24,836.57 | | 49,673.13 |
| Total Commission Expense | | | | | | 49,673.13 | 0.00 | 49,673.13 |
| **Computer and Internet Expenses** | | | | | | | | 0.00 |
| Check | 1/8/2016 | 1734 | Thomas Seaman C... | Network Solu... | WF_SBC Ope... | 75.00 | | 75.00 |
| Check | 1/14/2016 | 1736 | WTI Communicatio... | Account #90... | WF_SBC Ope... | 159.25 | | 234.25 |
| Check | 2/15/2016 | 1746 | WTI Communicatio... | Account #90... | WF_SBC Ope... | 159.25 | | 393.50 |
| Check | 3/2/2016 | 1747 | Applied Business S... | Invoice #042... | WF_SBC Ope... | 923.16 | | 1,316.66 |
| Check | 3/16/2016 | 1753 | WTI Communicatio... | Account #90... | WF_SBC Ope... | 159.25 | | 1,475.91 |
| Check | 4/21/2016 | 1770 | WTI Communicatio... | Account #90... | WF_SBC Ope... | 159.23 | | 1,635.14 |
| Check | 4/30/2016 | 1778 | WTI Communicatio... | Account #90... | WF_SBC Ope... | 159.23 | | 1,794.37 |
| Check | 5/13/2016 | 1781 | Thomas Seaman C... | Network Solu... | WF_SBC Ope... | 30.00 | | 1,824.37 |
| Total Computer and Internet Expenses | | | | | | 1,824.37 | 0.00 | 1,824.37 |
| **Defendant Living Expenses** | | | | | | | | 0.00 |
| Total Defendant Living Expenses | | | | | | | | 0.00 |
| **Deposit Refunds** | | | | | | | | 0.00 |
| Total Deposit Refunds | | | | | | | | 0.00 |
| **Depreciation Expense** | | | | | | | | 0.00 |
| Total Depreciation Expense | | | | | | | | 0.00 |
| **Discount on Loan** | | | | | | | | 0.00 |
| Total Discount on Loan | | | | | | | | 0.00 |
| **Distributions to Investors** | | | | | | | | 0.00 |
| Total Distributions to Investors | | | | | | | | 0.00 |
| **Dues and Subscriptions** | | | | | | | | 0.00 |
| Total Dues and Subscriptions | | | | | | | | 0.00 |
| **Employee moral** | | | | | | | | 0.00 |
| Total Employee moral | | | | | | | | 0.00 |
| **Insurance Expense** | | | | | | | | 0.00 |
| E & O Insurance | | | | | | | | 0.00 |
| Total E & O Insurance | | | | | | | | 0.00 |
| Foreclosure Bond | | | | | | | | 0.00 |
| Total Foreclosure Bond | | | | | | | | 0.00 |
| General Liability Insurance | | | | | | | | 0.00 |
| Total General Liability Insurance | | | | | | | | 0.00 |

