UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>   Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER GRANTING RECEIVER'S MOTION TO CONCLUDE RECEIVERSHIP**<br><br>Re: Dkt. No. 1164 |

Presently before the court is a motion filed by the court-appointed Receiver, Thomas A. Seaman (the "Receiver"), requesting authority to conclude the receivership, as well as several other specific orders, including: (1) approval of the sale of particular estate assets, (2) authority to establish a reserve fund and make payments and distributions to claimants, (3) approving the final accounting and report, (4) approving a disposition of books and records, (5) releasing for distribution funds previously set aside by court order, and (6) a conditional discharge.[1] Dkt. No. 1164.

These matters were argued at a hearing on August 25, 2016, and are again scheduled to be heard on February 16, 2016. However, having carefully considered the record of this action in conjunction with the parties' current pleadings, and having reviewed events that have since occurred in the pending criminal action against Defendant Mark Feathers,[2] the court finds that

---

[1] The Receiver's motion also seeks approval of a stipulation with the Small Business Administration. An order on that issue is filed separately.

[2] The criminal action is also pending in the Northern District of California. See United States v.

1

Case No.: 5:12-cv-03237-EJD
ORDER GRANTING RECEIVER'S MOTION TO CONCLUDE RECEIVERSHIP

1  further oral argument on these topics is unnecessary.  Accordingly, the February 16th motion

2  hearing is VACATED.  Civ. L.R. 7-1(b).

3       The Receiver's motion is GRANTED as follows:

4    1.     The Receiver's final accounting and report is approved.

5    2.     The court finds the Receiver's requests represent a fair, adequate and reasonable

6  disposition of the identified estate assets, such that:

- The Receiver is authorized to sell the Cline Judgment in the manner described in the Receiver's motion and to execute such documents as are necessary to complete such sale.
- The Receiver is authorized to sell the California Business Bank stock in the manner described in the Receiver's motion and to execute such documents as are necessary to complete such sale.

  3.     Any and all claims asserted against the receivership estate by Business US are hereby disallowed and barred.

  4.     The Receiver is authorized to transfer receivership books and records to the United States Attorney's Office, or to transfer such records in accordance with any other order issued by the court supervising the criminal action, United States v. Feathers, Case No. 5:14-cv-00531-LHK. The Receiver is not at this time authorized to destroy any books or records.  If, after a period of 90 days from the date of this order, the books and records are not transferred to the United States Attorney's Office or transferred in accordance with an order from the criminal court, the Receiver may again apply to this court for an order authorizing the destruction of records.  Any such application must include a more detailed description of the categories or types of records the Receiver seeks to destroy.

  5.     The Receiver is authorized to establish a reserve of $275,000 ("Reserve") and make administrative payments, tax payments, and final distributions to investors and non-investor

---

Feathers, Case No. 5:14-cv-00531-LHK.

claimants from the Reserve pursuant to the approved Distribution Plan without further court approval. If there is more than $25,000 remaining in the Reserve upon completion of the Closing Tasks as defined in Section II.E of the Receiver's motion, the Receiver is authorized to distribute the funds to investors and noninvestor claimants pursuant to the approved Distribution Plan. If there is less than $25,000 remaining in the Reserve upon completion of the Closing Tasks, the Receiver is authorized to remit such amount to the Securities and Exchange Commission.

6. The Receiver shall continue to maintain and shall not distribute the funds contained in the "Defense Counsel Account" established pursuant to this court's order filed on September 26, 2012. Dkt. No. 70. The plain terms of that order contemplate that the $200,000 included in that account would be "paid forthwith to [Feathers'] counsel upon any finding that [Feathers] is successful on the final merits of these proceedings." Id. at 12:5-7. Indeed, "[s]uch monies are intended to cover any monies Defendant would obtain from the indemnity clause in the Operating Agreement." Id. at 12:7-8. Given the pending appellate proceedings, whether Feathers will be "successful on the final merits" remains an open question and, for that reason, the court presently declines to order dissolution of the account.

7. Once the sale of the Cline Judgment is completed, payment to the SBA pursuant to the SBA Stipulation has been made, court-approved fees and costs of the Receiver and his professionals have been paid, the Reserve has been established, any 2015 taxes due have been paid, and any other ordinary course business expenses have been paid, the Receiver is authorized to distribute the funds remaining in the receivership estate to investors and non-investor claimants pursuant to the approved Distribution Plan.

8. The court declines to conditionally discharge the Receiver at this time. Upon completion of the tasks outlined in Section II.E of the Receiver's motion, the Receiver may file a Motion for Discharge, a declaration providing a final accounting of his use of the Reserve, as well as a proposed Discharge Order. The Receiver may file such motion without first obtaining a hearing date. The court will review the Receiver's motion and will schedule oral argument to the extent it finds such argument necessary.

3
Case No.: 5:12-cv-03237-EJD
ORDER GRANTING RECEIVER'S MOTION TO CONCLUDE RECEIVERSHIP

1       9.      Jurisdiction over all disputes, claims, and causes of action arising from or relating to this receivership case is reserved in this court.

**IT IS SO ORDERED.**

Dated: February 10, 2017



EDWARD J. DAVILA
United States District Judge