UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP.,, et al.,<br><br>Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS**<br><br>Re: Dkt. No. 1235 |

Presently before the court is Defendant Mark Feathers' ("Defendant") motion for an order releasing certain funds held in receivership so that Defendant "may retain and pay private counsel for his defense in his pending criminal case."[1] Dkt. No. 1235. In the alternative, Defendant "requests a stay of distribution of set-aside funds until resolution of his criminal appeals."

This motion is suitable for decision without oral argument and the hearing scheduled for June 29, 2017, is VACATED. Civ. L.R. 7-1(b). As to Defendant's requests, the court finds, concludes and orders as follows:

1.     The instant motion, by its own terms, "is brought under the Sixth Amendment of the Due Process Clause." "The Sixth Amendment requires effective assistance of counsel at critical stages of a *criminal* proceeding." Lafler v. Cooper, 566 U.S. 156, 165 (2012) (emphasis added). Consequently, mention to it is unusual in a civil action like this one because "it is well-

---

[1] The criminal case is United States v. Feathers, Case No. 5:14-cv-00531-LHK. Defendant filed a motion similar to this one in the criminal case, which has since been denied by Judge Lucy H. Koh.

1
Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS

established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Rather, "'[a] civil litigant's right to retain counsel is rooted in fifth amendment notions of due process." Anderson v. Sheppard, 856 F.2d 741, 747-48 (6th Cir. 1988).

2. Nonetheless, Defendant "requests initial consideration of his motion for release of funds under the Sixth Amendment" in light of a reference to United States v. Spiegel, 995 F.2d 138 (9th Cir. 1993), made by Judge Koh in an order filed within Defendant's criminal action. In relevant part, the Ninth Circuit observed in Spiegel that a district court's authority over a case is vested in the district itself; that is, authority to issue orders resides in all of the judges assigned to preside in the district, rather than in any one particular judge. 995 F.2d at 141 (citing United States v. Unimex, Inc., 991 F.2d 546 (9th Cir. 1993)). For Spiegel, this meant he could properly raise Sixth Amendment issues from his criminal case in a civil action before another judge of the same district, since an injunction issued in the latter case placed significant limitations on his ability to pay for retained counsel with his own funds. Id.

3. Though the undersigned has no quarrel with the basic premise for which Defendant cites Spiegel, there are significant differences between the facts of that action and the circumstances presented here. First, unlike the judge assigned to Spiegel's civil action, the undersigned is unable to consider any of the issues properly dedicated to the criminal case due to the recusal order filed on November 7, 2016. Dkt. No. 84 in Case No. 5:14-cv-00531-LHK. Being disqualified for cause on its own motion, it would be "incurable error" for this court to now proceed on an aspect of the criminal case and adjudicate Defendant's Sixth Amendment claim. Stringer v. United States, 233 F.2d 947, 948 (9th Cir. 1956). Again, the Sixth Amendment does not govern issues of Defendant's representation in the civil action, and could only be applicable in the criminal case.

4. Second, Defendant does not persuasively explain why the undersigned has not been divested of jurisdiction to issue the order he requests, even if he brought this motion under the due process clause of the Fifth Amendment. "Once a notice of appeal is filed, the district court is

2

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS

1  divested of jurisdiction over the matters being appealed." Nat. Res. Def. Council, Inc. v. Sw.
2  Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). It retains jurisdiction during the pendency of an
3  appeal only to act to preserve the status quo. Id. Defendant has filed numerous notices of appeal,
4  including one from the order granting the Securities and Exchange Commission's summary
5  judgment motion, by which the court essentially determined that Defendant did not own the funds
6  he now seeks, and was not entitled to indemnification under certain provisions of the Funds'
7  operating agreement. Dkt. No. 593. As such, distributing the funds to Defendant at this juncture
8  would arguably represent a significant deviation from the status quo, if not completely undermine
9  the findings that are on appeal.

5. Furthermore, Defendant's request for an order staying distribution of the set-aside funds is moot in light of the order filed on February 10, 2017, which requires the Receiver to continue to maintain the funds until resolution of the appellate proceedings. Dkt. No. 1238.

For these reasons, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 26, 2017

EDWARD J. DAVILA
United States District Judge