UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>Defendants. | Case No. 5:12-cv-03237-EJD<br><br>**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT, MOTION FOR INJUNCTION ON PLAINTIFF, AND MOTION FOR JUDICIAL NOTICE**<br><br>Re: Dkt. No. 1285 |

### I.   Introduction

On June 21, 2012, the Securities and Exchange Commission ("SEC") brought a civil enforcement action against Defendants Mark Feathers ("Feathers"); Small Business Capital Corp.; Investors Prime Fund, LLC; and SBC Portfolio Fund, LLC. Dkt. No. 1. On August 16, 2013, this Court granted summary judgment in favor of the SEC regarding the SEC's claims against Feathers. Dkt. No. 591. The Court denied Feathers's own motion for summary judgment, which was filed *pro se*. *Id*. On May 14, 2019, the Ninth Circuit affirmed this Court's summary judgment ruling in favor of the SEC. Dkt. No. 1270. On August 19, 2020, Feathers, acting *pro se*, filed a document that encompasses two motions for relief from judgment, as well as a motion for an injunction against the SEC and a motion for judicial notice of certain materials. Dkt. No. 1285 ("Motions"). The SEC filed an opposition to these motions, Dkt. No. 1288 ("Opposition," "Opp'n"), and Feathers filed a reply, Dkt. No. 1375 ("Reply"). The Court took the motions under

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT, MOTION FOR INJUNCTION ON PLAINTIFF, AND MOTION FOR JUDICIAL NOTICE

1

submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court **DENIES** the motions.

## II. Legal Standard

Feathers brings the two motions for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Section (b) of that rule provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Section (c) of Rule 60 provides the following:

> A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

## III. Discussion

### A. Motion to Reverse Summary Judgment Ruling

Under Rule 60 of the Federal Rules of Civil Procedure, Feathers seeks a reversal of the Court's summary judgment ruling. *See* Motions at 3–9. Feathers does not specify the provision of Rule 60 under which he seeks relief. *See id.*; Opp'n at 5. To the extent Feathers seeks relief pursuant to subsections (b)(1), (b)(2), and (b)(3), his Rule 60 motions are time-barred, as they were filed more than a year after the Ninth Circuit's ruling. *See* Fed. R. Civ. P. 60(c)(1). Subdivision (4) of Rule 60(b) is not relevant to Feathers's motion, as there are no indications that the previous judgment is void. *See* Motions at 3–9. Likewise, subdivision (5) is inapplicable to Feathers's arguments. *See id.* Therefore, the Court will analyze Feathers's motions under

subdivision (6) of Rule 60(b) to determine whether Feathers presents "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Ninth Circuit has stated that Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal citations omitted). *See also Strobel v. Morgan Stanley Dean Witter*, No. CV 041069 BEN(BLM), 2007 WL 1053454, at *8 (S.D. Cal. Apr. 10, 2007) ("While [Rule 60(b)(6)] may appear to be a catch-all, courts have interpreted it far more stringently." (internal quotation marks omitted)); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988) (stating that Rule 60(b)(6) "should only be applied in extraordinary circumstances" (internal citations omitted)).

Feathers's motion does not indicate that extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment. In the Opposition, the SEC summarizes Feathers's Rule 60 arguments as follows:

> Feathers makes three points in his Motion: (1) purported fraud by the Small Business Administration in making its claim in the receivership; (2) the preliminary report of Annette Stalker prepared for Feathers's defense in the criminal case [against Feathers]; (3) complaints about the Receiver's expenses in comparison to the 87% recovery to investors.

Opp'n at 6. The Court finds this summary accurate, and Feathers does not dispute this summary in his reply. *See generally* Reply. The SEC argues that Feathers has made these arguments, or versions of these arguments, in prior pleadings. *See* Opp'n at 6 ("Feathers made the first two arguments in his September 2016 Motion for Relief From Prior Order of Disgorgement . . . and related motions . . . (Dkt. No. 1208, filed Sep. 6, 2016). . . . Moreover, the third argument . . . was made by Feathers in his 2016 opposition to the Receiver's Motion to Conclude the Receivership. . . . (*See* Dkt. No. 1178 . . .), filed July 8, 2016.))

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT, MOTION FOR INJUNCTION ON PLAINTIFF, AND MOTION FOR JUDICIAL NOTICE

3

Having reviewed the prior pleadings cited by the SEC, the Court agrees that Feathers has made or has had the opportunity to make all of the Rule 60 arguments he brings in the current motion. There are no apparent extraordinary circumstances that would have prevented Feathers from making these arguments in his appeal to the Ninth Circuit. The Court therefore **DENIES** Feathers's Rule 60 motion to reverse the summary judgment ruling.

### B. Motion for Discontinuance of Disgorgement Payments

Feathers requests that the Court order a discontinuance of the disgorgement payments previously ordered by the Court. *See* Motions at 10. Feathers argues that this relief should be granted for the following reasons: he "has experienced substantial difficulty in gaining employment since release from the U.S. Bureau of Prisons in late July 2019"; he "has twice declared bankruptcy due to SEC proceedings"; he "has experienced physical conditions during the past year"; and the judgment has "impeded his ability to provide family support to his minor sons." *See id*.

The Court construes this motion for relief from disgorgement payments as another motion under Rule 60(b)(6), although Feathers does not label it as such. *See id*. The Court therefore applies the same analysis indicated above for Rule 60(b)(6) motions. The Court acknowledges the seriousness of the hardships described by Feathers, and appreciates that the remedies ordered by the Court in this case may cause Feathers considerable stress for a substantial period of time. The Court nevertheless finds that Feathers's motion for relief from making disgorgement payments does not indicate that such relief is required in order "to prevent manifest injustice." *Latshaw*, 452 F.3d 1097 at 1103. Feathers's motion also does not indicate that "extraordinary circumstances" prevented him from "taking timely action to prevent or correct an erroneous judgment." *See id*.

Feathers also requests that the Court make a recommendation to Judge Lucy Koh to relieve Feathers from the restitution order in a related criminal proceeding. *See* Motions at 10. The Court declines to do so. Feathers's request for relief regarding this criminal judgment should be made to the court that issued the judgment.

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT, MOTION FOR INJUNCTION ON PLAINTIFF, AND MOTION FOR JUDICIAL NOTICE
4

For these reasons, the Court **DENIES** the motion for a discontinuance of disgorgement payments.

### C. Motion for Nationwide Enjoinder Against SEC using the Phrase "Ponzi-like"

Feathers requests that the Court enjoin the SEC from using the phrase "Ponzi-like." *See id*. at 9. This request is duplicative of Feathers's earlier motion for injunctive relief, Dkt. Nos. 113, 114, which the Court denied, Dkt. No. 143. Therefore, the Court **DENIES** the motion for enjoinder.

### D. Motion for Judicial Notice

Feathers requests that the Court take judicial notice of the following: (1) "The Stalker Forensic Accounting Report of Defendant's investment funds prior submitted to Court"; (2) "The Receiver's Final Forensic Accounting Report and Final Reports to the Court." *See* Motions at 2. Having denied Feathers's other motions for the reasons given above, the Court declines this request to take judicial notice of these documents.

### E. Conclusion

For the reasons given above, the motions for relief from judgment, the motion for injunctive relief, and the motion for judicial notice are **DENIED.**

**IT IS SO ORDERED.**

Dated: March 18, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT, MOTION FOR INJUNCTION ON PLAINTIFF, AND MOTION FOR JUDICIAL NOTICE
5