UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SMALL BUSINESS CAPITAL CORP.; MARK FEATHERS; INVESTORS PRIME FUND, LLC; and SBC PORTFOLIO FUND, LLC,<br><br>　　　　　Defendants. | Case No.  5:12-cv-03237-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 1361, 1365, 1367, 1381 |

**I.     Introduction**

On June 21, 2012, the Securities and Exchange Commission ("SEC") brought a civil enforcement action against Defendants Mark Feathers ("Feathers"); Small Business Capital Corp. ("SBCC"); Investors Prime Fund, LLC ("IPF"); and SBC Portfolio Fund, LLC (together, "Defendants"). Dkt. No. 1. This Court has since made several rulings regarding the case, including granting summary judgment in favor of the SEC. Order Granting Plaintiff Securities and Exchange Commission's Motion for Summary Judgment, Dkt. No. 591 ("Summary Judgment Order"). On May 14, 2019, the Ninth Circuit affirmed this Court's summary judgment ruling in favor of the SEC. *See* Dkt. No. 1270 at 3–5. The Ninth Circuit also affirmed, *inter alia*, this Court's decision—indicated in the temporary restraining order issued by the Court, Dkt. No. 16 ("TRO"), the preliminary injunction, Dkt. No. 34 ("PI"), and the Order Denying Request for Legal Expenses, Dkt. No. 70—to deny Feathers's request to access the frozen assets of the IPF, the SBC Portfolio Fund, and the SBCC in order to support his own defense. Dkt. No. 1270 at 6–7.

1     On November 18, 2020, Feathers, acting *pro se*, filed a motion for relief from judgment
2  regarding several of the Court's rulings, including the Summary Judgment Order. *See* Motion and
3  Notice of Motion for Relief under Federal Rules of Civil Procedure 60(b)(1) and/or (6) and
4  Request for Judicial Notice of Materials in Support of Motion for Relief . . . , Dkt. No. 1361
5  ("Motion"), at 2–4. Feathers's motion for relief from judgment also included several requests for
6  judicial notice. *See* Motion at 1. The SEC filed an opposition, Dkt. No. 1389 ("Opposition,"
7  "Opp'n"), and Feathers filed a reply, Dkt. No. 1390 ("Reply").
8     Between November 22, 2020, and January 10, 2021, Feathers also filed three additional
9  requests for judicial notice that appear to be related to the Motion. Dkt. Nos. 1365 ("RJN 1"),
10 1367 ("RJN 2"), and 1381 ("RJN 3"). In a December 22, 2020, filing, Feathers requested judicial
11 notice "that Plaintiff Securities and Exchange Commission Did not Refute That it Held No
12 Regulatory Authority over Defendant Investors Prime Fund, LLC." *See* Dkt. No. 1374 at 1. This
13 appears to be in reference to RJN 1, against which the SEC filed no opposition. The SEC filed an
14 opposition to RJN 3, Dkt. No. 1384, and Feathers filed a reply, Dkt. No. 1386.
15    The Court took the Motion, RJN 1, RJN 2, RJN 3, and the above noted oppositions and
16 replies under submission for decision without oral argument, pursuant to Civil Local Rule 7-1(b).
17 For the reasons below, the Court **DENIES** the motions.

**II.     Legal Standard**

Feathers brings the motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Section (b) of that rule provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE

2

misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Section (c) of Rule 60 provides the following:

> A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

### III.     Discussion

#### A.   Motion for Relief from Judgment

Feathers's present Rule 60 motion for relief from judgment requests "a reversal of all prior Court orders adverse to Defendant, based upon gross misconduct of the United States Securities and Exchange Commission . . . and the Receiver, combined with errors of the Court which caused wrongful findings of fraud of Defendant." Motion at 4. The Motion refers specifically to the following orders: the TRO; the PI; the Summary Judgment Order; the Order Denying Request for Legal Expenses, Dkt. No. 70 (and several related orders regarding legal expenses, including Dkt. Nos. 457, 510, and 1357); the Order Denying Defendant Mark Feathers'[s] Motion for Enjoinder, Dkt. No. 559; and the Order Denying Motion to Appoint Expert Witness, Dkt. No. 592.

