1  Mark Feathers, *pro se*

2  543 Hope St, Mountain View, CA  94041

3  (650) 960-5646,  markfeathers@sbcglobal.net

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

                              SAN JOSE DIVISION

6
                                              │ Case No.: CV12-03237-EJD
7
8
9   SECURITIES AND EXCHANGE          │ Response to SEC Opposition to Defendant's

10  COMMISSION,                      │ Request for Permanent Injunction Against SEC

11                                   │ 3-15755 Administrative Law Proceedings on

          Plaintiff,                 │ the Basis of Prosecutorial Misconduct of the

12              v.                   │ Commission and Violations of the

13  SMALL BUSINESS CAPITAL CORP., et al │ Administrative Procedures Act by the

14                                   │ Commission

15

16                                   │ Request for Judicial Notice by District Court

17                                   │ of Pleadings, Exhibits, and Orders of All

18                                   │ Parties Originating from SEC Administrative

19                                   │ Law Proceeding 3-15755 and Findings of Fact

20                                   │ from Those Pleadings to Support Permanent

21                                   │ Injunction

22

23                                   │ COURTROOM:  4 JUDGE HON. EDWARD

24

25

26

27            **RESPONSE TO SEC'S OPPOSITION ARGUMENTS FOR INJUNCTION**

28

1

2

3

1. <u>SEC Offered In its Opposition No Lawful Basis To Justify Why The Commission Has Failed to Timely Adjudicate Proceedings against Feathers in its Agency Law Forum</u>

4

5

6

7

8

9

10

11

Feathers respectfully asks District Court to note that for the Commission's first administrative law proceedings these were timely, and completely, adjudicated in a relatively brief period of eleven months (*see* Exhibits 1 & 2).  For the Commission's follow-on proceeding, still underway, almost three years have passed.  The Commission is violating provisions of the APA and knows it.  And, there is yet a distinct possibility of two outcomes adverse to Feathers: (1) that the Commission may remand for years of further proceedings, or (2) that the Commission might extend (for a fifth, sixth, or seventh time, or however many extensions it sees fit, apparently, at its own discretion) with no lawful basis offered, and with only this identical statement offered by the Secretary of the Commission in all four extensions (*see* Exhibit 3):[1]

12

13

"it is appropriate to extend by 90 days the period within which the decision in this matter may be issued"

14

2. <u>THE COMMISSION'S JURISDICTION ARGUMENTS ARE WRONG</u>

15

16

17

18

19

20

21

22

23

The Commission's argument that jurisdiction rests with the 9th Circuit is plainly wrong for litigation related to the Administrative Procedures Act (and for this litigation which is *not* concerning an appeal of the ((as yet undecided)) eventual final outcome of SEC's Administrative Law Proceeding itself).  Feathers respectfully asks District Court note that the primary basis used by the Commission to justify its administrative law proceeding is clearly reflected within its "ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND NOTICE OF HEARING") (see "Order": Exhibit 4, Section B, Paragraph 2), which plainly cites therein District Court civil findings as follows:

24

_____

25

26

27

28

[1]Which raises a separate and distinct issue for District Court to consider, which is as to whether the Commission's protracted litigation is another means to accomplish the Commission's desired end, given the Commission's knowledge that Feathers is 58 years, and that persons in this age bracket typically only have a limited number of remaining years of work?

1

2
"On November 6, 2013, an order and final judgment was entered against Feathers, permanently

3
enjoining him from future violations of Section 10(b) and Rule 10b-5 thereunder of the Exchange Act, Section 15(a)

4
of the Exchange Act, and Section 17(a) of the Securities Act, in the civil action entitled Securities and Exchange

5
Commissmion v. Small Business Capital Corp., et al., Civil Action Number 5:12 CV 03237-EJD, in the United

States District Court for the Northern District of California, San Jose Division"

6

7
3.   The Actual Causes of The Commission's Years of Inaction Are Clear

8

9
Those are two reasons for the Commission's failure to timely adjudicate: (1) SEC held no

10
lawful regulatory authority scheme over Defendant's companies in 2012 when it initiated civil

11
action against Defendant (see Opening brief), and that fact is now coming to light after years of

12
Feathers' extensive efforts in both civil and administrative courts of law, and, further, that SEC

13
was always aware of this fact and withheld this material information from District Court (whose

14
decisions and finding of fact the 9th Circuit relied upon in the 9th Circuit's review of Feathers'

15
appeals), and (2) that, on that basis, SEC used its broad agency powers to unjustly, unlawfully,

16
and unconstitutionally by way of an *ex parte* civil action to cause a seizure of more than $35

17
million of Feathers (and many others) private property.  On that basis, SEC's employees have

been, modestly stated, severely infirm.

