UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS CAPITAL CORP., et al.,<br><br>Defendants. | Case No.   5:12-cv-03237-EJD<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>Re: ECF No. 1418 |

This is a civil SEC enforcement action against Defendants Mark Feathers ("Feathers"), Small Business Capital Corp. ("SBCC"), and two mortgage funds SBCC managed: Investors Prime Fund, LLC, and SBC Portfolio Fund, LLC.  More than a decade ago, the Court granted the SEC's motion for summary judgment on its claims, entering an injunction Feathers and ordering him to pay disgorgement and penalties for engaging in offering fraud.  ECF Nos. 591, 622.

Now before the Court is Feathers's motion to vacate that judgment.  Mot., ECF No. 1418. The motion is fully briefed,[1] and the Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **DENIES** Feathers's motion.

---

[1] After briefing on his motion was complete, Feathers made several more filings, including a supplemental brief in support of his motion and a request for judicial notice.  ECF Nos. 1436–38. The supplemental brief rehashes the arguments Feathers makes in his initial motion and cites additional record evidence in support.  Because it was filed after the SEC had already filed a reply and without Court approval, the supplemental brief is improper under Civil Local Rule 7-3(d). The Court will therefore not consider it.

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION TO VACATE

1

## I.     PROCEDURAL BACKGROUND

Since the Court entered final judgment and closed this action in February 2016 (ECF No. 1154), the docket has been anything but dormant. Among other things, Feathers filed a number of motions for relief, including motions for relief from the judgment, an injunction against the SEC, and judicial notice of certain materials. *E.g.*, ECF Nos. 1285, 1361, 1365, 1367, 1381. The Court denied all of these motions (ECF Nos. 1392, 1393), and the Ninth Circuit summarily affirmed on October 12, 2021. *SEC v. Feathers*, Case No. 21-15721, ECF No. 24 (9th Cir.).

On August 4, 2023, Feathers filed a motion to re-open this litigation, arguing that the SEC had no jurisdiction to bring the action in the first place. ECF No. 1411. The Court denied that motion. ECF No. 1414. In July 2024, Feathers filed a motion for reconsideration, arguing again that the SEC lacked regulatory authority over him. ECF No. 1415. The Court denied that motion as well. ECF No. 1417. A year and a half later, in January 2026, Feathers filed the motion to vacate that is currently before the Court.

## II.    DISCUSSION

Feathers seeks to void the judgment in this action under Rules 60(b)(4), (b)(5), and (b)(6)[2] and vacate the receivership put in place by the Court. According to Feathers, the Court never made a merits determination that he was a broker-dealer such that the SEC could exercise statutory jurisdiction over him under the Securities Exchange Act of 1934 ("Exchange Act"). Feathers's motion fails for two reasons.

*First*, Feathers may not use a Rule 60(b) motion to reargue issues previously decided by the Court. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001); *Wilson v. Tesla, Inc.*, Case No. 17-cv-03763, 2019 WL 4261066, at \*2 (N.D. Cal. Sep. 9, 2019). Contrary to Feathers's telling, the Parties did litigate the issue of broker-dealer jurisdiction, and Court held that the SEC has broker-dealer jurisdiction over Feathers and SBCC.

---

[2] In his initial motion, Feathers invokes Rule 60(d)(3) and argues that the judgment should be set aside because it was "procured by fraud on the Court." Mot. at 4. In his reply brief, however, Feathers claims that he does not allege fraud on the Court and instead cites Rule 60(b). ECF No. 1431 at 6. This discrepancy does not change the ultimate result, so the Court considers Feathers's motion only in the context of Rule 60(b).

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION TO VACATE

2

*See, e.g.*, ECF Nos. 511 at 23–24 (arguing that Feathers and SBCC "did [not] meet federal guidelines for broker-dealer"); 591 at 27–28 (holding that "Feathers and SBCC fall under the definition of 'brokers' under Section 15(a) of the Exchange Act"). Feathers's contention that the judgment in this action is void for lack of statutory jurisdiction is therefore unfounded.

*Second*, Feathers's motion is untimely. As the Court explained when denying Feathers's motion to re-open the case (ECF No. 1414) and again when denying reconsideration of that decision (ECF No. 1417), a motion under Rule 60(b) generally must be made "within a reasonable time" after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Feathers filed the instant motion twelve years after the Court's summary judgment order and over six years after the Ninth Circuit affirmed. Neither of these is a "reasonable time" to seek relief from a judgment.

To be sure, there is a narrow exception to the general timeliness standard for motions brought under Rule 60(b)(4) for relief from a void judgment. Such motions constitute "exceptional circumstances as to relieve litigants from the normal standards of timeliness associated with Rule 60(b)." *Dial Corp. v. MG Skinner & Assocs.*, 180 F. App'x 661, 664 (9th Cir. 2006) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)). As explained above, however, Feathers has not demonstrated that the judgment in this case is void, so he cannot avail himself of this exception.

Feathers also argues that the timeliness of his motion under Rule 60(b)(6) is subject to a different standard and is instead measured from when he suffered a concrete injury. That injury, according to Feathers, occurred in January 2026, when the Department of the Treasury began enforcing the Treasury Offset Program to collect restitution against Feathers's federal benefit payments. Yet, the sole case Feathers cites for this supposedly altered standard does not support his proposition at all. *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (affirming denial of a Rule 60(b)(6) motion and rejecting the argument that a change in law was an "extraordinary circumstance" justifying relief from a judgment). To the extent Feathers seeks relief under Rule 60(b)(6), his motion remains subject to the usual timeliness standards.

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION TO VACATE

3

United States District Court
Northern District of California

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Feathers's motion to vacate.

**IT IS SO ORDERED.**

Dated: March 17, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-03237-EJD
ORDER DENYING MOTION TO VACATE

4