Page 11

**Small Business Capital, Corp**
**General Ledger**
As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Health Insurance | | | | | | | | 0.00 |
| Total Health Insurance | | | | | | | | 0.00 |
| Life Insurance | | | | | | | | 0.00 |
| Total Life Insurance | | | | | | | | 0.00 |
| Professional Liability | | | | | | | | 0.00 |
| Total Professional Liability | | | | | | | | 0.00 |
| Property Insurance | | | | | | | | 0.00 |
| Total Property Insurance | | | | | | | | 0.00 |
| Worker's Compensation | | | | | | | | 0.00 |
| Total Worker's Compensation | | | | | | | | 0.00 |
| Insurance Expense - Other | | | | | | | | 0.00 |
| Total Insurance Expense - Other | | | | | | | | 0.00 |
| Total Insurance Expense | | | | | | | | 0.00 |
| Interest Expense | | | | | | | | 0.00 |
| Total Interest Expense | | | | | | | | 0.00 |
| Late Payment Fee | | | | | | | | 0.00 |
| Total Late Payment Fee | | | | | | | | 0.00 |
| Licenses & Fees | | | | | | | | 0.00 |
| Total Licenses & Fees | | | | | | | | 0.00 |
| Loan Payments | | | | | | | | 0.00 |
| Total Loan Payments | | | | | | | | 0.00 |
| Meals and Entertainment | | | | | | | | 0.00 |
| Total Meals and Entertainment | | | | | | | | 0.00 |
| Moving & Storage | | | | | | | | 0.00 |
| Total Moving & Storage | | | | | | | | 0.00 |
| Office Supplies | | | | | | | | 0.00 |
| Total Office Supplies | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Operating Expense | | | | | | | | 0.00 |
| Outside Services | | | | | | | | 0.00 |
| Check | 1/4/2016 | 1732 | Orange County Net... | Invoice #8310 | WF_SBC Ope... | 385.00 | | 385.00 |
| Check | 1/29/2016 | 1739 | Notary Plus Mobile ... | Notarize Rele... | WF_SBC Ope... | 37.50 | | 422.50 |
| Check | 2/5/2016 | 1743 | Orange County Net... | Invoice #8329 | WF_SBC Ope... | 860.00 | | 1,282.50 |
| Check | 3/11/2016 | 1750 | Thomas Seaman C... | Network Solu... | WF_SBC Ope... | 30.00 | | 1,312.50 |
| Check | 3/11/2016 | 1750 | Thomas Seaman C... | PACER | WF_SBC Ope... | 115.30 | | 1,427.80 |
| Check | 3/16/2016 | 1751 | Notary Plus Mobile ... | Notarized As... | WF_SBC Ope... | 360.00 | | 1,787.80 |
| Check | 3/17/2016 | 1754 | Notary Plus Mobile ... | Notarize Assi... | WF_SBC Ope... | 135.00 | | 1,922.80 |
| Check | 3/29/2016 | 1763 | Consilio LLC | Engagement ... | WF_SBC Ope... | 2,373.75 | | 4,296.55 |
| Check | 4/5/2016 | 1764 | Orange County Net... | Invoice #8358 | WF_SBC Ope... | 480.00 | | 4,776.55 |
| Check | 4/5/2016 | 1765 | JFZ Zimmerman & ... | Inv 78773 | WF_SBC Ope... | 375.00 | | 5,151.55 |
| Check | 4/5/2016 | 1765 | JFZ Zimmerman & ... | nv 78686 | WF_SBC Ope... | 600.00 | | 5,751.55 |
| Check | 4/14/2016 | 1767 | Notary Plus Mobile ... | 3AM Assign... | WF_SBC Ope... | 65.00 | | 5,816.55 |
| Check | 4/21/2016 | 1768 | Notary Plus Mobile ... | Notarized As... | WF_SBC Ope... | 65.00 | | 5,881.55 |
| Check | 5/3/2016 | 1775 | Computershare | Investors Pri... | WF_SBC Ope... | 1,466.00 | | 7,347.55 |
| Check | 5/3/2016 | 1776 | Computershare | Ipf Bac Servi... | WF_SBC Ope... | 1,466.00 | | 8,813.55 |
| Check | 5/5/2016 | 1777 | Orange County Net... | Invoice #8389 | WF_SBC Ope... | 485.00 | | 9,298.55 |
| Check | 5/12/2016 | 1779 | Notary Plus Mobile ... | Assignment f... | WF_SBC Ope... | 65.00 | | 9,363.55 |
| Check | 5/13/2016 | 1781 | Thomas Seaman C... | Pacer | WF_SBC Ope... | 71.80 | | 9,435.35 |
| Check | 5/24/2016 | 1784 | Orange County Net... | Inv 8400 | WF_SBC Ope... | 190.00 | | 9,625.35 |
| Total Outside Services | | | | | | 9,625.35 | 0.00 | 9,625.35 |
| Operating Expense - Other | | | | | | | | 0.00 |
| Total Operating Expense - Other | | | | | | | | 0.00 |
| Total Operating Expense | | | | | | 9,625.35 | 0.00 | 9,625.35 |
| Payroll Expenses | | | | | | | | 0.00 |
| Total Payroll Expenses | | | | | | | | 0.00 |
| Payroll Service fees | | | | | | | | 0.00 |
| Total Payroll Service fees | | | | | | | | 0.00 |
| Postage and Delivery | | | | | | | | 0.00 |
| Check | 1/8/2016 | 1734 | Thomas Seaman C... | Fedex | WF_SBC Ope... | 82.72 | | 82.72 |
| Check | 3/11/2016 | 1750 | Thomas Seaman C... | Fedex | WF_SBC Ope... | 56.61 | | 139.33 |
| Check | 5/3/2016 | 1773 | Thomas Seaman C... | Reimbursem... | WF_SBC Ope... | 196.48 | | 335.81 |
| Check | 5/13/2016 | 1781 | Thomas Seaman C... | Fedex | WF_SBC Ope... | 168.51 | | 504.32 |
| Total Postage and Delivery | | | | | | 504.32 | 0.00 | 504.32 |
| Printing and Reproduction | | | | | | | | 0.00 |
| Total Printing and Reproduction | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| **Professional Fees** | | | | | | | | 0.00 |
| **Accounting fees** | | | | | | | | 0.00 |
| Check | 2/5/2016 | 1741 | Wertz & Company | Invoice #586... | WF_SBC Ope... | 3,000.00 | | 3,000.00 |
| Check | 3/16/2016 | 1752 | Crowe Horwath, LLP | Inv 2006187 ... | WF_SBC Ope... | 886.00 | | 3,886.00 |
| Check | 5/3/2016 | 1774 | Wertz & Company | Invoice #602... | WF_SBC Ope... | 2,500.00 | | 6,386.00 |
| Total Accounting fees | | | | | | 6,386.00 | 0.00 | 6,386.00 |
| **Appraiser Fees** | | | | | | | | 0.00 |
| Total Appraiser Fees | | | | | | | | 0.00 |
| **Legal Expense-Receivers Counsel** | | | | | | | | 0.00 |
| Check | 2/10/2016 | Wire | Allen Matkins | 11th intermi... | WF_SBC Ope... | 935.48 | | 935.48 |
| Total Legal Expense-Receivers Counsel | | | | | | 935.48 | 0.00 | 935.48 |
| **Legal Fees - Collection Counsel** | | | | | | | | 0.00 |
| Check | 3/18/2016 | 1756 | 3AM, LLC. | Invoice #183... | WF_SBC Ope... | 577.50 | | 577.50 |
| Check | 4/21/2016 | 1771 | 3AM, LLC. | Invoice #184... | WF_SBC Ope... | 447.00 | | 1,024.50 |
| Check | 5/12/2016 | 1780 | 3AM, LLC. | Invoice #184... | WF_SBC Ope... | 154.00 | | 1,178.50 |
| Total Legal Fees - Collection Counsel | | | | | | 1,178.50 | 0.00 | 1,178.50 |
| **Legal Fees - Receivers Counsel** | | | | | | | | 0.00 |
| Check | 2/10/2016 | Wire | Allen Matkins | 11th Interim ... | WF_SBC Ope... | 46,136.00 | | 46,136.00 |
| Total Legal Fees - Receivers Counsel | | | | | | 46,136.00 | 0.00 | 46,136.00 |
| **Litigation Support** | | | | | | | | 0.00 |
| Total Litigation Support | | | | | | | | 0.00 |
| **Receiver Fees** | | | | | | | | 0.00 |
| Check | 1/5/2016 | x-fer ... | Thomas Seaman C... | Aug 2015 ser... | WF_SBC Ope... | 10,108.00 | | 10,108.00 |
| Check | 1/5/2016 | x-fer ... | Thomas Seaman C... | Sept 2015 se... | WF_SBC Ope... | 7,370.50 | | 17,478.50 |
| Check | 2/4/2016 | 1740 | Thomas Seaman C... | Oct 2015 ser... | WF_SBC Ope... | 6,455.00 | | 23,933.50 |
| Check | 2/4/2016 | 1740 | Thomas Seaman C... | Nov 2015 ser... | WF_SBC Ope... | 4,900.50 | | 28,834.00 |
| Check | 2/5/2016 | 1744 | Thomas Seaman C... | 11th interim f... | WF_SBC Ope... | 84,372.75 | | 113,206.75 |
| Total Receiver Fees | | | | | | 113,206.75 | 0.00 | 113,206.75 |
| **Tax Preparation** | | | | | | | | 0.00 |
| Total Tax Preparation | | | | | | | | 0.00 |
| **Professional Fees - Other** | | | | | | | | 0.00 |
| Total Professional Fees - Other | | | | | | | | 0.00 |
| **Total Professional Fees** | | | | | | 167,842.73 | 0.00 | 167,842.73 |
| **Receiver's Expenses** | | | | | | | | 0.00 |
| Total Receiver's Expenses | | | | | | | | 0.00 |