Feathers specifies that he seeks relief under provisions (b)(1), (b)(2), and/or (b)(6) of Rule 60. *See* Motion at 2.

#### 1.   Motion for Relief from Judgment Under Rule 60(b)(1) and/or 60(b)(2)

To the extent Feathers seeks relief pursuant to subsections (b)(1) and/or (b)(2) of Rule 60, much of his Rule 60 motion is time-barred, as the motion was filed on November 18, 2020, more than a year after most of the judgments and orders referenced in the motion. *See* Fed. R. Civ. P. 60(c)(1).

Case No.:   5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE

3

Of the judgments and orders specifically referenced in the motion for relief from judgment, only one order was issued by the Court within the year preceding Feathers's motion. That order, Order Denying Administrative Motion (regarding Dkt. No. 1345[1]), Dkt. No. 1357, was issued by the Court on November 10, 2020. *See* Dkt. No. 1357 at 3. The order denied Feathers's request for legal expenses. *See id* at 1–2. In the order, the Court stated that Feathers's request for legal expenses was "not the proper subject of an administrative motion," and that, "[i]n any event, the Court has reviewed Feathers'[s] Administrative Motion and denies it on the merits for reasons already stated in Dkt. Nos. 70 (Order Denying Request for Legal [Expenses]), 457 (Order Denying Motion for Reconsideration), and 1277 (Order Concluding Receivership . . .)." Dkt. No. 1357 at 1–2. Because the request was improper, and because the request was similar to prior requests denied several times by the Court more than five years ago, the Court declines to find that the Order Denying Administrative Motion (regarding Dkt. No. 1345), Dkt. No. 1357, provides a basis to renew Feathers's ability to make arguments under Rule 60(b)(1) and 60(b)(2).

For the reasons given above, the Court **DENIES** Feathers's motion for relief from judgment under Rule 60(b)(1) and/or Rule 60(b)(2).

### 2. Motion for Relief from Judgment Under Rule 60(b)(6)

The Ninth Circuit has stated that Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal citations omitted). *See also Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *8 (S.D. Cal. Apr. 10, 2007) ("While [Rule 60(b)(6)] may appear to be a catch-all, courts have interpreted it far more stringently." (internal quotation marks omitted)); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988) (stating

---

[1] Dkt. No. 1345 is Feathers's "Administrative Motion Under Civil Local Rule 7-11 Requesting the Court Direct $40,000 Prior Reserves Established for Legal Fees of the Receiver to Be Redirected to Defendant for Review of Constitutional Due Process Violations Motions for Relief."
Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE
4

that Rule 60(b)(6) "should only be applied in extraordinary circumstances" (internal citations omitted)).

The SEC argues that Feathers's motion does not indicate that extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment. Opp'n at 3. In the Reply, Feathers responds that "[i]f [he] raised the essence of any of these matters before to this Court . . . but . . . did not gain prior relief, it was due to the fact that the SEC's constitutionally infirm actions caused [him] to be *pro se*, and not able to effectively engage in discovery, to argue matters of fact, and to do so in accordance with federal rules of civil procedure, evidentiary rules, and following the local rules of this Court." *Reply* at 4. The Court finds that Feathers has made or has had the opportunity to make all of the arguments he brings in the current Rule 60 motion, and that there are no new grounds to warrant relief that have not already been considered by this Court or by the Ninth Circuit. The Court identifies and considers Feathers's arguments individually in the following paragraphs.

Feathers argues that the Court erred in its TRO and Summary Judgment Order decisions because the Court relied on false, distorted, and incomplete evidence. *See* Motion at 2. Feathers has made similar arguments before. *See, e.g.*, Dkt. Nos. 92 (filed November 5, 2012), 93, 94, 96, 109, 110, 111, 112, 113, 126, 461, 502, 503, 509, 511, 512, 516, 568, and 1208 (filed September 6, 2016). The Ninth Circuit has affirmed this Court's summary judgment decision. *See* Dkt. No. 1270 at 3–5 (filed May 14, 2019). Feathers's argument does not indicate any grounds for relief that satisfy the strict standards of Rule 60(b)(6).