18

19
4.   District Court Has Every Lawful Reason to Re-Open CV12-03237-EJD

20

21
District Court has full discretion to re-open CV12-03237-EJD due to the fact that SEC's

22
administrative law proceedings are violating the APA, and stated basis for the proceeding is

23
undeniably based upon District Court's civil Orders and Memorandums.  At its discretion

24
District Court has not overturned its prior Order adverse to Feathers.  District Court now has

25
opportunity to determine if the Commission is violating the APA, what the likely cause for this

is, and if Feathers has cause for a Rule 60 motion hearing.

26

27

28

5.   SEC failed in its Opposition reply to Demonstrate How Feathers' Holds Standing at the Present Time to Appeal SEC's As-Yet-Not-Exhausted Administrative Law Proceedings to the 9th Circuit.

That standing would be held by Feathers only once the Commission's proceedings against Feathers have been completely, and finally, adjudicated, thereby allowing Feathers standing to execute his privilege to appeal a final agency action in an agency law forum to the 9th Circuit.

6.   All Other Arguments of the Commission are Unpersuasive and Deflective, and Appear Only to Detract from the Serious Legal Issues Raised by Feathers in his Pleadings Questioning the Conduct of Commission Division of Enforcement Employees Involved in Civil and Administrative Law Proceedings, and the Lawfulness in Which the Commission Itself is Conducting its Administrative Law Proceedings

The Commission and its employees in the Division of Enforcement have self-serving reasons to offer red herrings to District Court within their Opposition Brief, and to portray Feathers as, essentially – whether worded in this way or not - a nuisance, a vexatious litigant, and with no merit to his request for relief.  However close examination of Feathers' pleadings shows strong merit to his argument, with well-supported Constitutional and Commission conduct issues raised therein, at least to the best of Feathers' abilities as a *pro se* litigant, and as a party whom is very affected by the outcome of these hearings.

7.   The Commission is Wrong to State that Feathers is "Challenging…These Administrative Proceedings" (see Opposition, page 3, lines 24-25).

Feathers opening brief, and this reply, clearly show that Feathers argues that the Commission is violating provisions of the APA, to Feathers' substantial and ongoing harm, and that it is within the District Court's jurisdiction, and if the time is ripe, to determine, if Commission employees have in the past, and continue into the present, to engage in any, or in a pattern, of prosecutorial misconduct against Feathers, while likely holding knowledge the Commission

never held regulatory authority over Feathers and his companies, and that Commission employees engaged in accounting gimmickry during related precedent civil proceedings, and continues to do the same in the present administrative law proceeding.  As to misconduct of Commission employees, the Agency's own administrative law judge cited case law that this determination should rest with District Court (*see* Exhibit 5: "Order", page 2).

8.   <u>The Public Has A Vested Interest in District Court Enforcing Provisions of the APA</u>

Congress enacted the APA to ensure, among other things, timely adjudication of matters of law which are under the discretion of federal agencies to be litigated within their own agency law forums.  The Commission fails to live up to its lawful responsibility here, and, as Feathers is *pro se*, has scarce resources, and little knowledge of the fine (and very important) details of either SEC Rules of Practice or Federal Rules of Civil Procedure, it is likely that the public may only find out why - through the findings of District Court - the Commission is failing to meet APA guidelines, or to conduct itself with proper transparency.  The public holds a substantial stake in the outcome of these hearings for the fact that outcomes may be determined only with the assistance of District Court7 which can test the transparency of the Commission's operations, including testing whether a federal agency is now causing, through this litigation, the scarce resources of the federal judicial system to be employed.

Based upon all these matters herein, Defendant prays for relief in the form of an Order of District Court terminating SEC administrative law proceedings 3-15755.  Further, Feathers, as allowed under Federal Rules of Civil Procedure and under Local Rules of District Court, respectfully prays for the opportunity to initiate Rule 60 hearings upon the Court's determination that relief here is justified based upon the causes of action outlined in Feathers' opening brief and further outlined herein.

Respectfully,

Mark Feathers, *pro se*, Defendant

July 10, 2022