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| **Rent Expense** | | | | | | | | 0.00 |
| Check | 1/14/2016 | 1737 | Irvine Self Storage | Unit C196 Fe... | WF_SBC Ope... | 42.70 | | 42.70 |
| Check | 2/15/2016 | 1745 | Irvine Self Storage | Unit C196 M... | WF_SBC Ope... | 62.70 | | 105.40 |
| Check | 3/18/2016 | 1755 | Irvine Self Storage | Unit C196 Ap... | WF_SBC Ope... | 62.70 | | 168.10 |
| Check | 5/3/2016 | 1772 | Irvine Self Storage | Unit C196 M... | WF_SBC Ope... | 62.70 | | 230.80 |
| Check | 5/24/2016 | 1785 | Irvine Self Storage | Unit C196 - I... | WF_SBC Ope... | 93.40 | | 324.20 |
| Total Rent Expense | | | | | | 324.20 | 0.00 | 324.20 |
| **Rent/Leased Equipment Expense** | | | | | | | | 0.00 |
| Total Rent/Leased Equipment Expense | | | | | | | | 0.00 |
| **REO Expenses** | | | | | | | | 0.00 |
| Total REO Expenses | | | | | | | | 0.00 |
| **Repairs and Maintenance** | | | | | | | | 0.00 |
| Total Repairs and Maintenance | | | | | | | | 0.00 |
| **Scanning of Loan Files** | | | | | | | | 0.00 |
| Total Scanning of Loan Files | | | | | | | | 0.00 |
| **Servicing** | | | | | | | | 0.00 |
| Collection & Servicing Expenses | | | | | | | | 0.00 |
| Total Collection & Servicing Expenses | | | | | | | | 0.00 |
| Lodging | | | | | | | | 0.00 |
| Total Lodging | | | | | | | | 0.00 |
| Meals & Entertainment | | | | | | | | 0.00 |
| Total Meals & Entertainment | | | | | | | | 0.00 |
| Travel-Airfare-Hotel | | | | | | | | 0.00 |
| Total Travel-Airfare-Hotel | | | | | | | | 0.00 |
| Travel-Car | | | | | | | | 0.00 |
| Total Travel-Car | | | | | | | | 0.00 |
| Servicing - Other | | | | | | | | 0.00 |
| Total Servicing - Other | | | | | | | | 0.00 |
| Total Servicing | | | | | | | | 0.00 |
| **Taxes** | | | | | | | | 0.00 |
| Corporate Income Taxes | | | | | | | | 0.00 |
| Check | 2/5/2016 | 1742 | Franchise Tax Board | SOS # 20093... | WF_SBC Ope... | 250.00 | | 250.00 |
| Check | 4/14/2016 | 1766 | Franchise Tax Board | FEIN #45-70... | WF_SBC Ope... | 800.00 | | 1,050.00 |
| Total Corporate Income Taxes | | | | | | 1,050.00 | 0.00 | 1,050.00 |