Feathers argues that the Court erred in its Order Denying Request for Legal Expenses, Dkt. No. 70 (filed September 26, 2012), because the Court relied on a preliminary injunction agreement that Feathers made without appropriate counsel or consent. *See* Motion at 2–3. Feathers has made similar arguments before. *See, e.g.*, Dkt. No. 1208 (filed September 6, 2016). The Ninth Circuit has affirmed this Court's decision to deny Feathers's request to access frozen assets in order to support his own defense. *See* Dkt. No. 1270 at 6–7 (filed May 14, 2019). Feathers's argument does

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE

5

1   not indicate any grounds for relief that satisfy the strict standards of Rule 60(b)(6).

2   Feathers argues that the Court erred in its Order Denying Request for Legal Expenses, Dkt.
3   No. 70 (filed September 26, 2012), because the Court relied on prejudicial statements made by the
4   Receiver. *See* Motion at 3. Feathers appears to be specifically referencing statements made by the
5   Receiver in August 2012. *See* Motion at 3 (citing Dkt. Nos. 53, 54, and 55). The Ninth Circuit has
6   affirmed this Court's decision to deny Feathers's request to access frozen assets in order to support
7   his own defense. *See* Dkt. No. 1270 at 6–7 (filed May 14, 2019). Feathers's argument does not
8   indicate any grounds for relief that satisfy the strict standards of Rule 60(b)(6).

9   Feathers argues that the Court erred in its Order Denying Request for Legal Expenses, Dkt.
10  No. 70 (filed September 26, 2012), when the Court stated that "Defendant's auditors could not
11  issue a 'clean' financial statement." Motion at 3 (citing Dkt. No. 70 at 6). The Ninth Circuit has
12  affirmed this Court's decision to deny Feathers's request to access frozen assets in order to support
13  his own defense. *See* Dkt. No. 1270 at 6–7 (filed May 14, 2019). Feathers's argument does not
14  indicate any grounds for relief that satisfy the strict standards of Rule 60(b)(6).

15  Feathers argues that the Court erred in its Order Denying Defendant Mark Feathers'[s]
16  Motion for Enjoinder, Dkt. No. 559 (filed June 28, 2013), because the auditors Feathers sought to
17  join were materially involved in the matter. Motion at 3.[2] This argument does not indicate any
18  grounds for relief that satisfy the strict standards of Rule 60(b)(6).

19  Feathers argues that the SEC's actions amount to vindictive prosecution. *See* Motion at 6–
20  7. Feathers has made similar arguments before. *See, e.g.*, Motion to Request Sanctions Against
21  Receiver and Professionals, Dkt. No. 1207 (filed September 2, 2016). This argument does not
22  indicate any grounds for relief that satisfy the strict standards of Rule 60(b)(6).

23  For the reasons given above, the Court **DENIES** Feathers's motion for relief from
24  judgment under Rule 60(b)(6).

---

[2] Although Feathers uses the term "enjoinder" in the present motion and also in Dkt. No. 295, the Court's response to which Feathers cites here, it is clear from the respective motions that Feathers seeks joinder of additional parties.

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE

6

**B. Requests for Judicial Notice**

In Feathers's motion for relief from judgment, Feathers makes several requests for judicial notice. *See* Motion at 1. Shortly after filing the motion for relief from judgment, Feathers filed several other related motions requesting judicial notice. Dkt. Nos. 1365, 1367, and 1381. Having denied Feathers's motion for relief from judgment for the reasons given above, the Court declines these requests for judicial notice.

**IV. Conclusion**

For the reasons given above, the motion for relief from judgment and the motions for judicial notice are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 8, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTIONS FOR JUDICIAL NOTICE

7