1:27 PM

06/17/16

Accrual Basis

# Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Escape Property Tax | | | | | | | | 0.00 |
| Total Escape Property Tax | | | | | | | | 0.00 |
| Federal Withholding | | | | | | | | 0.00 |
| Total Federal Withholding | | | | | | | | 0.00 |
| Secured Property Taxes | | | | | | | | 0.00 |
| Total Secured Property Taxes | | | | | | | | 0.00 |
| Unsecured Property Taxes | | | | | | | | 0.00 |
| Total Unsecured Property Taxes | | | | | | | | 0.00 |
| Taxes - Other | | | | | | | | 0.00 |
| Total Taxes - Other | | | | | | | | 0.00 |
| Total Taxes | | | | | | 1,050.00 | 0.00 | 1,050.00 |
| Telephone Expense | | | | | | | | 0.00 |
| Total Telephone Expense | | | | | | | | 0.00 |
| Travel Expense | | | | | | | | 0.00 |
| Total Travel Expense | | | | | | | | 0.00 |
| Uncategorized Expenses | | | | | | | | 0.00 |
| Total Uncategorized Expenses | | | | | | | | 0.00 |
| Utilities | | | | | | | | 0.00 |
| Electricity | | | | | | | | 0.00 |
| Check | 1/21/2016 | 1738 | Southern California ... | Acct 2-31-86... | WF_SBC Ope... | 191.62 | | 191.62 |
| Check | 3/4/2016 | 1749 | Southern California ... | Acct 2-31-86... | WF_SBC Ope... | 173.01 | | 364.63 |
| Check | 3/25/2016 | 1760 | Southern California ... | Acct 2-31-86... | WF_SBC Ope... | 208.80 | | 573.43 |
| Check | 4/21/2016 | 1769 | Southern California ... | Acct 2-31-86... | WF_SBC Ope... | 233.34 | | 806.77 |
| Check | 5/13/2016 | 1782 | Southern California ... | Acct 2-31-86... | WF_SBC Ope... | 219.99 | | 1,026.76 |
| Total Electricity | | | | | | 1,026.76 | 0.00 | 1,026.76 |
| Land Line Telephone | | | | | | | | 0.00 |
| Total Land Line Telephone | | | | | | | | 0.00 |
| Mobile Phones | | | | | | | | 0.00 |
| Total Mobile Phones | | | | | | | | 0.00 |
| Utilities - Other | | | | | | | | 0.00 |
| Total Utilities - Other | | | | | | | | 0.00 |
| Total Utilities | | | | | | 1,026.76 | 0.00 | 1,026.76 |

Exhibit A, Page 20 of 21

1:27 PM

06/17/16

Accrual Basis

## Small Business Capital, Corp
## General Ledger
### As of May 31, 2016

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| **Gain / (Loss) on Sale of Loans** | | | | | | | | 0.00 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | Loan Pay Hold... | 412,402.40 | | 412,402.40 |
| Total Gain / (Loss) on Sale of Loans | | | | | | 412,402.40 | 0.00 | 412,402.40 |
| **Gain on sale of SBA License** | | | | | | | | 0.00 |
| General Journal | 3/17/2016 | 29RR... | | To record sal... | Loan Pay Hold... | | 1,200,000.00 | -1,200,000.00 |
| Total Gain on sale of SBA License | | | | | | 0.00 | 1,200,000.00 | -1,200,000.00 |
| **Interest Income** | | | | | | | | 0.00 |
| Deposit | 1/31/2016 | | | Interest | ML_CDARS - ... | | 0.22 | -0.22 |
| Deposit | 2/29/2016 | | | Interest | ML_CDARS - ... | | 0.24 | -0.46 |
| Deposit | 3/31/2016 | | | Interest | ML_CDARS - ... | | 0.28 | -0.74 |
| Deposit | 4/30/2016 | | | Interest | ML_CDARS - ... | | 0.25 | -0.99 |
| Deposit | 5/31/2016 | | Wells Fargo | Deposit | WF_Defense ... | | 191.50 | -192.49 |
| General Journal | 5/31/2016 | 31RR... | | True up acco... | ML_CDARS - ... | 190.79 | | -1.70 |
| Total Interest Income | | | | | | 190.79 | 192.49 | -1.70 |
| **Loss on Sale of Loans** | | | | | | | | 0.00 |
| General Journal | 5/31/2016 | 30RR... | Aung Solvang, LLC. | Write off unc... | Accounts Rec... | 1,068.00 | | 1,068.00 |
| Total Loss on Sale of Loans | | | | | | 1,068.00 | 0.00 | 1,068.00 |
| **No accnt** | | | | | | | | 0.00 |
| Total no accnt | | | | | | | | 0.00 |
| **TOTAL** | | | | | | 11,651,884.76 | 11,651,884.76 | 0.00 |

**EXHIBIT** B

DAVID R. ZARO (BAR NO. 124334)
EDWARD G. FATES (BAR NO. 227809)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
        tfates@allenmatkins.com

Attorneys for Receiver
THOMAS A. SEAMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; AND SBC PORTFOLIO FUND, LLC,<br><br>        Defendants. | Case No. CV12-03237<br><br>**[PROPOSED] ORDER DISCHARGING RECEIVER AND CLOSING RECEIVERSHIP**<br><br>Ctrm:    4 - 5th Floor<br>Judge:   Hon. Edward J. Davila |

1       The Court having considered the Declaration of Thomas A. Seaman Regarding Accounting

2 of Reserve and Completion of Closing Tasks, and good cause appearing therefor, IT IS HEREBY

3 ORDERED as follows:

4       1.     The Receiver is discharged of all duties under the Temporary Restraining Order

5 and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting

6 Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver; and

7 Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver entered

8 by this Court on June 26, 2012 ("TRO") (Dkt. No. 16), the Preliminary Injunction and Orders:

9 (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings;

10 and (4) Appointing a Permanent Receiver entered by this Court on July 10, 2012 ("Preliminary

11 Injunction Order") (Dkt. No. 34), and subsequent orders of the Court. Pursuant to the discharge,

12 the Receiver is released from any and all claims and liabilities associated with the receivership, the

13 receivership entities, and the individual defendants named in this action.

14       2.     All actions taken by the Receiver and his professionals in performing the Receiver's

15 Court-ordered duties under the TRO, Preliminary Injunction Order, and subsequent orders of the

16 Court are approved and ratified.

17       3.     The receivership is closed.

18       4.     Jurisdiction over all disputes, claims, and causes of action arising from or relating

19 to this receivership case is reserved in this Court. In addition, this Court shall have exclusive

20 jurisdiction over any and all claims asserted by Defendant Mark Feathers against the Receiver, his

21 company, his agents, or his professionals. The Court will review any and all such claims made by

22 Mr. Feathers to determine if a response is warranted. If a response is warranted, the Court will

23 direct the appropriate parties to respond to the claims.

24

25 Dated: _____     _____

26                              Hon. Edward J. Davila
                             Judge, United States District Court

27

28